ORIGINAL

Of Counsel:
SAKAI IWANAGA SUTTON
LAW GROUP, AAL, LLLC

RICHARD C. SUTTON JR. 1010-0
City Financial Tower, Suite 2307
201 Merchant Street
Honolulu, Hawaii 96813
Tel. No. (808) 792-3888
Fax No. (808) 521-5262

Attorney for Defendant
OHIO PACIFIC TECH CORPORATION
fka GMP ASSOCIATES, INC.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 04 2006

at 12 o'clock and 50 min ___M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION, a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OHIO PACIFIC TECH CORPORATION, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation; CITY AND COUNTY OF HONOLULU; ULTRATECH SYSTEMS, a Foreign Corporation,<br><br>Defendants. | CIVIL NO.  CV03-00706 HG-LEK<br><br>DEFENDANT, CROSS-CLAIM/ PLAINTIFF/DEFENDANT AND THIRD-PARTY PLAINTIFF/COUNTERCLAIM DEFENDANT OHIO PACIFIC TECH CORPORATION'S ANSWER TO THIRD-PARTY DEFENDANT AND COUNTERCLAIM PLAINTIFF ENGINEERED SYSTEMS, INC'S COUNTERCLAIM DATED MAY 25, 2005; CERTIFICATE OF SERVICE<br><br>Trial Date:    March 7, 2006<br><br>(Caption Continued) |

CITY AND COUNTY OF
HONOLULU,

        Defendant,
        Cross-Claim Plaintiff,
        Cross-Claim Defendant

    vs.

ULTRATECH SYSTEMS, a Foreign
Corporation,

        Defendant,
        Cross-Claim Defendant,
          Cross-Claim
Plaintiff,

OHIO PACIFIC TECH, INC., fka
GMP ASSOCIATES, INC., an Ohio
Corporation,

        Defendant,
        Cross-Claim Plaintiff
        Cross-Claim Defendant

    vs.

ULTRATECH SYSTEMS, a Foreign
Corporation

        Defendant,
        Cross-Claim Defendant,
          Cross-Claim
Plaintiff,

## DEFENDANT, CROSS-CLAIM PLAINTIFF/DEFENDANT AND THIRD-PARTY PLAINTIFF/COUNTERCLAIM DEFENDANT.'S ANSWER TO THIRD-PARTY DEFENDANT AND COUNTERCLAIM PLAINTIFF ENGINEERED SYSTEMS, INC.'S COUNTERCLAIM DATED MAY 25, 2005

Defendant, Defendant, Cross-Claim Plaintiff/Defendant and Third-Party Plaintiff/Counterclaim Defendant OHIO PACIFIC TECH, INC. (hereinafter "OPTI"), by and through its attorney RICHARD C. SUTTON, JR., of SAKAI IWANAGA SUTTON, files this Answer to Third-Party Defendant and Counterclaim Plaintiff ENGINEERED SYSTEMS, INC.'s (hereinafter "ESI") Counterclaim, dated May 25, 2005 ("ESI Counterclaim") as follows:

### FIRST DEFENSE

1.    The Counterclaim fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

2.    With regard to paragraph 1 of the Counterclaim, the OPTI is without sufficient knowledge to admit or deny such allegations, and therefore denies such allegations.

3.    OPTI admits the allegations contained in paragraph 3 of the Counterclaim.

4.     With regard to paragraphs 2, 4, and 5 of the Counterclaim, OPTI is without sufficient knowledge to admit or deny such allegations, and therefore denies such allegations.

5.     In regard to the allegations contained in paragraph 6 of the Counterclaim, OPTI admits that the Wahiawa Wastewater Treatment Plant project ("Project") is the subject of ESI's Counterclaim. However, OPTI denies that ESI is entitled to any damages related to ESI's involvement in the Project.

6.     OPTI admits the allegations contained in paragraphs 7, 8, and 9 of the Counterclaim.

7.     In regard to the allegations contained in paragraphs 10, 11, and 12 of the Counterclaim, OPTI asserts that Section 11376 of the Project specifications speaks for itself and therefore denies all allegations contained in paragraph 10, 11 and 12 of the Counterclaim.

8.     With regards to paragraph 13 of the Counterclaim, OPTI asserts that Section 11376, 2.1 A of the Specifications speaks for itself and therefore denies all allegations contained in paragraph 13 of the Counterclaim.

4

9.    With regard to paragraph 14 of the Counterclaim, OPTI asserts that the phrase "disinfection systems" has not been defined in the Counterclaim and is vague and ambiguous, and on that basis, denies the allegations contained in paragraph 14 of the Counterclaim.

10.    OPTI is without sufficient knowledge to admit or deny the allegations contained in paragraph 15 of the Counterclaim and therefore deny such allegations.

11.    With regard to paragraph 16 of the Counterclaim, OPTI asserts that the phrase "UltraTech's UV disinfection system" has not been defined in the Counterclaim and is vague and ambiguous, and on that basis OPTI denies the allegations in paragraph 16 of the Counterclaim.

12.    OPTI admits the allegation in paragraph 17 of the Counterclaim.

13.    With regard to paragraph 18 of the Counterclaim, OPTI asserts that the phrase "UltraTech system" has not been defined in the Counterclaim and is vague and ambiguous and on that basis OPTI denies the allegations in paragraph 18 of the Counterclaim.

14. With regards to paragraph 19 of the Counterclaim, OPTI asserts that the letter speaks for itself The OPTI denies the allegations contained in paragraph 19 of the Counterclaim.

15. With regard to paragraph 20 of the Counterclaim, OPTI asserts that the phrase "UltraTech disinfection system" has not been defined in the Counterclaim and is vague and ambiguous. Without waiving said objection, OPTI is without sufficient knowledge to admit or deny the allegations contained in paragraph 20 of the Counterclaim, and therefore denies such allegation.

16. With regard to paragraph 21 of the Counterclaim, OPTI asserts that the term "system" has not been defined in the Counterclaim and is vague and ambiguous, and on that basis, denies the allegations contained in paragraph 21 of the Counterclaim.

17. OPTI asserts that the phrase "UltraTech UV system" has not been defined in the Counterclaim and is vague and ambiguous, and on that basis, denies the allegations contained in paragraph 22 of the Counterclaim.

18. With regard to paragraph 23 of the Counterclaim, OPTI asserts that the phrase "UltraTech UV system" has not been

defined in the Counterclaim and is vague and ambiguous, and on that basis, denies the allegations contained in paragraph 23 of the Counterclaim.

19.  OPTI admits the allegations in paragraphs 24 and 25 of the Counterclaim.

20.  With regard to paragraph 26 of the Counterclaim, OPTI asserts that the phrase "UltraTech UV system" has not been defined in the Counterclaim and is vague and ambiguous, and therefore denies the allegations contained in such paragraph.

21.  With regard to paragraph 27 of the Counterclaim, OPTI asserts that the phrase "UltraTech UV system" has not been defined in the Counterclaim and is vague and ambiguous. Without waiving said objection, OPTI denies the allegations in paragraph 27 to the extent that such allegation pertains to OPTI. In regard to the remainder of the allegations contained in paragraph 27, the OPTI is without sufficient knowledge to admit or deny such allegations, and therefore denies such allegations.

22.  With regard to paragraphs 28 and 29 of the Counterclaim, OPTI asserts that the phrase "UltraTech UV system" has not been defined in the Counterclaim and is vague and

7

ambiguous.  Without waiving said objection, OPTI denies the allegations contained in paragraph 28 arid 29 of the Counterclaim.

23.  With regard to paragraph 30 of the Counterclaim, OPTI asserts that the Project specifications speak for itself, and therefore denies all allegations contained in paragraph 30 of the Counterclaim.

24.  OPTI denies the allegation contained in paragraph 31 of the Counterclaim.

25.  With regard to paragraph 32 of the Counterclaim, OPTI asserts that the phrase "specified system" is vague and ambiguous. Without waiving that objection, OPTI admits that the Trojan System was utilized on the Project.  The OPTI is without sufficient information to admit or deny the remaining allegations in paragraph 32 of the Counterclaim, and therefore denies such allegations.

26.  With regard to paragraph 33 of the Counterclaim, OPTI asserts that the phrase "its system" is vague and ambiguous. Without waiving that objection, OPTI denies all such allegations contained therein.

27.  With regard to paragraph34 of the Counterclaim,

OPTI incorporates its responses to paragraphs 1 through 33 of the Counterclaim.

28.   With regard to paragraph 35 of the Counterclaim, OPTI asserts that Hawaii Revised Statutes §103D-101 speaks for itself.  OPTI denies the allegations contained in paragraph 35 of the Counterclaim.

29.   With regard to paragraphs 36 and 37 of the Counterclaim, OPTI asserts that the phrase "UltraTech UV system" has not been defined in the Counterclaim and is vague and ambiguous.  Without waiving said objection, the OPTI denies the allegations in paragraphs 36 and 37.

30.   OPTI is without knowledge as to the allegations in paragraph 38 of the Counterclaim.

31.   With regard to paragraph 39, OPTI denies the allegations in paragraph 39.

32.   With regard to paragraphs 40, 41 and 42 of the Counterclaim, OPTI asserts that the phrase "UltraTech UV system" has not been defined in the Counterclaim and is vague and ambiguous.  OPTI hereby denies the allegations contained in paragraphs 40, 41, and 42 of the Counterclaim.

33.   With regard to paragraph 43 of the Counterclaim, OPTI asserts that the phase "UltraTech UV system" has not been defined in the Counterclaim and is vague and ambiguous. Without waiving said objection, OPTI denies the allegations in paragraph 43 of the Counterclaim.

34.   With regard to paragraph 44 of the Counterclaim, the OPTI asserts that the phrase "UltraTech UV system" has not been defined in the Counterclaim and is vague and ambiguous. OPTI denies the allegations contained in paragraph 44.

35.   OPTI denies the allegations contained in paragraph 45 of the Counterclaim.

36.   With regard to paragraph 46 of the Counterclaim, OPTI denies the allegations contained in paragraph 46 of the Counterclaim.

37.   With regard to paragraph 47 of the Counterclaim, OPTI asserts that the phrase "UltraTech UV system" has not been defined in the Counterclaim and is vague and ambiguous. Without waiving said objection, OPTI denies the allegations contained in paragraph 47 of the Counterclaim to the extent such allegations pertain to the OPTI.  OPTI is without sufficient information to admit

or deny the remaining allegations and therefore denies such allegations.

38.  With regard to paragraph 48 of the Counterclaim, OPTI asserts that the phrase "UltraTech UV system" has not been defined in the Counterclaim and is vague and ambiguous.  Without waiving said objection, OPTI denies the allegations contained in paragraph 48.

39.  With regard to paragraph 49 of the Counterclaim, OPTI denies the allegations contained in paragraph 49.

40.  OPTI denies the allegations contained in paragraph 50 to the extent such allegations pertain to OPTI.  OPTI is without sufficient information to admit or deny the remaining allegations and therefore denies such allegations.

41.  In response to paragraph 51 of the Counterclaim, OPTI incorporates its responses to paragraphs 1 through 50 of the Counterclaim.

42.  With regard to paragraph 52 of the Counterclaim, OPTI asserts that the phrase "UltraTech UV system" has not been defined in the Counterclaim and is vague and ambiguous.  Without waiving said objection, OPTI is without knowledge as to the

allegations contained in paragraph 52 of the Counterclaim.

43.    With regard to paragraphs 53, 54 and 55 of the Counterclaim, OPTI asserts that the phrase "UltraTech UV system" has not been defined in the Counterclaim and is vague and ambiguous. Without waiving said objection, OPTI is without knowledge as to the allegations contained in paragraphs 53, 54 and 55.

44.    OPTI denies the allegations contained in paragraph 56 of the Counterclaim.

45.    In response to paragraph 57 of the Counterclaim, OPTI incorporates its responses to paragraphs 1 through 56 of the Counterclaim.

46.    With regard to paragraph 58 of the Counterclaim, OPTI admits that the Project specifications contained a provision setting forth the procedure for a bidder to seek the substitution of equipment for the Project.  OPTI denies all other allegations contained in paragraph 58 of the Counterclaim.

47.    With regard to paragraphs 59 and 60 of the Counterclaim, OPTI is without sufficient knowledge to admit or deny such allegations, and therefore denies such allegations.

48.   With regard to paragraph 61 of the Counterclaim, OPTI is without knowledge as to the allegations contained therein. OPTI therefore denies all allegations contained in paragraph 61 of the Counterclaim.

49.   With regard to paragraph 62 of the Counterclaim, OPTI is without knowledge as to all allegations contained paragraph 62 and therefore denies all allegations contained in paragraph 62 of the Counterclaim.

50.   With regard to paragraph 63 of the Counterclaim, the OPTI asserts that the phrase "UltraTech UV system" has not been defined in the Counterclaim and is vague and ambiguous. Without waiving said objection, OPTI is without knowledge as to the allegations contained in paragraph 63 and therefore denies the allegations contained in paragraph 63 of the Counterclaim.

51.   With regard to paragraph 64 of the Counterclaim, OPTI is without sufficient knowledge to admit or deny such allegations, and therefore denies such allegations.

52.   With regard to paragraph 65 of the Counterclaim, OPTI asserts that the phase "UltraTech UV system" has not been defined in the Counterclaim and is vague and ambiguous. Without

waiving said objection, OPTI denies all other allegations in paragraph 65 of the Counterclaim.

53.    OPTI denies the allegations contained in paragraphs 66 to the extent that such allegations pertain to OPTI. OPTI is without sufficient knowledge to admit or deny the remaining allegations, and therefore denies such allegations.

54.    With regard to paragraph 67 of the Counterclaim, OPTI asserts that the phrase "UltraTech's UV system" has not been defined in the Counterclaim and is vague and ambiguous. Without waiving said objection, OPTI denies the allegations in paragraph 67 of the Counterclaim.

55.    With regard to paragraph 68 of the Counterclaim, OPTI asserts that the phrase "UltraTech's UV system" has not been defined in the Counterclaim and is vague and ambiguous. Without waiving said objection, the OPTI denies the allegations contained in paragraphs 68 to the extent that such allegations pertain to OPTI. OPTI is without sufficient knowledge to admit or deny the remaining allegations, and therefore denies such allegations.

56.    With regard to paragraph 69 of the Counterclaim, OPTI asserts that the phrase "UltraTech UV system" has not been

defined in the Counterclaim and is vague and ambiguous. Without waiving said objection, OPTI denies the allegations contained in paragraph 69 of the Counterclaim.

57.   OPTI denies the allegations contained in paragraphs 70 to the extent that such allegations pertain to OPTI. OPTI is without sufficient knowledge to admit or deny the remaining allegations, and therefore denies such allegations.

## THIRD DEFENSE

58.   OPTI intends to rely on the defense that the provisions of Hawaii Revised Statutes ("HRS") Chapter 103D provide the exclusive remedy for any party that is aggrieved by an alleged violation of the procurement process in Hawaii.

## FOURTH DEFENSE

59.   OPTI intends to rely on the defense that ESI lacks standing to assert the claims contained in the Counterclaim.

## FIFTH DEFENSE

60.   OPTI intends to rely on the defense that ESI failed to mitigate its damages.

## SIXTH DEFENSE

61.   OPTI's claims are barred by the defense of absence

of good faith reliance, reasonable reliance, and/or actual reliance.

### SEVENTH DEFENSE

62.    The Counterclaim is barred by the doctrines of unclean hands, estoppel, waiver, and laches.

### EIGHTH DEFENSE

63.    The Counterclaim is barred by reason of ESI's own fraud, intentional misrepresentations and/or negligent misrepresentations.

### NINTH DEFENSE

64.    OPTI gives notice that it may rely upon any and/or all of the affirmative defenses referred to in Rule 8(c) of the Federal Rules of Civil Procedure, or as provided by law or statute, which may apply, and which are not alleged in this Answer to the Counterclaim.  The OPTI also intends to seek leave to amend this Answer to the Counterclaim to allege such defenses of which it becomes aware during the course of discovery or trial of such defenses.

WHEREFORE, OPTI prays as follows:

A.    That the Counterclaim be dismissed with prejudice;

B.    That the OPTI be awarded its reasonable attorneys'

fees and costs pursuant to Haw. Rev. Stat. §607-14.5 and other

applicable statutes and principles of common law; and

      C.    That this Court award any further relief that it

deems just and proper.

      DATED:  Honolulu, Hawaii, _____JAN  4 2006_____.

                         _____

                         RICHARD C. SUTTON, JR.
                         Attorney for Defendant, Cross-
                         Claim Defendant, Cross-Claim
                         Plaintiff, OHIO PACIFIC TECH
                         CORPORATION fka GMP
                         ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION, a Utah Corporation, | CIVIL NO.  CV03-00706 HG-LEK |
| Plaintiff, | CERTIFICATE OF SERVICE |
| vs. | |
| OHIO PACIFIC TECH CORPORATION, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation; CITY AND COUNTY OF HONOLULU; ULTRATECH SYSTEMS, a Foreign Corporation, | |
| Defendants. | |

CITY AND COUNTY OF HONOLULU,

        Defendant,
        Cross-Claim Plaintiff,
        Cross-Claim Defendant

    vs.

ULTRATECH SYSTEMS, a Foreign Corporation,

        Defendant,
        Cross-Claim Defendant,
    Cross-Claim Plaintiff,

OHIO PACIFIC TECH, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation,

(Caption Continued)

Defendant,
Cross-Claim Plaintiff
Cross-Claim Defendant

vs.

ULTRATECH SYSTEMS, a Foreign
Corporation

Defendant,
Cross-Claim Defendant,
Cross-Claim Plaintiff,

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was duly

served on each of the following in the manner specified below, on

_____ᴶᴬᴺ  4 2006_____, addressed as follows:

|  | Mailed | Delivered |
|---|---|---|
| DAVID SCHULMEISTER, ESQ.<br>KRISTIN S. SHIGEMURA, ESQ.<br>Cades Schutte<br>1000 Bishop Street, Suite 1200<br>Honolulu, Hawaii 96813<br><br>Attorneys for Plaintiff<br>BODELL CONSTRUCTION |  | **X** |

|  | Mailed | Delivered |
|---|---|---|
| BERT T. KOBAYASHI, JR., ESQ.<br>RONALD T. OGOMORI, ESQ.<br>GEORGE GUSMAN, ESQ.<br>Kobayashi, Sugita & Goda<br>999 Bishop Street, Suite 2600<br>Honolulu, Hawaii 96813 |  | X |

and

|  | Mailed | Delivered |
|---|---|---|
| DAVID Z. ARAKAWA, ESQ.<br>Corporation Counsel<br>MAILE R. CHUN, ESQ.<br>Deputy Corporation Counsel<br>City and County of Honolulu<br>Honolulu Hale<br>530 South King Street, Rm. 110<br>Honolulu, Hawaii 96813 |  | X |

Attorneys for Defendant, Third-Party Plaintiff
and Counter-Claim Defendant
CITY AND COUNTY OF HONOLULU

|  | Mailed | Delivered |
|---|---|---|
| ADRIAN W. ROSEHILL, ESQ.<br>OWEN H. MATSUNAGA, ESQ<br>ALAN J. MA, ESQ.<br>Gerson & Hieneman<br>American Savings Bank Tower<br>1001 Bishop Street, Suite 780<br>Honolulu, Hawaii 96813 |  | X |

Attorneys for Third-Party Defendant
ENGINEERED SYSTEMS, INC.

|  | Mailed | Delivered |
|---|---|---|

ADAM R. BIALEK, ESQ.                              X
Wilson Elsner Moskowitz Edelman
  & Dicker, LLP
3 Gannett Drive
White Plains, New York 10604-3407

Attorney for Defendant
ULTRA TECH SYSTEMS, INC.

DATED: Honolulu, Hawaii, _____ JAN  4 2006 _____.

_____
RICHARD C. SUTTON, JR.
Attorney for Defendant, Cross-
Claim Defendant, Cross-Claim
Plaintiff, OHIO PACIFIC TECH
CORPORATION fka GMP
ASSOCIATES, INC.

4