Of Counsel:
SAKAI IWANAGA SUTTON
LAW GROUP, AAL, LLLC

RICHARD C. SUTTON JR. 1010-0
City Financial Tower, Suite 2307
201 Merchant Street
Honolulu, Hawaii 96813
Tel. No. (808) 792-3888
Fax No. (808) 521-5262

Attorney for Defendant
OHIO PACIFIC TECH CORPORATION
fka GMP ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION, a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OHIO PACIFIC TECH CORPORATION, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation; CITY AND COUNTY OF HONOLULU; ULTRATECH SYSTEMS, a Foreign Corporation,<br><br>Defendants. | CIVIL NO. CV03-00706 HG-LEK<br><br>DECLARATION OF LEE MANSFIELD<br><br><br><br><br><br><br><br><br><br><br><br>Trial Date:    April 11, 2006<br><br>(Caption Continued) |

CITY AND COUNTY OF
HONOLULU,

        Defendant,
        Cross-Claim Plaintiff,
        Cross-Claim Defendant

    vs.

ULTRATECH SYSTEMS, a Foreign
Corporation,

        Defendant,
        Cross-Claim Defendant,
           Cross-Claim
Plaintiff,

OHIO PACIFIC TECH, INC., fka
GMP ASSOCIATES, INC., an Ohio
Corporation,

        Defendant,
        Cross-Claim Plaintiff
        Cross-Claim Defendant

    vs.

ULTRATECH SYSTEMS, a Foreign
Corporation

        Defendant,
        Cross-Claim Defendant,
           Cross-Claim
Plaintiff,

## **DECLARATION OF LEE MANSFIELD**

I, Lee Mansfield, declare as follows:

1. This litigation arises from the design and construction of the Wahiawa Wastewater Treatment Plant Conversion and Effluent Disposal System including ultraviolet disinfection upgrades (hereinafter the "Project")

2. The Project was required by a Consent Decree filed in March of 1998 between the State of Hawaii, Department of Health, and the City and County of Honolulu which required that the quality of the wastewater entering into Wahaiwa Reservoir (Lake Wilson) be upgraded. Exhibit "A" is a true and correct copy of the applicable portions of the Consent Decree filed March 2, 1998.

3. The Consent Decree imposed a strict deadline of March 2001 for completion of the Project and sanctions against the City if the water did not meet a certain quality requirement. See Exhibit "A" Section 8. "Remedial Action"; and Section 12. "Stipulated Penalties".

4. In the Preliminary Engineering Report, Brown and Caldwell recommended a medium pressure ultraviolet disinfection system to reduce space requirements and provide a system that

automatically self-cleans the light bulbs. Exhibit "C" is a true and correct copy of excerpts from the Preliminary Engineering Report on the project dated March 1999 pg 5-23; 5-24.

     5. The City and County of Honolulu retained GMP as the engineering consultant for the design of the Project by contract dated, December 4, 1996. Exhibit "D" is a true and correct copy of excerpts of the design Contract dated December 4, 1996.

     6. The City and County of Honolulu also retained GMP as the construction manager for the Project by separate contract dated, December 30, 1999. Under this contract, GMP was to determine that the Project was constructed pursuant to the plans and specifications. Exhibit "E" is a true and correct copy of excerpts of the construction management Contract dated December 30, 1999. Section 3(A) 3 of the Special Provisions to the Agreement for Professional Services.

     7. On Brown and Caldwell's recommendation and on GMP's experience, GMP used as a basis of the design for the project a Trojan 4000 unit, a horizontal lamp medium pressure system.

     8. GMP prepared the plans and specification for the Project which used for the Trojan 4000 system as the basis of

2

design and therefore called for the Trojan 4000 system or "equal" for the disinfection system. Exhibit "F" is a true and correct copy of excerpts of the Specifications of Section 11376 "Ultraviolet Disinfection Equipment". ("Specifications") at Section 11376, 1.2B "Basis of Design"; 2.1A "Manufacturer".

9. Section 11376, 1.2B of the Specifications further provided that "[a]ny cost resulting from changes due to the use of an alternate system shall be borne by the Contractor." Specifications at Section 11376, 2.1A, Exhibit F.

10. Other ultraviolet disinfection system suppliers submitted pre-bid substitution requests to the City and County of Honolulu to be reviewed by GMP as alternates to the Trojan 4000 system.

11. Engineered Systems, Inc. ("ESI") was the local representative of Ultra Tech's and on behalf of Ultra Tech, ESI submitted an advertising brochure of the product as a pre-bid substitution request to be considered as the alternate to the Trojan. The only variance listed by ESI was "low pressure" instead of medium pressure. Exhibit "G" is a true and correct copy of the

3

entire Substitution Request submitted by Engineered Systems Dated 11/18/99.

12. GMP reviewed the Ultra Tech substitution request and informed the City and County of Honolulu that the brochure did not contain sufficient information for GMP to determine whether the product complied with the Specifications and was suitable for the Project. The brochure did not contain any specific information to show that the product complied with the Specifications. Exhibit "H" is a true and correct copy of GMP's Letter of Transmittal and response to Material Substitution Request to the City Dated December 17, 1999.

13. GMP had been retained by the City to provide engineering services and construction management services on other contracts including other wastewater treatment projects.

14. The usual procedure for substitutions in a project for the City and County of Honolulu requires approval of an alternate supplier in advance of the contractor submitting bids.

15. Ultra Tech made three attempts to comply with Project Specifications and each was rejected for failure to comply with the contract specifications.

4

16. GMP prepared a list of deficient items for each submission which Ultra Tech did not meet including comment 3 which is the "experience requirement" Exhibit "T" is a true and correct copy of the Submittal Review Comments by GMP for Submittal 30 Dated September 7, 2000. Comment No.3 is the "experience requirement" under the specifications Exhibit "U" is a true and correct copy of the Submittal Review Comments by GMP for Submittal 30B Dated November 28, 2000. Comment No.3 is the "experience requirement" under the specifications Exhibit "V" is a true and correct copy of the Submittal Review Comments by GMP for Submittal 30C Dated December 19, 2000. Comment No.3 is the "experience requirement" under the specifications

17. After failing to meet the horizontal lamp requirements Ultra Tech then tried to make a substitution for low pressure vertical lamp system which was also rejected.

18. The Project was on the verge of delay and to meet the deadline for completion, Bodell used Trojan ultraviolet disinfection product for the Project.

5

19. I was Principal-In-Charge of the Design contract (Exhibit D) for GMP on this project.

20. I make this declaration based on my personal knowledge and am competent to testify as to the matters set forth herein.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, 1/9/06

LEE MANSFIELD