HEIDI M. RIAN     34
LAURENCE K. LAU   1466
Deputy Attorneys General
465 South King Street, Room 200
Honolulu, Hawaii  96813
Telephone:  587-3050
Telefax:    587-3077

Attorneys for Plaintiffs

DAVID Z. ARAKAWA   2908
Corporation Counsel
MAILE R. CHUN   4906
Deputy Corporation Counsel
City and County of Honolulu
530 S. King St., Room 110
Honolulu, Hawaii  96813
Telephone:  527-5351
Telefax:    523-4583

Attorneys for Defendant

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| STATE OF HAWAII, by Margery S. Bronster, Its Attorney General, and LAWRENCE MIIKE, M.D, Director of Health, State of Hawaii,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CITY & COUNTY OF HONOLULU,<br><br>    Defendant. | CIVIL NO. 94-1896-05<br>(OTHER CIVIL ACTION)<br><br>CONSENT DECREE; EXHIBITS A AND B; ORDER |

CONSENT DECREE

The STATE OF HAWAII, by its Attorney General, MARGERY S. BRONSTER, and LAWRENCE MIIKE, M.D., Director of Health, State of Hawaii ("State"), filed a Complaint on May 20, 1994, for

EXHIBIT A

injunctive relief and assessment of civil penalties against the CITY AND COUNTY OF HONOLULU ("City") pursuant to Chapter 342D, Hawaii Revised Statutes ("HRS") for alleged violations of said Chapter.

The parties both wish to avoid the costs and uncertainties of litigation. This Consent Decree is intended to resolve all of the claims alleged by the State in its Complaint filed in this matter.

NOW THEREFORE, THE PARTIES AGREE AS FOLLOWS:

1. **JURISDICTION AND VENUE**

This Court has jurisdiction over the parties and the subject matter of this action pursuant to HRS § 603-21.5(2) and (3), HRS § 342D-11, HRS § 342D-30(a) and HRS § 342D-56. Venue is proper in this Court pursuant to HRS § 603-36(1). The parties waive any and all objections they have or may have to the Court's jurisdiction to enter and enforce this Consent Decree.

2. **PARTIES**

2.1. Plaintiff STATE OF HAWAII is a sovereign state of the United States of America and appears by the Attorney General of the State of Hawaii, Margery S. Bronster. Plaintiff LAWRENCE MIIKE, M.D., is the Director of Health of the State of Hawaii.

2.2. Defendant City is a Hawaii municipal corporation and appears by and through its attorneys David Z. Arakawa, Corporation Counsel, and Maile R. Chun, Deputy Corporation Counsel.

reuse. In the Ewa Plain there is great demand for irrigation water. The City is executing a program to develop a reclaimed water system for the Ewa plain. Reclaimed wastewater could supply the irrigation needs of golf courses and landscaping, and the water needs of industrial uses.

B. The parties seek a wastewater treatment and disposal solution in Central Oahu that is long term, environmentally sound, and economically justifiable.

C. DOH recognizes that the successful implementation of a solution for wastewater treatment and disposal for Central Oahu requires the approval of agencies or entities not within the control of the City.

D. This Consent Decree is intended to deter future violations of HRS Chapter 342D, and applicable rules which are the underlying basis for this lawsuit.

E. The parties agree that: (1) settlement of this matter without further litigation and the cooperation of the parties to achieve a long term solution of effluent disposal from the Wahiawa Wastewater Treatment Plant are in the public interest, and (2) the execution of this Consent Decree is the most appropriate means of resolving this matter.

7. STIPULATED FACTS AND FINDINGS

A. The City owns and operates the Wahiawa Wastewater Treatment Plant located at 111 California Avenue, Wahiawa,

Hawaii. The plant was originally constructed in 1928, has been owned and operated by the City since then, and has been periodically upgraded and expanded to the current flow capacity of 2.49 million gallons per day ("mgd"). The plant has been discharging treated effluent into Wahiawa Reservoir since 1928.

B. The plant now treats about 2.0 mgd of sewage received from the Wahiawa and Whitmore Village tributary areas. The sewered population of the tributary areas is approximately 25,000. This facility was designed for, and provides secondary treatment utilizing the activated sludge aeration process. After treatment the plant discharges the effluent into the adjacent Wahiawa Reservoir.

C. The land under the reservoir is owned by Castle and Cooke, Inc. and the Galbraith Estate, and the reservoir is currently maintained by the Waialua Sugar Company. There is private ownership of the dam and irrigation ditch and water from the reservoir is drawn to irrigate the surrounding lands. The primary function of the reservoir is to provide irrigation water to private interests.

D. The State of Hawaii, Department of Land and Natural Resources, manages the Wahiawa Freshwater State Recreation Area surrounding the Wahiawa Reservoir. The recreation area offers shore and boat fishing but does not permit swimming in the reservoir, as it is a non-contact recreational park/lake. The reservoir is a navigable water (i.e., "waters of the United

States") as defined by 33 U.S.C. § 1362(7), and "state waters" under HRS sec. 342D-1.

E.  The Clean Water Act, 33 U.S.C. 1251, et. seq. ("the Act") regulates the discharge of all pollutants from a point source into navigable waters of the United States.

F.  The Clean Water Act [33 U.S.C. § 1342] and HRS Sec. 342D-50(a) require a National Pollutant Discharge Elimination System (NPDES) Permit in order for the City to discharge into the reservoir. An NPDES permit for a wastewater treatment plant contains limits on the amounts and concentrations of pollutants that the discharger is allowed to discharge. These limits are referred to as "effluent limitations".

G.  Since the enactment of the Federal Water Pollution Control Act 1972 ("Clean Water Act"), and the delegation of the NPDES Permit program from the U.S. Environmental Protection Agency to the State in 1974, the State has issued the City NPDES permits authorizing the discharge of secondary treated effluent from the Wahiawa WWTP into the Wahiawa Reservoir.

H.  The last NPDES Permit, No. HI 0020125, was issued by DOH to the City on April 7, 1989.  That NPDES Permit contained an expiration date of March 1, 1994 and stated that it would not be reissued.  The permit also required that the City divert its effluent out of Lake Wilson by the permit expiration.

I.  On August 10, 1993, the City submitted an application for an NPDES Permit, more than 180 days from the permit

CONSENT DECREE
4-4-97

-7-

#94-1896-05
WahiCD.C05

expiration date as required by the Hawaii Administrative Rules ("HAR") § 11-55-27. By letter dated February 8, 1994, the City requested that DOH administratively extend its NPDES Permit. DOH did not grant the City's application and did not administratively extend the City's NPDES Permit. The City's NPDES permit expired at midnight of March 1, 1994.

J.  The City currently does not have an NPDES Permit for the Wahiawa Wastewater Treatment Facility to discharge into the Wahiawa Reservoir.

K.  Reclaimed water from the Wahiawa Wastewater Treatment Plant could help supply the demand that exists in the lower Ewa Area and Campbell Industrial Park.

## 8. REMEDIAL ACTIONS

A.  Not later than three years after the effective date of this Consent Decree, the City shall complete construction and begin operation of a system to reclaim all the wastewater from the Wahiawa Wastewater Treatment Plant, now about 2.0 mgd (reclamation system). The City shall notify DOH of the date the City begins operation of the system to comply with the 2.0 mgd requirement.

1.  Wastewater reclamation or water reuse may be accomplished by various means which shall be acceptable to DOH and shall include but not be limited to: complete diversion of effluent from the reservoir, followed by treatment at facilities at locations other

than at the present plant, and then applied at any location; it may be accomplished by appropriate treatment at the plant, continuous discharge through a deep outfall into the reservoir, and then irrigation with reservoir water; or, it may be accomplished by other alternatives also acceptable to the DOH.

2. The City shall report to DOH at least semi-annually on the City's progress in completing and using the reclamation system.

B. The reclamation system shall meet all applicable legal requirements, including, if necessary, NPDES permit requirements, water quality standards, reclaimed water guidelines, and HRS Chapter 343.

C. Any treated effluent supplied for direct or indirect reuse shall meet "R-1 Water" or "R-2 Water" levels as defined on pages 13 & 14 of "Guidelines For the Treatment and Use of Reclaimed Water" by the DOH Wastewater Branch, dated November 22, 1993, or shall meet the requirements of any rules that may be adopted or supersede the Guidelines. Effluent quality shall be measured at the treatment facility.

D. Under this Consent Decree, the City shall reclaim 2.0 mgd of Wahiawa WWTP wastewater which shall be separate and distinct from the commitments of the City to reclaim water island wide under the federal consent decree in U.S.A. and State v. City and County of Honolulu, U.S.D.C. Civ. No. 94-00765 DAE, Order of

CONSENT DECREE
4-4-97                                  -9-                        #94-1896-05
                                                                    WahiCD.cds

OPT-00096

May 15, 1995. Under that federal consent decree, the City shall reclaim a total of 2 mgd by July 1, 1998, a total of 5 mgd by June 30, 1999, and a total of 10 mgd by July 1, 2001.

E. The City and the DOH Environmental Management Division shall work mutually in good faith to achieve the objectives and requirements of this Consent Decree. The City and the DOH Environmental Management Division shall expedite their respective non-adjudicatory decision making and review and approval processes.

9. <u>INTERIM EFFLUENT LIMITATIONS AND OTHER REQUIREMENTS</u>

The City may discharge effluent into the Wahiawa Reservoir only under the following conditions.

A. <u>DISCHARGE LIMITATIONS</u>. Effluent shall not exceed the following limits:

| Effluent Characteristic | kg/day | (lbs/day) | Units as Noted | |
|---|---|---|---|---|
| | Monthly Average | Weekly Average | Monthly Average | Weekly Average |
| Biochemical Oxygen Demand (5 day) | 236 (519) | 424 (935) | 25 mg/l | 45 mg/l |
| Suspended Solids | 236 (519) | 424 (935) | 25 mg/l | 45 mg/l |
| Fecal Coliform Bacteria | 100 | | No./100 ml mo. geom. mean | |
| pH | 6.0 min., 9.0 max. | | | |
| Biomonitoring Toxicity | 50% survival in 100% effluent | | | |

CONSENT DECREE
4-4-97

-10-

#94-1896-05
WahiCD.C05

OPT-00097

civil penalty payment shall be paid.

## 12. STIPULATED PENALTIES

A. If the City misses the deadline specified in Section 8.A, or any extension of that deadline approved by the Court, the City shall pay the following stipulated penalty, which shall be deposited according to HRS Sec. 342D-39:

1. $600,000, a one time lump sum penalty, and;
2. A daily penalty. Measured from the date the delay begins, the penalty per day during each month of delay shall be:

   $1,000   first six months of delay

   $2,000   seventh and eighth months of delay

   $3,000   ninth and tenth months of delay

   $4,000   eleventh and twelfth months of delay

   $5,000   thirteenth month of delay and thereafter.

B. Stipulated penalties under Section 12.A shall be paid without demand within thirty (30) days after the deadline is missed, and if the delay continues, within thirty (30) days after the start of each succeeding month of delay.

C. Stipulated penalties shall be paid by check or warrant payable to the State of Hawaii and shall be received within the time specified above by the DOH person identified in Section 24.

D. The stipulated penalties herein are in addition to, and do not limit in any way, the remedies or sanctions available under law for violations by the City of this Consent Decree, HRS

CONSENT DECREE
4-4-97
-14-
#94-1896-05
WahiCD.COS

OPT-00101

Chapter 342D or the rules adopted pursuant to HRS Chapter 342D.

### 13. ENFORCEMENT OF THE DECREE

The terms of this Consent Decree are fully enforceable by each party to this lawsuit, in the First Circuit Court of the State of Hawaii. After fulfillment of the Dispute Resolution process described in Section 14 below, any party may move the Court for the enforcement, construction, execution, or modification of this Consent Decree.

### 14. DISPUTE RESOLUTION.

A. If the parties are unable to agree upon any plan, procedure, schedule, extension of time, requirement, or other matter described herein, or if a dispute should arise among the parties regarding the implementation of this Consent Decree, the parties shall first informally negotiate for up to fifteen days, or a longer period as they mutually agree upon. During the informal negotiation period, DOH agrees to consider reasonable industry practices in the State of Hawaii.

B. If the parties do not resolve the dispute under Section 14.A within fifteen (15) days (or longer mutually agreed upon period) to their mutual satisfaction, then either party may file an appropriate motion with this Court within 30 days of either party receiving a written statement from the other party as to the other party's final position on the matter. The non-moving party shall have 30 days to file a response in Court with an alternate proposal for resolution. The parties may, by