CADES SCHUTTE
A Limited Liability Law Partnership

DAVID SCHULMEISTER    2781-0
KRISTIN S. SHIGEMURA    6957-0
1000 Bishop Street, Suite 1200
Honolulu, Hawaii 96813-4216
Telephone: (808) 521-9200
Facsimile: (808) 521-9210
Email: dschulmeister@cades.com
Attorneys for Plaintiff
BODELL CONSTRUCTION COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION COMPANY, a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>OHIO PACIFIC TECH, INC., fka GMP ASSOCIATES, INC., an Ohio corporation; CITY AND COUNTY OF HONOLULU; ULTRA TECH SYSTEMS, INC., a foreign corporation,<br><br>Defendants. | CIVIL NO. 03-00706 (JMS/LEK)<br>(Contract)<br><br>CONCISE STATEMENT OF FACTS IN SUPPORT OF PLAINTIFF BODELL CONSTRUCTION COMPANY'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT CITY AND COUNTY OF HONOLULU ON COUNTS I, II, AND III OF THE FIRST AMENDED COMPLAINT FILED FEBRUARY 13, 2004; CERTIFICATE OF SERVICE<br><br>**Hearing:**<br>Date:<br>Time:<br>Judge: Honorable J. Michael Seabright |

ImanageDB:629132.1

**Trial Date:**

Date: April 12, 2005
Time: 9:00 a.m.
Judge: Honorable J. Michael Seabright

## CONCISE STATEMENT OF FACTS

| | | |
|---|---|---|
| 1. | Bodell was awarded the contract for City and County of Honolulu, Department of Design and Construction, Contract No. F-97110 (the "**Contract**"). The Contract was for the construction and installation of an ultraviolet ("**UV**") disinfection system at the Wahiawa Wastewater Treatment Plant ("**WWTP**" or the "**Project**"). | First Amended Complaint filed 2/17/04 ("FAC") ¶¶ 2, 36; City Answer filed 3/9/04 ("Answer") ¶¶ 2, 26.. |
| 2. | The specifications for the Project in Section 11376 of the Contract (the "**Specifications**"), written by GMP, called for, among other things, the construction of "an open channel, gravity flow, ultraviolet (UV) disinfection system complete with a cleaning system, lamps, and electronic ballasts." | FAC ¶ 12; Answer ¶ 12; Exhibits 2, 3. |
| 3. | The City elected not to follow sole source procurement procedures for the UV equipment | Exhibits 1, 33 |
| 4. | The Project UV specification is a "performance" specification – not a "design" specification | Ellner Declaration; Cote Declaration |
| 5. | Trojan's local representative successfully lobbied the City's designer, GMP, to list a Trojan system as the "basis of design" and to include language whose effect was to limit competition | Exhibits 5, 35; Ellner Declaration |
| 6. | UTS' local representative requested pre bid approval for UTS as an equal to Trojan which the City granted over GMP's objection | Exhibits 2, 6, 7, 8, 9 |
| 7. | In reasonable reliance upon the City's December 9, 1999 approval letter, Bodell based its bid price for the UV equipment, "bid item 81," on a price quotation from UTS that was substantially lower than Trojan's price | Exhibits 10, 11, 12, 13, Humke, Ellner & Cote Declarations |

|     | quotation |     |
| --- | --- | --- |
| 8.  | After the bid opening, Trojan's local representative complained and the City confirmed with Bodell that Bodell's price for bid item 81 was based on UTS and asked Bodell to determine the price reduction if bid item 81 were deleted from the Contract so that it could be rebid separately in order that the Trojan system could be installed in lieu of the UTS system | Exhibit 14, 16, Humke Declaration |
| 9.  | Even though the City decided internally to delete bid item 81 and rebid it separately in order to acquire the Trojan system, for reasons that the City can't explain no one followed through with the necessary paperwork | Exhibits 15, 17, 18, 19, 23, 33, 34 |
| 10. | Trojan's local supplier successfully lobbied GMP and the City to reject Bodell's submittals of a UTS designed system notwithstanding the City's pre bid approval letter | Exhibits 15, 20, 21, 22, 33 |
| 11. | The City's final rejection of the UTS submittals was based on UTS' purported failure to demonstrate that it met the experience requirement of the specification | Exhibits 24, 25, 26, 29, 30, 31, 32, 35, 36 |
| 12. | The City's interpretation of the experience requirement is so narrow that no UV equipment manufacturer other than Trojan could have satisfied it | Ellner Declaration, Exhibits 26, 35 |

DATED: Honolulu, Hawaii, January 9, 2006.

CADES SCHUTTE
A Limited Liability Law Partnership

_/s/ David Schulmeister_

DAVID SCHULMEISTER
KRISTIN S. SHIGEMURA
Attorneys for Plaintiff
BODELL CONSTRUCTION COMPANY