Adam Bialek (Admitted Pro Hac Vice)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604-3407
Telephone: (914) 323-7000
Facsimile: (914) 323-7001
Adam.Bialek@WilsonElser.com

James D. Boughey (HSB No. 6546)
Jeffrey S. Tachiki (Admitted Pro Hac Vice)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
650 California Street, 14th Floor
San Francisco, California 94108-2718
Telephone: (415) 433-0990
Facsimile: (415) 434-1370
James.Boughey@WilsonElser.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

BODELL CONSTRUCTION COMPANY, a Utah Corporation,

Plaintiff,

- against -

OHIO PACIFIC TECH, INC. f/k/a GMP ASSOCIATES, INC. an Ohio corporation; CITY AND COUNTY OF HONOLULU; ULTRA TECH SYSTEMS, INC., a foreign corporation,

Defendant.

CITY AND COUNTY OF HONOLULU,

Plaintiff,

- against-

ENGINEERED SYSTEMS, INC.,

Defendants.

Civil No. 03-00706
(Contract)

ULTRA TECH SYSTEMS, INCS., APPLICATION UPON MOTION FOR PERMISSION TO EXTEND THE COURT IMPOSED DEADLINES FOR FILING DISPOSITIVE MOTIONS

**Trial: April 11, 2006**
**Time: 9:00 a.m.**
**Judge: Honorable J. Michael Seabright**

The defendant, ULTRATECH SYSTEMS, INC. ("ULTRATECH"), by its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, submits this motion requesting an extension of time to file dispositive motions in the above-captioned matter, currently set for January 9, 2006, pursuant to the Stipulation and Order signed by Judge Leslie Kobayashi and filed with the Clerk of the Court on December 13, 2005.

For the reasons listed herein, Defendant UltraTech requests the following relief:

- That the deadline for the filing of dispositive motions be extended to February 17, 2006;
- That defendant UltraTech be allowed to amend their cross-claims against Defendants Ohio Pacific Tech, Inc. f/k/a GMP Associates, Inc. and the City and County of Honolulu, based on documents that were only recently disclosed to UltraTech;
- In the alternative, if the court is not inclined to extend the deadline into February, if defendant UltraTech may be permitted to substantiate its dispositive motions at a later date, with documents that are currently under a protective order.
- No application for the relief sought herein has been previously made by this movant before this Court or any other Judge thereof, except as noted herein.

The current court imposed deadline for the filing of dispositive motions in this action was set by the Court's Amended Rule 16 Scheduling Order filed on June 6, 2005, as modified by the

Second Stipulation to Continue Trial Deadlines and Settlement Conference Order. Said stipulation extended the deadline to January 9, 2006.

For the following reasons, defendant UltraTech requests that the Court grant it a brief extension to comply with the current deadline.

By way of subpoena dated June 6, 2005, UltraTech requested that documents be produced by Trojan Systems, Inc., (hereinafter referred to as "Trojan") the manufacturer of the ultra-violet water disinfection system that was ultimately installed at the Wahiawa Project Site. See, Exhibit A, subpoena on Trojan Technologies, Inc.

Before formally responding to UltraTech's subpoena, counsel for Trojan required and drafted a Protective Order, calling for the designation of certain proprietary and financially sensitive documents to be marked "Confidential" and "Highly Confidential", upon being disclosed. The Protective Order was agreed to, executed, and modified by Judge Leslie Kobayashi. See Exhibit, B, "Modified Protective Order", dated October 21, 2005.

After the Protective Order was executed and filed with the court, Trojan responded to UltraTech's subpoena by way of providing a voluminous document production on disk with over three-thousand (3,000) individual documents in PDF format.

The production, in this form, was so large that it necessitated being outsourced to an external vendor who manually opened each of the PDF files and printed the contents therein.

Upon receiving and reviewing the six-thousand (6,000) page production, a number of documents were discovered which are significant in supporting the claims UltraTech is asserting against GMP and the City.

In addition to supporting the claims previously made against Defendants GMP and the City and County of Honolulu for tortious interference with business actions, and negligent

drafting of project specifications, the documents provided a basis for asserting a third cross-claim against the defendants for misappropriation of trade secrets.

These documents will also be relied on in the action UltraTech is commencing in State Court against Trojan's local representative in Hawaii. (UltraTech is inclined to consolidate these two actions if it pleases the court).

These documents which UltraTech is seeking to rely on were designated, "Highly Confidential" by Trojan.

Pursuant to the Protective Order, the procedure for changing the designation of these documents from "Highly Confidential" so that they may be disclosed and used in the litigation, is for the parties to resolve the matter amongst themselves before seeking court intervention.

Therefore, UltraTech notified Trojan's counsel of its intention to have the "Highly Confidential" designation removed, as none of the documents sought to be disclosed are proprietary or confidential in nature. See, Exhibit C, letter to Alex Vesselinovitch, counsel for Trojan Technologies, dated January 10, 2006.

Pursuant to the Protective Order, Trojan was to have fourteen days to provide a response before the parties may seek court intervention. This fourteen day grace period clearly extends beyond the January 9, 2006 deadline. It is for this reason, among others, that defendant UltraTech requests that the deadline for dispositive motions be extended.

**THESE PROCEEDINGS WERE DELAYED WHILE THE PARTIES PURSUED MEDIATION AND SETTLEMENT CONFERENCES**

Pursuant to the Court's directive, the parties to this litigation attended mediations before Keith Hunter at Dispute Prevention Alternatives in June 2005, and again in November 2005. UltraTech participated in these discussions in a good faith attempt to try and resolve this matter.

As a result of the June 2005 mediation, Mediator Hunter, directed UltraTech to provide a list of information needed from the City in order to prepare a proposal for the City to discuss settlement.

UltraTech complied with this request by way of email dated July 14, 2005, providing the City with a list of questions from UltraTech, answers to which were needed in preparing a proposal to resolve this case and the perceived problems with the UV equipment at Wahiawa. See, Exhibit D.

The City never responded to UltraTech's inquiries. Numerous attempts were made to garner a response to UltraTech's requests, including email correspondence to the City of Honolulu's counsel, sent on August 2, 2005 and August 18, 2005. See Exhibits E and F, respectively.

Additional correspondence was sent to the City's counsel on October 21, 2005, and November 8, 2005. See Exhibit G and H, respectively.

The City finally responded on November 8, 2005, indicating that the City would not be providing answers to UltraTech's questions. See Exhibit I.

The reliance in good faith of UltraTech on receiving the City's responses significantly delayed the litigation of this matter and has unfairly prejudiced defendant UltraTech.

While UltraTech continued to work towards resolution of this matter and diligently followed the directives of the mediator, these proceedings were unnecessarily delayed by the City's failure to produce the necessary documents.

**DISCOVERY HAS NOT BEEN COMPLETED IN THIS MATTER**

The deposition of a critical witness in this case, Cyril Hamada, of the City and County of Honolulu, has yet to be completed in this matter. When Mr. Hamada's deposition began in June

2005, it became apparent during the course of the deposition that Mr. Hamada was in possession of additional documents which had not been disclosed which UltraTech was entitled to.

Numerous calls and emails were sent to Mr. Hamada's attorneys, Ronald Ogomori, Esq., and George Gusman, Esq., (counsel for the City) and Gary Nishioka, Esq., (personal counsel to Cyril Hamada) requesting that these additional discovery items be produced. To date, the documents have not been produced, nor has Mr. Hamada been produced to continue his deposition.

In addition to the completion of Cyril Hamada's deposition, UltraTech has called for the deposition of City employees Eldon Franklin and James Honke, as well as Safwat Gergis of GMP. These critical depositions remain outstanding.

**ULTRATECH HAS NOT REQUESTED SUCH RELIEF IN THE PAST**

As indicated, the original deadlines established by the Court have been amended by way of Stipulation and Order on two prior occasions. Both of these adjournments came at the request of other parties to the litigation. In the spirit of cooperation, UltraTech always consented to these requests for extensions made by counsel.

This is the first such time UltraTech is making a request for additional time, and in light of the foregoing reasons, it is respectfully requested that UltraTech be given an extension of time to file its dispositive motions until after the recently disclosed "Highly Confidential" documents have had an opportunity to be disclosed.

WHEREFORE, UltraTech requests the following relief:

- That the deadline for the filing of dispositive motions be extended to February 17, 2006;

- That defendant UltraTech be allowed to amend their cross-claims against Defendants Ohio Pacific Tech, Inc. f/k/a GMP Associates, Inc. and the City and County of Honolulu, based on documents that were only recently disclosed to UltraTech;
- In the alternative, if the court is not inclined to extend the deadline into February, if defendant UltraTech may be permitted to substantiate its dispositive motions at a later date, with documents that are currently under a protective order.
- No application for the relief sought herein has been previously made by this movant before this Court or any other Judge thereof, except as noted herein.

Dated: White Plains, New York
January 18, 2006

Yours, etc.,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: ______________________

Adam R. Bialek
*Attorneys for Defendant*
**ULTRA TECH SYSTEMS, INC.**
3 Gannett Drive
White Plains, New York 10604
Tel: (914) 323-7000

# EXHIBIT "A"

08167.00001 LAS505957

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CA

BODELL CONSTRUCTION COMPANY

V.

OHIO PACIFIC TECH, INC., ET AL.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] CV0300706HGLEK

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

TO: Custodian of Records For:
TROJAN TECHNOLOGIES, INC.
23 MORNINGWOOD DRIVE
LAGUNA NIGUEL, CA 92677-2589
ATTN:SCOTT DUGGAN

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

RE: SEE ATTACHMENT

| PLACE | DATE AND TIME |
|---|---|
| Quest Discovery Services 5730 Uplander Way, Ste. 101 Culver City, CA 90230 (800) 477-2662 | 06/06/05 9:30 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for: Defendant | 05/20/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER JEFFREY S. TACHIKI, ESQ. BAR #: 231873
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
650 CALIFORNIA STREET 14TH FLOOR
SAN FRANCISCO, CA 94108 415/433-0990

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

**Attachment 3**

File #: **LAS505957**

**TROJAN TECHNOLOGIES, INC.**

Pertaining To: **SEE ATTACHMENT**

Date of Birth:

Social Security No.:

**ATTACHMENT A**

**DEFINITIONS**

As used herein, the terms:

(A) PERSON(S) and/or INDIVIDUAL(S) - shall refer to a natural person, partnership, corporation, incorporated association, joint venture, or other legal entity.

(B) DOCUMENT(S), WRITING(S), OR WRITTEN - shall refer to the original and any non-identical copy of any written, printed, graphic or photographic matter, typed, or sound reproduction, or other means of preserving thought or expression, of any nature or description, including, but not limited to correspondence, reports, memoranda, agreements, contracts, bids, proposals, daily log reports, telephone logs, drawings, plans, specifications, maps, sketches, surveys, work progress charts, orders to contractors, reports and recordings of telephone or other conversations or of conferences or meetings, change orders, authorization orders, proceed orders, stop orders, checks, photographs, books of account, diaries, telegrams, vouchers, orders, invoices, billings, work papers, graphs, charts, blueprints, studies, analyses, testing reports/results, and any and all writings, including all underlying, supporting or preparatory materials and drafts thereof, now or formerly in the possession, custody or control of the parties, their counsels, or any of their agents, representatives, employees or associates or known by them to exist or to have existed. Handwritten notations of any kind on any copy of a document render it non-identical.

(C) COMMUNICATION - means every manner of transmitting and receiving facts, information, opinions and thoughts, whether orally, by document, writing or copy thereof, or otherwise.

(D) Wahiawa Wastewater Treatment Plant Project – shall refer to the Wahiawa Wastewater Treatment Plant- Effluent Reuse & Wahiawa Reservoir Outfall Adjustment Job No. W10-99, Contract No. F-97710, which was awarded to Bodell by the City.

(E) GMP – shall refer to Ohio Pacific Tech, Inc. f/k/a Associates, Inc. an Ohio Corporation, and any of its agents, employees and representatives.

(F) Trojan – shall refer to Trojan Technologies, Inc. its agents, employees and representatives.

(G) Bodell – shall refer to Bodell Construction Company, a Utah Corporation, its agents, employees and representatives.

(H) Hawaii Engineering Services – shall refer to Hawaii Engineering Services, Inc. located at 2234 Hoonee Place, Honolulu, Hawaii, 96819-2214, its agents, employees and representatives.

(I) The Coombs Hopkins Company shall refer to The Coombs Hopkins Company located at 2825 East Cottonwood Parkway, Suite 500, Salt Lake City, UT 84121, and its agents, employees and representatives.

(J) State of Hawaii – shall refer to the State of Hawaii, its agencies, departments and offices.

(K) City – shall refer to Defendant, Cross-Claim Plaintiff/Defendant and Third Party Plaintiff City and County of Honolulu and its agents, employees, and representatives.

(L) Inflico Degremont – shall refer to Infilco Degremont located at P.O. Box 71390 8007 Discovery Drive, Richmond, VA 23255-1390, its agents, employees, and representatives.

(M) All words and phrases shall be construed in accordance with the normal custom and usage in the industries or fields of commerce to which they apply.

**Subpoena of Trojan Technologies, Inc.**

1. All documents relating to any proposals, specifications and design basis that Trojan generated for GMP for the Wahiawa Wastewater Treatment Plant project.

2. Documents listing the identity of all UV systems installed in the United States from 1998-Present that were sold, installed, or ordered using the model designation: (a) 4000 series or (b) 4000 plus. For each of these systems, provide the following:

   a. The instantaneous peak flow that the system is designed and/or rated to handle;
   b. The level of disinfection called for in the specifications;
   c. The number of lamps used in said system to treat instantaneous peak flow and the number of lamps used for redundancy;
   d. Whether or not there is an uninterrupted power supply;
   e. The sale price of the system in U.S. dollars;
   f. The identity (name and contact information) of the representative who sold said system;
   g. Commissions or any disbursements paid to any entities in connection with the aforementioned sale;
   h. The dosage at peak flow without redundant lamps if present in the operation;
   i. Whether the system has been represented to be California Title 22 or Hawaiian R1 compliant; and
   j. Whether independent validation testing of dosage by Bioassay-dose determination has been conducted.

3. All documents related to campaign contributions made to any Hawaiian public official(s) or candidate(s) for the period 1998-present.

4. The contract(s) between Trojan Technologies, Inc. and Hawaii Engineering Services for the period of 1998-Present.

5. The contract(s) between Trojan Technologies, Inc. and The Coombs Hopkins Company for the period of 1998-2001.

6. Any and all correspondence, communications and documents exchanged between Trojan Technologies, Inc. and /or each of the following with respect to the Wahiawa Wastewater Treatment Plant project:

   i. Hawaii Engineering Services
   ii. GMP
   iii. The City and County of Honolulu
   iv. State of Hawaii
   v. Bodell
   vi. Hawaii State Department of Health

7. All documents submitted to the State of California concerning Trojan's application for certification that its Trojan 4000 or 4000 Plus was Title 22 compliant.

8. All documents submitted to the State of Hawaii concerning Trojan's application for certification that its Trojan 4000 or 4000 Plus was Hawaii R.1 compliant.

9. All documents between Trojan and its representatives, for the period of 1998-2001, concerning the drafting of specifications for UV disinfection system(s).

10. All documents between Trojan and Hawaii Engineering Systems concerning UltraTech Systems, Inc. for the period of 1998-present.

11. All documents between Trojan and any other representative concerning UltraTech Systems, Inc., for the period of 1998-present.

12. All documents between Trojan and Hawaii Engineering Systems concerning Infilco Degremont, Inc. for the period of 1998-present.

13. All documents between Trojan and any other representative concerning Infilco Degremont, Inc. for the period of 1998-present.

LA S5 05 957** LAS505957

(P    )F OF SERVICE BY MAIL - Federal Rul    a))

I am employed in the county of SANTA CLARA, my business address is 2025 GATEWAY PLACE #330, SAN JOSE, CA 95110, I am over the age of eighteen (18), and am not a party to the within action(s). I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence described below will be deposited with the United States Postal Service today in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit. I served the within copy: SUBPOENA IN A CIVIL CASE, on the below listed entities in said actions by placing said documents in a sealed envelope with postage fully prepaid and addressed as follows:

**CADES,SCHUTTE,FLEMING & WRIGHT**
**ATTORNEYS AT LAW**
**1000 BISHOP STREET**
**12TH FLOOR**
**HONULULU, HI 96824**
**ATTN: DAVID C. SCHULMEISTER, ESQ.**
**Represents: PLAINTIFF**

**SAKI IWANAGA & SUTTON**
**ATTORNEY AT LAW**
**201 MERCHANT STREET CITY FINANCIAL**
**TOWER, STE. 2307**
**HONLULU , HI 96813**
**ATTN: RICHARD C. SUTTON, JR., ESQ.**

**OFFICE OF CORPORATION**
**COUNSEL-HONOLULU**
**530 SOUTH KING ST., STE. 110**
**HONOLULU,HI 96813**
**ATTN: DAVID Z. ARAKAWA, ESQ.**
**Name: CITY & COUNTY OF HONOLULU**

**KOBAYASHI, SUGITA & BODA LLP**
**ATTORNEYS AT LAW**
**FIRST HAWAIIAN CENTER**
**999 BISHOP STREET SUITE#2600**
**HONOLULU, HI 96813**
**ATTN: BERT KOBAYASHI**
**Name: OHIO PACIFIC TECH, INC.**

and that they were deposited on 05/20/05 for deposit in the United States Postal Service and that the envelope was sealed and placed for collection and mailing that date at Quest Discovery Services, 2025 GATEWAY PLACE #330, SAN JOSE, CA 95110, following ordinary business practices.

DATED: 05/20/05 AT SAN JOSE, CALIFORNIA

I Declare under penalty of perjury that the foregoing is true and correct.

Elsa Morgado

**signature**

***This form was printed for all subpoenas in this series***

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BODELL CONSTRUCTION CO., Plaintiffs, v. OHIO PACIFIC TECH, INC, et al, Defendants. | ) | Civil Action No. CV0300706HGLEK |

Modified
**AGREED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

LEK 10/21/05

Upon agreement of the parties to this Protective Order and in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ordered that the following applies to all documents produced by Trojan Technologies, Inc. ("Trojan") in response to the subpoena *duces tecum* (the "Subpoena") dated May 20, 2005 and served by Ultra Tech Systems, Inc. ("Ultra Tech") (collectively referred to herein as the "Parties") out of the United States District Court for the Central District of California for the underlying litigation captioned *Bodell Construction Company v. Ohio Pacific Tech, Inc., et al*, # CV0300706HGLEK, (the "Litigation") which is currently pending before this Court. A copy of the Subpoena is attached hereto as Exhibit A.

WHEREAS, Trojan's response to the Subpoena may involve the production of certain documents, things and information that constitute sensitive and confidential business financial information of Trojan;

WHEREAS, Trojan's response to the Subpoena may also involve the disclosure of confidential commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure; and

WHEREAS, it would facilitate the response with the Subpoena and serve the respective interests of the Parties to produce any confidential information under a Protective Order;

THEREFORE, the Parties hereby enter into this Protective Order to prevent unnecessary dissemination or disclosure of such confidential information.

As used herein, term "Signatory" shall mean any person who has agreed to be bound by the provisions of this Protective Order elect to become Signatories to this Protective Order by executing an Undertaking in the form of the attached Exhibit B.

1. This Protective Order shall apply to any information, document or thing furnished by Trojan to Ultra Tech, in connection with Trojan's response to the Subpoena that is reasonably believed by Trojan to contain trade secrets or other confidential, proprietary, technical, financial, or commercial information that falls within the scope of Federal Rule of Civil Procedure 26(c) and is owned or controlled by Trojan. Under the terms and conditions of this Protective Order, all such information shall be designated as either: (a)"CONFIDENTIAL" or (b) "HIGHLY CONFIDENTIAL". This includes, but is not limited to, any documents produced or testimony adduced at depositions upon oral examination pursuant to Federal Rule of Civil Procedure 45, and all copies, extracts, summaries, compilations, designations and portions thereof.

2. Any information furnished in response to this Subpoena that is reasonably believed by Trojan to be non-public CONFIDENTIAL or HIGHLY CONFIDENTIAL may be so designated. Such designation may be made by stamping or otherwise marking any produced material prior to production with the word: "Confidential" for information deemed to be CONFIDENTIAL, and "Highly Confidential" or "Attorneys' Eyes Only" for information deemed to be HIGHLY CONFIDENTIAL.

3. CONFIDENTIAL information is that information that Trojan believes is secret, confidential or proprietary information. CONFIDENTIAL information does not include information that is readily available to the public.

4. HIGHLY CONFIDENTIAL information is information that Trojan believes is highly sensitive proprietary, financial or trade secret information, that might cause competitive or business damage if it were to be disclosed to another party, including a competitor. HIGHLY CONFIDENTIAL information does not include information that is readily available or readily attainable either to members of the public or to those in the wastewater treatment industry.

5. In the event that any party disagrees at any stage of these proceedings with the designation of any information as CONFIDENTIAL or HIGHLY CONFIDENTIAL the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved within fourteen business days, the party objecting to the confidentiality of designation shall seek appropriate relief from the Court.

6. In the case of written material, documents or tangible items, the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be made at the time Ultra Tech or the receiving party is provided a copy of the writing or thing.

7. In the case of depositions upon oral examination, if counsel for Trojan believes that a question or answer constitutes CONFIDENTIAL or HIGHLY CONFIDENTIAL information, counsel shall designate the testimony on the record and shall request that the specific portions of the transcript which include such CONFIDENTIAL or HIGHLY CONFIDENTIAL information be included in a separate, sealed portion of the transcript. The reporter, who shall first have agreed to abide by the terms of this Protective Order, shall be instructed to include on the cover page of each sealed portion the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith."

8. In addition to the provisions of paragraph 7, no transcript of any deposition, or accompanying exhibits, that include CONFIDENTIAL or HIGHLY CONFIDENTIAL, information shall be disclosed and disseminated to any person not entitled to receive CONFIDENTIAL or HIGHLY CONFIDENTIAL information under this Protective Order until

counsel for Trojan has had an adequate opportunity to review said transcript and/or exhibits and designate appropriate portions of the transcript and exhibits as containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information, which time period shall be 20 days from the date of the letter from the court reporter sending the original transcript or such longer period as the Parties shall agree to in view of the schedule of the case.

9. CONFIDENTIAL and HIGHLY CONFIDENTIAL information shall be governed by the provisions of this Protective Order unless and until this Court rules to the contrary or Trojan agrees otherwise. Any use of CONFIDENTIAL or HIGH CONFIDENTIAL information shall be governed by the terms of this Protective Order.

10. Unless and until the Court rules or Trojan otherwise agrees, access to or disclosure of CONFIDENTIAL information shall be limited to:

a. Ultra Tech's attorneys in this matter, including necessary secretarial, clerical, legal assistant personnel of those attorneys, and organizations retained by such attorneys to provide support services in connection with the Litigation;

b. outside experts or outside consultants (including such experts or consultants' support staff) retained by Ultra Tech for purposes of the Litigation and their staff provided that each such person is a Signatory;

c. officers, employees and agents of Ultra Tech or any Signatory, provided that such officer, employee, agent, or other Signatory is actively involved with the prosecution or defense of the claims or defenses in this Litigation, or as to whom there is reasonable basis to believe that such person will give relevant testimony regarding the CONFIDENTIAL information;

d. to any director, officer, agent or employee of Trojan, for the purposes concerning the Litigation, including but not limited to, at deposition, hearings or trial;

e. to the Court and its support personnel;

f. any person who appears as the author or recipient of the material, or who has been identified by Trojan as having been provided the material or information therein by Trojan; and

g. any other person to whom Trojan consents in writing.

11. Unless and until the Court rules or the producing party otherwise agrees, access to or disclosure of HIGHLY CONFIDENTIAL information shall be limited to:

a. Ultra Tech's outside attorneys in this matter, including necessary secretarial, clerical, legal assistant personnel of those attorneys, and organizations retained by such attorneys to provide support services in connection with the Litigation;

b. any director, officer, agent or employee of Trojan, for the purposes concerning the Litigation, including but not limited to, at deposition, hearings or trial;

c. any person who appears as the author or recipient of the material, or who has been identified by Trojan as having been provided the material or information therein by Trojan.

d. to the Court and its support personnel; and

e. any other person to whom Trojan consents in writing.

12. Trojan shall be notified of the intention to disclose any HIGHLY CONFIDENTIAL information to any consultants prior to any such disclosure. The notification of the intended disclosure shall include the identity of the expert or consultant. Within five (5) business days of receiving such notice, Trojan may object in writing to the proposed disclosure on the grounds that the expert or consultant at issue is or works for a competitor of Trojan and that the disclosure would adversely affect Trojan's business and/or competitive advantage. HIGHLY

CONFIDENTIAL information shall not be disclosed to the expert or consultant, if at all, until such time as (i) Trojan agrees to the disclosure, (ii) Trojan waives its right to object to the disclosure, as set forth above, or (iii) the Court rules that the disclosure may occur.

13. Trojan and Ultra Tech will endeavor to reach agreement concerning the use of HIGHLY CONFIDENTIAL information produced in response to the Subpoena which is not specifically covered by paragraphs 11 or 12 of this Protective Order. In the event that Trojan and Ultra Tech cannot reach agreement on the use of HIGHLY CONFIDENTIAL information, they agree to submit their disagreement to the Court for resolution.

14. Any Signatory may, at a deposition or in preparing for a deposition, absent a Court order or agreement to the contrary, disclose any CONFIDENTIAL information to any person identified in paragraphs 10 above while any HIGHLY CONFIDENTIAL information may be disclosed to any person identified in paragraph 11 above, provided such person has executed an Undertaking attached in Exhibit B. Copies of material containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information shown to a Signatory under this section shall not be retained by such person.

15. Any other entity or other person who is a party to the Litigation may elect to become Signatory to this Protective Order by executing an Undertaking attached in Exhibit B.

16. All disputes regarding whether a witness may or may not be shown specified documents at a deposition or in preparation for a deposition will be resolved by this Court, the U.S. District Court for the District of Hawaii, regardless of the location of the witness or the deposition, and all interested persons shall be bound by the orders of this Court relating thereto.

17. Nothing in this Protective Order shall require disclosure of material that counsel for Trojan contends is protected from disclosure by the attorney-client privilege or the attorney work-product privilege. This shall not preclude any Signatory from moving the Court for an order directing the disclosure of such material.

18. The acceptance by a party of CONFIDENTIAL or HIGHLY CONFIDENTIAL information shall not constitute an admission or concession or create an inference that the CONFIDENTIAL or HIGHLY CONFIDENTIAL information does, in fact, qualify for such designation. Any party seeking the withdrawal of a designation that certain information is CONFIDENTIAL or HIGHLY CONFIDENTIAL shall identify in writing the information to Trojan, state the reason why it is believed that the document does not contain CONFIDENTIAL or HIGHLY CONFIDENTIAL information, and request that the designation be withdrawn. Within five (5) business days after receipt of such written request, Trojan shall respond in writing stating either (i) that it has withdrawn the designation; or (ii) its justifications for the respective designations.

19. CONFIDENTIAL or HIGHLY CONFIDENTIAL information may be used to prepare for and conduct discovery and to prepare for trial, all subject to the limitations set forth in this Protective Order. CONFIDENTIAL or HIGHLY CONFIDENTIAL information may also be used in testimony at trial, in connection with any motion, at any hearing, and at depositions, and may be offered in evidence at trial or in connection with any motion ~~, all subject to the limitations set forth in this Protective Order~~ but may not be filed under seal without the consent of the Court. CONFIDENTIAL or HIGHLY CONFIDENTIAL information may not be used for any other purpose, including, but not limited to, in any court proceeding other than this Litigation, except as expressly provided herein or by further order of the Court.

lek 10/21/05

20. In the event that a Signatory desires to provide CONFIDENTIAL or HIGHLY CONFIDENTIAL information provided by Trojan to any person not entitled to access under paragraphs 10 and 11 it may move for an order that such person be given access thereto. In the event that the motion is granted, such person may have access to CONFIDENTIAL or HIGHLY CONFIDENTIAL information only after first signing the Undertaking attached in Exhibit B and/or fulfilling any other conditions imposed by such order. Nothing herein shall preclude the attorney of record for Ultra Tech from agreeing with Trojan's counsel to provide access to any portion of the

CONFIDENTIAL or HIGHLY CONFIDENTIAL information produced by Trojan to a person not otherwise entitled to such access under such conditions as may be agreed by the parties.

21. If any party seeks to file material containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information ~~is filed~~ with the Court, that party shall first obtain the appropriate court order. If granted, then the material ~~it~~ shall be filed with the Clerk of the Court and accompanied with a cover sheet that includes: (a) the caption of the case, including the case number; (b) a statement indicating that the document is filed as restricted in accordance with this Protective Order, including the date of this Order; and (c) the signature of the attorney of record or of the unrepresented party filing the document, along with a statement of the filing party stating that the filing is being made in the good faith belief that the document is subject to this Protective Order. Any interested member of the public shall have the right to move this Court for an order for access to CONFIDENTIAL or HIGHLY CONFIDENTIAL material that is filed with the Court. The Parties and any interested third party shall have the right to oppose any such motion. Should need arise during the trial or any hearing before the Court for any Party to disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL information or documents, it may do so only after obtaining an appropriate court order. ~~appropriate in-camera inspection or other safeguards are ordered by the Court.~~

lek 10/21/05

22. If Trojan inadvertently produces material that bears no designation or that bears an improper designation, it may nevertheless thereafter designate or redesignate such material. Upon receipt of such notice, and upon receipt of properly labeled materials, Ultra Tech or other receiving party shall promptly return all unmarked or improperly marked materials (and any copies that may have been made) to Trojan. Until such materials are returned, Ultra Tech or the receiving party shall treat those (and any copies that may have been made) as CONFIDENTIAL or HIGHLY CONFIDENTIAL and shall not subsequently disclose such materials or the information contained therein to any persons other than those persons who had the materials or the information contained therein in their possession before receipt of notification from Trojan. Ultra Tech or the receiving

party shall, to the extent reasonably possible, cooperate in restoring the confidentiality of such inadvertently produced material.

23. The inadvertent production of CONFIDENTIAL or HIGHLY CONFIDENTIAL material, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of Trojan's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that Ultra Tech or the receiving Party is notified and properly marked materials are supplied as provided herein promptly after discovery of the inadvertent disclosure.

24. After final termination of this action, counsel for Ultra Tech or the receiving party shall either return all copies of material containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information to counsel for Trojan or shall certify the destruction thereof, except that counsel for Ultra Tech or the receiving party may retain one copy of pleadings, transcripts and evidence offered for the file

25. The termination of proceedings in this action shall not thereafter relieve any person to whom CONFIDENTIAL or HIGHLY CONFIDENTIAL information was disclosed from the obligation of maintaining the confidentiality of such information in accordance with the provisions of this Protective Order.

26. CONFIDENTIAL or HIGHLY CONFIDENTIAL information subject to this Protective Order shall be used by the party(ies) to whom it is produced solely and exclusively for purposes of the above captioned case. All persons to whom CONFIDENTIAL or HIGHLY CONFIDENTIAL information are disclosed are hereby enjoined from using said information for any other purpose and are specifically enjoined from using said information for any other cases, proceedings, or disputes or for any commercial, business, competitive or other purpose whatsoever. Further, no person receiving or reviewing CONFIDENTIAL or HIGHLY CONFIDENTIAL

information shall disclose it or its contents to any person other than as provided in this Protective Order and for the purpose specified herein.

27. If CONFIDENTIAL or HIGHLY CONFIDENTIAL information produced in accordance with this Protective Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts related to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies of Trojan the material, shall make all reasonable efforts to prevent any further disclosure by it or by the person(s) who received such material.

Dated: October 21, 2005

ENTERED: as MODIFIED BY THE COURT

Leslie E. Kobayashi

Judge

STIPULATED AND AGREED

Attorney For Ultra Tech Systems, Inc.

Alexander Vesselinovitch

Attorney for Trojan Technologies, Inc.

# EXHIBIT "C"

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3 Gannett Drive, White Plains, New York 10604-3407
Tel: (914) 323-7000 Fax: (914) 323-7001

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean Miami • Newark • New York • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris*

www.wemed.com

January 10, 2006

***VIA ELECTRONIC MAIL***

Alex Vesselinovitch, Esq.
Katten Muchin Rosenman
525 W. Monroe
Chicago, IL 60661

Re: Bodell Construction Company v. Ohio Pacific Tech, Inc. et al.
<u>Our File No.: 08167.00001</u>

Dear Mr. Vesslinovitch:

We are in receipt of the discovery documents responsive to the subpoena served on Trojan Technologies. After reviewing same, we have come across a number of documents which we believe should not bear the "highly confidential" designation. As such, we are attempting to work this out amongst the parties, as agreed to under the Protective Order which was entered into on or about October 21, 2005.

The protective order defined "Highly Confidential" information as:

> *"Information that Trojan believes is highly sensitive proprietary, financial, or trade secret information, that might cause competitive or business damage if it were to be disclosed to another party, including a competitor."*

The documents which we are seeking a change in designation, do not include any financial, proprietary or trade secret information. They are largely communications between Trojan and outside parties, and/or correspondence between parties other than Trojan.

Pursuant to Paragraph 5 of the Protective Order, the parties are to resolve such a dispute on an informal basis before seeking relief from the Court. As the current court deadline for dispositive motions is January 23, 2006, we are asking that you review this request and respond to us by the end of this week.

We have attached copies of the initial documents which we would like you to reconsider. After reviewing same, please let us know if you will concede to having the designation changed, and allow disclosure of these materials, or if we must seek the intervention of the Court.

If you have any questions or concerns please feel free to contact me at (914) 323- 7000 ext. 4019.

Very truly yours,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

Kirsten Bennett O'Rourke

Kirsten Bennett – O'Rourke

cc: Adam R. Bialek, Wilson Elser
Chad A. Diehl, Katten Muchin

# EXHIBIT "D"

**Bialek, Adam**

**From:** Bialek, Adam
**Sent:** Thursday, July 14, 2005 12:10 PM
**To:** 'Ronald T. Ogomori'
**Cc:** Keith W. Hunter; 'ge@ultratechsys.com'; Bennett-O'Rourke, Kirsten
**Subject:** Bodell v. City and GMP et al.

Dear Ron:

I apologize for not getting this to you sooner. After being away so much in June, things were a little backed up here. Anyway, I have asked Greg to prepare a list of information he will need in order to prepare a proper proposal for you to discuss with the City. The questions are as follows:

In order to consider supplying a replacement UV system, there is information that UltraTech requires:

A. Will the "new" UV system be grandfathered to meet the old Title 22 - R1 disinfection requirements to which the current system is apparently permitted to comply?

B. What are the flows that the current systems is disinfecting (12 month period)?
Peak Flow?
Average Flow?
Minimum Flow

What flows would the new system be required or requested to disinfect?

C. What is the amount of electricity that the present system consumes? UltraTech wants to be able to correlate the electricity consumed with the flow being disinfected. It would also be helpful to know if at least three of the banks of lamps are being operated at all times per Title 22?

D. What is the current cost per UV lamp and how often are these lamps requiring replacement?

E. What is the maximum hydraulic flow that the new UV system must pass, that is, flow that will not be disinfected to Title 22 standards?

F. How much hydraulic head is available to the UV system?

G. What is the quality of effluent that is currently being produced by the plant:
TSS?
BOD?
% UV Transmission?

H. Can the plant tolerate a stoppage in flow? If so, for how long?

I. Are there available as-built drawings showing the dimensions of the UV channels that were constructed?

I appreciate the work that you are doing in trying to get this matter resolved. As soon as this information is provided, I will pass it along to UTS so that a proposal can be made. UTS is trying to prepare a proposal that will show both the cost savings to the City as well as present a plan for a system that would meet the City's requirements.

I look forward to receiving this information at your earliest convenience. I again thank you and Mr. Hunter for the time spent in trying to resolve this matter.

Regards,

Adam

**Adam R. Bialek, Esq.**
**Wilson, Elser, Moskowitz, Edelman & Dicker LLP**
**3 Gannett Drive**
**White Plains, New York 10604**
**Phone: (914) 323-7000 x4017**
**Fax: (914) 323-7001**
**E-Mail: BialekA@wemed.com**

**150 East 42nd Street**
**New York, New York 10017**
**Phone: (212) 490-3000**
**Fax: (212) 490-3038**

# EXHIBIT "E"

Adam

---

From: Bialek, Adam
Sent: Tuesday, August 02, 2005 12:27 PM
To: rogomori@ksglaw.com
Cc: Keith W. Hunter (keithhunter@dpr4adr.com); 'ge@ultratechsys.com'; Bennett-O'Rourke, Kirsten; 'Evelyn Johnson'
Subject: FW: Bodell v. City and GMP et al.

Dear Ron:

I was just checking in to see if there have been any developments on this case. Please let me know whether you were able to get any of this information.

Thanks and Regards,

Adam

---

From: Bialek, Adam
Sent: Thursday, July 14, 2005 12:10 PM
To: 'Ronald T. Ogomori'
Cc: Keith W. Hunter; 'ge@ultratechsys.com'; Bennett-O'Rourke, Kirsten
Subject: Bodell v. City and GMP et al.

Dear Ron:

I apologize for not getting this to you sooner. After being away so much in June, things were a little backed up here. Anyway, I have asked Greg to prepare a list of information he will need in order to prepare a proper proposal for you to discuss with the City. The questions are as follows:

In order to consider supplying a replacement UV system, there is information that UltraTech requires:

A. Will the "new" UV system be grandfathered to meet the old Title 22 - R1 disinfection requirements to which the current system is apparently permitted to comply?

B. What are the flows that the current systems is disinfecting (12 month period)?
Peak Flow?
Average Flow?
Minimum Flow

What flows would the new system be required or requested to disinfect?

C. What is the amount of electricity that the present system consumes? UltraTech wants to be able to correlate the electricity consumed with the flow being disinfected. It would also be helpful to know if at least three of the banks of lamps are being operated at all times per Title 22?

# EXHIBIT "F"

From: Bialek, Adam
Sent: Thursday, August 18, 2005 19:15
To: 'rogomori@ksglaw.com'
CC:
BCC:
Subject: Re: ++++Spam++++ FW: Bodell v. City and GMP et al.

Thanks and I consent.

-----Original Message-----
From: Ronald T. Ogomori <rogomori@ksglaw.com>
To: Bialek, Adam <BialekA@WEMED.com>
Sent: Thu Aug 18 19:14:09 2005
Subject: RE: ++++Spam++++ FW: Bodell v. City and GMP et al.

Dear Adam,

I hope that all is well with you. I hope to get the response to Greg's inquiry you by the end of next week.

In addition, I just talked to Dave about Bodell seeking a continuance of the settlement conference (which is scheduled for September 9th) since we are still waiting on Bodell's demand letter. Take care.

Ron

---

From: Bialek, Adam [mailto:BialekA@WEMED.com]
Sent: Thursday, August 18, 2005 11:47 AM
To: Ronald T. Ogomori; George Gusman
Cc: keithhunter@dpr4adr.com; Evelyn Johnson; ge@ultratechsys.com; Bennett-O'Rourke, Kirsten; Adrian W. Rosehill; esikailua@aol.com
Subject: ++++Spam++++ FW: Bodell v. City and GMP et al.

Dear Ron and George:

I trust that this note finds you well and you are enjoying your summer. I just wanted to follow up again to see if you have been able to respond to Greg's inquiries. I would like to be able to have him respond with a proposal for the City, but he still needs the info requested. Please let me know where we stand.

Thank you in advance for your attention to this matter.

Regards,

# EXHIBIT "G"

**Adam R. Bialek, Esq.**
**Wilson, Elser, Moskowitz, Edelman & Dicker LLP**
**3 Gannett Drive**
**White Plains, New York 10604**
**Phone: (914) 323-7000 x4017**
**Fax: (914) 323-7001**
**E-Mail: BialekA@wemed.com**

**150 East 42nd Street**
**New York, New York 10017**
**Phone: (212) 490-3000**
**Fax: (212) 490-3038**

---

**From:** Bialek, Adam
**Sent:** Friday, October 21, 2005 3:47 PM
**To:** 'Ronald T. Ogomori'; George Gusman
**Cc:** ge@ultratechsys.com; 'Adrian W. Rosehill'; ESIKAILUA@aol.com; 'Evelyn Johnson'; Keith W. Hunter (keithhunter@dpr4adr.com); 'Richard Sutton'; Bialek, Adam
**Subject:** #2004583 v1 - Re: ++++Spam++++ FW: Bodell v. City and GMP et al.

Dear Ron and George:

Ron: Congratulations on the birth of your son. It is certainly a special day.

George: As you can see from the exchanges set forth below, I had expected to receive the City's response to UltraTech's inquiries by the end of August. We still have not received any response. As such, can you please follow up with Ron and the City to ascertain whether the City will be providing the information to UltraTech in an effort to resolve the case through a purchase of an upgraded UV system at Wahiawa, or whether the City instead intends to simply negotiate a resolution with UltraTech without regard to the new system. With the next mediation coming up shortly, UltraTech is uncertain whether there has been any change in positions by the City or GMP. We would apprecaite some guidance before the mediation so that we do not waste anyone's time.

Thank you for your attention to this matter.

Regards,

Adam

---

From: Bialek, Adam
Sent: Thursday, August 18, 2005 19:15
To: 'rogomori@ksglaw.com'
CC:
BCC:
Subject: Re: ++++Spam++++ FW: Bodell v. City and GMP et al.

Thanks and I consent.

-----Original Message-----

# EXHIBIT "H"

8167-1

**Bialek, Adam**

---

**From:** Bialek, Adam

**Sent:** Tuesday, November 08, 2005 4:25 PM

**To:** 'Ronald T. Ogomori'; 'George Gusman'

**Cc:** 'ge@ultratechsys.com'; 'Adrian W. Rosehill'; 'ESIKAILUA@aol.com'; 'Richard Sutton'; 'Keith W. Hunter (keithhunter@dpr4adr.com)'; 'Evelyn Johnson'; 'David Schulmeister'; Bennett-O'Rourke, Kirsten; Bialek, Adam

**Subject:** RE: #2004583 v1 - Re: ++++Spam++++ FW: Bodell v. City and GMP et al.

Dear Ron and George:

I still have not received the information that was requested from the City. Please let us know whether it will be forthcoming or whether the City and/or GMP will be making a monetary offer to settle the UTS claim instead.

By copy of this email to Keith Hunter and Evelyn Johnson, please provide us with the call in instructions for tomorrow's mediation.

Thank you in advance for your attention to this matter.

Regards,

Adam

---

**From:** Bialek, Adam
**Sent:** Wednesday, October 26, 2005 10:23 AM
**To:** 'Keith W. Hunter (keithhunter@dpr4adr.com)'; 'Evelyn Johnson'
**Cc:** 'ge@ultratechsys.com'; 'Adrian W. Rosehill'; 'ESIKAILUA@aol.com'; 'Richard Sutton'; Bialek, Adam; 'Ronald T. Ogomori'; 'George Gusman'; David Schulmeister; Bennett-O'Rourke, Kirsten
**Subject:** RE: #2004583 v1 - Re: ++++Spam++++ FW: Bodell v. City and GMP et al.

Dear Mr. Hunter and Ms. Johnson:

As you may be aware, after the last mediation session in June, UltraTech was directed to supply a list of information it needed from the City in order to prepare a proposal for the City to discuss at mediation. While UltraTech provided the City with a list, the City has yet to provide UltraTech with the info. In addition, the City has not tendered any counter offer. Yesterday, I spoke with Ron Ogomori, counsel for the City, and he is still working on the issue with his client. In light of this position, it is not economically realistic for Mr. Ellner or I to physically attend the mediation on November 9. Instead, Adrian Rosehill will be appearing on behalf of both UltraTech and Engineered Systems. He will have full authority to act on behalf of UltraTech should the City and GMP choose to make a monetary offer in lieu of the alternative scenarios we discussed. In addition, Mr. Ellner and I will be available to participate by phone. Can you please let us know the call in information so that we may join the group.

I again thank you in advance for your efforts in attempting to resolve this matter. If you have any questions or comments, please feel free to contact me.

Regards,

Adam

# EXHIBIT "I"

8167-1

**Bialek, Adam**

**From:** Bialek, Adam
**Sent:** Tuesday, November 08, 2005 8:55 PM
**To:** 'ggusman@ksglaw.com'
**Subject:** Re: #2004583 v1 - Re: ++++Spam++++ FW: Bodell v. City and GMP et al.

Thanks George.

-----Original Message-----
From: George Gusman <ggusman@ksglaw.com>
To: Bialek, Adam <BialekA@WEMED.com>; Ronald T. Ogomori <rogomori@ksglaw.com>
CC: Soo K. Paupe <sham@ksglaw.com>; Takeuchi, Gary Y. <gtakeuchi@honolulu.gov>
Sent: Tue Nov 08 20:43:50 2005
Subject: RE: #2004583 v1 - Re: ++++Spam++++ FW: Bodell v. City and GMP et al.

Adam,

We have been in contact with the City to provide the information that your client had requested. While we have put a significant amount of effort into gathering this information and documentation, the City is considering various options for the Wahiawa plant and has not yet made a determination on how it would like to proceed in regard to the UV System at the plant. In light of this, it is unlikely that we will be able to provide any of the requested information to your client at this time. The City is in the process of exploring other options to resolve these claims.

Thank you,

George

---

From: Bialek, Adam [mailto:BialekA@WEMED.com]
Sent: Tuesday, November 08, 2005 11:25 AM
To: Ronald T. Ogomori; George Gusman
Cc: ge@ultratechsys.com; Adrian W. Rosehill; ESIKAILUA@aol.com; Richard Sutton; keithhunter@dpr4adr.com; Evelyn Johnson; David Schulmeister; Bennett-O'Rourke, Kirsten; Bialek, Adam
Subject: RE: #2004583 v1 - Re: ++++Spam++++ FW: Bodell v. City and GMP et al.

Dear Ron and George:

I still have not received the information that was requested from the City. Please let us know whether it will be forthcoming or whether the City and/or GMP will be making a monetary offer to settle the UTS claim instead.

By copy of this email to Keith Hunter and Evelyn Johnson, please provide us with the call in instructions for tomorrow's mediation.