Adam Bialek (Admitted Pro Hac Vice)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604-3407
Telephone: (914) 323-7000
Facsimile: (914) 323-7001
Adam.Bialek@WilsonElser.com

James D. Boughey (HSB No. 6546)
Jeffrey S. Tachiki (Admitted Pro Hac Vice)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
650 California Street, 14th Floor
San Francisco, California 94108-2718
Telephone: (415) 433-0990
Facsimile: (415) 434-1370
James.Boughey@WilsonElser.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

---

| | |
|---|---|
| BODELL CONSTRUCTION COMPANY, a Utah Corporation, | Civil No. 03-00706 (Contract) |
| Plaintiff, | ULTRA TECH SYSTEMS, INCS., APPLICATION UPON MOTION FOR PERMISSION TO EXTEND THE COURT IMPOSED DEADLINES FOR FILING DISPOSITIVE MOTIONS |
| - against - | |
| OHIO PACIFIC TECH, INC. f/k/a GMP ASSOCIATES, INC. an Ohio corporation; CITY AND COUNTY OF HONOLULU; ULTRA TECH SYSTEMS, INC., a foreign corporation, | |
| Defendant. | |
| CITY AND COUNTY OF HONOLULU, | |
| Plaintiff, | |
| - against- | **Trial: April 11, 2006**<br>**Time: 9:00 a.m.**<br>**Judge: Honorable J. Michael Seabright** |
| ENGINEERED SYSTEMS, INC., | |
| Defendants. | |

1079218.1

The defendant, ULTRATECH SYSTEMS, INC. ("ULTRATECH"), by its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, submits this motion requesting an extension of time to file dispositive motions in the above-captioned matter, currently set for January 9, 2006, pursuant to the Stipulation and Order signed by Judge Leslie Kobayashi and filed with the Clerk of the Court on December 13, 2005.

For the reasons listed herein, Defendant UltraTech requests the following relief:

- That the deadline for the filing of dispositive motions be extended to February 17, 2006;

- That defendant UltraTech be allowed to amend their cross-claims against Defendants Ohio Pacific Tech, Inc. f/k/a GMP Associates, Inc. and the City and County of Honolulu, based on documents that were only recently disclosed to UltraTech;

- In the alternative, if the court is not inclined to extend the deadline into February, if defendant UltraTech may be permitted to substantiate its dispositive motions at a later date, with documents that are currently under a protective order.

- No application for the relief sought herein has been previously made by this movant before this Court or any other Judge thereof, except as noted herein.

The current court imposed deadline for the filing of dispositive motions in this action was set by the Court's Amended Rule 16 Scheduling Order filed on June 6, 2005, as modified by the

1079218.1

Second Stipulation to Continue Trial Deadlines and Settlement Conference Order. Said stipulation extended the deadline to January 9, 2006.

For the following reasons, defendant UltraTech requests that the Court grant it a brief extension to comply with the current deadline.

By way of subpoena dated June 6, 2005, UltraTech requested that documents be produced by Trojan Systems, Inc., (hereinafter referred to as "Trojan") the manufacturer of the ultra-violet water disinfection system that was ultimately installed at the Wahiawa Project Site. See, Exhibit A, subpoena on Trojan Technologies, Inc.

Before formally responding to UltraTech's subpoena, counsel for Trojan required and drafted a Protective Order, calling for the designation of certain proprietary and financially sensitive documents to be marked "Confidential" and "Highly Confidential", upon being disclosed. The Protective Order was agreed to, executed, and modified by Judge Leslie Kobayashi. See Exhibit, B, "Modified Protective Order", dated October 21, 2005.

After the Protective Order was executed and filed with the court, Trojan responded to UltraTech's subpoena by way of providing a voluminous document production on disk with over three-thousand (3,000) individual documents in PDF format.

The production, in this form, was so large that it necessitated being outsourced to an external vendor who manually opened each of the PDF files and printed the contents therein.

Upon receiving and reviewing the six-thousand (6,000) page production, a number of documents were discovered which are significant in supporting the claims UltraTech is asserting against GMP and the City.

In addition to supporting the claims previously made against Defendants GMP and the City and County of Honolulu for tortious interference with business actions, and negligent

1079218.1

drafting of project specifications, the documents provided a basis for asserting a third cross-claim against the defendants for misappropriation of trade secrets.

These documents will also be relied on in the action UltraTech is commencing in State Court against Trojan's local representative in Hawaii. (UltraTech is inclined to consolidate these two actions if it pleases the court).

These documents which UltraTech is seeking to rely on were designated, "Highly Confidential" by Trojan.

Pursuant to the Protective Order, the procedure for changing the designation of these documents from "Highly Confidential" so that they may be disclosed and used in the litigation, is for the parties to resolve the matter amongst themselves before seeking court intervention.

Therefore, UltraTech notified Trojan's counsel of its intention to have the "Highly Confidential" designation removed, as none of the documents sought to be disclosed are proprietary or confidential in nature. See, Exhibit C, letter to Alex Vesselinovitch, counsel for Trojan Technologies, dated January 10, 2006.

Pursuant to the Protective Order, Trojan was to have fourteen days to provide a response before the parties may seek court intervention. This fourteen day grace period clearly extends beyond the January 9, 2006 deadline. It is for this reason, among others, that defendant UltraTech requests that the deadline for dispositive motions be extended.

### THESE PROCEEDINGS WERE DELAYED WHILE THE PARTIES PURSUED MEDIATION AND SETTLEMENT CONFERENCES

Pursuant to the Court's directive, the parties to this litigation attended mediations before Keith Hunter at Dispute Prevention Alternatives in June 2005, and again in November 2005. UltraTech participated in these discussions in a good faith attempt to try and resolve this matter.

1079218.1

As a result of the June 2005 mediation, Mediator Hunter, directed UltraTech to provide a list of information needed from the City in order to prepare a proposal for the City to discuss settlement.

UltraTech complied with this request by way of email dated July 14, 2005, providing the City with a list of questions from UltraTech, answers to which were needed in preparing a proposal to resolve this case and the perceived problems with the UV equipment at Wahiawa. See, Exhibit D.

The City never responded to UltraTech's inquiries. Numerous attempts were made to garner a response to UltraTech's requests, including email correspondence to the City of Honolulu's counsel, sent on August 2, 2005 and August 18, 2005. See Exhibits E and F, respectively.

Additional correspondence was sent to the City's counsel on October 21, 2005, and November 8, 2005. See Exhibit G and H, respectively.

The City finally responded on November 8, 2005, indicating that the City would not be providing answers to UltraTech's questions. See Exhibit I.

The reliance in good faith of UltraTech on receiving the City's responses significantly delayed the litigation of this matter and has unfairly prejudiced defendant UltraTech.

While UltraTech continued to work towards resolution of this matter and diligently followed the directives of the mediator, these proceedings were unnecessarily delayed by the City's failure to produce the necessary documents.

## DISCOVERY HAS NOT BEEN COMPLETED IN THIS MATTER

The deposition of a critical witness in this case, Cyril Hamada, of the City and County of Honolulu, has yet to be completed in this matter. When Mr. Hamada's deposition began in June

2005, it became apparent during the course of the deposition that Mr. Hamada was in possession of additional documents which had not been disclosed which UltraTech was entitled to.

Numerous calls and emails were sent to Mr. Hamada's attorneys, Ronald Ogomori, Esq., and George Gusman, Esq., (counsel for the City) and Gary Nishioka, Esq., (personal counsel to Cyril Hamada) requesting that these additional discovery items be produced. To date, the documents have not been produced, nor has Mr. Hamada been produced to continue his deposition.

In addition to the completion of Cyril Hamada's deposition, UltraTech has called for the deposition of City employees Eldon Franklin and James Honke, as well as Safwat Gergis of GMP. These critical depositions remain outstanding.

### ULTRATECH HAS NOT REQUESTED SUCH RELIEF IN THE PAST

As indicated, the original deadlines established by the Court have been amended by way of Stipulation and Order on two prior occasions. Both of these adjournments came at the request of other parties to the litigation. In the spirit of cooperation, UltraTech always consented to these requests for extensions made by counsel.

This is the first such time UltraTech is making a request for additional time, and in light of the foregoing reasons, it is respectfully requested that UltraTech be given an extension of time to file its dispositive motions until after the recently disclosed "Highly Confidential" documents have had an opportunity to be disclosed.

WHEREFORE, UltraTech requests the following relief:

- That the deadline for the filing of dispositive motions be extended to February 17, 2006;

- That defendant UltraTech be allowed to amend their cross-claims against Defendants Ohio Pacific Tech, Inc. f/k/a GMP Associates, Inc. and the City and County of Honolulu, based on documents that were only recently disclosed to UltraTech;

- In the alternative, if the court is not inclined to extend the deadline into February, if defendant UltraTech may be permitted to substantiate its dispositive motions at a later date, with documents that are currently under a protective order.

- No application for the relief sought herein has been previously made by this movant before this Court or any other Judge thereof, except as noted herein.

Dated: White Plains, New York
January 18, 2006

Yours, etc.,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Adam R. Bialek
*Attorneys for Defendant*
**ULTRA TECH SYSTEMS, INC.**
3 Gannett Drive
White Plains, New York  10604
Tel: (914) 323-7000

1079218.1