# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION CO., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. CV0300706HGLEK |
| v. ) | |
| ) | |
| OHIO PACIFIC TECH, INC, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

*Modified*

*UU 10/21/05*

## AGREED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

Upon agreement of the parties to this Protective Order and in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ordered that the following applies to all documents produced by Trojan Technologies, Inc. ("Trojan") in response to the subpoena *duces tecum* (the "Subpoena") dated May 20, 2005 and served by Ultra Tech Systems, Inc. ("Ultra Tech") (collectively referred to herein as the "Parties") out of the United States District Court for the Central District of California for the underlying litigation captioned *Bodell Construction Company v. Ohio Pacific Tech, Inc., et al*, # CV0300706HGLEK, (the "Litigation") which is currently pending before this Court. A copy of the Subpoena is attached hereto as Exhibit A.

WHEREAS, Trojan's response to the Subpoena may involve the production of certain documents, things and information that constitute sensitive and confidential business financial information of Trojan;

WHEREAS, Trojan's response to the Subpoena may also involve the disclosure of confidential commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure; and

WHEREAS, it would facilitate the response with the Subpoena and serve the respective interests of the Parties to produce any confidential information under a Protective Order;

THEREFORE, the Parties hereby enter into this Protective Order to prevent unnecessary dissemination or disclosure of such confidential information.

As used herein, term "Signatory" shall mean any person who has agreed to be bound by the provisions of this Protective Order elect to become Signatories to this Protective Order by executing an Undertaking in the form of the attached Exhibit B.

1. This Protective Order shall apply to any information, document or thing furnished by Trojan to Ultra Tech, in connection with Trojan's response to the Subpoena that is reasonably believed by Trojan to contain trade secrets or other confidential, proprietary, technical, financial, or commercial information that falls within the scope of Federal Rule of Civil Procedure 26(c) and is owned or controlled by Trojan. Under the terms and conditions of this Protective Order, all such information shall be designated as either: (a)"CONFIDENTIAL" or (b) "HIGHLY CONFIDENTIAL". This includes, but is not limited to, any documents produced or testimony adduced at depositions upon oral examination pursuant to Federal Rule of Civil Procedure 45, and all copies, extracts, summaries, compilations, designations and portions thereof.

2. Any information furnished in response to this Subpoena that is reasonably believed by Trojan to be non-public CONFIDENTIAL or HIGHLY CONFIDENTIAL may be so designated. Such designation may be made by stamping or otherwise marking any produced material prior to production with the word: "Confidential" for information deemed to be CONFIDENTIAL, and "Highly Confidential" or "Attorneys' Eyes Only" for information deemed to be HIGHLY CONFIDENTIAL.

3. CONFIDENTIAL information is that information that Trojan believes is secret, confidential or proprietary information. CONFIDENTIAL information does not include information that is readily available to the public.

4. HIGHLY CONFIDENTIAL information is information that Trojan believes is highly sensitive proprietary, financial or trade secret information, that might cause competitive or business damage if it were to be disclosed to another party, including a competitor. HIGHLY CONFIDENTIAL information does not include information that is readily available or readily attainable either to members of the public or to those in the wastewater treatment industry.

5. In the event that any party disagrees at any stage of these proceedings with the designation of any information as CONFIDENTIAL or HIGHLY CONFIDENTIAL the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved within fourteen business days, the party objecting to the confidentiality of designation shall seek appropriate relief from the Court.

6. In the case of written material, documents or tangible items, the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be made at the time Ultra Tech or the receiving party is provided a copy of the writing or thing.

7. In the case of depositions upon oral examination, if counsel for Trojan believes that a question or answer constitutes CONFIDENTIAL or HIGHLY CONFIDENTIAL information, counsel shall designate the testimony on the record and shall request that the specific portions of the transcript which include such CONFIDENTIAL or HIGHLY CONFIDENTIAL information be included in a separate, sealed portion of the transcript. The reporter, who shall first have agreed to abide by the terms of this Protective Order, shall be instructed to include on the cover page of each sealed portion the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith."

8. In addition to the provisions of paragraph 7, no transcript of any deposition, or accompanying exhibits, that include CONFIDENTIAL or HIGHLY CONFIDENTIAL, information shall be disclosed and disseminated to any person not entitled to receive CONFIDENTIAL or HIGHLY CONFIDENTIAL information under this Protective Order until

counsel for Trojan has had an adequate opportunity to review said transcript and/or exhibits and designate appropriate portions of the transcript and exhibits as containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information, which time period shall be 20 days from the date of the letter from the court reporter sending the original transcript or such longer period as the Parties shall agree to in view of the schedule of the case.

9. CONFIDENTIAL and HIGHLY CONFIDENTIAL information shall be governed by the provisions of this Protective Order unless and until this Court rules to the contrary or Trojan agrees otherwise. Any use of CONFIDENTIAL or HIGH CONFIDENTIAL information shall be governed by the terms of this Protective Order.

10. Unless and until the Court rules or Trojan otherwise agrees, access to or disclosure of CONFIDENTIAL information shall be limited to:

   a. Ultra Tech's attorneys in this matter, including necessary secretarial, clerical, legal assistant personnel of those attorneys, and organizations retained by such attorneys to provide support services in connection with the Litigation;

   b. outside experts or outside consultants (including such experts or consultants' support staff) retained by Ultra Tech for purposes of the Litigation and their staff provided that each such person is a Signatory;

   c. officers, employees and agents of Ultra Tech or any Signatory, provided that such officer, employee, agent, or other Signatory is actively involved with the prosecution or defense of the claims or defenses in this Litigation, or as to whom there is reasonable basis to believe that such person will give relevant testimony regarding the CONFIDENTIAL information;

   d. to any director, officer, agent or employee of Trojan, for the purposes concerning the Litigation, including but not limited to, at deposition, hearings or trial;

  e. to the Court and its support personnel;

  f. any person who appears as the author or recipient of the material, or who has been identified by Trojan as having been provided the material or information therein by Trojan; and

  g. any other person to whom Trojan consents in writing.

11. Unless and until the Court rules or the producing party otherwise agrees, access to or disclosure of HIGHLY CONFIDENTIAL information shall be limited to:

  a. Ultra Tech's outside attorneys in this matter, including necessary secretarial, clerical, legal assistant personnel of those attorneys, and organizations retained by such attorneys to provide support services in connection with the Litigation;

  b. any director, officer, agent or employee of Trojan, for the purposes concerning the Litigation, including but not limited to, at deposition, hearings or trial;

  c. any person who appears as the author or recipient of the material, or who has been identified by Trojan as having been provided the material or information therein by Trojan.

  d. to the Court and its support personnel; and

  e. any other person to whom Trojan consents in writing.

12. Trojan shall be notified of the intention to disclose any HIGHLY CONFIDENTIAL information to any consultants prior to any such disclosure. The notification of the intended disclosure shall include the identity of the expert or consultant. Within five (5) business days of receiving such notice, Trojan may object in writing to the proposed disclosure on the grounds that the expert or consultant at issue is or works for a competitor of Trojan and that the disclosure would adversely affect Trojan's business and/or competitive advantage. HIGHLY

CONFIDENTIAL information shall not be disclosed to the expert or consultant, if at all, until such time as (i) Trojan agrees to the disclosure, (ii) Trojan waives its right to object to the disclosure, as set forth above, or (iii) the Court rules that the disclosure may occur.

13. Trojan and Ultra Tech will endeavor to reach agreement concerning the use of HIGHLY CONFIDENTIAL information produced in response to the Subpoena which is not specifically covered by paragraphs 11 or 12 of this Protective Order. In the event that Trojan and Ultra Tech cannot reach agreement on the use of HIGHLY CONFIDENTIAL information, they agree to submit their disagreement to the Court for resolution.

14. Any Signatory may, at a deposition or in preparing for a deposition, absent a Court order or agreement to the contrary, disclose any CONFIDENTIAL information to any person identified in paragraphs 10 above while any HIGHLY CONFIDENTIAL information may be disclosed to any person identified in paragraph 11 above, provided such person has executed an Undertaking attached in Exhibit B. Copies of material containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information shown to a Signatory under this section shall not be retained by such person.

15. Any other entity or other person who is a party to the Litigation may elect to become Signatory to this Protective Order by executing an Undertaking attached in Exhibit B.

16. All disputes regarding whether a witness may or may not be shown specified documents at a deposition or in preparation for a deposition will be resolved by this Court, the U.S. District Court for the District of Hawaii, regardless of the location of the witness or the deposition, and all interested persons shall be bound by the orders of this Court relating thereto.

17. Nothing in this Protective Order shall require disclosure of material that counsel for Trojan contends is protected from disclosure by the attorney-client privilege or the attorney work-product privilege. This shall not preclude any Signatory from moving the Court for an order directing the disclosure of such material.

18. The acceptance by a party of CONFIDENTIAL or HIGHLY CONFIDENTIAL information shall not constitute an admission or concession or create an inference that the CONFIDENTIAL or HIGHLY CONFIDENTIAL information does, in fact, qualify for such designation. Any party seeking the withdrawal of a designation that certain information is CONFIDENTIAL or HIGHLY CONFIDENTIAL shall identify in writing the information to Trojan, state the reason why it is believed that the document does not contain CONFIDENTIAL or HIGHLY CONFIDENTIAL information, and request that the designation be withdrawn. Within five (5) business days after receipt of such written request, Trojan shall respond in writing stating either (i) that it has withdrawn the designation; or (ii) its justifications for the respective designations.

19. CONFIDENTIAL or HIGHLY CONFIDENTIAL information may be used to prepare for and conduct discovery and to prepare for trial, all subject to the limitations set forth in this Protective Order. CONFIDENTIAL or HIGHLY CONFIDENTIAL information may also be used in testimony at trial, in connection with any motion, at any hearing, and at depositions, and may be offered in evidence at trial or in connection with any motion, but may not be filed under seal without the consent of the Court. [handwritten edit, initialed LEK 10/21/05] CONFIDENTIAL or HIGHLY CONFIDENTIAL information may not be used for any other purpose, including, but not limited to, in any court proceeding other than this Litigation, except as expressly provided herein or by further order of the Court.

20. In the event that a Signatory desires to provide CONFIDENTIAL or HIGHLY CONFIDENTIAL information provided by Trojan to any person not entitled to access under paragraphs 10 and 11 it may move for an order that such person be given access thereto. In the event that the motion is granted, such person may have access to CONFIDENTIAL or HIGHLY CONFIDENTIAL information only after first signing the Undertaking attached in Exhibit B and/or fulfilling any other conditions imposed by such order. Nothing herein shall preclude the attorney of record for Ultra Tech from agreeing with Trojan's counsel to provide access to any portion of the

7

CONFIDENTIAL or HIGHLY CONFIDENTIAL information produced by Trojan to a person not otherwise entitled to such access under such conditions as may be agreed by the parties.

21. If ~~material~~ *any party seeks to file* material containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information ~~is filed~~ *that party shall first obtain the appropriate court order.* with the Court, ~~it~~ shall be filed with the Clerk of the Court and accompanied *If granted, then the material* with a cover sheet that includes: (a) the caption of the case, including the case number; (b) a statement indicating that the document is filed as restricted in accordance with this Protective Order, including the date of this Order; and (c) the signature of the attorney of record or of the unrepresented party filing the document, along with a statement of the filing party stating that the filing is being made in the good faith belief that the document is subject to this Protective Order. Any interested member of the public shall have the right to move this Court for an order for access to CONFIDENTIAL or HIGHLY CONFIDENTIAL material that is filed with the Court. The Parties and any interested third party shall have the right to oppose any such motion. Should need arise during the trial or any hearing before the Court for any Party to disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL information or documents, it may do so only after *obtaining an appropriate court order.* ~~appropriate in-camera inspection or other safeguards are ordered by the Court.~~

*LeK 10/21/05*

22. If Trojan inadvertently produces material that bears no designation or that bears an improper designation, it may nevertheless thereafter designate or redesignate such material. Upon receipt of such notice, and upon receipt of properly labeled materials, Ultra Tech or other receiving party shall promptly return all unmarked or improperly marked materials (and any copies that may have been made) to Trojan. Until such materials are returned, Ultra Tech or the receiving party shall treat those (and any copies that may have been made) as CONFIDENTIAL or HIGHLY CONFIDENTIAL and shall not subsequently disclose such materials or the information contained therein to any persons other than those persons who had the materials or the information contained therein in their possession before receipt of notification from Trojan. Ultra Tech or the receiving

8

party shall, to the extent reasonably possible, cooperate in restoring the confidentiality of such inadvertently produced material.

23. The inadvertent production of CONFIDENTIAL or HIGHLY CONFIDENTIAL material, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of Trojan's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that Ultra Tech or the receiving Party is notified and properly marked materials are supplied as provided herein promptly after discovery of the inadvertent disclosure.

24. After final termination of this action, counsel for Ultra Tech or the receiving party shall either return all copies of material containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information to counsel for Trojan or shall certify the destruction thereof, except that counsel for Ultra Tech or the receiving party may retain one copy of pleadings, transcripts and evidence offered for the file

25. The termination of proceedings in this action shall not thereafter relieve any person to whom CONFIDENTIAL or HIGHLY CONFIDENTIAL information was disclosed from the obligation of maintaining the confidentiality of such information in accordance with the provisions of this Protective Order.

26. CONFIDENTIAL or HIGHLY CONFIDENTIAL information subject to this Protective Order shall be used by the party(ies) to whom it is produced solely and exclusively for purposes of the above captioned case. All persons to whom CONFIDENTIAL or HIGHLY CONFIDENTIAL information are disclosed are hereby enjoined from using said information for any other purpose and are specifically enjoined from using said information for any other cases, proceedings, or disputes or for any commercial, business, competitive or other purpose whatsoever. Further, no person receiving or reviewing CONFIDENTIAL or HIGHLY CONFIDENTIAL

information shall disclose it or its contents to any person other than as provided in this Protective Order and for the purpose specified herein.

27. If CONFIDENTIAL or HIGHLY CONFIDENTIAL information produced in accordance with this Protective Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts related to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies of Trojan the material, shall make all reasonable efforts to prevent any further disclosure by it or by the person(s) who received such material.

Dated: October 21, 2005

ENTERED: as MODIFIED BY THE COURT

_____
Judge

STIPULATED AND AGREED

_____          _____
Attorney For Ultra Tech Systems, Inc.   Attorney for Trojan Technologies, Inc.

10

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT

CENTRAL        DISTRICT OF        CA

BODELL CONSTRUCTION COMPANY

V.

OHIO PACIFIC TECH, INC., ET AL.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: CV0300706HGLEK

Custodian of Records For:
TO: TROJAN TECHNOLOGIES, INC.
23 MORNINGWOOD DRIVE
LAGUNA NIGUEL, CA 92677-2589
ATTN: SCOTT DUGGAN

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

RE: SEE ATTACHMENT

| PLACE | Quest Discovery Services  5730 Uplander Way, Ste. 101  Culver City, CA 90230  (800) 477-2662 | DATE AND TIME  06/24/05  9:30 A.M. |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /S/                      Attorney for: Defendant | 05/20/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  JEFFREY S. TACHIKI, ESQ.  BAR #: 231873
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
650 CALIFORNIA STREET  14TH FLOOR
SAN FRANCISCO, CA 94108  415/433-0990

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Address and Phone # Confirmed:

COR Phone #
( )

## PROOF OF SERVICE

| | DATE | PLACE | 23 MORNINGWOOD DRIVE |
|---|---|---|---|
| SERVED | | | LAGUNA NIGUEL, CA 92677-2589 |
| | | | ATTN: SCOTT DUGGAN |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | Quest Discovery Services |
| | Santa Clara #886 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

SIGNATURE OF SERVER

5730 Uplander Way, Ste. 101

ADDRESS OF SERVER

Culver City, CA 90230

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the

provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

LAS505957

## Attachment 3

File #: LAS505957

**TROJAN TECHNOLOGIES, INC.**

Pertaining To:     **SEE ATTACHMENT**

Date of Birth:
Social Security No.:

**ATTACHMENT A**

## **DEFINITIONS**

As used herein, the terms:

(A) PERSON(S) and/or INDIVIDUAL(S) - shall refer to a natural person, partnership, corporation, incorporated association, joint venture, or other legal entity.

(B) DOCUMENT(S), WRITING(S), OR WRITTEN - shall refer to the original and any non-identical copy of any written, printed, graphic or photographic matter, typed, or sound reproduction, or other means of preserving thought or expression, of any nature or description, including, but not limited to correspondence, reports, memoranda, agreements, contracts, bids, proposals, daily log reports, telephone logs, drawings, plans, specifications, maps, sketches, surveys, work progress charts, orders to contractors, reports and recordings of telephone or other conversations or of conferences or meetings, change orders, authorization orders, proceed orders, stop orders, checks, photographs, books of account, diaries, telegrams, vouchers, orders, invoices, billings, work papers, graphs, charts, blueprints, studies, analyses, testing reports/results, and any and all writings, including all underlying, supporting or preparatory materials and drafts thereof, now or formerly in the possession, custody or control of the parties, their counsels, or any of their agents, representatives, employees or associates or known by them to exist or to have existed. Handwritten notations of any kind on any copy of a document render it non-identical.

(C) COMMUNICATION - means every manner of transmitting and receiving facts, information, opinions and thoughts, whether orally, by document, writing or copy thereof, or otherwise.

903706.1

(D) Wahiawa Wastewater Treatment Plant Project – shall refer to the Wahiawa Wastewater Treatment Plant- Effluent Reuse & Wahiawa Reservoir Outfall Adjustment Job No. W10-99, Contract No. F-97710, which was awarded to Bodell by the City.

(E) GMP – shall refer to Ohio Pacific Tech, Inc. f/k/a Associates, Inc. an Ohio Corporation, and any of its agents, employees and representatives.

(F) Trojan – shall refer to Trojan Technologies, Inc. its agents, employees and representatives.

(G) Bodell – shall refer to Bodell Construction Company, a Utah Corporation, its agents, employees and representatives.

(H) Hawaii Engineering Services – shall refer to Hawaii Engineering Services, Inc. located at 2234 Hoonee Place, Honolulu, Hawaii, 96819-2214, its agents, employees and representatives.

(I) The Coombs Hopkins Company shall refer to The Coombs Hopkins Company located at 2825 East Cottonwood Parkway, Suite 500, Salt Lake City, UT 84121, and its agents, employees and representatives.

(J) State of Hawaii – shall refer to the State of Hawaii, its agencies, departments and offices.

(K) City – shall refer to Defendant, Cross-Claim Plaintiff/Defendant and Third Party Plaintiff City and County of Honolulu and its agents, employees, and representatives.

903706.1

(L)   Infilco Degremont – shall refer to Infilco Degremont located at P.O. Box 71390 8007 Discovery Drive, Richmond, VA 23255-1390, its agents, employees, and representatives.

(M)   All words and phrases shall be construed in accordance with the normal custom and usage in the industries or fields of commerce to which they apply.

## Subpoena of Trojan Technologies, Inc.

1. All documents relating to any proposals, specifications and design basis that Trojan generated for GMP for the Wahiawa Wastewater Treatment Plant project.

2. Documents listing the identity of all UV systems installed in the United States from 1998-Present that were sold, installed, or ordered using the model designation: (a) 4000 series or (b) 4000 plus. For each of these systems, provide the following:

    a. The instantaneous peak flow that the system is designed and/or rated to handle;
    b. The level of disinfection called for in the specifications;
    c. The number of lamps used in said system to treat instantaneous peak flow and the number of lamps used for redundancy;
    d. Whether or not there is an uninterrupted power supply;
    e. The sale price of the system in U.S. dollars;
    f. The identity (name and contact information) of the representative who sold said system;
    g. Commissions or any disbursements paid to any entities in connection with the aforementioned sale;
    h. The dosage at peak flow without redundant lamps if present in the operation;
    i. Whether the system has been represented to be California Title 22 or Hawaiian R1 compliant; and
    j. Whether independent validation testing of dosage by Bioassay-dose determination has been conducted.

3. All documents related to campaign contributions made to any Hawaiian public official(s) or candidate(s) for the period 1998-present.

4. The contract(s) between Trojan Technologies, Inc. and Hawaii Engineering Services for the period of 1998-Present.

5. The contract(s) between Trojan Technologies, Inc. and The Coombs Hopkins Company for the period of 1998-2001.

6. Any and all correspondence, communications and documents exchanged between Trojan Technologies, Inc. and /or each of the following with respect to the Wahiawa Wastewater Treatment Plant project:

    i.   Hawaii Engineering Services
    ii.  GMP
    iii. The City and County of Honolulu
    iv.  State of Hawaii
    v.   Bodell
    vi.  Hawaii State Department of Health

7. All documents submitted to the State of California concerning Trojan's application for certification that its Trojan 4000 or 4000 Plus was Title 22 compliant.

8. All documents submitted to the State of Hawaii concerning Trojan's application for certification that its Trojan 4000 or 4000 Plus was Hawaii R.1 compliant.

9. All documents between Trojan and its representatives, for the period of 1998-2001, concerning the drafting of specifications for UV disinfection system(s).

10. All documents between Trojan and Hawaii Engineering Systems concerning UltraTech Systems, Inc. for the period of 1998-present.

11. All documents between Trojan and any other representative concerning UltraTech Systems, Inc., for the period of 1998-present.

12. All documents between Trojan and Hawaii Engineering Systems concerning Infilco Degremont, Inc. for the period of 1998-present.

13. All documents between Trojan and any other representative concerning Infilco Degremont, Inc. for the period of 1998-present.

Exhibit B

**UNDERTAKING**

I, _____, hereby declare:

1. I have read the Agreed Protective Order, entered by stipulation between Ultra Tech Systems, Inc. and Trojan Technologies, Inc., in this Litigation (as that term is defined in the Agreed Protective Order). I agree to be bound by the terms thereof, and to comply with terms thereof.

2. I hereby submit to the jurisdiction of this Court for the purpose of enforcing the Agreed Protective Order in the event that I am alleged to have violated the terms thereof.

3 I will not disclose or use, other than in a manner explicitly permitted in the Agreed Protective Order, any of the information or material to which I receive access pursuant to this undertaking, which has been designated as either CONFIDENTIAL or HIGHLY CONFIDENTIAL (as those terms are defined in the Agreed Protective Order)

4. I delcare under penalty of perjury that the foregoing is true and correct.


_____                    _____
[Name of Witness]                       [Signature of Witness]


_____
[Date]