# MINUTES

|   |   |
|---|---|
|   | FILED IN THE<br>UNITED STATES DISTRICT COURT<br>DISTRICT OF HAWAII |
|   | 2/14/2006  4:30 pm |
|   | SUE BEITIA, CLERK |

CASE NUMBER:        CIVIL NO. 03-00706JMS-LEK

CASE NAME:            Bodell Construction Company, a Utah corporation vs. Ohio Pacific Tech, Inc., et al.

ATTYS FOR PLA:

ATTYS FOR DEFT:

INTERPRETER:

---

JUDGE:    Leslie E. Kobayashi          REPORTER:

DATE:     2/14/2006                    TIME:

---

COURT ACTION:  EO:    COURT ORDER RE: MOTION TO MODIFY SCHEDULING ORDER

     On January 19, 2006, Ultra Tech filed its Application Upon Motion for Permission to Extend the Court Imposed Deadlines for Filing Dispositive Motions ("Motion").  The Motion requested that the district court extend the dispositive motions deadline to February 17, 2006 and allow Ultra Tech to amend its cross-claims against Ohio Pacific Tech, Inc. f/k/a GMP Associates, Inc., and the City and County of Honolulu ("the City"). [Motion at 2.]  On January 31, 2006, United States District Judge J. Michael Seabright granted Ultra Tech's motion to extend the dispositive motions deadline.  Judge Seabright referred the motion for leave to amend the cross-claims to this Court.

     Pursuant to the May 25, 2004 Rule 16 Scheduling Order, the deadline to amend pleadings was September 10, 2004.  In order to justify a modification to the scheduling order, Ultra Tech must first show good cause for the modification.  See Fed. R. Civ. P. 16(b) (stating that a scheduling order "shall not be modified except upon a showing of good cause and by leave of . . . a magistrate judge").  The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the court should deny the motion.  See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

      This Court acknowledges that Ultra Tech filed its cross-claims on December 16, 2004, after the deadline to amend pleadings. This fact alone, however, does not establish good cause to modify the scheduling order. Ultra Tech states in the Motion that its participation in the June 2005 and November 2005 mediations and by the City's failure respond to Ultra Tech's requests for information delayed Ultra Tech's work on the case. As a result of the June 2005 mediation, the mediator instructed Ultra Tech to provide a list of information that it required from the City in order to conduct settlement negotiations. Ultra Tech requested the information in a July 14, 2005 email and sent numerous correspondence thereafter in an attempt to obtain a response. The City, however, did not inform Ultra Tech until November 8, 2005 that it would not be answering the requests. Ultra Tech also cites delays in obtaining and reviewing extensive document production from Trojan Systems, Inc., and the fact that other critical discovery has yet to be completed. While the instant case is complex, involving extensive and protracted discovery, Ultra Tech could have moved to amend its cross-claim in a more timely manner. This Court finds that Ultra Tech has failed to make a sufficient showing of diligence. Ultra Tech seeks to amend its cross-claims over a year after filing and mere weeks before the newly extended dispositive motions deadline. Ultra Tech has not established good cause to justify what would be a significant disruption in the case. Ultra Tech's motion to amend the Scheduling Order to allow it to file amended cross-claims is therefore DENIED.

      IT IS SO ORDERED.

Cc: all counsel

Submitted by: Warren N. Nakamura, Courtroom Manager