UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BODELL CONSTRUCTION COMPANY, a Utah corporation, | ) ) | Civil No. 03-00706 (JMS/LEK) |
| | ) | |
| Plaintiff, | ) ) | |
| | ) | |
| v. | ) ) | MEMORANDUM IN SUPPORT |
| | ) | |
| OHIO PACIFIC TECH, INC. f/k/a GMP ASSOCIATES, INC., an Ohio corporation; CITY AND COUNTY OF HONOLULU; UTS SYSTEMS, INC., a foreign corporation, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) ) ) | |

1103825.1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION COMPANY, a Utah corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>OHIO PACIFIC TECH, INC. f/k/a GMP ASSOCIATES, INC., an Ohio corporation; CITY AND COUNTY OF HONOLULU; UTS SYSTEMS, INC., a foreign corporation,<br><br>        Defendants. | Civil No. 03-00706 (JMS/LEK)<br><br>CROSS-CLAIM DEFENDANT/CROSS-CLAIM PLAINTIFF ULTRATECH SYSTEMS, INC., and THIRD PARTY DEFENDANT/CROSS-CLAIM PLAINTIFF ENGINEERED SYSTEMS, INC. Motion for Partial Summary Judgment Against the City and County of Honolulu and Ohio Pacific Tech f/k/a GMP Associates, Inc., on UTS' and ESI'S Cross Complaints and Dismissing the Cross-Claims Brought Against UTS and ESI by the City and GMP |

**CROSS-CLAIM DEFENDANT/CROSS-CLAIM PLAINTIFF ULTRA TECH SYSTEMS INC., and THIRD PARTY DEFENDANT/CROSS-CLAIM PLAINTIFF ENGINEERED SYSTEMS INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS OHIO PACIFIC TECH, INC., f/k/a GMP ASSOCIATES, INC., and THE CITY AND COUNTY OF HONOLULU**

Cross-Claim Defendant/Cross-Claim Plaintiff UltraTech Systems Inc. ("UTS") and

Third-Party Defendant/Cross-Claim Plaintiff Engineered Systems Inc. ("ESI") hereby move this

Honorable Court pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 56(c) for an Order

granting:

I.    Partial Summary Judgment in favor of Cross-Claim Defendant/Cross-Claim Plaintiff UltraTech Systems Inc. on Counts One and Two of its Cross-Claim dated December 15, 2004 against the City and County of Honolulu (the "City"), and Ohio Pacific Tech, Inc., f/k/a GMP Associates Inc., ("GMP");

II.   Partial Summary Judgment in favor of Third-Party Defendant Engineered Systems, Inc., on Counts One and Two of its Cross-Complaint dated May 25, 2005 against the City and County of Honolulu (the "City") and Ohio Pacific Tech, Inc., f/k/a GMP Associates Inc. ("GMP");

II.   Dismissal of the cross-claims brought by GMP against UltraTech Systems Inc., by way of GMP's cross-claim dated March 29, 2004;

III.  Dismissal of the cross- claims brought by the City against UltraTech Systems Inc. and Engineered Systems Inc. by way of the City's cross-claims dated October 12, 2004; and

IV.   For such other further and different relief as the Court deems just and proper.

This Motion is brought pursuant to Rules 7 and 56 of the Federal Rules of Civil Procedure ("FRCP") and Rule 56.1 of the Local Rules of Practice for the United States District Court of the District of Hawaii, and is based upon the memorandum attached hereto, the Concise Statement of Facts, Exhibits, Declarations, and Affirmations filed concurrently herewith, the records and files herein, and such other matters as may be presented to the Court at the hearing on the Motion.

DATED:        White Plains, New York
              February 17, 2006

                        Yours, etc.,

            WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

            By: _____
                        Adam R. Bialek
                        *Attorneys for Cross-Claim Defendant/*
                        *Cross-Claim Plaintiff*
                        **ULTRA TECH SYSTEMS, INC.**
                        *And Special Counsel to Third Party Defendant/*
                        *Cross-Claim Plaintiff Engineered Systems, Inc.*
                        *For This Motion*
                        3 Gannett Drive
                        White Plains, New York 10604
                        Tel: (914) 323-7000
                        Fax: (914) 323-7001
                        File No. 08167.00001

## TABLE OF CONTENTS

INTRODUCTION

BACKGROUND.............................................................................. 3

A.    The U.V. disinfection industry.............................................3
B.    The Honouliuli Project.......................................................3

PERTINENT FACTUAL EVIDENCE.............................................4

I.    UTS AND ESI SHOULD BE AWARDED PARTIAL SUMMARY JUDMGMENT ON COUNTS ONE AND TWO OF THEIR CROSS-CLAIMS AS THE CITY AND GMP INTENTIONALLY AND/OR NEGLIGENTLY INTERFERED WITH THE BUSINESS RELATIONSHIP BETWEEN UTS, ESI, AND BODELL CONSTRUCTION COMPANY. .................................................4

A.    THE WAHIAWA WWTP PROJECT.....................................................4

    1.    GMP as an agent of the City, was committed to having the Trojan Technologies, Inc.'s U.V. equipment installed at the Wahiawa WWTP project.............................................................................4

    2.    Requests for consideration by other manufacturers were ignored...........6

B.    ULTRATECH SYSTEMS, INC. ("UTS") AND ENGINEERED SYSTEMS, INC. ("ESI") SEEK PRE-BID APPROVAL FOR UTS' U.V. SYSTEM...........7

    1.    Cyril Hamada overrules GMP's denial of UTS' substitution request.......7

    2.    Bodell Construction Company ("Bodell") was awarded Contract No. F-97110 (the "Contract") for the design and construction of the Wahiawa WWTP...........................................................................

    3.    Upon realizing that Bodell's winning bid was based on UTS' U.V. disinfection system, a systematic effort was begun by the City, GMP, and Trojan and its local representative, Hawaii Engineering Services ("HES") to eliminate UTS from the contract, and replace it with Trojan's disinfection system. ................................................................8

    4.    The City never follows through on re-bidding the U.V. equipment........10

    5.    The contract was executed by the City and Bodell on February 25, 200..10

6.   GMP remained intent on disqualifying the UTS system from the Wahiawa project. ................................................................................11

7.   GMP requests a "pre-submittal" from UTS...................................11

8.   Hawaii Engineering Services ("HES"), Trojan, together with GMP and the City conspire to disqualify UTS...............................................12

9.   The City and its agent GMP impermissibly and inextricably released UTS' confidential and proprietary information........................ 14

10.  GMP "creates" reasons to reject UTS' proposal.............................15

11.  The UTS system is ultimately rejected because of the experience requirement, rather than any legitimate performance concern.............16

12.  Ultimately, the UTS system was rejected, and Bodell was forced to purchase the Trojan system......................................................17

C.   LEGAL STANDARD...................................................................18

D.   LEGAL AND FACTUAL SUPPORT FOR REQUEST FOR SUMMARY JUDGEMENT.......................................................................... 18

1.   A contractual relationship existed between UTS and Bodell...............20

2.   The City and GMP knew that Bodell had relied on the UTS U.V. and yet continued to interfere with Bodell and UTS' relationship by delaying the Project and putting roadblocks in UTS' path.................................20

3.   The City and GMP allowed UTS and ESI to continue to expend time and money meeting the contract deadlines in vain........ 22

4.   The City and GMP intentionally interfered with the relationship between UTS and Bodell...................................................................23

5.   The City and GMP have no justification for intentionally and/or negligently interfering with UTS and Bodell's business relationship......24

6.   The City and GMP's repeated interference with Bodell and UTS's relationship resulted in UTS ultimately being denied acceptance after spending tens of thousands of dollars and months of work to get approval for its equipment which GMP and the City never intended to grant....................................................................................25

II.    GMP'S CLAIMS AGAINST ULTRATECH SYSTEMS, INC. SHOULD BE
       DIMISSED AS THEY ARE BASELESS AND WITHOUT MERIT.................26

III.   THE CITY'S CLAIM AGAINST ULTRATECH SYSTEMS, INC. AND
       ENGINEERED SYSTEMS INC. ("ESI") SHOULD BE DISMISSED AS
       BASELESS AND WITHOUT MERIT....................................................27

       A.    The Pre-Bid Substitution Request Offered To The City Was Made In Good
             Faith and Was Accurate...................................................................27

       B.    Cyril Hamada's Decision To Approve UTS Was Based on His Own
             Independent Review of the Relevant Documents...................................28

IV.    CONCLUSION...............................................................................30

## TABLE OF AUTHORITIES

### CASES

Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000)........................18

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)..........................18

CCTW&M v. United States, 452 F. Supp. 69, 78, (D. N.J. 1978)....................24

Kutcher v. Zimmerman, 87 Haw. 394 (Haw. Ct. App. 1998) ........................18

Matshushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,587 (1986) ...........…..18

UCSF-Stanford Health Services vs. Hawaii Management Services, 58 F. Supp.2d 1162; (D. Hawaii 1999) ........................................................27

### STATUTES

Fed. R. Civ. P. 56 ( c) ...............................................…...…….........18

Haw. Rev. Stat. §103D-101 ..............................................…..23

Haw. Admin. R. §3-122-10 ................................................…...…….......24

### MISCELANEOUS

Restatement (Second) of Torts (1977) §552 ..................................…..27