MARGERY S. BRONSTER  4750
Attorney General
HEIDI M. RIAN   3473
LAURENCE K. LAU 1466
Deputy Attorneys General
465 South King Street, Room 200
Honolulu, Hawaii  96813
Telephone:  587-3050
Telefax:    587-3077

Attorneys for Plaintiffs

DAVID Z. ARAKAWA  2908
Corporation Counsel
MAILE R. CHUN  4906
Deputy Corporation Counsel
City and County of Honolulu
530 S. King St., Room 110
Honolulu, Hawaii  96813
Telephone:  527-5351
Telefax:    523-4583

Attorneys for Defendant

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| STATE OF HAWAII, by Margery S. Bronster, Its Attorney General, and LAWRENCE MIIKE, M.D, Director of Health, State of Hawaii, | ) ) ) ) ) ) | CIVIL NO. 94-1896-05 (OTHER CIVIL ACTION) CONSENT DECREE; EXHIBITS A AND B; ORDER |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| CITY & COUNTY OF HONOLULU, | ) ) | |
| Defendant. | ) ) ) | |

CONSENT DECREE

The STATE OF HAWAII, by its Attorney General, MARGERY S.

BRONSTER, and LAWRENCE MIIKE, M.D., Director of Health, State of

Hawaii ("State"), filed a Complaint on May 20, 1994, for

Exhibit "A"

C&C / Bodell
C017590

injunctive relief and assessment of civil penalties against the
CITY AND COUNTY OF HONOLULU ("City") pursuant to Chapter 342D,
Hawaii Revised Statutes ("HRS") for alleged violations of said
Chapter.

The parties both wish to avoid the costs and uncertainties
of litigation.  This Consent Decree is intended to resolve all of
the claims alleged by the State in its Complaint filed in this
matter.

NOW THEREFORE, THE PARTIES AGREE AS FOLLOWS:

### 1.   JURISDICTION AND VENUE

This Court has jurisdiction over the parties and the subject
matter of this action pursuant to HRS § 603-21.5(2) and (3), HRS
§ 342D-11, HRS § 342D-30(a) and HRS § 342D-56.  Venue is proper
in this Court pursuant to HRS § 603-36(1).  The parties waive any
and all objections they have or may have to the Court's
jurisdiction to enter and enforce this Consent Decree.

### 2.   PARTIES

2.1.  Plaintiff STATE OF HAWAII is a sovereign state of the
United States of America and appears by the Attorney General of
the State of Hawaii, Margery S. Bronster.  Plaintiff LAWRENCE
MIIKE, M.D., is the Director of Health of the State of Hawaii.

2.2.  Defendant City is a Hawaii municipal corporation and
appears by and through its attorneys David Z. Arakawa,
Corporation Counsel, and Maile R. Chun, Deputy Corporation
Counsel.

C&C / Bodell
C017591

### 3. BINDING EFFECT

This Consent Decree applies to and binds the City, its successors and assigns. The City shall provide a copy of this Consent Decree to any of its successors in interest. In addition, the City shall provide a copy of this Consent Decree, either in whole or in relevant part(s), or make a copy of this Consent Decree available to any contractor or consultant performing any activities required by this Consent Decree.

### 4. DEFINITIONS

Unless otherwise defined herein, terms in this Consent Decree have the meaning given below.

"City" means the City and County of Honolulu.

"Complaint" means that civil action filed on May 20, 1994 by Plaintiffs in <u>State of Hawaii vs. City and County of Honolulu</u>, First Circuit Court Civil No. 94-1896-05.

"Day" means calendar days unless otherwise stated. If a submission date falls on a weekend, a state or a federal holiday, the submission date will be the next business day.

"DOH" means Department of Health, State of Hawaii.

"Plant" refers to the Wahiawa Wastewater Treatment Plant (a.k.a. the Wahiawa Sewage Treatment Plant and the Wahiawa Wastewater Treatment Facility), which currently accepts wastewater from the Wahiawa and Whitmore Village tributary areas.

"Pretreatment" means the following documents and any subsequent lawful amendments thereto:  the City's Sewer Ordinance

CONSENT DECREE                    -3-                    #94-1896-05
4-4-97

C&C / Bodell
C017592

of 1994 (Chapter 14, Revised Ordinances of Honolulu 1990, as amended) containing the requirements of a pretreatment program; pretreatment requirements as set forth in 40 CFR Part 403.

"Reservoir" refers to the Wahiawa Reservoir, a.k.a. Lake Wilson.

"Tertiary treatment" means a treatment process to reduce specific pollutants above and beyond secondary treatment levels.

"WWTP" means Wastewater Treatment Plant.

### 5. STATUTORY CLAIMS

The Complaint contains claims upon which relief may be granted against the City under HRS Chapter 342D.

### 6. OBJECTIVE, PUBLIC INTEREST

A. The objectives of this Consent Decree are to provide a long-term reliable solution for effluent disposal from the Wahiawa Wastewater Treatment Plant, to improve reservoir water quality, and to promote resource conservation through wastewater reclamation. Both the City and DOH have policies of promoting effluent reuse.

1. Properly treated and applied, wastewater is a valuable resource. In some cases reclaimed water can replace potable water, thus conserving potable water resources. The City and DOH advocate wastewater reuse where it would not compromise public health or environmental quality.

2. It has been the City's policy to advance effluent

CONSENT DECREE
4-4-97

-4-

#94-1896-05
WahiCD.C05

C&C / Bodell

reuse. In the Ewa Plain there is great demand for
irrigation water. The City is executing a program to
develop a reclaimed water system for the Ewa plain.
Reclaimed wastewater could supply the irrigation needs
of golf courses and landscaping, and the water needs of
industrial uses.

B.    The parties seek a wastewater treatment and disposal
solution in Central Oahu that is long term, environmentally
sound, and economically justifiable.

C. DOH recognizes that the successful implementation of a
solution for wastewater treatment and disposal for Central Oahu
requires the approval of agencies or entities not within the
control of the City.

D.   This Consent Decree is intended to deter future
violations of HRS Chapter 342D, and applicable rules which are
the underlying basis for this lawsuit.

E. The parties agree that: (1) settlement of this matter
without further litigation and the cooperation of the parties to
achieve a long term solution of effluent disposal from the
Wahiawa Wastewater Treatment Plant are in the public interest,
and (2) the execution of this Consent Decree is the most
appropriate means of resolving this matter.

7. 'STIPULATED FACTS AND FINDINGS

A.  The City owns and operates the Wahiawa Wastewater
Treatment Plant located at 111 California Avenue, Wahiawa,

CONSENT DECREE                      -5-                      #94-1896-05
4-4-97                                                       WahiCD.C05

C&C / Bodell
C017594

Hawaii.  The plant was originally constructed in 1928, has been owned and operated by the City since then, and has been periodically upgraded and expanded to the current flow capacity of 2.49 million gallons per day ("mgd").  The plant has been discharging treated effluent into Wahiawa Reservoir since 1928.

B.  The plant now treats about 2.0 mgd of sewage received from the Wahiawa and Whitmore Village tributary areas.  The sewered population of the tributary areas is approximately 25,000.  This facility was designed for, and provides secondary treatment utilizing the activated sludge aeration process.  After treatment the plant discharges the effluent into the adjacent Wahiawa Reservoir.

C.  The land under the reservoir is owned by Castle and Cooke, Inc. and the Galbraith Estate, and the reservoir is currently maintained by the Waialua Sugar Company.  There is private ownership of the dam and irrigation ditch and water from the reservoir is drawn to irrigate the surrounding lands.  The primary function of the reservoir is to provide irrigation water to private interests.

D.  The State of Hawaii, Department of Land and Natural Resources, manages the Wahiawa Freshwater State Recreation Area surrounding the Wahiawa Reservoir.  The recreation area offers shore and boat fishing but does not permit swimming in the reservoir, as it is a non-contact recreational park/lake.  The reservoir is a navigable water (i.e., "waters of the United

CONSENT DECREE                    -6-                    #94-1896-05
4-4-97                                                    WahiCD.C05

C&C / Bodell

States") as defined by 33 U.S.C. § 1362(7), and "state waters" under HRS sec. 342D-1.

E.    The Clean Water Act, 33 U.S.C. 1251, et. seq. ("the Act") regulates the discharge of all pollutants from a point source into navigable waters of the United States.

F.    The Clean Water Act [33 U.S.C. § 1342] and HRS Sec. 342D-50(a) require a National Pollutant Discharge Elimination System (NPDES) Permit in order for the City to discharge into the reservoir. An NPDES permit for a wastewater treatment plant contains limits on the amounts and concentrations of pollutants that the discharger is allowed to discharge. These limits are referred to as "effluent limitations".

G.    Since the enactment of the Federal Water Pollution Control Act 1972 ("Clean Water Act"), and the delegation of the NPDES Permit program from the U.S. Environmental Protection Agency to the State in 1974, the State has issued the City NPDES permits authorizing the discharge of secondary treated effluent from the Wahiawa WWTP into the Wahiawa Reservoir.

H.    The last NPDES Permit, No. HI 0020125, was issued by DOH to the City on April 7, 1989. That NPDES Permit contained an expiration date of March 1, 1994 and stated that it would not be reissued. The permit also required that the City divert its effluent out of Lake Wilson by the permit expiration.

I.    On August 10, 1993, the City submitted an application for an NPDES Permit, more than 180 days from the permit

CONSENT DECREE                    -7-                    #94-1896-05
4-4-97                                                    WahiCD.C05

                                                    C&C / Bodell

expiration date as required by the Hawaii Administrative Rules ("HAR") § 11-55-27. By letter dated February 8, 1994, the City requested that DOH administratively extend its NPDES Permit. DOH did not grant the City's application and did not administratively extend the City's NPDES Permit. The City's NPDES permit expired at midnight of March 1, 1994.

J.   The City currently does not have an NPDES Permit for the Wahiawa Wastewater Treatment Facility to discharge into the Wahiawa Reservoir.

K.   Reclaimed water from the Wahiawa Wastewater Treatment Plant could help supply the demand that exists in the lower Ewa Area and Campbell Industrial Park.

### 8.   REMEDIAL ACTIONS

A.   Not later than three years after the effective date of this Consent Decree, the City shall complete construction and begin operation of a system to reclaim all the wastewater from the Wahiawa Wastewater Treatment Plant, now about 2.0 mgd (reclamation system). The City shall notify DOH of the date the City begins operation of the system to comply with the 2.0 mgd requirement.

1.   Wastewater reclamation or water reuse may be accomplished by various means which shall be acceptable to DOH and shall include but not be limited to: complete diversion of effluent from the reservoir, followed by treatment at facilities at locations other

CONSENT DECREE
4-4-97

-8-

#94-1896-05
WahiCD.C05

C&C / Bodell
C017597

than at the present plant, and then applied at any location; it may be accomplished by appropriate treatment at the plant, continuous discharge through a deep outfall into the reservoir, and then irrigation with reservoir water; or, it may be accomplished by other alternatives also acceptable to the DOH.

2.  The City shall report to DOH at least semi-annually on the City's progress in completing and using the reclamation system.

B.  The reclamation system shall meet all applicable legal requirements, including, if necessary, NPDES permit requirements, water quality standards, reclaimed water guidelines, and HRS Chapter 343.

C.  Any treated effluent supplied for direct or indirect reuse shall meet "R-1 Water" or "R-2 Water" levels as defined on pages 13 & 14 of "Guidelines For the Treatment and Use of Reclaimed Water" by the DOH Wastewater Branch, dated November 22, 1993, or shall meet the requirements of any rules that may be adopted or supersede the Guidelines.  Effluent quality shall be measured at the treatment facility.

D.  Under this Consent Decree, the City shall reclaim 2.0 mgd of Wahiawa WWTP wastewater which shall be separate and distinct from the commitments of the City to reclaim water island wide under the federal consent decree in U.S.A. and State v. City and County of Honolulu, U.S.D.C. Civ. No. 94-00765 DAE, Order of

CONSENT DECREE                          -9-                    #94-1896-05
4-4-97                                                          WahiCD.C05

C&C / Bodell
C017598

May 15, 1995.  Under that federal consent decree, the City shall reclaim a total of 2 mgd by July 1, 1998, a total of 5 mgd by June 30, 1999, and a total of 10 mgd by July 1, 2001.

E. The City and the DOH Environmental Management Division shall work mutually in good faith to achieve the objectives and requirements of this Consent Decree. The City and the DOH Environmental Management Division shall expedite their respective non-adjudicatory decision making and review and approval processes.

9.  <u>INTERIM EFFLUENT LIMITATIONS AND OTHER REQUIREMENTS</u>

The City may discharge effluent into the Wahiawa Reservoir only under the following conditions.

A.  <u>DISCHARGE LIMITATIONS</u>.  Effluent shall not exceed the following limits:

| Effluent Characteristic | kg/day | (lbs/day) | Units as Noted | |
|---|---|---|---|---|
| | Monthly Average | Weekly Average | Monthly Average | Weekly Average |
| Biochemical Oxygen Demand (5 day) | 236 (519) | 424 (935) | 25 mg/l | 45 mg/l |
| Suspended Solids | 236 (519) | 424 (935) | 25 mg/l | 45 mg/l |
| Fecal Coliform Bacteria | 100 | | No./100 ml mo. geom. mean | |
| pH | 6.0 min., 9.0 max. | | | |
| Biomonitoring Toxicity | 50% survival in 100% effluent | | | |

CONSENT DECREE
4-4-97

-10-

#94-1896-05
WahiCD.C05

C&C / Bodell

The City shall also achieve 85% removal of BOD and suspended solids.

B. <u>MONITORING REQUIREMENTS</u>.  The City shall conduct the following monitoring, in addition to the monitoring required by subsection 9.C, below.

| Effluent Parameter | Unit | Type of Sample | Minimum Frequency |
|---|---|---|---|
| Total Nitrogen | mg/l | 24-Hr composite | Once/Week |
| Total Phosphorus | mg/l | 24-Hr composite | Once/Week |
| Fecal Coliform Bacteria | No./100ml | grab | Once/Week |

The City shall also report all fish kills to DOH within 24 hours.

C. <u>OTHER REQUIREMENTS</u>.  In addition to the foregoing requirements, the City shall comply with all monitoring requirements and other conditions, set forth in that NPDES Permit No. HI 0020125, which expired March 1, 1994; except that the City shall comply with effluent limitations set forth in Section 9.A, above, which supersede the effluent limitations contained in said NPDES Permit, and the City shall comply with Fecal Coliform Bacteria monitoring requirements set forth in Section 9.B, above, which supersede the Fecal Coliform Bacteria monitoring requirements contained in said NPDES Permit.

D. <u>DURATION</u>.  The requirements contained in Sections 9.A, 9.B, and 9.C shall automatically terminate three years after the effective date of this Consent Decree, or on the date DOH issues

CONSENT DECREE                    -11-                    #94-1896-05
4-4-97                                                    WahiCD.C05

C&C / Bodell
C017600

the City a new NPDES Permit for the plant and said permit becomes effective, or on the date the City begins to operate the reclamation system, whichever event occurs first. If during the term of this Consent Decree, the City obtains an effective NPDES Permit, the requirements contained in Sections 9.A, 9.B, and 9.C of this Consent Decree automatically become void.

E.   <u>DISCHARGE INTO KAUKONAHUA STREAM</u>.

1.    During those times when the waters in the Wahiawa Reservoir equal the same level as the spillway elevation of the dam which belongs to the Waialua Sugar Company, the resulting overflow from the Wahiawa Reservoir into Kaukonahua Stream is permitted.

2.    The City shall notify DOH both when such a discharge appears likely, during the discharge, and should supply to DOH a written report within 5 days after the discharge.

3.    The City and the State shall within thirty days of the effective date of this Consent Decree determine whether a system exists to insure that Waialua Sugar Company, or any successor owner of the dam, is aware of rising waters in the reservoir, so that Waialua Sugar Company, or any successor owner of the dam, may protect the dam and notify appropriate agencies.

9.1   <u>ENVIRONMENTALLY BENEFICIAL PROJECT</u>

By way of a project for which the City receives credit

against penalties for the period 1994 to present that would otherwise have been imposed, the City shall complete a project described in Exhibit A. It is estimated that the project will cost $150,000, but in no event shall the City be required to spend more than $150,000. By April 15, 1997, the parties shall identify the project and set a deadline for project completion.

## 10.   NO ADMISSION OF LIABILITY

This Consent Decree and any action taken to comply with the terms hereof are not, and shall not be deemed to be, admissions of fault, liability, violation or wrongdoing by any party and shall not be interpreted or construed as admissions of liability under, or violation of, any federal, state or local law or regulation, or as admissions of fact or evidence of such.  The City does not admit any of the violations or wrongdoing alleged in the State of Hawaii's Complaint and denies any willful, knowing, or negligent violation of any provisions of the state water pollution laws.

## 11.   PENALTIES

A.  No monetary amount that the City is or may be required to pay or expend under this Consent Decree is intended to be, nor is it in actuality, a fine or any other civil penalty under the Clean Water Act and HRS Chapter 342D.

B.  In consideration of the City's agreement to make expenditures for a long term regional plan for the treatment and disposal of wastewater in Central Oahu, the parties agree that no

C&C / Bodell
C017602

civil penalty payment shall be paid.

12.  STIPULATED PENALTIES

A.  If the City misses the deadline specified in Section
8.A, or any extension of that deadline approved by the Court, the
City shall pay the following stipulated penalty, which shall be
deposited according to HRS Sec. 342D-39:

1.  $600,000, a one time lump sum penalty, and;

2.  A daily penalty. Measured from the date the delay
begins, the penalty per day during each month of delay
shall be:

$1,000    first six months of delay

$2,000    seventh and eighth months of delay

$3,000    ninth and tenth months of delay

$4,000    eleventh and twelfth months of delay

$5,000    thirteenth month of delay and thereafter.

B.  Stipulated penalties under Section 12.A shall be paid
without demand within thirty (30) days after the deadline is
missed, and if the delay continues, within thirty (30) days after
the start of each succeeding month of delay.

C. Stipulated penalties shall be paid by check or warrant
payable to the State of Hawaii and shall be received within the
time specified above by the DOH person identified in Section 24.

D. The stipulated penalties herein are in addition to, and
do not limit in any way, the remedies or sanctions available
under law for violations by the City of this Consent Decree, HRS

CONSENT DECREE                      -14-                    #94-1896-05
4-4-97                                                      WahiCD.C05

C&C / Bodell
C017603

Chapter 342D or the rules adopted pursuant to HRS Chapter 342D.

13.  ENFORCEMENT OF THE DECREE

The terms of this Consent Decree are fully enforceable by each party to this lawsuit, in the First Circuit Court of the State of Hawaii.  After fulfillment of the Dispute Resolution process described in Section 14 below, any party may move the Court for the enforcement, construction, execution, or modification of this Consent Decree.

14.  DISPUTE RESOLUTION.

A.  If the parties are unable to agree upon any plan, procedure, schedule, extension of time, requirement, or other matter described herein, or if a dispute should arise among the parties regarding the implementation of this Consent Decree, the parties shall first informally negotiate for up to fifteen days, or a longer period as they mutually agree upon. During the informal negotiation period, DOH agrees to consider reasonable industry practices in the State of Hawaii.

B.  If the parties do not resolve the dispute under Section 14.A within fifteen (15) days (or longer mutually agreed upon period) to their mutual satisfaction, then either party may file an appropriate motion with this Court within 30 days of either party receiving a written statement from the other party as to the other party's final position on the matter.  The non-moving party shall have 30 days to file a response in Court with an alternate proposal for resolution.  The parties may, by

stipulation, agree to extend the time for the moving party to file its motion and the non-moving party to file its response.

C.   The moving party under Section 14.B shall also serve a copy of the motion and supporting papers on the Office of Environmental Quality Control when the non-moving party is served.

15.   DELAYS OR IMPEDIMENTS TO PERFORMANCE.

A.   If any event occurs that causes or may cause non-compliance or a delay in compliance with the terms of this Consent Decree, the City shall notify DOH orally as soon as possible and in writing within ten (10) working days of knowledge of the occurrence of such event, describing to the extent practicable the anticipated length of the delay, the extent of the noncompliance, the cause or causes of the delay or noncompliance and the measures taken or to be taken by the City to comply with the requirements of this Consent Decree as soon as is practicable.

B.   Failure by the City to notify DOH as required by Section 15.A renders Sections 15.C, 15.D, and 15.E void as to the particular incident involved.

C.   If the parties agree that the delay or non-compliance or anticipated delay or non-compliance has been or will be caused by circumstances beyond the reasonable control of and without the fault of the City or any entity controlled by the City including the City's consultants and contractors that the City could not

CONSENT DECREE
4-4-97

-16-

#94-1896-05
WahiCD.C05

C&C / Bodell
C017605

have reasonably foreseen or prevented the delay or non-compliance or anticipated delay or noncompliance, then the parties shall jointly submit to the Court a stipulation for an agreed upon extension of time for a particular requirement. The extension shall be for a period no longer than the delay resulting from the circumstances.

D.  If the parties fail to agree on an extension, then the City or the State may exercise its rights pursuant to Section 14 (Dispute Resolution).

E.  If the City ultimately submits the matter to the Court for resolution pursuant to Section 14.B, and the Court determines that the delay or non-compliance or anticipated delay or noncompliance was caused by circumstances beyond the reasonable control of and without the fault of the City or any entity controlled by the City, including the City's consultants and contractors, the period determined by the Court to be excusable shall not be subject to the stipulated penalties herein for that period, and either party may seek other appropriate relief.

16.  BURDEN OF PROOF

A.  The burden of proving that any delay or non-compliance is caused by circumstances beyond the reasonable control of and without the fault of the City or any entity controlled by the City, including the City's consultants and contractors, and the duration and extent of the non-compliance attributable to such circumstances, rests with the City.

CONSENT DECREE                    -17-                    #94-1896-05
4-4-97                                                    WahiCD.C05

C&C / Bodell
C017606

B.   Increased costs associated with the compliance with this Consent Decree shall not, in any event, be a basis for changes in this Consent Order or extensions of time under Section 15.  Delay in the achievement of one interim step does not necessarily justify or excuse delay in the achievement of subsequent steps.

## 17.  MODIFICATION

Modification of this Consent Decree shall either be in writing, signed by all parties, and approved by the Court, or by motion to, and order of, the Court.  The Court's determination of a contested motion for modification of any provision of this Consent Decree shall be governed by applicable Hawaii state law.  Nothing in this Consent Decree is intended to alter generally applicable statutory or common law relating to such modification.

## 18.  COMPLIANCE

This Consent Decree in no way affects the City's continuing responsibility to comply with all state, federal or local laws, ordinances and regulations.  In the event of any conflict with the terms of this Consent Decree and state, federal or local laws, ordinances and regulations, the City shall comply with the more stringent requirement.

## 19.  ENTRY AND INSPECTION

Any authorized representative of the DOH, upon presentation of credentials, may enter upon the premises of or inspect the records of the City or both at any time for the purpose of monitoring compliance with the provisions of this Consent Decree.

CONSENT DECREE                    -18-                    #94-1896-05
4-4-97                                                    WahiCD.COS

C&C / Bodell
C017607

This provision shall not be deemed to limit any authority the DOH otherwise has to enter and inspect.

### 20. PUBLIC INFORMATION

All information and documents submitted by the City to the DOH under this Consent Order are subject to public inspection and copying unless identified as confidential by the City at the time of submittal. The information and documents so identified will be disclosed only in accordance with the provisions of HRS Chapter 92F and §342D-14, and any other applicable laws.

### 21. EMERGENCY AUTHORITY

The DOH retains full authority to respond to an emergency in accordance with HRS §342D-10.

### 22. ACTIONS AGAINST OTHER PARTIES

The parties retain their rights against third parties. This Consent Decree does not waive any rights and remedies that the City may have against any contractor or consultant performing activities required by this Consent Decree.

### 23. EFFECTIVE DATES

A.  This Consent Decree is effective as soon as it is signed by all parties and approved and filed by the Court.

B.  This Consent Decree remains in effect until at least the later of the following:

1.  The City completes the reclamation system under Section 8.A, or

2.  All disputes about stipulated penalties are resolved,

CONSENT DECREE                    -19-                    #94-1896-05
4-4-97                                                    WahiCD.C05

C&C / Bodell
C017608

or

3.   If the reclamation system involves discharge into the reservoir, the DOH issues the City an NPDES permit for discharges to the reservoir and any challenges to the permit are resolved.

C.  Within thirty (30) days after the events specified in Section 23.B have been completed or become irrelevant, the parties shall sign a stipulation to dismiss this case and terminate this Consent Decree, or any time after that thirty days, either party may file a motion to terminate this Consent Decree.

D.  Either party may seek to extend the effective date of any provision of this Consent Decree under Sections 13 and 14.

24.  <u>NOTICES AND SUBMISSIONS</u>

All written notices and submissions (including payment of stipulated penalties) required under this Consent Decree, other than motions filed in court, shall be mailed by first-class postage prepaid, sent facsimile transmission, or delivered to the addresses below:

        Mr. Denis R. Lau, Chief
        Clean Water Branch
        State of Hawaii
        Department of Health
        P.O. Box 3378
        Honolulu, Hawaii  96801-3378
        Phone:  586-4309; 247-2191 (evenings)
        Fax No.: 586-4352

4-4-97                          -20-                    #94-1896-05
                                                        WahiCD.COS

                                                        C&C / Bodell
                                                        C017609

Mr. Kenneth E. Sprague, Director
Department of Wastewater Management
City and County of Honolulu
650 S. King St., Third Floor
Honolulu, Hawaii 96813
Phone:    527-6663
Fax No.:  527-6675

Motions and supporting papers shall be served upon counsel for the non-moving party and upon the Office of Environmental Quality Control.

### 25.  FEES AND COSTS

Each party shall bear its own attorneys' fees and costs for this action.

### 26.  ENTIRE AGREEMENT

This Consent Decree sets forth the entire agreement between the parties with respect to settlement of this action. All agreements or representations, express or implied, of the parties with regard to this subject matter are contained in this Consent Decree.

### 27.  PUBLIC NOTICE AND COMMENT

A. Final approval and entry of this Consent Decree is subject to 40 C.F.R. § 123.27(d)(2)(iii), which requires that the public be notified of any proposed settlement and given at least thirty days to comment.

B. The City shall publish notice of the proposed Consent Decree within ten (10) days after all parties have signed this Consent Decree. The notice shall be published at least once in a newspaper of general circulation in the State of Hawaii that is

CONSENT DECREE                      -21-                      #94-1896-05
4-4-97                                                        WahiCD.C05

C&C / Bodell
C017610

printed in English and issued at least six days per week, and shall be provided to the Office of Environmental Quality Control. The text of the notice shall be as stated in Exhibit B hereto.

28.  CONSENT; RATIFICATION; APPROVAL

A.  Each party consents to entry of this Consent Decree, and the parties agree to cooperatively seek Court approval of this Consent Decree.

B.  The City's consent is subject to ratification by the City Council, which shall be obtained before the Court approves this Consent Decree.

C. After the public comment period and before moving the Court to approve this Consent Decree, the parties shall meet to discuss any public comments on this Consent Decree received by the Court or DOH and to determine whether any modifications of this Consent Decree are appropriate.

D.  If for any reason the Court declines to approve this Consent Decree as submitted by the parties, then this Consent Decree shall be void.

29.  AUTHORITY OF SIGNATORIES

The parties represent and the undersigned representatives certify that the undersigned representatives are fully authorized to enter into the terms and conditions of this Consent Decree and to execute said Consent Decree on behalf of the parties.

CONSENT DECREE
4-4-97
                          -22-

#94-1896-05
WahiCD.C05

C&C / Bodell
C017611

DATED:     Honolulu, Hawaii,     November 21, 1997

STATE OF HAWAII

By MARGERY S. BRONSTER
Attorney General of Hawaii

LAWRENCE MIIKE, M.D.
Director of Health
State of Hawaii

DATED:     Honolulu, Hawaii,     NOV - 6 1997

CITY AND COUNTY OF HONOLULU

By: _____
JEREMY HARRIS
Mayor

By: _____
KENNETH E. SPRAGUE
Director
Department of Wastewater
Management

APPROVED AS TO FORM:

LAURENCE K. LAU
Deputy Attorney General

MAILE R. CHUN
Deputy Corporation Counsel
Attorney for City and
County of Honolulu

CONSENT DECREE                    -23-                    #94-1896-05
4-4-97                                                    WahiCD.C05

C&C / Bodell
C017612

## ENVIRONMENTALLY BENEFICIAL PROJECTS

The City shall fund the following projects at a total cost not to exceed $150,000.

1.  $17,500 for an aquatic plant harvester and trailer at Wahiawa Reservoir. The aquatic plant harvester shall be the Aquarius Systems model EH-120, together with the trailer conveyer, model TRC-12 (or the equivalent current models). This will be matched by $52,500 of federal funds for a total value of $70,000. The harvester will be owned and operated by the State Department of Land and Natural Resources.

2.  $25,000 for fish restocking at Wahiawa Reservoir. This will be matched by $75,000 of federal funds, for a total project value of $100,000. The program will be run by the State Department of Land and Natural Resources.

3.  $30,000 for a boat and trailer for water quality monitoring at Wahiawa Reservoir and other state waters on Oahu. The boat shall be the 1997 Boston Whaler seventeen foot outrage model, equipped with a 1997 Johnson outboard motor, model 115TSXEU, and the trailer shall be a 1997 Calkins trailer, model CW1618-2400. If the boat or the trailer are unavailable, the 1998 Edgewater 185 centerconsole may be substituted for the Boston Whaler boat and the 1997 Calkins trailer, model CX1618-3000, may be substituted for the trailer model CW1618-2400. If these are unavailable, current equivalent models may be substituted. The Clean Water Branch of the State Department of Health will own and operate the boat.

4.  $77,500 for Polymerase Chain Reaction (PCR) technology

equipment, supplies, training, and research.  Included here are

    a.    PCR equipment and supplies for the DOH laboratories, estimated at $20,000;

    b.    Training on PCR methods for the City and the State (and maybe federal agencies), estimated at $10,000; and

    c.    Research on specific Hawaii water quality issues, for the balance of the amount.

Both parties intend to use PCR for water quality related work but acknowledge that PCR may also be used for other areas within the City's and State's jurisdictions.

    5.    If items 1 and 3 cost less than budgeted above, the surplus funds will be applied to supplement items 2 or 4 or both.

<u>PUBLIC NOTICE</u>

The State Department of Health ("DOH") announces a proposed settlement of <u>State of Hawaii v. City and County of Honolulu</u> ("City"), First Circuit Court Civ. No. 94-1896-05.  DOH alleges that the City violated State water pollution laws at the City's Wahiawa Wastewater Treatment facility by discharging treated wastewater without a NPDES Permit.  Within 30 days of this notice, anyone may submit written comments on the proposed settlement to:  The Chief Clerk, Circuit Court of the First Circuit, 777 Punchbowl Street, Honolulu, Hawaii  96813. Commenters should identify the case by the name and civil number given above, and identify the comments as such.  Commenters should also send a copy of their comments to the DOH at the address below.  The Consent Decree may be reviewed or copied at the DOH, Clean Water Branch, 919 Ala Moana Blvd., Room 301, Honolulu, Hawaii  96814.  For additional information, contact Mr. Denis Lau, Chief, Clean Water Branch, DOH, at (808) 586-4309.

CONSENT DECREE
4-4-97

EXHIBIT B

#94-1896-05
WahiCD.C05

C&C / Bodell
C017615

ORDER

WHEREAS, the parties have consented to entry of this Consent Decree and requested the Court's approval and entry thereof; and

WHEREAS, pursuant to 40 C.F.R. § 123.27(d)(2)(iii), notice of the proposed settlement has been properly given to the public and the public has had at least thirty days to make any comments; and

WHEREAS, the Court has reviewed the record, pleadings, and files in this action, and this Consent Decree, and fully considered all comments thereon received to date from the public and the parties hereto; and

WHEREAS, the Court finds this Consent Decree adequately protects the public interest and is consistent with the purposes of HRS Chapter 342D; NOW, THEREFORE,

IT IS HEREBY ORDERED THAT THIS CONSENT DECREE IS APPROVED AND ENTERED.

DATED:  Honolulu, Hawaii, _Feb. 27, 1998_.

/s/ Gail C. Nakatani (SEAL)
Judge of the above-entitled Court

CONSENT DECREE - ORDER
State of Hawaii and Lawrence Miike, M.D. vs. City and County of Honolulu, 1st Cir. Civ. No. 94-1896-05

C&C / Bodell
C017616

EARL I. ANZAI, 2904
Attorney General

HEIDI M. RIAN, 3473
LAURENCE K. LAU, 1466
Deputy Attorneys General
465 South King Street, Room 200
Honolulu, Hawaii 96813
Telephone: 587-3050
Telefax:   587-3077

Attorneys for Plaintiffs

DAVID Z. ARAKAWA, 2908
Corporation Counsel

MAILE R. CHUN, 4906
Deputy Corporation Counsel
City and County of Honolulu
Honolulu, Hawaii 96813
Telephone: 527-5351
Telefax:   523-4583

Attorneys for Defendant

RECEIVED
CORPORATION COUNSEL
C AND C OF HONOLULU

'01 MAY 23 P1:22

REFERRED TO

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2001 MAY 21 PM 3:05

B. TERAOKA
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| STATE OF HAWAII, by Margery S. Bronster, Its Attorney General, and LAWRENCE MIIKE, M.D., Director of Health, State of Hawaii, | ) ) ) ) ) | CIVIL NO. 94-1896-05 (RWP) (Other Civil Action) MODIFICATION NO. 1 TO CONSENT DECREE AND ORDER FILED ON MARCH 2, 1998; ORDER |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| CITY & COUNTY OF HONOLULU, | ) ) | |
| Defendant. | ) ) | |

MODIFICATION NO. 1 TO CONSENT DECREE
AND ORDER FILED ON MARCH 2, 1998

Pursuant to Sections 8.E and 17 of the Consent Decree and

Order filed on March 2, 1998, in Civil No. 94-1896-05, State of

C&C / Bodell
C017582

<u>Hawaii, et al. vs. City and County of Honolulu</u>, the parties hereby modify said Consent Decree as follows, subject to and effective upon Court approval:

1.    The first paragraph of <u>Consent Decree Section 8.A</u> is amended to read:

"A.   The City shall use its best efforts to complete construction of a system to reclaim all the wastewater from the Wahiawa Wastewater Treatment Plant, now about 2.0 mgd (reclamation system), by June 15, 2001, and in any event the City shall complete the construction of the reclamation system not later than August 31, 2001.  Said reclamation system shall include the use of a deep outfall for the continuous discharge of reclaimed water.  The City shall use its best efforts to complete its testing and acceptance of the reclamation system using reclaimed water through the deep outfall by August 31, 2001, and in any event the City shall complete its testing and acceptance of the reclamation system not later than October 31, 2001."

The numbered paragraphs of section 8.A. continue in effect.

2.    <u>Consent Decree Section 9.C</u> is amended to read:

"C.   <u>OTHER REQUIREMENTS</u>.   In addition to the foregoing requirements, the City shall comply with all monitoring requirements and other conditions, set forth in that NPDES Permit No. HI 0020125, which expired March 1, 1994; except that the City shall comply with effluent limitations set forth in Section 9.A. above, which supersede the effluent

-2-

C&C / Bodell
C017583

limitations contained in said NPDES Permit, and the City

shall comply with Fecal Coliform Bacteria monitoring

requirements set forth in Section 9.B. above, which

supersede the Fecal Coliform Bacteria monitoring

requirements contained in said NPDES Permit, and the City

shall discharge through either the outfall identified in

NPDES Permit No. HI 0020125 or the reclamation system deep

outfall at Latitude: 21 29 36.8112; Longitude: 158 2

32.7991."

3.    Consent Decree Section 9.D is amended to read:

"D.  DURATION.  The requirements contained in Sections

9.A., 9.B., and 9.C. shall automatically terminate on either

the date that DOH issues the City a new NPDES Permit for the

plant and said permit becomes effective, or when the Consent

Decree terminates under Section 23, whichever is earlier."

4.    Consent Decree Section 23, Effective Dates, is amended

to read:

"A.  This Consent Decree is effective as soon as it is

signed by all parties and approved and filed by the Court.

B.  This Consent Decree remains in effect until at

least any disputes about stipulated penalties are resolved

and:

1.    The City implements a reclamation system that

diverts all plant flow out of the reservoir, or

2.    The City implements a reclamation system that

involves discharge into the reservoir, and the DOH

-3-

C&C / Bodell
C017584

issues the City an NPDES permit for discharges to the reservoir and any challenges to the permit are resolved.

C.  Within thirty (30) days after the events specified in Section 23.B have been completed or become irrelevant, the parties shall sign a stipulation to dismiss this case and terminate this Consent Decree, or any time after that thirty days, either party may file a motion to terminate this Consent Decree.

D.  Either party may seek to extend the effective date of any provision of this Consent Decree under Sections 13 and 14."

5.  Paragraph 1 of Exhibit "A," Environmentally Beneficial Projects," is amended to read:

"1.  $17,500 for the Wahiawa Public Fishing Area to be applied as follows:

a.  25 hp Evinrude Outboard engine (electric start, long leg), estimated at $3,000;

b.  15 hp Evinrude Outboard engine (tiller, short leg), estimated at $2,000;

c.  HYDROLAB DataSonde 4a Multiprobe and Surveyor 4a Data Display with HYDROLAB carrying case calibration solutions, estimated at $9,500;

-4-

C&C / Bodell
C017585

      d.    HACH Portable Turbidimeter, estimated at $1,000;

      e.    Atlantis Underwater Video System, estimated at $1,500; and

      f.    Fishfinder, estimated at $500.

If the above items cost less than budgeted above, the surplus funds will be applied to supplies for the Wahiawa Public Fishing Area only. The above items will be owned and operated by the State Department of Land and Natural Resources."

6. Paragraph 5 of <u>Exhibit "A," Environmentally Beneficial Projects</u>," is amended to read:

"5. If item 3 costs less than budgeted above, the surplus funds will be applied to supplement items 2 or 4 or both."

7. This Modification No. 1 to Consent Decree and Order filed on March 2, 1998 may be signed in counterparts and submitted by facsimile. Unsigned duplicate pages may be discarded to form a single document.

It is further agreed that, except for the modifications set forth herein, all other provisions of the Consent Decree and Order shall remain in full force and effect.

C&C / Bodell
C017586

DATED:  Honolulu, Hawaii,  ___MAY 2 1 2001___

STATE OF HAWAII

By _____
EARL I. ANZAI
Attorney General of Hawaii


By _____
BRUCE ANDERSON, Ph.D.
Director of Health
State of Hawaii


DATED:  Honolulu, Hawaii,  ___MAY 2 1 2001___

CITY AND COUNTY OF HONOLULU

By _____
JEREMY HARRIS
Mayor


By _____
TIMOTHY STEINBERGER
Deputy Director
Department of Environmental
Services


APPROVED AS TO FORM:

_____
LAURENCE K. LAU
Deputy Attorney General


_____
MAILE R. CHUN
Deputy Corporation Counsel


State of Hawaii and Lawrence Miike, M.D. vs. City and County of
Honolulu, 1st Cir. Civ. No. 94-1896-05

- 6 -

C&C / Bodell
C017587

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

STATE OF HAWAII, by Margery ) CIVIL·NO. 94-1896-05
S. Bronster, Its Attorney ) (OTHER CIVIL ACTION)
General, and LAWRENCE MIIKE, )
M.D, Director of Health, ) ORDER
State of Hawaii, )
 )
   Plaintiffs, )
 )
 vs. )
 )
CITY & COUNTY OF HONOLULU, )
 )
   Defendant. )
 )
_____ )

## ORDER

WHEREAS, the parties submitted a proposed Modification No. 1 to Consent Decree and Order Filed on March 2, 1998, and requested the Court's approval and entry of the proposal; and

WHEREAS, under 40 C.F.R. § 123.27(d)(2)(iii), notice of the proposed modification has been properly given to the public and the public has had at least thirty days to make any comments; and

WHEREAS, the Court has received comments submitted on behalf of Wahiawa Water Company and heard comments from the parties and on behalf of Wahiawa Water Company; and

WHEREAS, the Court has reviewed the record, pleadings, and files in this action, the Consent Decree, and has fully considered all comments received to date from the public and the parties; and

WHEREAS, the Court finds that certain revisions to the proposed Modification No. 1 are appropriate in order to provide

C&C / Bodell
C017588

greater consistency with the Consent Decree and Order filed on March 2, 1998; and

WHEREAS, the Court finds that the proposed Modification No. 1, as revised, now denominated as Modification No. 1 to Consent Decree and Order filed on March 2, 1998 adequately protects the public interest and is consistent with the purposes of HRS Chapter 342D;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT MODIFICATION NO. 1 TO CONSENT DECREE AND ORDER FILED ON MARCH 2, 1998, IS APPROVED AND ENTERED.

All other provisions of the Consent Decree and Order filed March 2, 1998, unless specifically amended by Modification No. 1 to Consent Decree and Order filed on March 2, 1998, remain in full force and effect.

This Order is effective upon filing.

DATED:  Honolulu, Hawaii, _____ MAY 2 1 2001 _____

_____
Judge of the above-entitled Court

ORDER
State of Hawaii and Lawrence Miike, M.D. vs. City and County of Honolulu, 1st Cir. Civ. No. 94-1896-05

-2-

C&C / Bodell
C017589