Document ID: 396316v1_skh

**ORIGINAL**

Of Counsel:
KOBAYASHI, SUGITA & GODA
BERT T. KOBAYASHI, JR.   659-0
RONALD T. OGOMORI        5850-0
GEORGE GUSMAN            6914-0
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone: (808) 539-8700
Facsimile: (808) 539-8799
Attorneys for Defendant,
  Cross-Claim Plaintiff/Defendant and
  Third-Party Plaintiff/Counterclaim Defendant
CITY AND COUNTY OF HONOLULU

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 17 2006

at ____ o'clock and ____ min ____ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION COMPANY, a Utah Corporation,<br><br>        Plaintiff,<br>vs.<br><br>OHIO PACIFIC TECH, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation; CITY AND COUNTY OF HONOLULU; ULTRA TECH SYSTEMS, INC., a foreign Corporation,<br><br>        Defendant. | CIVIL NO. CV03-00706 JMS-LEK<br>(Contract)<br><br>DEFENDANT, CROSS-CLAIM PLAINTIFF/DEFENDANT AND THIRD-PARTY PLAINTIFF/COUNTERCLAIM DEFENDANT CITY AND COUNTY OF HONOLULU'S CONCISE STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF BODELL CONSTRUCTION COMPANY; CERTIFICATE OF COMPLIANCE PURSUANT TO RULE 7.5; DECLARATION OF GUY INOUYE; EXHIBITS "A" – "K" and "M"; DECLARATION OF COUNSEL; EXHIBITS "L" and "N"; CERTIFICATE OF SERVICE<br><br>Trial Date: April 11, 2006 |

*Caption continued*

Document ID: 396316v1_skh

CITY AND COUNTY OF HONOLULU,  )
)
    Defendant, Third-Party )
    Plaintiff, and Counterclaim )
    Defendant, )
)
)
vs. )
)
ENGINEERED SYSTEMS, INC., )
)
    Third-Party Defendant, )
    Counterclaim Plaintiff and )
    Cross-Claim Plaintiff. )
)
CITY AND COUNTY OF HONOLULU,  )
)
    Defendant, Cross-Claim )
    Plaintiff/Cross-Claim )
    Defendant, )
)
vs. )
)
ULTRA TECH SYSTEMS, INC., a )
foreign Corporation, )
)
    Defendant, Cross-Claim )
    Defendant/Cross-Claim )
    Plaintiff and Cross-Claim )
    Plaintiff/Defendant, )
)
vs. )
)
OHIO PACIFIC TECH, INC., fka )
GMP ASSOCIATES, INC., an Ohio )
Corporation )
)
    Cross-Claim )
    Defendant/Plaintiff. )
)

Document ID: 396316v1_skh

DEFENDANT, CROSS-CLAIM PLAINTIFF/DEFENDANT AND
THIRD-PARTY PLAINTIFF/COUNTERCLAIM DEFENDANT
CITY AND COUNTY OF HONOLULU'S CONCISE STATEMENT OF FACTS
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
<u>AGAINST PLAINTIFF BODELL CONSTRUCTION COMPANY</u>

Pursuant to Rules 56. 1 and 7.5 of the Local Rules for the United States District Court for the District of Hawaii, Defendant, Cross-Claim Plaintiff/Defendant and Third-Party Plaintiff/Counterclaim Defendant City and County of Honolulu hereby submits its Concise Statement of Facts in Support of its Motion for Summary Judgment, which is being filed contemporaneously herein.

Dated: Honolulu, Hawaii <u>February 17, 2006</u>.



BERT T. KOBAYASHI, JR.
RONALD T. OGOMORI
GEORGE GUSMAN III
Attorneys for Defendant,
 Cross-Claim Plaintiff/Defendant and
 Third-Party Plaintiff/Counterclaim Defendant
CITY AND COUNTY OF HONOLULU

3

Document ID: 396316v1_skh



# DEFENDANT, CROSS-CLAIM PLAINTIFF/DEFENDANT AND THIRD-PARTY PLAINTIFF/COUNTERCLAIM DEFENDANT CITY AND COUNTY OF HONOLULU'S CONCISE STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

| CONCISE STATEMENT OF FACTS | SOURCE |
|---|---|
| 1. This case arises out of a City construction project related to the Wahiawa Wastewater Treatment Plant ("WWTP") project ("Project"). | Complaint, pp. 2, paragraph 1 |
| 2. The Project provided for the construction of upgrades and/or improvements to the WWTP, including the construction of an open channel gravity flow, ultraviolet disinfection system ("UV System"). | Complaint, page 2, paragraph 2 |
| 3. The Project was mandated by a Consent Decree entered into between the City and the State of Hawaii. | Exhibit "A" |
| 4. Pursuant to the terms of the Consent Decree and modification to the Consent Decree, the City was required to complete the upgrades and/or improvements to the Wahiawa WWTP by August 31, 2001. | Exhibit "A" |
| 5. Section 12 of the Consent Decree provided stipulated penalties to be assessed against the City if it did not meet the deadline in making the required improvements to the Wahiawa WWTP. | Exhibit "A" |
| 6. The City retained Defendant, Cross-Claim Plaintiff/Defendant Ohio Pacific Tech, Inc. fka GMP Associates, Inc. ("GMP") to act as the City's engineering design consultant for the Project and to prepare the plans and specifications for the Project. | Exhibit "B" |

Document ID: 396316v1_skh   

| 7. | Section 11376 of the Project Specifications (hereinafter referred to as "UV System Specifications") called for the installation of the Trojan 4000 System manufactured by Trojan Technologies, Inc. ("Trojan System") or something "equal". | Exhibit "C" |
|---|---|---|
| 8. | Pursuant to Part 1.2(A) of the UV System Specifications, the manufacturer of the proposed UV System was required to submit documentation of "at least five (5) permanent wastewater installations using this equipment type, in North America, disinfecting a peak flow of 5 [million gallons per day] or greater for at least one (1) years." | Exhibit "C" |
| 9. | Part 1.2(A) of the UV Systems Specifications also required that the proposed UV System be tested and certified to meet California Title 22 or Hawaii R-1 quality water standards. | Exhibit "C" |
| 10. | Part 2.3(B) of the UV System Specifications provided express performance requirements for the UV System, including a requirement that the UV System shall produce an effluent that "does not exceed 2.2/100mL FC, based on a 7-day moving median." | Exhibit "C" |
| 11. | Part 2.4(A)(3) of the UV System Specifications required that the "[t]he major axis of the UV lamps shall be horizontal and parallel to flow. UV systems that operate with lamps perpendicular to the flow are unacceptable." | Exhibit "C" |
| 12. | In November of 1999, the City solicited bids for the Project. | Complaint, pp. 3. |

Document ID: 396316v1_skh

| 13. | Included in the City bid package was Section 1.13 of the Project's General Instructions to Bidders ("General Instructions"), which set forth the requirements for the substitution of a piece of equipment that was specified by name in the UV System Specifications. | Exhibit "D" |
| --- | --- | --- |
| 14. | In a letter dated November 18, 1999, Third Party Plaintiff/Defendant Engineered System, Inc. ("ESI") (which was acting as the local representative for UTS) requested the City's approval to substitute the UTS System for the specified Trojan System. | Exhibit "E" |
| 15. | In response to ESI's November 18, 1999 letter, the City sent a letter dated December 9, 1999 to ESI. | Exhibit "F" |
| 16. | By way of a fax dated December 13, 1999, ESI sent a letter to various contractors, including Bodell, representing that the UTS System met all of the requirements of the Project Contract. | Exhibit "G" |
| 17. | The December 13, 1999 fax included the City's December 9, 1999 letter. | Exhibit "G" |
| 18. | Bodell was the successful low bidder on the Project and utilized the UTS System in its bid. | Complaint, page 7, paragraph 27 |
| 19. | In response to ESI's and UTS' proposal to substitute the UTS System for the Trojan System, the City requested additional product information. ESI refused stating that no formal contract had yet been entered into with Bodell. | Exhibit "H" |
| 20. | After the City awarded the Project to Bodell but before Bodell and the City executed the contract for the Project, the City proposed removing the UTS System from Bodell's bid. | Exhibit "I" |
| 21. | Bodell was agreeable to eliminating the UTS System from its bid. | Exhibit "J" |

Document ID: 396316v1_skh

| | | |
|---|---|---|
| 22. | Bodell signed the contract with the City for the Project on or about February 25, 2000. | Exhibit "K" |
| 23. | Prior to Bodell's execution of the Project Contract, Bodell did not inquire with the City as to the proposal to eliminate the UTS System from Bodell's bid. Bodell understood that the Project had been awarded to Bodell consistent with the Project's plans and specifications. | Exhibit "L" at pp. 107-109 |
| 24. | At the time that Bodell signed the Project Contract, Bodell was aware that the proposal to delete the UTS System from Bodell's bid had not been implemented. | Exhibit "L" at pp. 109-110. |
| 25. | Prior to its execution of the Project Contract, Bodell did not seek clarification as to the meaning of the City's approval of the UTS System for "bidding purposes only". | Exhibit "L" at pp. 60-63 |
| 26. | Bodell interpreted the City's December 9, 1999 letter to mean that the UTS System was approved for bidding purposes but that the UTS System still had to meet the requirements of the contract documents. | Exhibit "L" at pp. 60-63 |
| 27. | Leroy Humke was the head of Bodell's bidding team for the Project. | Exhibit "L" at pp. 28 |
| 28. | Mr. Humke stated in his deposition that when he received ESI's fax dated December 13, 1999 which included a copy of the City's December 9, 1999 letter, Mr. Humke expected to hold UTS to the requirement that the UTS System satisfied the requirements of the contract documents. | Exhibit "L" at pp. 64-73 |
| 29. | Ultimately, the City's construction manager (GMP) determined that the UTS System failed to satisfy the requirements of the UV System Specifications. | Exhibit "M" |

4

Document ID: 396316v1_skh

| 30. | Greg Ellner, who is the president of UTS, testified that the UTS horizontal UV System could not satisfy the experience requirement contained in Part 1.2(A) of the UV System Specifications. | Exhibit "N" at pp. 66-70. |
|---|---|---|
| 31. | Mr. Ellner also testified that UV System Specifications contained express language that prohibited the use of vertical UV Systems. | Exhibit "N" at pp. 135-138 |
| 32. | Mr. Ellner also testified that at the time of Bodell's submittals to GMP for approval of the UTS System, UTS' vertical system was not certified as meeting the requirements of California Title 22 as set forth in Part 1.2(A) of the UV System Specifications. | Exhibit "N" at 81-84; 176-180 |
| 33. | Mr. Ellner also testified that UTS did not submit any proof that any UTS System (vertical or horizontal) satisfied the 7-day moving median requirement set forth in Part 2.3(B) of the UV System Specifications. | Exhibit "N" at 236-238 |

Document ID: 396316v1_skh  

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION COMPANY, a Utah Corporation, | CIVIL NO. CV03-00706 HG-LEK (Contract) |
| Plaintiff, | CERTIFICATE OF SERVICE |
| vs. | |
| OHIO PACIFIC TECH, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation; CITY AND COUNTY OF HONOLULU; ULTRA TECH SYSTEMS, INC., a foreign Corporation, | |
| Defendant. | |
| CITY AND COUNTY OF HONOLULU, | |
| Defendant, Third-Party Plaintiff, and Counterclaim Defendant, | |
| vs. | |
| ENGINEERED SYSTEMS, INC., | |
| Third-Party Defendant, Counterclaim Plaintiff and Cross-Claim Plaintiff. | |

*Caption continued*

Document ID: 396316v1_skh

| | |
|---|---|
| CITY AND COUNTY OF HONOLULU, | ) |
| | ) |
| Defendant, Cross-Claim | ) |
| Plaintiff/Cross-Claim | ) |
| Defendant, | ) |
| | ) |
| vs. | ) |
| | ) |
| ULTRA TECH SYSTEMS, INC., a | ) |
| foreign Corporation, | ) |
| | ) |
| Defendant, Cross-Claim | ) |
| Defendant/Cross-Claim | ) |
| Plaintiff and Cross-Claim | ) |
| Plaintiff/Defendant, | ) |
| | ) |
| vs. | ) |
| | ) |
| OHIO PACIFIC TECH, INC., fka | ) |
| GMP ASSOCIATES, INC., an Ohio | ) |
| Corporation | ) |
| | ) |
| Cross-Claim | ) |
| Defendant/Plaintiff. | ) |
| | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served on the following, in the manner indicated below, either by depositing the same in the United States Mail, postage prepaid, first class mail, or by hand delivery of same on the date of filing.

Document ID: 396316v1_skh

|  | MAIL | HAND DELIVERY |
|---|---|---|
| DAVID SCHULMEISTER, ESQ.<br>KRISTIN S. SHIGEMURA, ESQ.<br>Cades Schutte<br>1000 Bishop Street, Suite 1200<br>Honolulu, Hawaii 96813<br>  Attorneys for Plaintiff<br>  BODELL CONSTRUCTION | | X |
| RICHARD C. SUTTON, JR., ESQ.<br>Sakai Iwanaga & Sutton<br>City Financial Tower, Suite 2307<br>201 Merchant Street<br>Honolulu, Hawaii 96813<br>  Attorneys for Defendant<br>  OHIO PACIFIC TECH CORPORATION, Inc.,<br>  fka GMP ASSOCIATES, INC. | | X |
| CARRIE K. OKINAGA, ESQ.<br>MAILE R. CHUN, ESQ.<br>Department of Corporation Counsel<br>530 S. King Street, Room 110<br>Honolulu, Hawaii 96813<br>  Attorneys for Defendant<br>  CITY AND COUNTY OF HONOLULU | | X |

3

|  | MAIL | HAND DELIVERY |
|---|---|---|
| ADAM R. BIALEK<br>Wilson, Elser, Moskowitz, Edelman & Dicker, LLP<br>3 Gannett Drive<br>White Plains, New York 10604-3407<br>  Attorney for Defendant<br>  ULTRA TECH SYSTEMS, INC. | X | |
| ADRIAN W. ROSEHILL, ESQ.<br>OWEN H. MATSUNAGA, ESQ.<br>ALAN J. MA, ESQ.<br>Gerson & Hieneman<br>American Savings Bank Tower<br>1001 Bishop Street Suite 780<br>Honolulu, Hawaii  96813<br>  Attorneys for Third-Party Defendant<br>  ENGINEERED SYSTEMS, INC. | | X |

Dated: Honolulu, Hawaii     February 17, 2006     .

*/s/ Geo Gusman III*

BERT T. KOBAYASHI, JR.
RONALD T. OGOMORI
GEORGE GUSMAN III
Attorneys for Defendant,
  Cross-Claim Plaintiff/Defendant and
  Third-Party Plaintiff/Counterclaim Defendant
CITY AND COUNTY OF HONOLULU

4