James D. Boughey (HSB No. 6546)
Jeffrey S. Tachiki (Admitted Pro Hac Vice)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
650 California Street, 14th Floor
San Francisco, California 94108-2718
Telephone: (415) 433-0990
Facsimile: (415) 434-1370
James.Boughey@wilsonelser.com

Adam R. Bialek (Admitted Pro Hac Vice)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604-3407
Telephone: (914) 323-7000
Facsimile: (914) 323-7001
Adam.Bialek@wilsonelser.com

Attorneys for Cross-Claim Defendant/Cross-Claim Plaintiff
ULTRA TECH SYSTEMS, INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION COMPANY, a Utah corporation,<br><br>         Plaintiff,<br><br>     v.<br><br>OHIO PACIFIC TECH, INC. f/k/a GMP ASSOCIATES, INC., an Ohio corporation; CITY AND COUNTY OF HONOLULU; ULTRA TECH SYSTEMS, INC., a foreign corporation,<br><br>         Defendants.<br>------------------------------------------------------<br>CITY AND COUNTY OF HONOLULU,<br><br>         Defendant/Third-Party Plaintiff, | AFFIDAVIT OF<br><br>GREG ELLNER |

1103487.1

|  |  |
|---|---|
| v. | ) |
| ENGINEERED SYSTEMS, INC., | ) |
|     Third-Party Defendant. | ) |
| CITY AND COUNTY OF HONOLULU, | ) |
|     Defendant/Cross-Claim Plaintiff, | ) |
| v. | ) |
| ULTRA TECH SYSTEMS, INC., a foreign corporation, | ) |
|     Cross-Claim Defendant/<br>    Cross-Claim Plaintiff. | ) |

1103487.1

STATE OF NEW YORK:        )
                                              ss.:
COUNTY OF PUTNAM:     )

GREG ELLNER, being duly sworn, deposes and says:

1. I am a principal and the president of UltraTech Systems Inc. ("UTS"), a New York based corporation.

2. UTS has been in the business of supplying wastewater disinfection equipment for more than ten years.

3. UTS has supplied over 100 installations throughout the United States including installations in Hawaii, prior to the Wahiawa Project.

4. I learned of the Wahiawa Project in 1999 and my local representative submitted a request for UTS to be considered for the Project.

5. UTS had previously delivered a job for the City and County of Honolulu and the City and County were wholly aware of the UTS production line, equipment history and reputation.

6. UTS received an approval from the City and County of Honolulu for the UTS system to be used for Wahiawa.

7. I understood this approval to mean that UTS was a pre-qualified supplier for the U.V. equipment at Wahiawa.

8. UTS' scope of supply, along with a copy of the letter approving UTS' equipment, was supplied to Bodell prior to Bodell's submitting a bid to the City.

9. UTS understood that Bodell used its equipment in its bid submission to the City for the Wahiawa WWTP.

10. UTS learned that Bodell won the bid and that the UTS system had been included in their bid submittal.

1103487.1

11. UTS and Bodell began the preparation of the equipment submittal for the UTS U.V. equipment to be used at the Wahiawa WWTP.

12. In early 2000, UTS was unaware that the City was seeking to eliminate UTS from Bodell's contract, and thus began preparation of the engineering equipment submittal for the U.V. system to be used at Wahiawa.

13. UTS spent considerable time and resources in preparing and engineering the equipment submittal for the U.V. system to be used at Wahiawa.

14. UTS provided to Bodell, for submission to the City and GMP, a pre-submittal package in the Spring of 2000 in a good faith effort to expedite the submittal review process.

15. Since the submittal included proprietary information, UTS clearly noted on the title page the following: "the contents and drawings contained in this submittal package relate to proprietary subject matter. Any party assuming custody does so with the express understanding and agreement that neither receipt nor possession thereof confers or transfers any right to use, reproduce or disclose its contents or any part thereof, in any manner or for any purpose whatsoever".

16. UTS never expected that the City or GMP would release the information to its competitor, Trojan, or Trojan's representative, or anyone else for that matter.

17. UTS learned that GMP was questioning certain aspects of its submittal and complied with the inquiries whenever asked.

18. In my profession, I often review specifications. Based upon my review of the specification for the Wahiawa WWTP issued by the City and GMP, I believe it was clearly a performance specification.

19. UTS' system for Wahiawa would meet the intent, parameters and performance requirements of the specification.

20. While I believe that the "bid approval" issued by the City was a pre-qualified approval satisfying the experience requirement in the qualification section of the specification, I note that the wording of the "experience requirement" was ambiguous and open to several reasonable interpretations which in the industry, is ultimately defined by the bidders' understanding, provided it is reasonable.

21. UTS met the experience requirement of the specifications irrespective of the pre-approval.

22. I understand the UTS' equipment was ultimately rejected because the City and GMP claimed that the experience requirement required that the past installations relied on be horizontal systems.

23. As I understand it, no manufacturer other than Trojan had five horizontal U.V. disinfection systems in place in 2000 which could have met the arbitrary, tailored requirements included in the specification.

24. The conduct of the City and GMP regarding the Wahiawa project interfered with the relationship between UTS and Bodell.

25. Following Wahiawa, Bodell would not work with UTS. This precluded UTS from capitalizing on prospective business relations.

26. Had the City accepted the UTS equipment as they should have, UTS stood to earn profits on a continual basis for years to come in the form of replacement bulbs and other equipment.

1103487.1

27. In recent years I have been advised by numerous sources, including Cyril Hamada, that word was circulated in the industry in Hawaii that UTS was out of business as a result of the Wahiawa WWTP.

28. As a result, UTS' reputation was damaged and these comments foreclosed additional work for UTS in Hawaii and throughout the United States.

29. I believe that the City and GMP acted in bad faith in its dealings with UTS and ESI, and we have been damaged accordingly.

GREG ELLNER

Sworn to me this 17TH day of February, 2006

Notary Public

ROSALINDA M. HOAG
Notary Public, State of New York
No. 01HO6015616
Qualified in Dutchess County
Commission Expires November 2, 2006

1103487.1