IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION COMPANY, a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>OHIO PACIFIC TECH, INC., fka GMP ASSOCIATES, INC., an Ohio corporation; CITY AND COUNTY OF HONOLULU; ULTRA TECH SYSTEMS, INC., a foreign corporation; JOHN DOES 1-50; DOE CORPORATIONS 1-50,<br><br>Defendants. | CIVIL NO. 03-00706 (JMS/LEK)<br><br>**DECLARATION OF ARMAND A. COTE** |

## DECLARATION OF ARMAND A. COTE

I, ARMAND A. COTE, hereby declare as follows:

1. I am the manager of AAC & Associates, LLC through which I provide owner's representation and construction management services to various clients in connection with construction projects. I also provide expert witness services and documentation.

EXHIBIT "B"

2.  Attached hereto as Exhibit "1" is a copy of my resume. As stated therein, I have been involved in the construction industry since 1961 when I began my service in the United States Naval Civil Engineer Corps. I have extensive experience in construction project management having worked both as a project manager and officer for several large general contractors and as an owner's representative and as an owner-retained construction manager for numerous projects. I am familiar with all phases of construction contracting and management including but not limited to project estimating, bidding and scheduling.

3.  In October of 2000, I was retained by Bodell Construction Company ("Bodell") which, at that time, was the prime contractor to the City & County of Honolulu (the "City") on a project (the "Project") involving modifications to the City's Wahiawa Wastewater Treatment Plant (the "Wahiawa Plant").

4.  The issue that was confronting Bodell when I was first retained was that the City and its retained Construction Manager, GMP Associates, Inc. ("GMP"), were refusing to review and comment on Bodell's resubmittal of shop drawings and

other information from its supplier, Ultra Tech Systems, Inc. ("UTS"), relating to the ultraviolet disinfection ("UV") equipment being provided by Bodell under its contract for the construction of ~~for~~ the Wahiawa Plant. Bodell had used a quote from UTS in its bid to the City, relying upon a letter from the City, received during the pre-bid period, which stated that UTS was approved as an equal to the name brand specified in the Project specifications, Trojan Technologies ("Trojan"), "for bidding purposes only." In October of 2000, however, GMP had rejected Bodell's submittal in support of the UTS system and was directing Bodell to instead supply the Trojan system on the grounds that there was allegedly insufficient time remaining in the construction schedule to allow for a resubmittal and review of the UTS system and for a subsequent submittal of the Trojan system if the UTS resubmittal were found to be lacking.

5. Bodell believed that there was adequate time in its schedule to allow for a resubmittal of the UTS system, and asked me to review its schedule and provide an independent opinion on this point in an effort to persuade the City accept and review a resubmittal of the UTS system.

6. Accordingly, I met with Bodell's project manager, Gary Jeppson, at the Wahiawa Plant, I walked the site to verify the status of completion of the various construction activities that were ongoing and I reviewed Bodell's original construction schedule to validate the feasibility of the durations Bodell had originally assigned to the activities, which would be affected by the timing of the approval and the installation of the UV equipment. I was advised by Bodell that, if necessary, Bodell would accelerate the work by shifting to a seven day work week in order to prevent any impact on the scheduled completion date arising out of a delayed delivery date for the UV equipment.

7. I then generated a schedule using the Primavera Systems, Inc. scheduling software on my own computer to illustrate that Bodell was correct, i.e., there was sufficient time left in its schedule to allow for a resubmittal of the UTS UV equipment and then a later submittal of the Trojan UV equipment, if necessary.

8. Attached hereto as Exhibit "2" is a printout from my computer of one of the scenarios demonstrating this. This schedule, which is based on a seven day work week, shows that