Document ID: 399039v1_GGU

Of Counsel:
KOBAYASHI, SUGITA & GODA
BERT T. KOBAYASHI, JR.     659-0
RONALD T. OGOMORI          5850-0
GEORGE GUSMAN              6914-0
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone: (808) 539-8700
Fax: (808) 539-8799
Attorneys for Defendant,
  Cross-Claim Plaintiff/Defendant and
  Third-Party Plaintiff/Counterclaim Defendant
CITY AND COUNTY OF HONOLULU

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION COMPANY, a Utah Corporation,<br><br>       Plaintiff,<br><br>  vs.<br><br>OHIO PACIFIC TECH, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation; CITY AND COUNTY OF HONOLULU; ULTRA TECH SYSTEMS, INC., a foreign Corporation,<br><br>       Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. CV03-00706 HG-LEK<br>(Contract)<br><br>DEFENDANT, CROSS-CLAIM PLAINTIFF/DEFENDANT AND THIRD-PARTY PLAINTIFF/COUNTERCLAIM DEFENDANT CITY AND COUNTY OF HONOLULU'S MEMORANDUM IN OPPOSITION TO PLAINTIFF BODELL CONSTRUCTION COMPANY'S MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF SERVICE<br><br>Hearing Date: May 1, 2006<br>Time: 9:00 a.m.<br>Judge: Honorable J. Michael Seabright<br>Trial Date: October 17, 2006 |

_Caption continued_

Document ID: 399039v1_GGU

CITY AND COUNTY OF HONOLULU,          )
                                      )
    Defendant, Third-Party                )
    Plaintiff, and Counterclaim           )
    Defendant,                            )
                                      )
  vs.                                 )
                                      )
ENGINEERED SYSTEMS, INC.,             )
                                      )
    Third-Party Defendant,                )
    Counterclaim Plaintiff and            )
    Cross-Claim Plaintiff.                )
_____       )
                                      )
CITY AND COUNTY OF HONOLULU,          )
                                      )
    Defendant, Cross-Claim                )
    Plaintiff/Cross-Claim                 )
    Defendant,                            )
                                      )
  vs.                                 )
                                      )
ULTRA TECH SYSTEMS, INC., a           )
foreign Corporation,                  )
                                      )
    Defendant, Cross-Claim                )
    Defendant/Cross-Claim                 )
    Plaintiff and Cross-Claim             )
    Plaintiff/Defendant,                  )
                                      )
  vs.                                 )
                                      )
OHIO PACIFIC TECH, INC., fka          )
GMP ASSOCIATES, INC., an Ohio         )
Corporation                           )
                                      )
    Cross-Claim                           )
    Defendant/Plaintiff.                  )
_____       )

2

## TABLE OF CONTENTS

Page

I.   INTRODUCTION ........................................................ 3

II.  STATEMENT OF UNDISPUTED FACTS ...................... 7

III. SUMMARY JUDGMENT STANDARD ........................ 10

IV.  RELEVANT LAW AND ARGUMENT .......................... 12

    A.   BODELL'S RELIANCE ON THE CITY'S CONDITIONAL
         APPROVAL LETTER DATED DECEMBER 9, 1999 WAS NOT
         REASONABLE ............................................................... 12

    B.   BODELL'S RELIANCE ON THE UTS VERTICAL SYSTEM IS
         MISPLACED .................................................................. 12

        1.   VERTICAL UV SYSTEMS WERE PROHIBITED ............... 12

        2.   EVEN ASSUMING *ARGUENDO* THAT THE UTS
             VERTICAL SYSTEM WERE ALLOWED, THE FACT THAT
             THE VERTICAL SYSTEM SATISFIED THE EXPERIENCE
             REQUIREMENT OF THE UV SYSTEM SPECIFICATIONS
             IS IRRELEVANT SINCE THE UTS VERTICAL SYSTEM
             COULD NOT SATISFY THE TESTING/APPROVAL
             REQUIREMENT CONTAINED IN PART 1.2(A) OF THE UV
             SYSTEM SPECIFICATIONS ........................................ 13

    C.   THE UV SYSTEM SPECIFICATION WAS NOT A *DE FACTO*
         SOLE SOURCE SPECIFICATION ..................................... 15

    D.   BODELL IS BARRED AS A MATTER OF LAW FROM SEEKING
         TO APPLY ITS INTERPRETATION OF THE UV SYSTEM
         SPECIFICATION SINCE IT FAILED TO QUESTION THE CITY
         IN REGARD TO ANY ALLEGED AMBIGUITY IN SUCH
         SPECIFICATION ............................................................ 16

    E.   DR. BRUCE BELL OPINED THAT THE UTS SYSTEM WAS
         PROPERLY REJECTED FOR FAILING TO MEET THE
         REQUIREMENTS OF THE UV SYSTEM SPECIFICATIONS ...... 17

V.   CONCLUSION ........................................................... 17

TABLE OF AUTHORITIES

Page

**Federal Cases**
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) ................................. 10

Bhan v. NME Hospitas, Inc., 929 F.2d 1404 (9th Cir. 1991) ................................. 11

British Airways Bd. v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978),
    cert. denied, 440 U.S. 981 (1979),
    reh'g denied, 441 U.S. 968 (1979) ................................................................. 11

California Architectural Evidence. Prod., Inc. v. Franciscan Ceramics,
    818 F.2d 1466, 1468 (9th Cir. 1987),
    cert. denied, 484 U.S. 1006 (1988) .............................................................. 11

CCTW&M v. U.S., 452 F.Supp. 69 (D. N.J. 1978) ............................................... 15

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) .................................................... 10

Community Heating & Plumbing Co. Inc. v. Kelso,
    987 F.2d 1575, 1578 (Fed. Cir. 1993) ......................................................... 16

E. Amanti & Sons, Inc. v. Town of Danvers,
    758 N.E.2d 2d 153 (Mass. App. Ct. 2001) ................................................... 15

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
    475 U.S. 574, 586 (1986) ............................................................................. 11

Mitsubishi Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) .............. 11

Salem Engineering and Construction Corp. v. U.S., 2 Ct. Cl. 803 (1983) .............. 16

Scharf v. U.S. Attorney General, 597 F.2d 1240, 1242-1243 (9th Cir. 1979)........ 17

Schroeder v. Owens-Corning Fiberglass Corp.,
    514 F.2d 901, 903 (9th Cir. 1975) ............................................................... 17

T.W. Elec. Serv. v. Pacific Elec. Contractors Assoc.,
    809 F.2d 626, 630 (9th Cir. 1987) ........................................................... 10, 11

Federal Rules
Federal Rules of Civil Procedure 56 ....................................................... 10

Federal Rules of Civil Procedure 56(e) .................................................... 11

DEFENDANT, CROSS-CLAIM PLAINTIFF/DEFENDANT
AND THIRD-PARTY PLAINTIFF/COUNTERCLAIM DEFENDANT
CITY AND COUNTY OF HONOLULU'S MEMORANDUM
IN OPPOSITION TO PLAINTIFF BODELL CONSTRUCTION
COMPANY'S MOTION FOR SUMMARY JUDGMENT

## I.  INTRODUCTION

COMES NOW, Defendant, Cross-Claim Plaintiff/Defendant and Third-Party Plaintiff/Counterclaim Defendant City and County of Honolulu ("City") and submits this Memorandum in Opposition ("MIO") to the Motion for Summary Judgment ("MSJ") filed by the Plaintiff, Bodell Construction Company ("Bodell"). The City has filed its own MSJ seeking the dismissal of all claims by Bodell which will be heard at the same time that Bodell's MSJ is heard.  As such, the City hereby incorporates the law and arguments set forth in its MSJ into this MIO.  To the extent possible, the City will not repeat the law and argument set forth in its MSJ, but instead use this MIO to address points not raised in the City's MSJ.

As more fully set forth in the City's MSJ, this case arises out of the design and construction of improvements to the Wahiawa Wastewater Treatment Plant ("Project") that were required by a consent decree executed by the City and the State of Hawaii.  More specifically, the case involves a substitution request related to the ultraviolet disinfection system ("UV System") that was to be installed as part of the Project.  The contract documents prepared by the City's designer, Defendant and Cross-Claim Plaintiff/Defendant Ohio Pacific Tech, Inc., fka GMP Associates,

Document ID: 399039v1_GGU

Inc. ("GMP"), called for the installation of the Trojan 4000 System or something of "equal" quality. The City issued a conditional approval of a UV system manufactured by UltraTech Systems, Inc. ("UTS System") for "bidding purposes only" with the caveat that the UTS System needed to satisfy all of the requirements contained in the contract documents. GMP thereafter advised the City that the UTS System did not meet all of the requirements contained in the contract documents. As a result, the City rejected Bodell's request to utilize the UTS System for the Project.

Bodell's MSJ raises several arguments, all of which fail based on the relevant law and evidence adduced to date. First, Bodell argues that the City's December 9, 1999 letter (Exhibit "A" to the Concise Statement of Facts ("Concise Statement") to the MIO) was ambiguous and as such, Bodell's interpretation of such letter controls. In addition to the arguments refuting this argument set forth in the City's MSJ, the City has obtained a sworn statement from Wesley Chang, an estimator employed by Hawaiian Dredging Construction Company ("HDCC"), which also bid on the Project. As set forth in Mr. Chang's declaration attached to the Concise Statement to the MIO, the City's December 9, 1999 letter, when read in conjunction with the General Instructions to Bidders for the Project, placed the risk of installing the more expensive Trojan UV System on Bodell if the UTS System was rejected for failing to satisfy the Project's contract documents.

Document ID: 399039v1_GGU

Second, Bodell argues that the UTS System satisfied the experience requirements of the Project's contract documents by way of UTS' vertical UV System. This argument is misplaced. Specifically, in addition to the law and arguments set forth in the MSJ, the City submits that Greg Ellner ("Ellner") admitted that UTS' vertical system, unlike the UTS horizontal UV system, was a "non-conforming system." This fact is significant because a conforming system (i.e. UTS' horizontal system) did not require any approval to confirm that it was in conformance with California's Title 22 or Hawaii's R-1 standards. Conversely, a non-conforming system (i.e. UTS' vertical system) did in fact require said confirmation. It is undisputed that UTS' vertical system did not have the required approval until October 23, 2000, which is when Ellner received a letter dated October 23, 2000 from Richard Sakaji of the California Department of Health (Exhibit "B" to the Concise Statement to the MIO). The October 23, 2000 letter was received by Ellner **after** Bodell's bid, and in fact after Bodell had already turned in two Submittals to seek final approval of the UTS' System. Thus, at the time that Bodell was seeking approval of the UTS System, it is undisputed that UTS' vertical system could not satisfy the testing requirement set forth in the Project's contract documents. As such, Bodell's argument that the UTS' vertical UV System could satisfy the experience requirement of the Contract documents is irrelevant as such UV System could not satisfy the testing requirement. Moreover,

Document ID: 399039v1_GGU

based upon Ellner's admissions, it is undisputed that UTS' horizontal UV System could not satisfy the experience requirement. As neither UTS System could satisfy the contract document requirements, it is clear that the rejection of the UTS System was proper.

Third, Bodell argues that the interpretation of the Project's contract documents amounted to a *de facto* sole source procurement because of the way that the City interpreted the experience requirement. This argument is misplaced as the testimony of Lee Mansfield of GMP and the City's expert (Bruce Bell) make clear that another UV provider (IDI) could have satisfied the experience requirement.

Finally, Bodell argues that its interpretation of the Project specifications was reasonable and thus should prevail. This argument is misplaced as Bodell's argument only applies if the specifications were ambiguous. In addition, Bodell's argument ignores its duty to seek clarification of any specification that was deemed to be ambiguous. It is undisputed that Bodell never sought any clarification from the City. As such, Bodell's claim is barred as a matter of law.

As set forth in the City's MSJ, the City seeks a ruling by this Honorable Court granting the City's MSJ. By way of this MIO, the City also seeks a ruling by this Honorable Court denying Bodell's MSJ.

6

## II.    STATEMENT OF UNDISPUTED FACTS

A.    The City admits the facts set forth in paragraphs 1,2, 3, and 4 of the Concise Statement of Facts submitted in support of Bodell's MSJ.  The City disputes all other facts set forth in the Concise Statement of Facts submitted in support of Bodell's MSJ based on the facts incorporated and set forth herein.

B.    The City hereby incorporates the statement of undisputed facts set forth in its MSJ.

C.    In addition to the statement of undisputed facts set forth in the MSJ, the City respectfully asserts that the following facts are undisputed and directly refute the facts and argument set forth in Bodell's MSJ:

1.    On December 9, 1999, the City issued a letter to Paul Scott regarding the approval of the UTS System for "bidding purposes only" and requiring that the UTS System satisfy all requirements of the Project's contract documents.  See Exhibit "A" to the Concise Statement to the MIO.

2.    The City's December 9, 1999 letter, when read in conjunction with the General Instructions to Bidders for the Project, placed the risk of installing the more expensive Trojan UV System on Bodell if the UTS System was rejected for failing to satisfy the Project's contract documents. See Declaration of Wesley Chang attached to the Concise Statement to the MIO.

Document ID: 399039v1_GGU

3.      Bodell did not question the City regarding the meaning of the December 9, 1999 letter.  See pp. 61-62 of Exhibit "C" attached hereto, which are true and correct copies of the deposition of Leroy Humke.

4.      Part 2.4(A)(3) of Section 11376 of the Project's contract documents (hereinafter "UV System Specifications") prohibited vertical UV Systems.  See Exhibit "D" to the Concise Statement to the MIO.

5.      Ellner admitted that Part 2.4(a)(3) of the UV System Specifications contained language which expressly prohibited vertical UV Systems.  See Exhibit "E" to the Concise Statement to the MIO, pp. 135-138.

6.      Part 1.2(A) of the UV System Specifications required that the UV System "have been tested and certified to meet California Title 22 or Hawaii R-1 quality water."  See Exhibit "D" to the Concise Statement to the MIO.

7.      Ellner understood that the requirements of Part 1.2(A) of the UV System Specifications applied to both UTS' horizontal and vertical UV Systems.  See Exhibit "E", pp. 49-51; 61-62; 66-70.

8.      The UTS vertical UV System is a non-conforming system.  See Exhibit "E" pp. 50-59 attached to the Concise Statement to the MIO, which are relevant pages from the deposition of Ellner.

9.      At the time of Bodell's bid, UTS' vertical UV System did not have the required approval from the California Department of Health indicating

Document ID: 399039v1_GGU

confirmation of compliance with California Title 22. <u>See</u> Exhibit "E to the Concise Statement to the MIO, pp. 176-180.

10. Bodell submitted a Submittal Log, which was included in Bodell's claim binder submitted to the City. See Exhibit "F" to the Concise Statement to the MIO, which is a true and correct copy of Submittal Log.

11. UTS first received confirmation that its vertical UV System was in compliance with California Title 22 by way of letter dated October 23, 2000 from Richard Sakaji to Ellner. <u>See</u> Exhibit "E" to the Concise Statement to the MIO, pp. 81-84, and Exhibit "B" to the Concise Statement to the MIO, which is the October 23, 2000 letter.

12. Ellner admitted that the UTS' horizontal UV System did not satisfy the experience requirement set forth in Part 1.2(A) of the UV System Specifications. <u>See</u> Exhibit "E" to the Concise Statement to the MIO, pp. 66-70.

13. Ellner admitted that UTS did not submit any proof that its vertical or horizontal systems satisfied the 7-day moving median requirement set forth in Part 2.3(B) of the UV System Specifications. <u>Id.</u> at pp. 236-238.

14. Pursuant to the expert opinion of Dr. Bruce Bell, the UTS System presented by Bodell did not satisfy the requirements of the UV Project Specifications. <u>See</u> Declaration of Bruce Bell attached to the Concise Statement to the MIO.

15.    Section 1.6 of the General Instruction to Bidders, which required that Bodell warrant that it had reviewed all bid documents and that such documents were free from ambiguities. See Exhibit "G" attached to the Concise Statement to the MIO.

16.    Another UV System provider by the name of IDI could have provided a horizontal UV System that satisfied the experience requirement set forth in the UV System Specification. See Declaration of Bruce Bell and Exhibit "H" pp. 239-240 attached to the Concise Statement to the MIO, which are relevant pages of the deposition of Lee Mansfield.

## III.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where no genuine issue of material fact exists and a party is entitled to prevail in the case as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Federal Rules of Civil Procedure 56 (c). The moving party has the initial burden of "identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv. v. Pacific Elec. Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987), citing Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The moving party may meet this burden by pointing out the insufficiency of evidence to support his opponent's claims, and need not proffer evidence which negates these claims. Celotex, 477 U.S. at 323.

Document ID: 399039v1_GGU

If the moving party satisfies its initial burden, the opposing party may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that a dispute exists. Fed.R.Civ.P. 56(e). In addition, the dispute must be genuine. The "opponent must do more than simply show that there is some metaphysical doubt as to the materials facts." Bhan v. NME Hospitas, Inc., 929 F.2d 1404 (9th Cir. 1991) citing, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The opposing party cannot simply assert that it will be able to discredit the movant's evidence at trial. See, T.W. Elec., 809 F.2d at 630. Legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid MSJ. British Airways Bd. v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978), cert. denied, 440 U.S. 981 (1979), reh'g denied, 441 U.S. 968 (1979).

Furthermore, if the "factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." California Architectural Evidence. Prod., Inc. v. Franciscan Ceramics, 818 F.2d 1466, 1468 (9th Cir. 1987), cert. denied, 484 U.S. 1006 (1988), citing Mitsubishi Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

## IV.    RELEVANT LAW AND ARGUMENT

### A.    BODELL'S RELIANCE ON THE CITY'S CONDITIONAL APPROVAL LETTER DATED DECEMBER 9, 1999 WAS NOT REASONABLE

First, the City hereby incorporates all of the law and argument set forth in the City's MSJ hereto. In addition, the City asserts that Bodell's reliance on the City's December 9, 1999 letter was not reasonable as the City's December 9, 1999 letter, when read in conjunction with the General Instructions to Bidders for the Project, placed the risk of installing the more expensive Trojan UV System if the UTS System was rejected for failing to satisfy the Project's contract documents. See Declaration of Wesley Chang. As the UTS UV System failed to meet the requirements as more fully set forth in the City's MSJ, this claim by Bodell fails. As such, Bodell's argument that it was entitled to a contract adjustment even if the UTS System was rejected fails.

### B.    BODELL'S RELIANCE ON THE UTS VERTICAL SYSTEM IS MISPLACED

In addition to the law and argument set forth in the City's MSJ, the City asserts that Bodell's reliance on UTS' vertical UV System is misplaced for the following reasons:

#### 1.    VERTICAL UV SYSTEMS WERE PROHIBITED

Part 2.4(A)(3) of Section 11376 of the Project's contract documents (hereinafter "UV System Specifications") prohibited vertical UV Systems. See

Document ID: 399039v1_GGU

Exhibit "D" to the Concise Statement to the MIO.  Ellner admitted that Part

2.4(a)(3) of the UV System Specifications contained language which expressly

prohibited vertical UV Systems.  See Exhibit "E" to the Concise Statement to the

MIO, pp. 135-138.  Thus, it is irrelevant that the UTS vertical UV System satisfied

the experience requirement of the UV System Specifications since vertical UV

Systems were expressly prohibited.

> 2.  **EVEN ASSUMING *ARGUENDO* THAT THE UTS
> VERTICAL SYSTEM WERE ALLOWED, THE FACT
> THAT THE VERTICAL SYSTEM SATISFIED THE
> EXPERIENCE REQUIREMENT OF THE UV SYSTEM
> SPECIFICATIONS IS IRRELEVANT SINCE THE UTS
> VERTICAL SYSTEM COULD NOT SATISFY THE
> TESTING/APPROVAL REQUIREMENT CONTAINED
> IN PART 1.2(A) OF THE UV SYSTEM
> SPECIFICATIONS**

Even assuming *arguendo* that the UTS vertical UV System was not

prohibited by the UV System Specifications, such UV System still was required to

satisfy all requirements contained in the UV System Specification.  In particular,

Part 1.2(A) of the UV System Specifications required that the UV system "have

been tested and certified to meet California Title 22 or Hawaii R-1 quality water."

See Exhibit "D" to the Concise Statement to the MIO.  Ellner admitted that the

requirements of Part 1.2(A) of the UV System Specifications applied to both UTS'

horizontal and vertical UV Systems.  See Exhibit "E", pp. 49-51; 61-62; 66-70.

Document ID: 399039v1_GGU

In regard to whether or not the UTS vertical UV System satisfied Part 1.2(A) of the UV System Specifications, Ellner admitted that the UTS vertical UV System is a non-conforming system. See Exhibit "E" pp. 50-59. This fact is relevant because non-conforming systems require approval to confirm that such system confirms with California Title 22 or Hawaii R-1 standards. Id. However, at the time of Bodell's bid, UTS' vertical UV System did not have the required approval from the California Department of Health indicating compliance with California Title 22 or Hawaii R-1. See Exhibit "E pp. 176-180.

It was not until October 23, 2000 that UTS first received confirmation that its vertical UV System was confirmed to be conditionally in compliance with California Title 22 See Exhibit "E" pp. 81-84, and Exhibit "B" which is the October 23, 2000 letter. However, this approval came **after** the submission of Bodell's bid, Bodell's Submittal 30 (which was Bodell's first official submittal seeking approval of the UTS UV System on August 31, 2000), and Bodell's attempt to submit its second submittal (Submittal 30b) on October 4, 2000. See Exhibit "F".

Based on the above, it is clear that Bodell's argument that the UTS' vertical UV System satisfied the experience requirement of the UV System Specification is irrelevant since the UV System Specification expressly prohibited vertical UV Systems. In addition, during the submittal process, UTS did not have the required

Document ID: 399039v1_GGU

approval for its vertical UV System. Without satisfying this requirement, there was no possibility that the UTS vertical UV System could be approved as satisfying the requirements of the UV System Specifications. As neither the vertical nor horizontal UTS UV Systems (the key testimony and evidence regarding the failure of the UTS horizontal UV System is set forth in the City's MSJ) could satisfy the requirements of the UV System Specifications, the rejection of the UTS UV System was proper.

C.    **THE UV SYSTEM SPECIFICATION WAS NOT A *DE FACTO* SOLE SOURCE SPECIFICATION**

Bodell argues that the UV System Specification was a *"de facto"* sole source specification because only the Trojan UV System could have satisfied the requirements of the UV System Specification. In support of this argument, Bodell cites CCTW&M v. U.S., 452 F.Supp. 69 (D. N.J. 1978) and E. Amanti & Sons, Inc. v. Town of Danvers, 758 N.E.2d 2d 153 (Mass. App. Ct. 2001).

However, these cases cited by Bodell are clearly distinguishable from the situation at hand. Specifically, as indicated by the testimony of Lee Mansfield and the Declaration of Dr. Bruce Bell, another UV System provider by the name of IDI could have provided a horizontal UV System that satisfied the experience requirement set forth in the UV System Specification. See Declaration of Bruce Bell and Exhibit "H" pp. 239-240.

Document ID: 399039v1_GGU

D.    **BODELL IS BARRED AS A MATTER OF LAW FROM SEEKING TO APPLY ITS INTERPRETATION OF THE UV SYSTEM SPECIFICATION SINCE IT FAILED TO QUESTION THE CITY IN REGARD TO ANY ALLEGED AMBIGUITY IN SUCH SPECIFICATION**

As more fully set forth in the City's MSJ, Bodell cannot complain about a patent ambiguity in the UV System Specification when Bodell failed to raise any question about such ambiguity to the City. See Community Heating & Plumbing Co. Inc. v. Kelso, 987 F.2d 1575, 1578 (Fed. Cir. 1993) (holding that a contractor has a duty to notify the government of a patent ambiguity); see also, Salem Engineering and Construction Corp. v. U.S., 2 Ct. Cl. 803 (1983) (holding that a provision in a government contract requiring a contractor to notify the government of ambiguities applies to patent ambiguities). This is particularly true in light of Section 1.6 of the General Instruction to Bidders, which required that Bodell warrant that it had reviewed all bid documents and that such documents were free from ambiguities. In addition to providing this warranty, it is undisputed that Bodell did not seek any clarification from the City in regard to the provisions of the UV System Specification that Bodell now claims is ambiguous. As such, Bodell has no ability to apply its interpretation or inferences in regard to the language set forth in the City's December 9, 1999 letter. In sum, Bodell's failure to notify the City of the alleged ambiguity bars its claim as a matter of law. Id.

16

Document ID: 399039v1_GGU

E.    **DR. BRUCE BELL OPINED THAT THE UTS SYSTEM WAS PROPERLY REJECTED FOR FAILING TO MEET THE REQUIREMENTS OF THE UV SYSTEM SPECIFICATIONS**

In addition to the above, the City has obtained the expert opinion of Dr. Bruce Bell, which states that the rejection of the UTS System was proper. See Declaration of Bruce Bell.  This opinion is contrary to the expert opinion of Bodell's experts (Sidney Ellner and Armand Cote).  While the City asserts that it is entitled to summary judgment on all claims by Bodell, the City asserts in the alternative that the conflicting expert reports create a question of material fact such that Bodell is not entitled to summary judgment.  See Schroeder v. Owens-Corning Fiberglass Corp., 514 F.2d 901, 903 (9th Cir. 1975); Scharf v. U.S. Attorney General, 597 F.2d 1240, 1242-1243 (9th Cir. 1979).

V.    **CONCLUSION**

In summary, the City respectfully requests that this Honorable Court grant the City's MSJ and deny Bodell's MSJ.

Dated: Honolulu, Hawaii _____ April 13, 2006 _____.


_____

BERT T. KOBAYASHI, JR.
RONALD T. OGOMORI
GEORGE GUSMAN III
Attorneys for Defendant,
  Cross-Claim Plaintiff/Defendant and
  Third-Party Plaintiff/Counterclaim Defendant
CITY AND COUNTY OF HONOLULU

Document ID: 399039v1_GGU

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION COMPANY, a Utah Corporation, | ) CIVIL NO. CV03-00706 HG-LEK<br>) (Contract)<br>) |
| Plaintiff, | ) CERTIFICATE OF SERVICE |
| vs. | )<br>) |
| OHIO PACIFIC TECH, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation; CITY AND COUNTY OF HONOLULU; ULTRA TECH SYSTEMS, INC., a foreign Corporation, | )<br>)<br>)<br>)<br>) |
| Defendant. | )<br>)<br>) |
| | ) |
| CITY AND COUNTY OF HONOLULU, | )<br>) |
| Defendant, Third-Party Plaintiff, and Counterclaim Defendant, | )<br>)<br>)<br>) |
| vs. | )<br>) |
| ENGINEERED SYSTEMS, INC., | )<br>) |
| Third-Party Defendant, Counterclaim Plaintiff and Cross-Claim Plaintiff. | )<br>)<br>)<br>)<br>) |
| | ) |

*Caption continued*

Document ID: 399039v1_GGU

CITY AND COUNTY OF HONOLULU,    )
                                )
          Defendant, Cross-Claim )
          Plaintiff/Cross-Claim  )
          Defendant,             )
                                )
     vs.                         )
                                )
ULTRA TECH SYSTEMS, INC., a      )
foreign Corporation,             )
                                )
          Defendant, Cross-Claim )
          Defendant/Cross-Claim  )
          Plaintiff and Cross-Claim )
          Plaintiff/Defendant,   )
                                )
     vs.                         )
                                )
OHIO PACIFIC TECH, INC., fka     )
GMP ASSOCIATES, INC., an Ohio    )
Corporation                      )
                                )
          Cross-Claim            )
          Defendant/Plaintiff.   )
_____ )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the

foregoing document was duly served on the following, in the manner indicated

below, either by depositing the same in the United States Mail, postage prepaid,

first class mail, or by hand delivery of same on the date of filing.

Document ID: 399039v1_GGU

|  | MAIL | HAND DELIVERY |
|---|---|---|
| DAVID SCHULMEISTER, ESQ.<br>KRISTIN S. SHIGEMURA, ESQ.<br>Cades Schutte<br>1000 Bishop Street, Suite 1200<br>Honolulu, Hawaii 96813<br>  Attorneys for Plaintiff<br>  BODELL CONSTRUCTION |  | X |
| RICHARD C. SUTTON, JR., ESQ.<br>Sakai Iwanaga & Sutton<br>City Financial Tower, Suite 2307<br>201 Merchant Street<br>Honolulu, Hawaii 96813<br>  Attorneys for Defendant<br>  OHIO PACIFIC TECH CORPORATION, Inc.,<br>  fka GMP ASSOCIATES, INC. |  | X |
| CARRIE K. OKINAGA, ESQ.<br>MAILE R. CHUN, ESQ.<br>Department of Corporation Counsel<br>530 S. King Street, Room 110<br>Honolulu, Hawaii 96813<br>  Attorneys for Defendant<br>  CITY AND COUNTY OF HONOLULU | X |  |

Document ID: 399039v1_GGU

|  | MAIL | HAND DELIVERY |
|---|---|---|

ADAM R. BIALEK                                    X
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
3 Gannett Drive
White Plains, New York 10604-3407
  Attorney for Defendant
  ULTRA TECH SYSTEMS, INC.


ADRIAN W. ROSEHILL, ESQ.                                              X
OWEN H. MATSUNAGA, ESQ.
ALAN J. MA, ESQ.
Gerson & Hieneman
American Savings Bank Tower
1001 Bishop Street Suite 780
Honolulu, Hawaii  96813
  Attorneys for Third-Party Defendant
  ENGINEERED SYSTEMS, INC.

Dated: Honolulu, Hawaii _____April 13, 2006_____.


_____
BERT T. KOBAYASHI, JR.
RONALD T. OGOMORI
GEORGE GUSMAN III
Attorneys for Defendant,
  Cross-Claim Plaintiff/Defendant and
  Third-Party Plaintiff/Counterclaim Defendant
CITY AND COUNTY OF HONOLULU

4