HG   ORIGINAL

Of Counsel:
SAKAI IWANAGA SUTTON
LAW GROUP, AAL, LLLC

RICHARD C. SUTTON JR. 1010-0
City Financial Tower, Suite 2307
201 Merchant Street
Honolulu, Hawaii 96813
Tel. No. (808) 792-3888
Fax No. (808) 521-5262

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 13 2006

at 8 o'clock and ___ min ___
SUE BEITIA, CLERK

Attorney for Defendant,
Cross-Claimant-Defendant,
Cross-Claim Plaintiff
OHIO PACIFIC TECH CORPORATION
 fka GMP ASSOCIATES

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

BODELL CONSTRUCTION, a Utah Corporation,

Plaintiff,

vs.

OHIO PACIFIC TECH CORPORATION, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation; CITY AND COUNTY OF HONOLULU; ULTRATECH SYSTEMS, a Foreign Corporation,

Defendants.

CIVIL NO.  CV03-00706 HG-LEK

**DEFENDANT OHIO PACIFIC TECH CORPORATION, INC'S MEMORANDUM IN OPPOSITION TO CROSS-CLAIM DEFENDANT/CROSS-CLAIM PLAINTIFF ULTRATECH SYSTEMS, INC., and THIRD-PARTY DEFENDANT/CROSS-CLAIM PLAINTIFF ENGINEERED SYSTEMS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THE CITY & COUNTY OF HONOLULU AND OHIO PACIFIC TECH f/k/a GMP ASSOCIATES, INC., ON UTS' AND ESI'S CROSS-COMPLAINTS AND DISMISSING THE CROSS-CLAIMS BROUGHT AGAINST UTS AND ESI BY THE CITY AND GMP; CERTIFICATE OF SERVICE**

(Caption Continued)

CITY AND COUNTY OF
HONOLULU,

        Defendant,
        Cross-Claim Plaintiff,
        Cross-Claim Defendant

    vs.

ULTRATECH SYSTEMS, a Foreign
Corporation,

        Defendant,
        Cross-Claim Defendant,
            Cross-Claim
Plaintiff,

OHIO PACIFIC TECH, INC., fka
GMP ASSOCIATES, INC., an Ohio
Corporation,

        Defendant,
        Cross-Claim Plaintiff
        Cross-Claim Defendant

    vs.

ULTRATECH SYSTEMS, a Foreign
Corporation

        Defendant,
        Cross-Claim Defendant,
        Cross-Claim Plaintiff.

**Hearing:**
Date:        May 1, 2006
Time:        9:00 a.m.
Judge:      Hon. J. Michael Seabright

**Trial:**
Date:        October 17, 2006
Time:        9:00 a.m.
Judge:      Hon. J. Michael Seabright

**DEFENDANT, CROSS-CLAIM DEFENDANT, CROSS-CLAIM
PLAINTIFF OHIO PACIFIC TECH CORPORATION, INC.'S
MEMORANDUM IN OPPOSITION TO CROSS-CLAIM
DEFENDANT/CROSS-CLAIM PLAINTIFF ULTRATECH
SYSTEMS, INC., and THIRD-PARTY DEFENDANT/CROSS-
CLAIM PLAINTIFF ENGINEERED SYSTEMS, INC.'S MOTION
FOR PARTIAL SUMMARY JUDGMENT AGAINST THE CITY
& COUNTY OF HONOLULU AND OHIO PACIFIC TECH f/k/a
GMP ASSOCIATES, INC., ON UTS' AND ESI'S CROSS-
COMPLAINTS AND DISMISSING THE CROSS-CLAIMS
BROUGHT AGAINST UTS AND ESI BY THE CITY AND GMP**

## I.     INTRODUCTION

UltraTech Systems ("UTS") and Engineered Systems,

Inc. ("ESI") motions should be denied because the undisputed

facts establish that UTS and ESI claims fail as a matter of law

since there was no contract between Bodell and UTS/ESI, and

there is no evidence that GMP acted with any intent to

interfere with any potential business relationship between

Bodell and UTS/ESI.

## II.    FACTUAL BACKGROUND

This litigation arises from the design and

construction of the Wahiawa Wastewater Treatment Plant

(hereinafter "the Project"). Mansfield dec. at ¶1  In March of

1999, the City retained Brown and Caldwell to perform

preliminary engineering on the Project and they recommended

a medium pressure ultraviolet disinfection system. Mansfield dec. at ¶2; Exhibit A.

The City retained GMP as the engineering consultant for the design of the Project by contract dated, December 4, 1996. Mansfield dec. at ¶3; Exhibit B.  The City also retained GMP as the construction manager for the Project by subsequent contract dated, December 30, 1999.  Exhibit O Under these contracts, GMP was required to determine the Project was constructed pursuant to the plans and specifications.  Mansfield dec. at ¶4

On Brown and Caldwell's recommendation, and GMP's experience, GMP used a Trojan 4000 system, as a basis for the design of the Project and prepared the plans and specifications for the Project ("Specifications") calling for the Trojan 4000 system or "equal." Mansfield dec. at ¶5; 6.; Exhibit C.  Among other requirements to be considered as an "equal", the Specifications  established under Part 1.2 A "Qualification Requirements", an experience requirement that : "...the manufacturer shall... demonstrate... successful performance of the proposed system at a minimum of five (5)

4

other wastewater locations in the United States."; and    a testing requirement that: "UV disinfection system shall have been tested and certified to meet California Title 22 or Hawaii R-1 quality water." Exhibit C. The City issued a letter on December 9, 1999 stating that the UTS Product was acceptable for "bidding purposes," but still had to meet the Specifications.  Exhibit D

Bodell submitted the lowest bid based on the UTS system and was retained as general contractor on the Project. Bodell forwarded a Purchase Order to UTS for the specified system, which UTS did not sign and Bodell did not receive a signed copy. Exhibit E,  Exhibit F, depo of Ellner pg 275-276; Exhibit G, depo of Humke pgs.149-150.

Even before any submittals to GMP, Mr. Ellner admitted to Cyril Hamada, a City engineer on the project, that the UTS Product could not meet the experience requirement of the Specifications (Part 1.2 A Specifications) Exhibit H. Additionally, Mr. Ellner admitted that UTS did not have the requisite testing  done (Part 1.2 A Specifications) Exhibit J pp. 236 Nevertheless, UTS made three submittals to comply with

Project Specifications. After each submittal, GMP prepared a list of deficient items which UTS did not meet. Mansfield dec. at ¶8; Exhibits K, L, M. Each time, GMP identified as a basis for rejection the lack of experience (Comment 3 on Exhibits K, L, and M), and the lack of testing. (Comment 11 on Exhibits K, L and M). UTS and ESI now seek damages for not being able to supply the disinfection system.

## III. ARGUMENT

### A. *UTS AND ESI'S CLAIMS FOR INTERFERENCE WITH CONTRACTUAL RELATIONS AND PROSPECTIVE ECONOMIC ADVANTAGE SHOULD BE DENIED*

Count I of both UTS and ESI's Complaints against GMP allege "interference with contractual relations and prospective economic advantage." UTS and ESI cannot establish the requisite elements of the causes of action and the claim must be denied.

### 1. UTS and ESI's Cannot Satisfy the Requirements of a Interference with Contractual Relations Claim

UTS and ESI cannot establish the necessary elements of interference with contractual relationship. The elements are:

6

      1)    a contract between the plaintiff and a third party; 2)  the defendant's knowledge of the contract; 3)  the defendant's intentional inducement of the third party to breach the contract; 4)  the absence of justification on the defendant's part; 5) the subsequent breach of the contract by the third party; and 6)  damages to the plaintiff.

See Weinberg v. Mauch, 78 Hawaii 40.50. 890 P.2d 277, 287(Sup. Ct. 1995)

## A.    **There was no contract between Bodell and UTS**

A claim for interference with contractual relations requires, first and foremost, an underlying contract.  See Weinberg, supra.  In this case, there was no underlying contract because UTS failed to sign the Purchase Order which would have created a contract with Bodell. Exhibit E.  This is supported by the testimony of Leroy Humke, an employee of Bodell, who testified that a purchase order forms an agreement.  Exhibit G depo of Humke pgs 149-150.  Mr. Humke further testified in his deposition that he had no knowledge of Bodell receiving a signed purchase order from UTS.  Exhibit G depo of Humke pgs 149-150.  Furthermore, Greg Ellner of Ultra Tech testified in his deposition that he did not recall signing the purchase order.  Exhibit F depo of Ellner

pgs 275-276.   UTS's failure to sign the purchase order precludes any finding that a contract existed between Bodell and UTS.  Therefore, UTS and ESI can not satisfy the elements of this claim, and this claim fails a matter of law.

B.  **There Was No Intent to Interfere and GMP's Actions Were Justified**

In order to establish a cause of action against a third party for intentional interference with a contractual right, it must be shown that the third party acted with intent and legal malice, i.e., the intentional doing of a harmful act without legal or social justification or excuse, or, in other words, the willful violation of a known right." Chow v. Alston, 2 Haw. App. 480, 484, 634 P.2d 430 (1981) (internal citations omitted); see also Shaw v. Santa Monica Bank, 920 F. Supp. 1080, 1087 (D. Hawaii 1996); Kutcher v. Zimmerman, 87 Haw. 394, 406, 957 P.2d 1076, 1088 (1998); Meridian Mortg., Inc. v. First Hawaiian Bank,109 Hawai'i 35, 122 P.3d 1133 (Haw. App. 2005); see also 45 Am. Jur. 2d Interferences § 3 (1969).

"[T]ortious interference requires a state of mind or motive more culpable than mere intent." Locricchio v. Legal

Services Corp., et al., 833 F.2d 1352, 1358 (9th Cir. 1987)
(citing DeVoto v. Pacific Fidelity Life Ins., 618 F.2d 1340, 1347
(9th Cir.) cert. denied, 449 U.S. 869 (1980)).  It must be proven
that GMP "either pursued an improper objective of harming
[UTS] or used wrongful means that caused injury in fact."
Meridian Mortg. Inc. v. First Hawaiian Bank, 109 Hawai'i 35,
48, 122 P.3d 1133, 1146 (Haw. App. 2005) (citing Omega
Env't, Inc. v. Gilbarco, Inc., 127 F.3d 1157, 1166 (9th Cir.
1997).

As a matter of law and undisputed fact, UTS and
ESI cannot establish that GMP acted with legal malice.  To the
contrary, GMP acted with legal justification.  The City and
GMP entered into a contract on December 30, 1999 under
which GMP was required to perform construction management
services for the Project.  Pursuant to those duties, GMP was
required to "Assist in the coordination of the work of the
Contractor with the activities and responsibilities of the City to
complete the project in accordance with the City's contract
objectives on cost, time and quality."  Exhibit O   Special
Provisions Section 2 A 1.  Further, GMP had a duty to the City

to "Monitor the work of the Contractor to determine that the work was proceeding in accordance with the contract documents." Exhibit O Special Provisions Section 2 A 3.

In order to be considered an "equal," the alternative system must have been successfully used at a minimum of 5 other permanent wastewater locations in the United States. Exhibit C Section 1.2 A. Mr. Ellner of UTS admitted that the UTS Product could not meet the experience requirement of the Specifications. Exhibit H and Ellner depo Exhibit I pg.376-378. Additionally, Mr. Ellner admitted that UTS did not meet the testing requirement. (Part 1.2 A Specifications) Exhibit J pp. 236 Nevertheless, UTS made three submittals to comply with Project Specifications. After each submittal, GMP prepared a list of deficient items which UTS did not meet. Mansfield dec. at ¶8; Exhibits K, L, M. Each time, GMP identified as a basis for rejection the lack of experience (Comment 3 on Exhibits K, L, and M) , and the lack of testing. (Comment 11 on Exhibits K, L and M.)

GMP denied the substitution of the UTS system because it could not meet the Project Specifications. Mansfield

10

dec. at ¶8.  Therefore, GMP did not act with malice or other improper motive or means in rejecting the unsuitable alternative.    To the contrary, GMP was carrying out the affirmative duties and obligations it owed to the City.

An engineer acting in his professional capacity is bound by contract to guard the interests of its principal. Thus, a party who acts within the scope of his obligations to the owner will not be liable for advising the owner pursuant to the contract.   See, e.g., Kecko Piping Co., Inc. v. Town of Monroe, 374 A.2d 179 (Conn. 1977); R. S. Noonan, Inc. v. School Dist., 162 A.2d 623 (Pa. 1960); Zoby v. American Fidelity Co., 242 F.2d 76 (4th Cir. 1957); Commercial Indus. Constr., Inc. v. Anderson, 683 P.2d 378 (Colo. App. 1984).

> Interference is not wrongful if it is privileged...Privilege can be created by the relationship between the owner and the design professional...The privilege is granted to enable the owner to be advised honestly without the risk of the person giving advice being taken to court.

Justin Sweet, *Legal Aspects of Architecture, Engineering and the Construction Process*, § 27.10, pp. 536-37 (4th ed. West Publishing 1999).

Pursuant to its contract with the City, GMP had a duty to advise the City that UTS's system did not meet the requirements of the Specifications. In addition, the transmittal of this truthful information is considered privileged. Kutcher v. Zimmerman, 87 Haw. 394, 408-9, 957 P.2d 1076, 1090-91 (1998) (citing Restatement (Second) of Torts § 772 (a), "One who intentionally causes a third person not to perform a contract or not to enter into a prospective contractual relation with another does not interfere improperly with the other's contractual relation, by giving the third person . . . (a) truthful information, (b) or honest advice within the scope of a request for advice). Thus, GMP's advice to the City was privileged.

**2.    UTS and ESI's Claims for Interference with Prospective Business Advantage Should Be Denied**

To sustain a claim for interference with prospective business advantage, a plaintiff must demonstrate:

> 1) the existence of a valid business relationship or a prospective advantage or expectancy sufficiently definite, specific, and capable of acceptance in the sense that there is a reasonable probability of it maturing into a future economic benefit to the plaintiff; 2) knowledge of the relationship, advantage, or expectancy by the defendant; 3) a purposeful intent to

interfere with the relationship, advantage, or expectancy; 4.) legal causation between the act of interference and the impairment of the relationship, advantage, or expectancy; and 5.) actual damages. Robert's Hawaii School Bus, Inc. v. Laupahoehoe

Tran. Co., Inc., 91 Haw. 224, 258, 982 P.2d 853, 887 (1999)

(emphasis and footnote in original omitted).

To establish that GMP intentionally interfered with UTS and ESI's prospective business advantage, UTS must demonstrate "intent" and "legal malice" on the part of GMP. Id.

As a matter of law and undisputed fact, there was no malice on the part of GMP. As is more fully explained in Section B  above, in rejecting the UTS Product, GMP was acting in accordance with its duties and requirements under its agreement with the City and was not acting with any form of legal malice and was, instead, acting with proper justification in carrying out its contractual duties.

## IV.   CONCLUSION

For all the foregoing reasons, Defendant-Defendant, Cross-Claim Defendant, Cross-Claim Plaintiff OHIO PACIFIC TECH CORPORATION, INC. respectfully

requests that this Court deny Cross-Claim Defendant/Cross-Claim Plaintiff ULTRATECH SYSTEMS, INC., and Third-Party Defendant/Cross-Claim PLAINTIFF ENGINEERED SYSTEMS, INC.'s Motion For Partial Summary Judgment Against The City & County Of Honolulu And Ohio Pacific Tech f/k/a GMP Associates, Inc., On UTS' And ESI's Cross-Complaints And Dismissing The Cross-Claims Brought Against UTS And ESI By The City And GMP, filed January 9, 2006.

DATED: Honolulu, Hawaii, _April 15, 2006_

_____

RICHARD C. SUTTON, JR.

Attorney for Defendant,
Cross-Claimant-Defendant,
Cross-Claim Plaintiff OHIO
PACIFIC TECH
CORPORATION fka GMP
ASSOCIATES

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION, a Utah Corporation, | CIVIL NO.  CV03-00706 HG-LEK |
| Plaintiff, | CERTIFICATE OF SERVICE |
| vs. | |
| OHIO PACIFIC TECH CORPORATION, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation; CITY AND COUNTY OF HONOLULU; ULTRATECH SYSTEMS, a Foreign Corporation, | |
| Defendants. | |
| CITY AND COUNTY OF HONOLULU, | |
| Defendant, Cross-Claim Plaintiff, Cross-Claim Defendant | |
| vs. | |
| ULTRATECH SYSTEMS, a Foreign Corporation, | |
| Defendant, Cross-Claim Defendant, Cross-Claim Plaintiff, | (Caption Continued) |

OHIO PACIFIC TECH, INC., fka
GMP ASSOCIATES, INC., an Ohio
Corporation,

        Defendant,
        Cross-Claim Plaintiff
        Cross-Claim Defendant

        vs.

ULTRATECH SYSTEMS, a Foreign
Corporation

        Defendant,
        Cross-Claim Defendant,
        Cross-Claim Plaintiff,

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was duly served on each of the following in the manner specified below, on _____ APR 1 3 2006 _____, addressed as follows:

|  | Mailed | Delivered |
|---|---|---|
| DAVID SCHULMEISTER, ESQ.<br>KRISTIN S. SHIGEMURA, ESQ.<br>Cades Schutte<br>1000 Bishop Street, Suite 1200<br>Honolulu, Hawaii 96813 |  | X |

Attorneys for Plaintiff
 BODELL CONSTRUCTION

2

|  | Mailed | Delivered |
|---|---|---|

BERT T. KOBAYASHI, JR., ESQ.                                    X
RONALD T. OGOMORI, ESQ.
GEORGE GUSMAN, ESQ.
Kobayashi, Sugita & Goda
999 Bishop Street, Suite 2600
Honolulu, Hawaii  96813

ADRIAN W. ROSEHILL, ESQ.                                       X
OWEN H. MATSUNAGA, ESQ
ALAN J. MA, ESQ.
Gerson & Hieneman
American Savings Bank Tower
1001 Bishop Street, Suite 780
Honolulu, Hawaii  96813

Attorneys for Third-Party Defendant
ENGINEERED SYSTEMS, INC.

ADAM R. BIALEK, ESQ.                                           X
Wilson Elsner Moskowitz Edelman
  & Dicker, LLP
3 Gannett Drive
White Plains, New York 10604-3407

Attorney for Defendant
ULTRA TECH SYSTEMS, INC.

DATED:  Honolulu, Hawaii, _Apr 13 2006_____.

_____
RICHARD C. SUTTON, JR.
**Attorney for Defendant, Cross-
Claimant-Defendant, Cross-
Claim Plaintiff OHIO PACIFIC
TECH CORPORATION fka GMP
ASSOCIATES**

3