Document ID: 399041v1_GGU

Of Counsel:
KOBAYASHI, SUGITA & GODA
BERT T. KOBAYASHI, JR.    659-0
RONALD T. OGOMORI    5850-0
GEORGE GUSMAN    6914-0
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone: (808) 539-8700
Fax: (808) 539-8799
Attorneys for Defendant,
  Cross-Claim Plaintiff/Defendant and
  Third-Party Plaintiff/Counterclaim Defendant
CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION COMPANY, a Utah Corporation,<br><br>       Plaintiff,<br><br>   vs.<br><br>OHIO PACIFIC TECH, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation; CITY AND COUNTY OF HONOLULU; ULTRA TECH SYSTEMS, INC., a foreign Corporation,<br><br>       Defendant. | ) CIVIL NO. CV03-00706 HG-LEK<br>) (Contract)<br>)<br>)<br>) DEFENDANT, CROSS-CLAIM<br>) PLAINTIFF/DEFENDANT<br>) AND THIRD-PARTY<br>) PLAINTIFF/COUNTERCLAIM<br>) DEFENDANT CITY AND COUNTY<br>) OF HONOLULU'S MEMORANDUM<br>) IN OPPOSITION TO CROSS-CLAIM<br>) PLAINTIFF/DEFENDANT<br>) ULTRATECH SYSTEMS, INC.'S<br>) MOTION FOR SUMMARY<br>) JUDGMENT; CERTIFICATE OF<br>) SERVICE<br>)<br>) Hearing Date: May 1, 2006<br>) Time: 9:00 a.m.<br>) Judge: Honorable J. Michael Seabright<br>) Trial Date: October 17, 2006<br>) |

_Caption continued_

CITY AND COUNTY OF HONOLULU,                    )
                                               )
    Defendant, Third-Party                        )
    Plaintiff, and Counterclaim                    )
    Defendant,                                    )
                                               )
    vs.                                           )
                                               )
ENGINEERED SYSTEMS, INC.,                       )
                                               )
    Third-Party Defendant,                        )
    Counterclaim Plaintiff and                    )
    Cross-Claim Plaintiff.                        )
                                               )
CITY AND COUNTY OF HONOLULU,                    )
                                               )
    Defendant, Cross-Claim                        )
    Plaintiff/Cross-Claim                         )
    Defendant,                                    )
                                               )
    vs.                                           )
                                               )
ULTRA TECH SYSTEMS, INC., a                     )
foreign Corporation,                            )
                                               )
    Defendant, Cross-Claim                        )
    Defendant/Cross-Claim                         )
    Plaintiff and Cross-Claim                     )
    Plaintiff/Defendant,                          )
                                               )
    vs.                                           )
                                               )
OHIO PACIFIC TECH, INC., fka                    )
GMP ASSOCIATES, INC., an Ohio                   )
Corporation                                     )
                                               )
    Cross-Claim                                   )
    Defendant/Plaintiff.                          )
                                               )

## TABLE OF CONTENTS

Page

I.  INTRODUCTION ................................................................. 3

II. STATEMENT OF UNDISPUTED FACTS ................................. 6

III. SUMMARY JUDGMENT STANDARD .................................... 9

IV. RELEVANT LAW AND ARGUMENT ...................................... 11

    A.  UTS' MSJ SHOULD BE STRICKEN AS BEING UNTIMELY AND/OR FAILING TO COMPLY WITH THE LOCAL RULES ... 11

    B.  THE CITY INCORPORATES BY REFERENCE ITS ARGUMENTS AS TO NO CONTRACTUAL RELATIONSHIP, PRIVILEGED ACTIONS, AND STANDING/FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES CONTAINED IN ITS MSJ ........ 11

    C.  UTS' RELIANCE ON ITS VERTICAL SYSTEM TO SATISFY THE EXPERIENCE REQUIREMENT OF THE UV SYSTEM SPECIFICATION IS MISPLACED .................................. 12

        1.  VERTICAL UV SYSTEMS WERE PROHIBITED .............. 12

        2.  EVEN ASSUMING *ARGUENDO* THAT THE UTS VERTICAL SYSTEM COULD BE CONSIDERED, THE FACT THAT THE VERTICAL SYSTEM SATISFIED THE EXPERIENCE REQUIREMENT OF THE UV SYSTEM SPECIFICATIONS IS IRRELEVANT SINCE THE UTS VERTICAL SYSTEM COULD NOT SATISFY THE TESTING/APPROVAL REQUIREMENT CONTAINED IN PART 1.2(A) OF THE UV SYSTEM SPECIFICATIONS ............................ 12-13

    D.  DR. BRUCE BELL OPINED THAT THE UTS SYSTEM WAS PROPERLY REJECTED FOR FAILING TO MEET THE REQUIREMENTS OF THE UV SYSTEM SPECIFICATIONS ...... 15

    E.  ELLNER ADMITTED THAT HE HAS NO EVIDENCE OF ANY INTENT BY THE CITY TO INTERFERE WITH ANY ALLEGED RELATIONSHIP BETWEEN BODELL AND UTS ........................ 15

F.   TO THE EXTENT THAT BODELL IS ASSERTING A TRADE SECRET VIOLATION CLAIM, SUCH CLAIM IS PROCEDURALLY IMPROPER AND IN ANY EVENT, NOT SUPPORTED BY THE EVIDENCE .......................................... 16

G.   GMP WAS NOT THE CITY'S AGENT AND THUS ANY CONDUCT ATTRIBUTABLE TO GMP CANNOT BE IMPUTED TO THE CITY ............................................................... 17

H.   THE EVIDENCE IS CLEAR THAT THE FALSE STATEMENTS MADE BY REPRESENTATIVES OF UTS AND ESI TO HAMADA SUPPORT THE CITY'S CLAIM FOR NEGLIGENT MISREPRESENTATION ............................................................... 17

V.   CONCLUSION ............................................................... 18

# TABLE OF AUTHORITIES

Page

Federal Cases

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) ........................................ 9

Bhan v. NME Hospitas, Inc., 929 F.2d 1404 (9th Cir. 1991) ................................. 10

British Airways Bd. v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978),
    cert. denied, 440 U.S. 981 (1979),
    reh'g denied, 441 U.S. 968 (1979) ...................................................... 10

California Architectural Evidence. Prod., Inc. v. Franciscan Ceramics,
    818 F.2d 1466, 1468 (9th Cir. 1987),
    cert. denied, 484 U.S. 1006 (1988) ...................................................... 11

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) ........................................................ 10

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
    475 U.S. 574, 586 (1986) ..................................................................... 10

Mitsubishi Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) .............. 11

Scharf v. U.S. Attorney General,
    597 F.2d 1240, 1242-1243 (9th Cir. 1979) ....................................... 15

Schroeder v. Owens-Corning Fiberglass Corp.,
    514 F.2d 901, 903 (9th Cir. 1975) ...................................................... 15

T.W. Elec. Serv. v. Pacific Elec. Contractors Assoc.,
    809 F.2d 626, 630 (9th Cir. 1987) ...................................................... 10


State Cases

Blair v. Ing, 95 Hawai'i 247, 269, 21 P.3d 452, 474 (Sup. Ct. 2001) ..................... 17

Robert's Hawaii School Bus v. Laupahoehoe Transportation Co., Inc.,
    91 Hawaii. 224, 257 (1999) ................................................................... 16

Federal Rules

Federal Rules of Civil Procedure 56 ................................................... 9

Federal Rules of Civil Procedure 56(e)............................................. 10

DEFENDANT, CROSS-CLAIM PLAINTIFF/DEFENDANT
AND THIRD-PARTY PLAINTIFF/COUNTERCLAIM DEFENDANT
CITY AND COUNTY OF HONOLULU'S MEMORANDUM IN
OPPOSITION TO CROSS-CLAIM PLAINTIFF/DEFENDANT
ULTRATECH SYSTEMS, INC.'S MOTION FOR SUMMARY JUDGMENT

## I.    INTRODUCTION

COMES NOW, Defendant, Cross-Claim Plaintiff/Defendant and Third-Party Plaintiff/Counterclaim Defendant City and County of Honolulu ("City") and submits this Memorandum in Opposition ("MIO") to the Motion for Summary Judgment ("MSJ") filed by the Cross-Claim Plaintiff/Defendant UltraTech Systems, Inc. ("UTS"). The City has filed its own MSJ seeking the dismissal of all claims by UTS which will be heard at the same time that UTS' MSJ is heard. As such, the City hereby incorporates the law and argument set forth in its MSJ into this MIO. To the extent possible, the City will not repeat the law and argument set forth in its MSJ, but instead use this MIO to address points not raised in the City's MSJ.

As more fully set forth in the City's MSJ, this case arises out of the design and construction of improvements to the Wahiawa Wastewater Treatment Plant ("Project") that were required by a consent decree executed by the City and the State of Hawaii. More specifically, the case involves a substitution request related to the ultraviolet disinfection system ("UV System") that was to be installed as part of the Project. The contract documents prepared by the City's designer, Defendant

Document ID: 399041v1_GGU

and Cross-Claim Plaintiff/Defendant Ohio Pacific Tech, Inc., fka GMP Associates, Inc. ("GMP"), called for the installation of the Trojan 4000 System or something of "equal" quality. The City issued a conditional approval of a UV system manufactured by UltraTech Systems, Inc. ("UTS System") for "bidding purposes only" with the caveat that the UTS System needed to satisfy all of the requirements contained in the contract documents. GMP thereafter advised the City that the UTS System did not meet all of the requirements contained in the contract documents. As a result, the City rejected Bodell's request to utilize the UTS System for the Project.

First, the City asserts that UTS' MSJ should be stricken due to UTS' failure to comply with the deadline set by the Court. Specifically, the deadline set for all dispositive motions was set by the Order filed on January 31, 2006. This Order set extended the dispositive motions deadline to February 17, 2006. UTS' MSJ was untimely as it was filed on February 22, 2006, which was five days after the expiration of the dispositive motions filing deadline. In addition, UTS' MSJ does not comply with Local Rule ("LR") 10.2 regarding font size, and as a result, likely also violates LR 7.5 in regard to exceeding the 30 page limit.

In regard to the substantive arguments raised by UTS in MSJ, the City asserts that UTS has failed to satisfy the standard for summary judgment. First,

Document ID: 399041v1_GGU

there was no contractual relationship between UTS and Bodell, and as such, any

cause of action predicated on such relationship fails as a matter of law.

Second, UTS cannot satisfy the requirements for an interference claim

against the City as the City's actions were privileged. In any event, since there was

no possibility that the UTS UV System could satisfy the requirements of the

Section 11376 of the Project specifications ("UV System Specifications"), UTS'

interference claim fails as a matter of law. Third, UTS does not have standing to

raise claims against the City stemming from the decision to reject the UTS' UV

System since all such remedies are governed by the Hawaii Procurement Code.

Finally, UTS' request for dismissal of the City's Cross-Claim against UTS

and Engineered Systems, Inc. ("ESI") is misplaced. Specifically, at the time that

Ellner and Paul Scott of ESI spoke with City engineer Cyril Hamada ("Hamada")

regarding UTS/ESI's request for pre-approval of the UTS System, Ellner knew that

the UTS vertical UV System did not have the required approval from the

California Department of Health, and the UTS horizontal UV System could not

satisfy the experience requirement. As Hamada relied heavily on Ellner's and/or

Paul Scott's assurances in issuing the December 9, 1999 letter, UTS and/or ESI are

liable to the City for all damages flowing from these false representations. The

fact that representations by Ellner/Scott were not the sole basis for Hamada's

decision is irrelevant as it is clear such representations played a major role in Hamada's decision to draft the December 9, 1999 letter.

As set forth in the City's MSJ, the City seeks a ruling by this Honorable Court granting the City's MSJ. By way of this MIO, the City also seeks a ruling by this Honorable Court denying UTS' MSJ.

## II.    STATEMENT OF UNDISPUTED FACTS

A.    The City admits the facts set forth in paragraphs 1, 4, and 6 of the Concise Statement of Facts submitted in support of UTS' MSJ. The City disputes all other facts set forth in the Concise Statement of Facts submitted in support of UTS' MSJ based on the facts incorporated and set forth herein.

B.    The City hereby incorporates the statement of undisputed facts set forth in its MSJ.

C.    In addition to the statement of undisputed facts set forth in the MSJ, the City respectfully asserts that the following facts are undisputed and directly refute the facts and arguments set forth in UTS' MSJ:

1.    On December 9, 1999, the City issued a letter to Paul Scott regarding the approval of the UTS System for "bidding purposes only" and requiring that the UTS System satisfy all requirements of the Project's contract documents. See Exhibit "A" to the Concise Statement to the MIO.

2.    Part 2.4(A)(3) of Section 11376 of the Project's contract documents (hereinafter "UV System Specifications") prohibited vertical UV Systems.  See Exhibit "B" to the Concise Statement to the MIO.

3.    Ellner admitted that Part 2.4(a)(3) of the UV System Specifications contained language which expressly prohibited vertical UV Systems.  See Exhibit "C" to the Concise Statement to the MIO, pp. 135-138.

4.    Part 1.2(A) of the UV System Specifications required that the UV system "have been tested and certified to meet California Title 22 or Hawaii R-1 quality water."  See Exhibit "B" to the Concise Statement to the MIO.

5.    Ellner understood that the requirements of Part 1.2(A) of the UV System Specifications applied to both UTS' horizontal and vertical UV Systems.  See Exhibit "C",pp. 49-51; 61-62; 66-70.

6.    The UTS vertical UV System is a non-conforming system.  See Exhibit "C" pp. 50-59 attached to the Concise Statement to the MIO, which are relevant pages from the deposition of Ellner.

7.    At the time of Bodell's bid, UTS' vertical UV System did not have the required approval from the California Department of Health indicating confirmation of compliance with California Title 22.  See Exhibit "C to the Concise Statement to the MIO, pp. 176-180.

7

Document ID: 399041v1_GGU

8.      Bodell submitted a Submittal Log, which was included in Bodell's claim binder submitted to the City. See Exhibit "D" to the Concise Statement to the MIO, which is a true and correct copy of Submittal Log.

9.      UTS first received confirmation that its vertical UV System was in compliance with California Title 22 by way of letter dated October 23, 2000 from Richard Sakaji to Ellner. See Exhibit "C" to the Concise Statement to the MIO, pp. 81-84, and Exhibit "E" to the Concise Statement to the MIO, which is the October 23, 2000 letter.

10.      Ellner admitted that the UTS' horizontal UV System did not satisfy the experience requirement set forth in Part 1.2(A) of the UV System Specifications. See Exhibit "C" to the Concise Statement to the MIO, pp. 66-70.

11.      Pursuant to the expert opinion of Dr. Bruce Bell, the UTS System presented by Bodell did not satisfy the requirements of the UV Project Specifications. See Declaration of Bruce Bell attached to the Concise Statement to the MIO.

12.      Another UV System provider by the name of IDI could have provided a horizontal UV System that satisfied the experience requirement set forth in the UV System Specification. See Declaration of Bruce Bell and Exhibit "F" pp. 239-240 attached to the Concise Statement to the MIO, which are relevant pages of the deposition of Lee Mansfield.

13.    Ellner admitted that he has no evidence of any improper or bad faith actions on the part of the City.  See Exhibit "C", pp. 473-474 attached to the Concise Statement to the MIO.

14.    Ellner admitted that he has no evidence of any intent on the part of anyone at the City to interfere with any alleged relationship between Bodell and UTS.  See Exhibit "C", pp. 473-474 attached to the Concise Statement to the MIO.

15.    GMP was not an agent of the City.  GMP instead served as an independent contractor as set forth in Section 4.1.1 of the General Conditions of the City's contract with GMP.  See Exhibit "G" to the Concise Statement to the MIO.

16.    Hamada relied upon the false representations of Ellner and Paul Scott in issuing the December 9, 1999 letter regarding the UTS System.  See Exhibit "A" to the Concise Statement to the MIO, which is a true and correct copy of the December 9, 1999 letter from James Honke to Paul Scott.  See also, Declaration of Cyril Hamada attached to the Concise Statement to the MIO.

## III.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where no genuine issue of material fact exists and a party is entitled to prevail in the case as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Federal Rules of Civil Procedure 56 (c). The moving party has the initial burden of "identifying for the court those

9

portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv. v. Pacific Elec. Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987), citing Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The moving party may meet this burden by pointing out the insufficiency of evidence to support his opponent's claims, and need not proffer evidence which negates these claims. Celotex, 477 U.S. at 323.

If the moving party satisfies its initial burden, the opposing party may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that a dispute exists. Fed.R.Civ.P. 56(e). In addition, the dispute must be genuine. The "opponent must do more than simply show that there is some metaphysical doubt as to the materials facts." Bhan v. NME Hospitas, Inc., 929 F.2d 1404 (9th Cir. 1991) citing, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The opposing party cannot simply assert that it will be able to discredit the movant's evidence at trial. See, T.W. Elec., 809 F.2d at 630. Legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment. British Airways Bd. v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978), cert. denied, 440 U.S. 981 (1979), reh'g denied, 441 U.S. 968 (1979).

Document ID: 399041v1_GGU

Furthermore, if the "factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." California Architectural Evidence. Prod., Inc. v. Franciscan Ceramics, 818 F.2d 1466, 1468 (9th Cir. 1987), cert. denied, 484 U.S. 1006 (1988), citing Mitsubishi Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

## IV.    RELEVANT LAW AND ARGUMENT

### A.    UTS' MSJ SHOULD BE STRICKEN AS BEING UNTIMELY AND/OR FAILING TO COMPLY WITH THE LOCAL RULES

Pursuant to the Order filed on January 31, 2006, the deadline for the parties to file all dispositive motions was February 17, 2006. UTS' MSJ was filed five days late on February 22, 2006. Accordingly, UTS' MSJ should be stricken.

In addition, UTS' MSJ has failed to comply with LR 10.2 regarding font size, and as a result, has likely failed to comply with LR 7.5 regarding page limits since UTS' brief has utilized most of the thirty pages allowed by LR 7.5. The City respectfully asserts that UTS' failure to comply with both the filing deadline and the Local Rules cited above provides a basis for UTS' MSJ to be stricken pursuant to LR 11.1.

### B.    THE CITY INCORPORATES BY REFERENCE ITS ARGUMENTS AS TO NO CONTRACTUAL RELATIONSHIP, PRIVILEGED ACTIONS, AND STANDING/FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES CONTAINED IN ITS MSJ

The City's MSJ sets forth fully the City's arguments regarding the failure of

UTS' interference claim based on the lack of a contractual relationship between

UTS and Bodell, the privilege applicable to the City's actions, and the lack of

standing and/or failure to exhaust administrative remedies by UTS are fully set

forth in the City's MSJ. The City hereby incorporates the law and argument from

its MSJ on these points herein.

C.    **UTS' RELIANCE ON ITS VERTICAL SYSTEM TO SATISFY THE EXPERIENCE REQUIREMENT OF THE UV SYSTEM SPECIFICATION IS MISPLACED**

In addition to the law and argument set forth in the City's MSJ, the City

asserts that UTS' reliance on the UTS vertical UV System is misplaced for the

following reasons:

1.    **VERTICAL UV SYSTEMS WERE PROHIBITED**

Part 2.4(A)(3) of Section 11376 of the Project's contract documents

(hereinafter "UV System Specifications") prohibited vertical UV Systems. <u>See</u>

Exhibit "B" to the Concise Statement to the MIO. Ellner admitted that Part

2.4(a)(3) of the UV System Specifications contained language which expressly

prohibited vertical UV Systems. <u>See</u> Exhibit "C" to the Concise Statement to the

MIO, pp. 135-138. Thus, it is irrelevant that the UTS vertical UV System satisfied

the experience requirement of the UV System Specifications.

2.    **EVEN ASSUMING *ARGUENDO* THAT THE UTS VERTICAL SYSTEM COULD BE CONSIDERED, THE**

**FACT THAT THE VERTICAL SYSTEM SATISFIED THE EXPERIENCE REQUIREMENT OF THE UV SYSTEM SPECIFICATIONS IS IRRELEVANT SINCE THE UTS VERTICAL SYSTEM COULD NOT SATISFY THE TESTING/APPROVAL REQUIREMENT CONTAINED IN PART 1.2(A) OF THE UV SYSTEM SPECIFICATIONS**

Even assuming *arguendo* that the UTS vertical UV System was not prohibited by the UV System Specifications, such UV System still was required to satisfy the other parts of the UV System Specification. In particular, Part 1.2(A) of the UV System Specifications required that the UV system "have been tested and certified to meet California Title 22 or Hawaii R-1 quality water." See Exhibit "B" to the Concise Statement to the MIO. Ellner admitted that the requirements of Part 1.2(A) of the UV System Specifications applied to both UTS' horizontal and vertical UV Systems. See Exhibit "C", pp. 49-51; 61-62; 66-70.

In regard to whether or not the UTS vertical UV System satisfied Part 1.2(A) of the UV System Specifications, Ellner admitted that the UTS vertical UV System is a non-conforming system. See Exhibit "C" pp. 50-59. This fact is relevant because non-conforming systems require approval to confirm that such system confirms with California Title 22 or Hawaii R-1 standards. Id. However, at the time of Bodell's bid, UTS' vertical UV System did not have the required approval from the California Department of Health indicating compliance with California Title 22 or Hawaii R-1. See Exhibit "C" pp. 176-180. It was not until October 23,

Document ID: 399041v1_GGU

2000 that UTS first received confirmation that its vertical UV System was in

confirmed to be conditionally in compliance with California Title 22 See Exhibit

"C" pp. 81-84, and Exhibit "E" which is the October 23, 2000 letter. This approval

came **after** Ellner assured Hamada that the UTS System satisfied all requirements

of the UV System Specifications, Bodell's bid, Bodell's Submittal 30 (which was

Bodell's first official submittal seeking approval of the UTS UV System on August

31, 2000), and Bodell's attempt to submit its second submittal (Submittal 30b) on

October 4, 2000.  See Exhibit "D".

Based on the above, it is clear that UTS' argument that the UTS' vertical UV

System satisfied the experience requirement of the UV System Specification is

irrelevant since the UV System Specification expressly prohibited vertical UV

Systems.  In addition, during the submittal process, UTS did not have the required

approval for its vertical UV System. Without satisfying this requirement, there was

no possibility that the UTS vertical UV System could be approved as satisfying the

requirements of the UV System Specifications.  As neither the vertical nor

horizontal UTS UV Systems (the key testimony and evidence regarding the failure

of the UTS horizontal UV System is set forth in the City's MSJ) could satisfy the

requirements of the UV System Specifications, the rejection of the UTS UV

System was proper.

D. **DR. BRUCE BELL OPINED THAT THE UTS SYSTEM WAS PROPERLY REJECTED FOR FAILING TO MEET THE REQUIREMENTS OF THE UV SYSTEM SPECIFICATIONS**

In addition to the above, the City has obtained the expert opinion of Dr. Bruce Bell, which states that the rejection of the UTS System was proper. See Declaration of Bruce Bell. This opinion is contrary to the expert opinion of Sidney Ellner. While the City asserts that it is entitled to summary judgment on all claims asserted by UTS, the City asserts in the alternative that the conflicting expert reports create a question of material fact such that UTS is not entitled to summary judgment. See Schroeder v. Owens-Corning Fiberglass Corp., 514 F.2d 901, 903 (9th Cir. 1975); Scharf v. U.S. Attorney General, 597 F.2d 1240, 1242-1243 (9th Cir. 1979).

E. **ELLNER ADMITTED THAT HE HAS NO EVIDENCE OF ANY INTENT BY THE CITY TO INTERFERE WITH ANY ALLEGED RELATIONSHIP BETWEEN BODELL AND UTS**

Contrary to the assertion of UTS' MSJ in regard to the alleged improper intentions of the City in regard to the review and rejection of the UTS System, it should be noted that Ellner admitted that he has no evidence of any intent on the part of anyone at the City to interfere with any alleged relationship between Bodell and UTS. See Exhibit "C", pp. 473-474. Thus, contrary to the unsupported argument and innuendo set forth in the MSJ in this regard, Ellner's deposition testimony is clearly to the contrary. In light of the above, the City asserts that all

such allegations and assertions against the City contained in the MSJ should be disregarded. As such, without any evidence of improper action by the City, UTS' interference claim must fail. See Robert's Hawaii School Bus v. Laupahoehoe Transportation Co., Inc., 91 Hawaii. 224, 257 (1999)

F.    **TO THE EXTENT THAT BODELL IS ASSERTING A TRADE SECRET VIOLATION CLAIM, SUCH CLAIM IS PROCEDURALLY IMPROPER AND IN ANY EVENT, NOT SUPPORTED BY THE EVIDENCE**

On page fourteen of UTS' MSJ, there is an allegation that the City released UTS' confidential information in violation of Hawaii's trade secret laws. First, the City asserts that to the extent that UTS is attempting to assert a trade secret violation claim, such claim is precluded by the Minute Order dated February 14, 2006 denying UTS the ability to amend its Cross-Claim to add a trade secret claim. In any event, this statement is misplaced as there is absolutely no evidence that the City did anything improper in regard to any confidential information provided by UTS. In fact, Ellner admitted that he has no evidence of any improper or bad faith actions on the part of the City. See Exhibit "C", pp. 473-474 attached to the Concise Statement to the MIO. Thus, any allegation or inference as to any violation of any trade secret law should be disregarded.

G.    **GMP WAS NOT THE CITY'S AGENT AND THUS ANY
      CONDUCT ATTRIBUTABLE TO GMP CANNOT BE
      IMPUTED TO THE CITY**

On page 14 of UTS' MSJ, UTS states that GMP is the City's agent. This

statement is misplaced because GMP was not an agent of the City, but instead

operated as an independent contractor. This fact is clearly set forth in Section 4.1.1

of the General Conditions of the City's contract with GMP. Thus, any attempt by

UTS to impute GMP's actions to the City should be disregarded.

H.    **THE EVIDENCE IS CLEAR THAT THE FALSE
      STATEMENTS MADE BY REPRESENTATIVES OF UTS AND
      ESI TO HAMADA SUPPORT THE CITY'S CLAIM FOR
      NEGLIGENT MISREPRESENTATION**

UTS' request for dismissal of the City's Cross-Claim against UTS and ESI

is misplaced. In Hawaii, a cause of action for negligent requires the following:

> (1) false information be supplied as a result of the failure to exercise
> reasonable care or competence in communicating the information; (2)
> the person for whose benefit the information is supplied suffered the
> loss; and (3) the recipient relies upon the misrepresentation.

See Blair v. Ing, 95 Hawai'i 247, 269, 21 P.3d 452, 474 (Sup. Ct. 2001).

At the time that Ellner and Paul Scott of Engineered Systems, Inc. ("ESI")

spoke with City engineer Cyril Hamada ("Hamada") regarding UTS/ESI's request

for pre-approval of the UTS System, Ellner knew that the UTS vertical UV System

did not have the required approval from the California Department of Health, and

the UTS horizontal UV System could not satisfy the experience requirement. As

Hamada relied heavily on Ellner's and/or Paul Scott's assurances in issuing the

Document ID: 399041v1_GGU

December 9, 1999 letter, UTS and/or ESI are liable to the City for all damages

flowing from these false representations. The fact that representations by

Ellner/Scott were not the sole basis for Hamada's decision is irrelevant as it is clear

such representations played a major role in Hamada's decision to draft the

December 9, 1999 letter. See Blair, supra.

V.    **CONCLUSION**

In summary, the City respectfully requests that this Honorable Court grant

the City's Motion for Summary Judgment and deny UTS' Motion for Summary

Judgment.

Dated: Honolulu, Hawaii _____April 13, 2006_____.


BERT T. KOBAYASHI, JR.
RONALD T. OGOMORI
GEORGE GUSMAN III
Attorneys for Defendant,
    Cross-Claim Plaintiff/Defendant and
    Third-Party Plaintiff/Counterclaim Defendant
CITY AND COUNTY OF HONOLULU

Document ID: 399041v1_GGU

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

BODELL CONSTRUCTION  )    CIVIL NO. CV03-00706 HG-LEK
COMPANY, a Utah Corporation,  )    (Contract)
                                                           )
       Plaintiff,  )    CERTIFICATE OF SERVICE
                                                           )
   vs.  )
                                                           )
OHIO PACIFIC TECH, INC., fka  )
GMP ASSOCIATES, INC., an Ohio  )
Corporation; CITY AND COUNTY  )
OF HONOLULU; ULTRA TECH  )
SYSTEMS, INC., a foreign Corporation,  )
                                                           )
       Defendant.  )
                                                           )
                                                           )
CITY AND COUNTY OF HONOLULU,  )
                                                           )
       Defendant, Third-Party  )
       Plaintiff, and Counterclaim  )
       Defendant,  )
                                                           )
   vs.  )
                                                           )
ENGINEERED SYSTEMS, INC.,  )
                                                           )
       Third-Party Defendant,  )
       Counterclaim Plaintiff and  )
       Cross-Claim Plaintiff.  )
                                                           )
                                                           )

*Caption continued*

CITY AND COUNTY OF HONOLULU,   )
   )
         Defendant, Cross-Claim   )
         Plaintiff/Cross-Claim   )
         Defendant,   )
   )
      vs.   )
   )
ULTRA TECH SYSTEMS, INC., a   )
foreign Corporation,   )
   )
         Defendant, Cross-Claim   )
         Defendant/Cross-Claim   )
         Plaintiff and Cross-Claim   )
         Plaintiff/Defendant,   )
   )
      vs.   )
   )
OHIO PACIFIC TECH, INC., fka   )
GMP ASSOCIATES, INC., an Ohio   )
Corporation   )
   )
         Cross-Claim   )
         Defendant/Plaintiff.   )
_____   )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the

foregoing document was duly served on the following, in the manner indicated

below, either by depositing the same in the United States Mail, postage prepaid,

first class mail, or by hand delivery of same on the date of filing.

Document ID: 399041v1_GGU

|  | MAIL | HAND DELIVERY |
|---|---|---|
| DAVID SCHULMEISTER, ESQ.<br>KRISTIN S. SHIGEMURA, ESQ.<br>Cades Schutte<br>1000 Bishop Street, Suite 1200<br>Honolulu, Hawaii 96813<br>  Attorneys for Plaintiff<br>  BODELL CONSTRUCTION | | X |
| RICHARD C. SUTTON, JR., ESQ.<br>Sakai Iwanaga & Sutton<br>City Financial Tower, Suite 2307<br>201 Merchant Street<br>Honolulu, Hawaii 96813<br>  Attorneys for Defendant<br>  OHIO PACIFIC TECH CORPORATION, Inc.,<br>  fka GMP ASSOCIATES, INC. | | X |
| CARRIE K. OKINAGA, ESQ.<br>MAILE R. CHUN, ESQ.<br>Department of Corporation Counsel<br>530 S. King Street, Room 110<br>Honolulu, Hawaii 96813<br>  Attorneys for Defendant<br>  CITY AND COUNTY OF HONOLULU | X | |

3

Document ID: 399041v1_GGU

|  | MAIL | HAND DELIVERY |
|--|------|---------------|

ADAM R. BIALEK                           X
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
3 Gannett Drive
White Plains, New York 10604-3407
  Attorney for Defendant
  ULTRA TECH SYSTEMS, INC.


ADRIAN W. ROSEHILL, ESQ.                              X
OWEN H. MATSUNAGA, ESQ.
ALAN J. MA, ESQ.
Gerson & Hieneman
American Savings Bank Tower
1001 Bishop Street Suite 780
Honolulu, Hawaii  96813
  Attorneys for Third-Party Defendant
  ENGINEERED SYSTEMS, INC.

        Dated: Honolulu, Hawaii _____ April 13, 2006 _____.



                    _____
                    BERT T. KOBAYASHI, JR.
                    RONALD T. OGOMORI
                    GEORGE GUSMAN III
                    Attorneys for Defendant,
                      Cross-Claim Plaintiff/Defendant and
                      Third-Party Plaintiff/Counterclaim Defendant
                    CITY AND COUNTY OF HONOLULU