IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION COMPANY, a Utah corporation,<br><br>       Plaintiff,<br><br>    v.<br><br>OHIO PACIFIC TECH, INC., fka GMP ASSOCIATES, INC., an Ohio corporation; CITY AND COUNTY OF HONOLULU; ULTRA TECH SYSTEMS, INC., a foreign corporation,<br><br>       Defendants. | CIVIL NO. 03-00706 (JMS/LEK)<br><br>DECLARATION OF COUNSEL |

DECLARATION OF COUNSEL

DAVID SCHULMEISTER declares as follows:

1.     I am counsel for Plaintiff BODELL CONSTRUCTION COMPANY ("Bodell"), and I make this declaration based on personal knowledge unless otherwise indicated.

2.     Attached hereto as Exhibit "65" is a true and correct copy of a document produced by Defendant City and County of Honolulu ("**City**") from the file of Cyril Hamada, bates-stamped CH01370-1371, which is a December 20, 1999 email from Guy Inouye at the City to Cyril Hamada and Dennis Kaneshiro

with a forwarded email message.

3.    Attached hereto as Exhibit "66" is a true and correct copy of a document produced by Defendant City from the file of Cyril Hamada, bates-stamped CH01395, which is a December 30, 1999 memorandum from Randall K. Fujiki, Director of the City's Department of Design and Construction to Ann Sakurao, Fiscal Officer, Department of Budget and Fiscal Services.

4.    Attached hereto as Exhibit "67" is a true and correct copy of a document produced by Defendant City from the file of Cyril Hamada, bates-stamped CH01410-CH001411, which is a chain of emails between Dennis Kaneshiro and Leslie Toyota at the City, between January 10, 2000 and January 12, 2000.

5.    Attached hereto as Exhibit "68" is a true and correct copy of a document produced by Defendant City from the file of Cyril Hamada, bates-stamped CH01546, which is a March 24, 2000 email with forwarded message from Guy Inouye to Cyril Hamada and Dennis Kaneshiro.

6.    Attached hereto as Exhibit "69" is a true and correct copy of documents produced by Defendant City from the file of Cyril Hamada, bates-stamped CH002525, CH02535, CH02551-CH02554, which are a letter to UTS approving an after bid substitution request, January 10, 2001 fax from Dennis Kaneshiro to Lee Mansfield, and a January 1, 2001 letter from GMP to James

ImanageDB:642514.2

Honke, Chief of Wastewater Design and Engineering.

7.      Attached hereto as Exhibit "70" is a true and correct copy of a document produced by GMP, bates-stamped OPT-02119-OPT-02135, which is the May 9, 2000 Ultraviolet Disinfection Equipment Presubmittal Package submitted by Bodell to GMP.

8.      Attached hereto as Exhibit "71" are a true and correct copies of excerpts from the City's privilege log, reflecting documents that were redacted or withheld by the City on the basis of attorney-client privilege for the period between December 30, 1999 and June 28, 2000.

9.      Attached hereto as Exhibit "72" are a true and correct copies of excerpts from the City's privilege log for documents produced by Cyril Hamada, reflecting documents that were redacted or withheld on the basis of attorney-client privilege for the period between December 30, 1999 and June 28, 2000.

10.     The City recently produced over 2700 new documents that were located in the personal working files of Mr. Cyril Hamada.  These documents were produced *after* Bodell had taken (or started) the depositions of Mr. Hamada, Guy Inouye, Jay Stone and Lee Mansfield.  Many of these documents provide new information on the UV rebid, GMP's involvement in the rebid, and the City's internal communications on the UV submittals that Bodell has not had the opportunity to conduct discovery around.  In addition, several lay witness

depositions have yet to be taken, including the depositions of the senior City managers and HES employees.

11.    The parties have tentatively scheduled additional depositions for late April in this case. Bodell would like to depose and re-depose, among others, Mr. Hamada, Mr. Inouye, Mr. Kaneshiro, James Honke, Eldon Frankin, and Michael Elhoff. Bodell believes that further deposition testimony will result in the discovery of evidence relating to, among other things, (a) GMP's collusion with HES and Trojan to reject the UTS System, (b) GMP's pattern of interference, (c) GMP's failure to follow sole source procurement regulations, (d) GMP's bogus rationales for rejecting the UTS System in favor of the Trojan System, (e) the City's initial intent to rebid the UV equipment and provide Bodell with an equitable adjustment of the contract price, (f) the City's subsequent change of position and decision to require Bodell to provide the Trojan System at no additional cost to the City; and (g) the City engineers' conclusion both pre and post bid, that the UTS System met the Specification and the reasons therefor.

12.    If the Court is inclined to grant summary judgment against Bodell and in favor of either the City or GMP on the basis of the current evidence before the Court, Bodell requests a continuance of the motions pursuant to FRCP Rule 56(f). This request is made in good faith, and is not made solely for the purpose of delay.

ImanageDB:642514.2

13.    I declare, verify and certify that the foregoing is true and accurate to the best of my knowledge.

DATED:  Honolulu, Hawaii, April 13, 2006.

_____
DAVID SCHULMEISTER

ImanageDB:642514.2