James D. Boughey (HSB No. 6546)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
512 Market Street
San Francisco, California 94105-2725
James.Boughey@wilsonelser.com

Adrian Rosehill (3868)
Attorneys for Engineered Systems, Inc.
STUBENBERG & DURRETT
Davies Pacific Center
841 Bishop Street, Suite 2115
Honolulu, Hawaii 96813

Attorneys for Cross-Claim Defendant/Cross-Claim Plaintiff
ULTRA TECH SYSTEMS, INC. and ENGINEERED SYSTEMS, INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION COMPANY, a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>OHIO PACIFIC TECH, INC. f/k/a GMP ASSOCIATES, INC., an Ohio corporation; CITY AND COUNTY OF HONOLULU; ULTRA TECH SYSTEMS, INC., a foreign corporation,<br><br>Defendants.<br>--------------------------------------------------<br>CITY AND COUNTY OF HONOLULU,<br><br>Defendant/Third-Party Plaintiff,<br>v.<br><br>ENGINEERED SYSTEMS, INC., | AFFIDAVIT OF<br><br>GREG ELLNER |

1103487.3

|  |  |
|---|---|
| Third-Party Defendant. | ) |
| CITY AND COUNTY OF HONOLULU, | ) |
| Defendant/Cross-Claim Plaintiff, | ) |
| v. | ) |
| ULTRA TECH SYSTEMS, INC., a foreign corporation, | ) |
| Cross-Claim Defendant/ Cross-Claim Plaintiff. | ) |

STATE OF NEW YORK:    )
                                            ss.:
COUNTY OF PUTNAM:  )

GREG ELLNER, being duly sworn, deposes and says:

1. I am a principal and the president of UltraTech Systems Inc. ("UTS"), a New York based corporation.

2. UTS has been in the business of supplying wastewater disinfection equipment for more than ten years.

3. UTS supplied U.V. systems to over 100 installations throughout the United States, including installations in Hawaii, prior to the Wahiawa Project.

4. I have read the papers submitted seeking summary judgment against UTS and its local representative, Engineered Systems, Inc. ("ESI"). The claims against UTS should be dismissed and UTS' claims should be granted. Simply stated, UTS was misled by the City and Ohio Pacific Technologies f/k/a GMP ("GMP") in the preconstruction process for the Wahiawa project. Moreover, both the City and GMP took affirmative steps, intentionally and perhaps negligently to harm UTS and ESI. UTS and ESI have made claims for the damage that has resulted therefrom and the claims should be granted.

1103487.3

5. In the City's papers, the City has misconstrued my deposition testimony, and misrepresented to the court that I somehow believe the rejection was justified. I categorically deny that UTS' rejection was justified. UTS was capable to supply a system that would meet the specifications, function properly and UTS should have been permitted to do so. It would have saved the City a considerable amount of money and UTS' system would have performed according to the specifications.

6. I have always believed that UTS could and does meet the performance specifications called for by the City in its specifications.

7. I did not concede that UTS could not meet the performance specifications.

8. I did not admit that the specifications contained language which prohibited vertical UV systems. In fact, the specification allows for alternate systems and any interpretation otherwise would have to be accomplished by declaring the specification overly ambiguous.

9. Nevertheless, UTS was fully prepared and capable to provide a horizontal system that met the specification. In fact, UTS submitted a horizontal system and demonstrated it could meet the specifications.

10. With respect to the "moving median requirement" (see Page 17 of the City's motion), this comment demonstrates that the City was attempting to find anything they could to reject UTS. The City claims that UTS did not meet the "7-day moving median requirement" and thus it violated the specification. However, this is a requirement of the "installed" and operating system. In order to obtain a "7-day moving median", our system would have to have been installed and operating. Had the City and GMP waited for the system to be installed, UTS would have met the performance specification.

1103487.3

11. UTS and Bodell Construction Company ("Bodell"), agreed for UTS to provide U.V. equipment for use at the Wahiawa wastewater treatment plant. At the time the purchase order was issued, the only outstanding issue was which system the City would prefer, the vertical or horizontal. It is clear, that both UTS and Bodell proceeded based on our agreement, to furnish a U.V. system. Our actions reflect this. It was based upon this agreement that UTS took the actions it did and expended the resources to furnish the U.V. system.

12. The actions of the City and GMP interfered with the agreement between UTS and Bodell.

13. Moreover, the intentional release of UTS' confidential and proprietary information to one of UTS' prime competitors is highly improper and violated UTS' rights. This release was purposeful to prevent UTS from furnishing the Wahiawa U.V. system. This should not be accepted.

14. The City and GMP's actions throughout the process were improper.

15. UTS and its local representative, ESI were damaged by the actions taken by the City and GMP.

16. As such, I respectfully request that the motions for summary judgment submitted by GMP and the City should be denied and in the alternative, the Court should grant the motions for summary judgment submitted by UTS and ESI. I respectfully refer to the papers submitted by counsel for more support.

GREG ELLNER

Sworn to me this 13th day of April, 2006

MAURA LOOBY
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01LO4921163
QUALIFIED IN PUTNAM COUNTY
COMMISSION EXPIRES MAY 31, 20_26_

1103487.3