CADES SCHUTTE
A Limited Liability Law Partnership

DAVID SCHULMEISTER    2781-0
KRISTIN S. SHIGEMURA    6957-0
1000 Bishop Street, Suite 1200
Honolulu, Hawaii 96813-4216
Telephone: (808) 521-9200
Facsimile: (808) 521-9210
Email:    dschulmeister@cades.com
Attorneys for Plaintiff
BODELL CONSTRUCTION COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION COMPANY, a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>OHIO PACIFIC TECH, INC., fka GMP ASSOCIATES, INC., an Ohio corporation; CITY AND COUNTY OF HONOLULU; ULTRA TECH SYSTEMS, INC., a foreign corporation,<br><br>Defendants. | CIVIL NO. 03-00706 (JMS/LEK)<br>(Contract)<br><br>CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF COMPLIANCE; CERTIFICATE OF SERVICE<br><br>**Hearing:**<br>Date:    May 1, 2006<br>Time:    9:00 a.m.<br>Judge:    Honorable J. Michael Seabright<br><br>**Trial Date:**<br><br>Date: October 17, 2006<br>Time: 9:00 a.m.<br>Judge: Honorable J. Michael Seabright |

ImanageDB:645241.1

CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION FOR SUMMARY JUDGMENT

Plaintiff BODELL CONSTRUCTION COMPANY ("**Bodell**") hereby submits its concise statement in opposition to Defendant City and County of Honolulu's ("**City**") Motion for Summary Judgment, filed February 17, 2006, pursuant to and in accordance with Rule 56.1 of the Local Rules of the United States District Court for the District of Hawaii.

Facts 1-33 referenced herein correspond to Defendant City and County of Honolulu's Concise Statement of Facts in Support of Its Motion For Summary Judgment, filed February 17, 2006 ("**City Concise Statement**").

Plaintiff also hereby incorporates by reference The Concise Statement of Facts in Support of Plaintiff Bodell Construction Company's Motion for Summary Judgment Against Defendant City and County of Honolulu on Counts I and II of the First Amended Complaint filed February 13, 2004, filed January 9, 2006, ("**Bodell CS**"), the Declaration of David Schulmeister, Declaration of Leroy Humke, Exhibits 1-36; Declaration of Sydney Ellner, Exhibits 1-7; and Declaration of Armand Cote; Exhibits 1-11, attached to Bodell Construction Company's Motion for Summary Judgment Against Defendant City and County of Honolulu on Counts I and II of the First Amended Complaint filed February 13, 2004, filed January 9, 2006 ("**Bodell MSJ**"), and the Concise Statement of Facts in

Opposition to Defendant Ohio Pacific Tech Corporation, Inc. fka GMP Associates, Inc.'s Motion for Summary Judgment, and Bodell Exhibits 37-64.

I.  **ADMITTED FACTS**

    Bodell agrees with the following facts set forth in the City Concise Statement: 1, 2, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 24, 25, 26, 27.

II.  **DISPUTED FACTS**

3.    Disputed. Although upgrades to the WWTP were mandated by a Consent Decree between the City and the State, the particular specifications and equipment for the Project were not articulated or specifically required by the Consent Decree. See City Concise Statement, Exhibit "A".

4.    Disputed. See explanation to No. 3, above.

5.    Disputed. See explanation to No. 3, above.

7.    Disputed. The language in Section 11376 of the Project Specifications is different. See Bodell MSJ, Ex. 3.

19.    Disputed. Exhibit "H" is ESI's response to the City's request for additional information about the UTS System after bid opening. The City had at that time already approved the UTS UV system as an equal for "bidding purposes." See City Concise Statement, Exhibit F.

23.    Disputed. Bodell did inquire about the status of elimination of bid item 81 and discuss the proposed deletion with the City. See Bodell MSJ, Exhibits 14 and 16.

28.    Disputed. Mr. Humke testified to much more than that in different detail.

29.    Disputed. GMP claimed to have made such a determination, but evidence demonstrates this conclusion was false. See Bodell MSJ, Declarations of Syndey Ellner and Armand Cote, Exhibits 1-11.

30.    Disputed. See 4/13/06 Affidavit of Greg Ellner.

31.    Disputed. See 4/13/06 Affidavit of Greg Ellner.

32. Disputed. See 4/13/06 Affidavit of Greg Ellner.

33. Disputed. See 4/13/06 Affidavit of Greg Ellner.

## III. NEW MATERIAL FACTS

| | | |
|---|---|---|
| 1. | The City's in-house project engineer for the Project, Cyril Hamada, was aware prior to the completion of the Project specifications by GMP that industry studies indicated that both horizontal and vertical low pressure systems were not "proprietary" and yet were reliable and could disinfect wastewater to California Title 22 standards. | Ex. 37 |
| 2. | Hamada believed that the Project specifications should, therefore, not be "proprietary" and authored the October 23, 1998 memorandum signed by James Honke to that effect as well as the December 9, 1999 James Honke signed prebid substitution approval letter for UTS. | Ex. 1; Ex. 9 |
| 3. | Dennis Kaneshiro of the City advised Lee Mansfield of GMP on October 30, 1999 that if there was only one UV system "qualifier," "please call us soon to get a 'sole source' approval." This never occurred. | Ex. 44. |
| 4. | On December 21, 1999, the City held a meeting to discuss Trojan's "threat of protest" regarding the City's prebid substitution approval for UTS. | Ex. 65 |
| 5. | By December 30, 1999, the City had decided to delete the UV equipment from Bodell's contract. | Exs. 14, 66. |
| 6. | Between December 30, 1999 and June 28, 2000 there were numerous internal communications at the City, and discussions with attorneys from the Department of Corporation Counsel, regarding the fact that the City's pre-bid approval letter for UTS was an error and the City would rebid the UV equipment separately. | Exs. 15, 18, 23, 33 at pp. 85-93; 71 (privilege log), 72 (privilege log) |
| 7. | There was confusion within the City until at least April 4, 2000 regarding whether the job of preparing the rebid specification for the UV equipment was to by done internally by Hamada or instead by the City's retained consultant, GMP. | Exs. 15, 18, 47, 48. |

| 8. | The City's confusion regarding who was to prepare the rebid spec and the resulting delay prompted concern regarding whether, in view of the impending deadline imposed by the Consent Decree, there was enough time to follow required procurement procedures to obtain the UV equipment separately. | Exs. 23, 68. |
|---|---|---|
| 9. | The last document produced by the City that refers to the rebid of the UV equipment, is dated June 28, 2000 and questions whether it would still be realistic to rebid the UV equipment and "have the UV installed by March 1, given all the admin., procurement, and technical hoops that we have to jump through?" | Ex. 23 |
| 10. | When UTS sought post bid substitution approval for its vertical system, Hamada apparently thought it should be approved as indicated by a draft approval letter recently produced from his files, yet the City nonetheless rejected it on GMP's advice. | Ex. 69. |

DATED: Honolulu, Hawaii, April 13, 2006.

          CADES SCHUTTE
          A Limited Liability Law Partnership

          _____
          DAVID SCHULMEISTER
          KRISTIN S. SHIGEMURA
          Attorneys for Plaintiff
          BODELL CONSTRUCTION COMPANY