Last Edited: 9/10/2004 1:25:00 PM
Document ID: 367705v1_RTO

Of Counsel:
KOBAYASHI, SUGITA & GODA
BERT T. KOBAYASHI, JR.      659-0
RONALD T. OGOMORI           5850-0
GEORGE GUSMAN               6914-0
999 Bishop Street, Suite 2600
Honolulu, Hawaii, 96813
Telephone: 539-8700
and
DAVID Z. ARAKAWA            2908
Corporation Counsel
MAILE R. CHUN               4906
Deputy Corporation Counsel
City and County of Honolulu
Telephone: (808) 527-5351
Fax No.: (808) 523-4583
E-Mail address: mchun@co.honolulu.hi.us

Attorneys for Defendant
CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION COMPANY, a Utah Corporation, | CIVIL NO. CV03-00706 HG-LEK (Contract) |
| Plaintiff, | DECLARATION OF CYRIL HAMADA |
| vs. | |
| OHIO PACIFIC TECH, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation; CITY AND COUNTY OF HONOLULU; ULTRA TECH SYSTEMS, INC., a foreign Corporation, | |
| Defendant. | Trial Date: April 12, 2005 |

## DECLARATION OF CYRIL HAMADA

STATE OF HAWAII              )
                             )  SS.
CITY AND COUNTY OF HONOLULU  )

      I, CYRIL HAMADA, declare as follows:

      1.     I am competent to make this declaration and do so upon personal knowledge unless otherwise indicated.

      2.     I currently hold a position of Civil Engineer V in the City and County of Honolulu ("City").

      3.     I am thoroughly familiar with the design phase of the construction project related to the Wahiawa Wastewater Treatment Plant, which is identified as Wahiawa WWTP Effluent Reuse and Wahiawa Reservoir Outfall Adjustment, Job No. W10-99, Contract No. F-97110 ("Project") and is the subject of the above-captioned lawsuit.

      4.     I served as the Project Engineer on the Project. More specifically, my duties in regards to the Project consisted of monitoring the preparation of the construction documents, review of correspondence by and between the City's consultants, and general overview and monitoring of the progress of the Project to ensure that the City complied with the Consent Decree.

2

5. Exhibit "A" attached hereto is a true and correct copy of the Consent Decree between the City and State of Hawaii ("State") filed in the First Circuit Court of the State of Hawaii on March 2, 1998. The City keeps a copy of the Consent Decree in the City's files in the ordinary course of business.

6. Exhibit "B" attached hereto is a true and correct copy of amendment no. 3 to the contract between the City and Defendant Ohio Pacific Tech, Inc. fka GMP Associates, Inc. ("GMP") for GMP to provide engineering design services for the Project.

7. Exhibit "C" attached hereto is a true and correct copy of Section 11376 of the Project Specifications, which sets forth the requirements for the ultraviolet disinfection system ("UV System") for the Project. I keep a copy of the Section 11376 of the Project Specifications in my files in the ordinary course of my business as a Civil Engineer V with the City.

8. In November of 1999, the City solicited bids for the Project.

9. Exhibit "D" attached hereto is a true and correct copy of a letter dated November 18, 1999 from Paul Scott of Engineered Systems, Inc. ("ESI") to the City. I keep a copy of Paul Scott's letter dated November 18, 1999 in my files in the ordinary course of my business as a Civil Engineer V with the City.

10. Upon receipt of Exhibit "D" from ESI, I contacted Paul Scott of ESI by telephone to inquire whether the ultraviolet disinfection system

3

manufactured by UTS ("UTS UV System") would meet the requirements of the Project Specifications. Paul Scott and I then participated in a telephone conference with Greg Ellner, wherein Greg Ellner and/or Paul Scott represented to me that the UTS UV System would meet Title 22 requirements, fit within the space provided for in the Project's plans for the ultraviolet disinfection system and would meet the experience requirements contained in Section 11376 of the Project Specifications. I subsequently participated in a number of other telephone conferences with Paul Scott and Greg Ellner where the qualifications and/or characteristics of the UTS UV System were discussed.

11. In summary, I was assured by Paul Scott and/or Greg Ellner that the UTS UV System would satisfy the requirements contained in Section 11376 of the Project Specifications.

12. In reliance upon these representations and my independent engineering judgment, I drafted a letter to Mr. Scott for James Honke's signature, wherein the City approved the UTS System "for bidding purposes only." However, in the same letter, I included language that warned ESI that the City's final approval of the UTS System would be "subject to review of the fabrication drawings, shop drawings, and meeting all the requirements of the contract documents." Exhibit "E" attached hereto is a true and correct copy of a letter dated December 9, 1999 from James Honke to Paul Scott. I keep a copy of the letter

dated December 9, 1999 in my files in the ordinary course of my business as a Civil Engineer V with the City.

13.  Even in light of this caveat in the City's letter to Mr. Scott, Doug Martin of ESI sent a letter dated December 13, 1999 to various contractors, including Plaintiff Bodell Construction Company ("Bodell"), representing that the UTS UV System in fact met all of the requirements of the Project Specifications. The City keeps a copy of the December 13, 1999 letter in the City's files in the ordinary course of business.

14.  Bodell bid on the Project utilizing the UTS UV System in its bid.

15.  Bodell was the successful low bidder on the Project.

16.  The City subsequently requested that ESI provide the City with additional information relating to the UTS UV System. In response, the City received a letter from Paul Scott of ESI dated December 27, 1999 declining the City's request. Exhibit "G" attached hereto is a true and correct copy of a letter addressed to me dated December 27, 1999 from Paul Scott. I keep a copy of Paul Scott's letter dated December 27, 1999 in my files in the ordinary course of my business as a Civil Engineer V with the City.

Last Edited: 9/10/2004 1:25:00 PM
Document ID: 367705v1_RTO

Pursuant to LR07.6, <u>Motions; Affidavits and Declarations</u>, I declare under penalty of perjury that the foregoing is true and correct.

Executed in Honolulu, Hawaii on  10 September , 2004.

_____
CYRIL HAMADA