CADES SCHUTTE
A Limited Liability Law Partnership

DAVID SCHULMEISTER    2781-0
KRISTIN S. SHIGEMURA    6957-0
1000 Bishop Street, Suite 1200
Honolulu, Hawaii 96813-4216
Telephone: (808) 521-9200
Facsimile: (808) 521-9210
Email: dschulmeister@cades.com
Attorneys for Plaintiff
BODELL CONSTRUCTION COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION COMPANY, a Utah corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>OHIO PACIFIC TECH, INC., fka GMP ASSOCIATES, INC., an Ohio corporation; CITY AND COUNTY OF HONOLULU; ULTRA TECH SYSTEMS, INC., a foreign corporation,<br><br>          Defendants. | CIVIL NO. 03-00706 (JMS/LEK)<br>(Contract)<br><br>CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANT OHIO PACIFIC TECH CORPORATION, INC. fka GMP ASSOCIATES, INC.'S MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF COMPLIANCE WITH L.R. 7.5 AND 56(d); CERTIFICATE OF SERVICE<br><br>**Hearing:**<br>Date:     May 1, 2006<br>Time:    9:00 a.m.<br>Judge:   Honorable J. Michael Seabright<br><br>**Trial Date:**<br>Date:    October 17, 2006<br>Time:   9:00 a.m. |

## CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANT OHIO PACIFIC TECH CORPORATION, INC. fka GMP ASSOCIATES, INC.'S MOTION FOR SUMMARY JUDGMENT

Plaintiff BODELL CONSTRUCTION COMPANY ("Bodell") hereby submits its concise statement in opposition to Defendant-Counterclaimant Ohio Pacific Tech Corporation, Inc. fka GMP Associates, Inc.'s ("GMP") Motion for Summary Judgment, dated January 9, 2006, pursuant to and in accordance with Rule 56.1 of the Local Rules of the United States District Court for the District of Hawaii.

Facts 1-30 referenced herein correspond to Defendant Ohio Pacific Tech Corporation, Inc. fka GMP Associates, Inc.'s Separate and Concise Statement of Facts in Support of Defendant-Counterclaimant GMP Hawaii. Inc.'s Motion For Summary Judgment, filed January 9, 2006 ("GMP Concise Statement").

Plaintiff also hereby incorporates by reference the Concise Statement of Facts in Support of Plaintiff Bodell Construction Company's Motion for Summary Judgment Against Defendant City and County of Honolulu on Counts I and II of the First Amended Complaint filed February 13, 2004, filed January 9, 2006, ("Bodell CS"), and the Declaration of David Schulmeister, Declaration of Leroy Humke, Exhibits 1-36; Declaration of Sydney Ellner, Exhibits 1-7; and Declaration of Armand Cote; Exhibits 1-11, attached to Bodell Construction Company's

Motion for Summary Judgment Against Defendant City and County of Honolulu on Counts I and II of the First Amended Complaint filed February 13, 2004, filed January 9, 2006 ("Bodell MSJ").

I.  **AGREED FACTS**

Bodell agrees with the following facts set forth in the GMP Concise Statement: 1, 2, 4, 5, 6, 7, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 23, 24.

II. **DISPUTED FACTS**

3.  Disputed. This is a misleading statement. By the time the notice to proceed was issued to Bodell on May 10, 2000, the City knew it would need to obtain an extension of the Consent Decree deadline. The Consent Decree was subsequently amended, and the new deadline for completion of upgrades and improvements was August 31, 2001. Even the City concedes in its MSJ that the deadline was August 31, 2001. See City Concise Statement of Facts, filed 2/17/06, Exhibit "A".

8.  Disputed. Brown and Caldwell only recommended a medium pressure system. Mot., Exhibit C at C026043. The City discouraged the use of proprietary equipment, which the Trojan 4000 system was, because of bidding protests. Bodell MSJ, Ex. 1. GMP, not Brown and Caldwell, supplied the requirement that the system be horizontal.

9.  Disputed. See explanation to No. 8, above.

10. Disputed. This section must be read in conjunction with the General Instructions to Bidders which provides a procedure by which a product may be pre-approved by the City as a substitute for a specified product. Bodell MSJ, Ex. 2.

21. Disputed. UTS offered Bodell quotes on both horizontal and vertical systems. Bodell MSJ, Ex. 10. The UTS 12/16/99 fax states that UTS is prepared to offer either the vertical or the horizontal system. Mot., Ex. 50.

25. Disputed. See Exhibit 63, 2/17/06 Affidavit of Greg Ellner at ¶ 21.

26. Disputed. See explanation to No. 25, above. In the testimony quoted, Ellner was stating in an email what he anticipated GMP and the City would argue

against the UTS system, not that he agreed with this argument.

27. Disputed. GMP's purported reason for rejecting UTS's submissions was failure to meet the experience requirement. However, no product other than the Trojan system could meet the experience requirement as it was interpreted by GMP. See Bodell MSJ, Declaration of Sydney Ellner at ¶¶ 26-27.

28. Disputed. GMP prepared lists of purported reasons why each of UTS's submissions did not meet the specifications. GMP, however, was colluding with HES and Trojan to find reasons to reject the UTS Submissions. See Exhibits 49-53, 55, 57, 58, 60.

29. Disputed. The UTS systems met the Project Specifications. See explanation to No. 25, above.

30. Disputed. The project could have met the Consent Decree deadline even if an UTS System was installed. See Bodell MSJ, Declaration of Armand Cote, Exhibits 1-11. However, Bodell was instructed by the City and GMP to purchase and install a Trojan system.

## III. NEW MATERIAL FACTS

| 1. | GMP was intent on ensuring that the Trojan Technologies ("Trojan") UV4000 system would be used for the Wahiawa project. | Exs. 39, 40, 43, 45, 49-53, 55, 57, 58, 60. |
|---|---|---|
| 2. | On 8/18/99 GMP sought Hawaii Engineering System's ("HES") confirmation that the Trojan low-pressure vertical system could not fit in the Project boundaries, because another vendor was claiming its low-pressure system could fit. | Ex. 39 |
| 3. | Hawaii Engineering forwarded GMP's 8/18/99 request to Trojan. | Ex. 40 |

| 4.  | Infilco Degremont ("IDI"), a manufacturer of low-pressure UV systems and competitor of Trojan, provided GMP with a quote for possible use of the IDI system in the Project. | Ex. 41 |
|---|---|---|
| 5.  | Despite IDI's request for follow up on its quote submission, GMP does not recall responding to IDI. | Exs. 41-42, 43 at p. 212. |
| 6.  | GMP knew since 1997 that vertical and horizontal low pressure systems were Title 22 compliant, non-proprietary and cheaper than the Trojan System. | Exs. 37, 38 |
| 7.  | GMP knew that if there was only one system that was acceptable, it needed to obtain sole source approval. | Ex. 44. |
| 8.  | GMP knew that Bodell's bid was based on the UTS UV system. | First Amended Complaint ("FAC") at 78. |
| 9.  | Immediately after bid opening when it was apparent that Bodell had based its bid on the UTS system, GMP reminded the City that it had rejected the UTS System. | Ex. 45. |
| 10. | GMP knew that Bodell executed a contract with the City that was based on its bid submission. | FAC at ¶ 81. |
| 11. | GMP was supposed to draft the UV rebid documents. | Exs. 47, 48. |
| 12. | GMP asked for a copy of the UTS proposal so their subconsultant could come up with knowledgeable questions. | Ex. 49. |
| 13. | GMP used HES and Trojan as consultants on the UTS proposal. | Exs. 49-53, 55, 57, 58. |
| 14. | GMP asked HES and Trojan for information about prior installations and dose calculations for the UTS system. | Exs. 49-53, 55, 57, 58. |
| 15. | GMP admits it may have released UTS's confidential and proprietary information to HES. | Ex. 62 at p. 300. |
| 16. | GMP performed multiple calculations to test the accuracy of the UTS disinfection rates. | Ex. 56, 59. |
| 17. | GMP did not have any program to attempt to recreate or validate the dosage calculations that Trojan supplied to GMP, Trojan did not submit a submittal to GMP or share its calculations with GMP or supply GMP with test data about disinfection rates. | Ex. 43 at pp. 151-58. |

| 18. | GMP has no explanation why UTS and Trojan were treated differently with respect to proof of disinfection rates. | Ex. G at 158. |
|---|---|---|
| 19. | Based on GMP's rejection of the UTS System, the City directed Bodell to supply and install the Trojan System. | FAC at ¶¶ 83-84 |

DATED: Honolulu, Hawaii, April 13, 2006.

CADES SCHUTTE
A Limited Liability Law Partnership

_____
DAVID SCHULMEISTER
KRISTIN S. SHIGEMURA
Attorneys for Plaintiff
BODELL CONSTRUCTION COMPANY