UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION, a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OHIO PACIFIC TECH CORPORATION, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation; CITY AND COUNTY OF HONOLULU; ULTRATECH SYSTEMS, a Foreign Corporation,<br><br>Defendants. | CIVIL NO. CV03-00706 HG-LEK<br><br>DECLARATION OF LEE MANSFIELD |
| CITY AND COUNTY OF HONOLULU,<br><br>Defendant,<br>Cross-Claim Plaintiff,<br>Cross-Claim Defendant<br><br>vs.<br><br>ULTRATECH SYSTEMS, a Foreign Corporation,<br><br>Defendant,<br>Cross-Claim Defendant,<br>Cross-Claim Plaintiff, | (Caption Continued) |

| |
|---|
| OHIO PACIFIC TECH, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation,<br><br>      Defendant,<br>      Cross-Claim Plaintiff<br>      Cross-Claim Defendant<br><br>vs.<br><br>ULTRATECH SYSTEMS, a Foreign Corporation<br><br>      Defendant,<br>      Cross-Claim Defendant,<br>      Cross-Claim Plaintiff, |

## **DECLARATION OF LEE MANSFIELD**

I, LEE MANSFIELD, declare that this Declaration is provided upon personal information and belief and is true to the best of my knowledge.

    1.    This litigation arises from the design and construction of the Wahiawa Wastewater Treatment Plant Conversion and Effluent Disposal System including ultraviolet disinfection upgrades (hereinafter the "Project")

2. In the Preliminary Engineering Report, Brown and Caldwell recommended a medium pressure ultraviolet disinfection system to reduce space requirements and provide a system that automatically self-cleans the light bulbs. Exhibit "A" is a true and correct copy of excerpts from the Preliminary Engineering Report on the project dated March 1999 pg 5-23; 5-24.

3. The City and County of Honolulu retained GMP as the engineering consultant for the design of the Project by contract dated, December 4, 1996. Exhibit "B" is a true and correct copy of excerpts of the design Contract dated December 4, 1996.

4. The City and County of Honolulu also retained GMP as the construction manager for the Project by separate contract dated, December 30, 1999. Under this contract, GMP was to determine that the Project was constructed pursuant to the plans and specifications. Exhibit "O" is a true and correct copy of excerpts of the Construction Management Contract Dated December 30, 1999.

5. On Brown and Caldwell's recommendation and on GMP's experience, GMP used as a basis of the design for the project a Trojan 4000 unit, a horizontal lamp medium pressure system.

6. GMP prepared the plans and specification for the Project which used for the Trojan 4000 system as the basis of design and therefore called for the Trojan 4000 system or "equal" for the disinfection system. Exhibit "C" is a true and correct copy of excerpts of the Specifications of Section 11376 "Ultraviolet Disinfection Equipment". ("Specifications") at Section 11376, 1.2B "Basis of Design"; 2.1A "Manufacturer".

7. The usual procedure for substitutions in a project for the City and County of Honolulu requires approval of an alternate supplier in advance of the contractor submitting bids.

8. Ultra Tech made three attempts to comply with Project Specifications and each was rejected for failure to comply with the contract specifications.

9. GMP prepared a list of deficient items for each submission which Ultra Tech did not meet including comment

3 which is the "experience requirement" Exhibit "K" is a true and correct copy of the Submittal Review Comments by GMP for Submittal 30 Dated September 7, 2000. Comment No.3 is the "experience requirement" under the specifications Exhibit "L" is a true and correct copy of the Submittal Review Comments by GMP for Submittal 30B Dated November 28, 2000. Comment No.3 is the "experience requirement" under the specifications Exhibit "M" is a true and correct copy of the Submittal Review Comments by GMP for Submittal 30C Dated December 19, 2000. Comment No.3 is the "experience requirement" under the specifications

10. After failing to meet the horizontal lamp requirements Ultra Tech then tried to make a substitution for low pressure vertical lamp system which was also rejected.

11. I was Principal-In-Charge of the Design contract (Exhibit D) for GMP on this project.

12. I make this declaration based on my personal knowledge and am competent to testify as to the matters set forth herein.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, _____.


_____
LEE MANSFIELD

*[handwritten note: "Signature missing - attempt to call - line busy 4:30p"]*