DEPARTMENT OF DESIGN AND CONSTRUCTION
# CITY AND COUNTY OF HONOLULU
650 SOUTH KING STREET, 11™ FLOOR
HONOLULU, HAWAII 96813
Phone: (808) 523-4564 • Fax: (808) 523-4567
Web site: www.co.honolulu.hi.us



JEREMY HARRIS
MAYOR

TIMOTHY E. STEINBERGER, P.E.
DIRECTOR

GEORGE T. TAMASHIRO, P.E.
ASSISTANT DIRECTOR

WW.C 03-108

May 12, 2003

Mr. David Schulmeister
Cades Schutte
1000 Bishop Street, Suite 1200
Honolulu, Hawaii 96813

Dear Mr. Schulmeister:

Subject:    Wahiawa Wastewater Treatment Plant
Effluent Reuse and Reservoir Outfall Adjustment
Job No. W10-99, Contract No. F-96349

In regards to your letter dated January 14, 2003 claiming on behalf of Bodell Construction Company additional compensation due to the City and County of Honolulu's rejection of the Ultra Tech, Inc. ("Ultra Tech") ultraviolet ("UV") disinfection system, the claim is rejected based upon the following analysis:

## A. Background

The following time line regarding the submittal and review of the Ultra Tech system (extracted from the project documents) illustrates GMP's determination was one of fair and dedication to enforcing the specifications and protecting the City's interests:

| | |
|---|---|
| March 2, 1998 | Consent Decree between State of Hawaii and City and County of Honolulu requiring treated effluent from Wahiawa Wastewater Treatment Plant to meet R-1 or R-2 Water Guidelines in compliance with the Clean Water Act within three years or be subject to substantial penalties. |
| November 15, 1999 | Contract Document Section 11376 - ULTRAVIOLET DISINFECTION EQUIPMENT Part 1.2 A-Qualification Requirements-successful performances at five other wastewater locations with peak flow of 5 MGD and meet Hawaii R-1 Quality Water 2.3 A & B Performance and Design Criteria Performance Requirement Addendum 2. |

Exhibit F

B00018

Mr. David Schulmeister      -2-      May 12, 2003

| Date | Event |
|---|---|
| November 18, 1999 | Material Substitution Request for Ultratech Systems-not considered equal as insufficient information submitted was only supplied sales brochure |
| December 9, 1999 | Letter from James Honke to Engineered Systems re Substitution Request "Substitute Ultratech UV disinfection system for the specified Trojan is approved for bidding purposes only...Final approval is subject to review of the fabrication drawings, shop drawings, and meeting all the Requirements of the contract documents." |
| December 16, 1999 | Bid opening |
| April 28, 2000 | Letter from Bodell Construction to Ultratech requiring data including "Proof that you meet or exceed the performance and design requirements per spec. section 11376, 2.3 A & B (see also addendum #2) |
| May 10, 2000 | Notice to Proceed date |
| June 8, 2000 | Bodell advised GMP during the weekly meeting that Ultra Tech will make formal submittal. No date was provided. |
| June 22, 2000 | No date for submittal was provided. During the weekly meeting Bodell indicated that Ultra Tech will abide by the design drawings and will request no changes. |
| June 29, 2000 | Bodell advised GMP during the weekly meeting that formal submittal from Ultra Tech will be made by July 21, 2000. |
| July 6, 2000 | During the weekly meeting Bodell stated that they are proceeding with constructing the UV channel in accordance with the contract drawings. |
| July 20, 2000 | During the weekly meeting Bodell indicated that the UV submittal would not be available by July 21, 2000 as previously stated. |
| July 27, 2000 | During the weekly meeting Bodell stated that there is no date for Ultra Tech submittal. |
| August 3, 2000 | During the weekly meeting Bodell still could not provide a new date for the submittal. Stated that they will send letter to Ultra Tech explaining how critical the submittal is. |
| August 10, 2000 | Still no submittal. During the weekly meeting GMP advised Bodell to give Ultra Tech a deadline to make the submittal. |

B00019

Mr. David Schulmeister                  - 3 -                         May 12, 2003

| | |
|---|---|
| August 11, 2000 | GMP sent a letter to Bodell advising the seriousness of the UV submittal issue and its impact on the completion date of the contract. |
| August 17, 2000 | During the weekly meeting Bodell told GMP that the Ultra tech submittal will be made by August 31, 2000. |
| August 31, 2000 | The Ultra Tech submittal (submittal No. 30) was provided. According to the construction schedule by Bodell, submittal review and approval should have begun by the third week of May 2000 and completed by the first week of August 2000. This equipment was on Bodell's construction critical path. |
| September 7, 2000 | Submittal No. 30 was rejected by GMP and returned to Bodell. Eighteen comments were identified as reasons for the rejection. |
| October 4, 2000 | GMP, conscious of the completion date for the UV facility to be tested, accepted and in operation by April 24, 2001 and realizing that the UV facility installation is 7 weeks behind schedule, issued a letter to Bodell advising that Ultra Tech submittal will no longer be considered. |
| October 6, 2000 | Bodell attempted to deliver Ultra Tech Submittal No.30b for review by GMP. That submittal was rejected without review citing the letter dated October 4, 2000. Bodell realizing the critical time issue advised that a proposal from Trojan would be forthcoming and will be submitted as soon as possible.<br><br>Bodell sent a letter to GMP stating that Bodell will be procuring the Trojan System |
| October 25, 2000 | GMP receives a letter from Bodell's attorney requesting a meeting with the City and GMP to request a review of the Ultra Tech submittal. |
| November 2, 2000 | Bodell attempted to deliver Ultra Tech Submittal No.30b, despite the fact they indicated (October 6, 2000) that a proposal from Trojan was forthcoming. GMP declined to accept the submittal 30b citing their letter dated October 4, 2000. |
| November 8, 2000 | The City instructed GMP to request Bodell to resubmit the Ultra Tech submittal. Bodell delivered the Ultra Tech submittal No.30b. |

B00020

Mr. David Schulmeister           - 4 -           May 12, 2003

> The City sent a letter advising Bodell that the UV disinfection system is behind schedule but in the interest of fairness the City will review the Ultra Tech submittal 30b.

November 22, 2000    City's review comments on the Ultra Tech Submittal 30b

November 28, 2000    GMP rejected submittal No. 30b citing noncompliance with specification 11376 on two issues. One issue related to performance on similar projects, and the second related to testing requirements. Bodell indicated that he will attempt to make another submittal, which would comply with the two items cited in the rejection.

December 15, 2000    Bodell delivered Ultra Tech's Submittal No. 30c.

December 19, 2000    GMP reviewed submittal No. 30c and concluded that it was not different from submittal No. 30b and thus was rejected.

## B. Response to Mr. Schulmeister's Synopsis of Claim

> *"The Project Specifications called for Trojan UV System, "or equal." and*
> *"Prior to the bid submission deadline, the City reviewed Ultra Tech's technical specifications, and approved the Ultra Tech UV system "'for bidding purposes.'"*

The City's letter dated December 9, 1999 indicated that "Final Approval is subject to review of the fabrication drawings, shop drawings, and MEETING ALL THE REQUIREMENTS OF THE CONTRACT DOCUMENTS."

The requirements of the contract documents included the Quality Assurance and Performance and Design Requirements of Section 11376. At the time of the bid submission, Bodell and Ultra Tech had not submitted the required information. Bodell alleged that they urged Ultra Tech to promptly supply the information, but after repeated attempts, Ultra Tech was unable to meet the requirements.

> *"In reasonable reliance on the City's approval of the Ultra Tech system 'for bidding purposes,' Bodell used Ultra Tech's quote— which was substantially lower than Trojan's quote—in its Bid Proposal to the City."*

The Contractor has the ultimate responsibility to comply with the contract documents including all the specifications. The contractor had the option to base his bid on the specified equipment or offer an acceptable substitute. Bodell chose to base his bid on the Ultra Tech equipment with the full knowledge that Ultra Tech still had to meet all the requirements of the contract documents.

B00021

Mr. David Schulmeister           - 5 -                    May 12, 2003

> *"After bid opening, but before executing the Contract, the City asked Bodell how much Bodell would credit the City if the City chose to purchase the Trojan system itself, or to rebid the UV disinfection equipment to different specifications."*

When the City verbally requested the amount of credit if the UV system was to be removed from the Bid, the City was exercising its contract right to request information and documentation prior to executing the contract. Requesting information did not alter or change the contract documents.

> *"Even before any submittals were made, GMP announced at an April 27, 2000 site meeting that the Ultra—Tech system could not meet the specifications."*

Bodell's letter to Ultra Tech of April 28, 2000 refutes this assertion. Concerning the meeting, Bodell stated..."It was stated at the meeting that the Trojan system is preferred and that they do not think the Ultra Tech system can conform to the channel and meet the delivered dose requirements of this project as specified."

Bodell then required Ultra Tech to provide seven categories of information including: 2. "Proof that you meet or exceed the performance and design requirements..."and noted: "...we do not have the luxury of time..." and "This data is required prior to May 9th..."and concluded; "Without the above, the Ultra Tech system will not be considered."

This letter expresses the concern of all parties that Ultra Tech had not provided the information to comply with the contract requirements.

> *"GMP failed to perform an objective, good faith review of Bodell's submittals of the Ultra Tech UV system and, in breach of the Contract, directed Bodell to instead supply the Trojan System."*

GMP strongly objects to this statement. We refer you to the aforementioned timeline which indicates the review process was conducted to ensure compliance with the contract requirements. The reason for the strict adherence was based on achieving the required performance and completion date of April 24, 2001 thus protecting the City from a large fine resulting from not complying with the date imposed by a consent decree.

The issue of experience was critical to meeting the quality assurance requirements in specifications 11376.

B00022

Mr. David Schulmeister      - 6 -      May 12, 2003

## C. Conclusion

In summary, GMP fails to see any merit for Bodell's claim for damages. Bodell failed to obtain a satisfactory alternative prior to bidding and had the option of bidding based on the specified Trojan equipment and offering the Ultra Tech as a substitute after the bidding. We recommend that Bodell pursue a claim against Ultra Tech for not meeting all the requirements of the contract documents.

If you have any questions, please call Mr. Ted Saito at 523-4345.

                                                Very truly yours,

                                                TIMOTHY E. STEINBERGER, P.E.
                                                Director

cc:     GMP (A. Distajo, S. Gergis)
        DDC/IDE (C. Hamada)
        COR (M. Chun)

B00023