ORIGINAL

Of Counsel:
SAKAI IWANAGA SUTTON
LAW GROUP, AAL, LLLC

RICHARD C. SUTTON JR. 1010-0
City Financial Tower, Suite 2307
201 Merchant Street
Honolulu, Hawaii 96813
Tel. No. (808) 792-3888
Fax No. (808) 521-5262
E-Mail: rsutton@silawgroup.com

Attorney for Defendant,
Cross-Claimant-Defendant,
Cross-Claim Plaintiff
OHIO PACIFIC TECH CORPORATION
fka GMP ASSOCIATES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 2 0 2006

at 4 o'clock and 45 min. P M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| BODELL CONSTRUCTION, a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OHIO PACIFIC TECH CORPORATION, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation; CITY AND COUNTY OF HONOLULU; ULTRATECH SYSTEMS, a Foreign Corporation,<br><br>Defendants. | CIVIL NO. CV03-00706 HG-LEK<br><br>**OHIO PACIFIC TECH CORPORATION, INC., fka GMP ASSOCIATES, INC.'S REPLY TO BODELL CONSTRUCTION COMPANY'S MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FILED JANUARY 9, 2006; CERTIFICATE OF COMPLIANCE WITH L.R. 7.5; CERTIFICATE OF SERVICE**<br><br>(Caption Continued) |

| | |
|---|---|
| CITY AND COUNTY OF HONOLULU,<br><br>      Defendant,<br>      Cross-Claim Plaintiff,<br>      Cross-Claim Defendant<br><br>vs.<br><br>ULTRATECH SYSTEMS, a Foreign Corporation,<br><br>      Defendant,<br>      Cross-Claim Defendant,<br>          Cross-Claim Plaintiff,<br><br>OHIO PACIFIC TECH, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation,<br><br>      Defendant,<br>      Cross-Claim Plaintiff<br>      Cross-Claim Defendant<br><br>vs.<br><br>ULTRATECH SYSTEMS, a Foreign Corporation<br><br>      Defendant,<br>      Cross-Claim Defendant,<br>          Cross-Claim Plaintiff, | **Hearing:**<br>Date:    May 1, 2006<br>Time:   9:00 a.m.<br>Judge:  Hon. J. Michael Seabright<br><br>**Trial:**<br>Date:    October 17, 2006<br>Time:   9:00 a.m.<br>Judge:  Hon. J. Michael Seabright |

**OHIO PACIFIC TECH CORPORATION, INC., fka GMP ASSOCIATES, INC.'S REPLY TO BODELL CONSTRUCTION COMPANY'S MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FILED JANUARY 9, 2006**

## I.   INTRODUCTION

Defendant Ohio Pacific Tech Corporation Inc., fka GMP Associates, Inc. ("GMP"), submits this Reply Memorandum in support of its Motion for Summary Judgment GMP is entitled to summary judgment against Bodell as the undisputed facts establish that Bodell cannot prove essential elements of its claim for intentional interference with contractual relations.[1]

## II.   ADDITIONAL BACKGROUND

1.   <u>Introduction</u>.

Bodell's semblance of speculation, insinuation and innuendo do not amount to the requisite malice in order to establish intentional interference with contractual relations. The undisputed facts demonstrate that GMP is entitled to a motion for summary judgment. GMP's actions were justified and privileged.

---

[1] GMP incorporates by reference GMP's Motion For Summary Judgment Against Bodell Construction Company and UltraTech Systems, Inc. filed January 9, 2006 and the Exhibits "A" through "X".

2. <u>Counter-Statement of Undisputed Facts</u>.

A. <u>Pre-bid undisputed facts</u>.

With hindsight, UTA and Bodell complain about ambiguity in the "experience" requirement and the Ultraviolet Disinfection Specifications being too restrictive. It is undisputed that prior to the submission of a bid, neither UltraTech nor Bodell asked for any clarification of the specifications even though the Instruction to Bidders provided for clarification of just such problems. See Exhibit "I" Deposition of Leroy Humke pages 163-164. and See Exhibit "D" to City and County's Motion for Summary Judgment against Bodell filed February 17th, 2006.

The insinuation that Trojan dictated the specifications is untrue. The diskette supplied by Trojan was a starting point but there were substantial modifications. Compare GMP Exhibit "F" Specifications to Bodell Exhibit 5 to Bodell MSJ Against City filed January 18, 2006.

Similarly, Trojan did not dictate a medium pressure ultraviolet system. The use of a medium pressure ultraviolet system was suggested by the initial design consultant Brown

4

and Caldwell and the use of the horizontal lamps was based on the experience of GMP. See Mansfield Declaration at paragraph 7 and Exhibit "C" - Preliminary Engineering Report.

GMP did not respond further to the submission of another ultraviolet system provider, IDI as IDI submitted a non complying vertical lamp configuration. See Bodell Exhibit "41". The rejection of a vertical lamp configuration was consistent with the specifications that indicated horizontal lamp configuration.

GMP's evaluation of the UltraTech initial substitution request was consistent with the specifications as the request did not contain sufficient information to determine whether the product complied with the specifications and was suitable for the project. Mansfield paragraph 12, Exhibit "H" (Letter of transmittal and response to material substitution requests to the City).

Following UltraTech's conditional selection, UltraTech made three submittals to comply with the projects specifications and each was rejected for among other things failure to comply with contract specifications including

"Comment #3" which is "experience requirement". Mansfield paragraph 15, Exhibit "T", Exhibit "U", Exhibit "V", Comment #3 which is the "experience requirement".

Greg Ellner of UltraTech admitted that the system that he proposed did not meet the "experience requirement" and he did not raise any question about the meaning of "experience requirement". Exhibit "S" Deposition of Greg Ellner, pages 376-378.

The emails between Trojan and their local representative HES only establish that HES was keeping tabs of the progress of the project and informing the manufacturer as well as boasting about their continued involvement. These emails do not establish that there was a conspiracy ongoing. In any case, a conspiracy is not alleged and Trojan and HES are not parties to this suit.

Even though Jay Stone could not recall his evaluation of the Trojan system, GMP's evaluation of the Trojan submittals is not part of this action.

Even though IDI did not submit a horizontal proposal, IDI had the capability of submitting horizontal and could have met the experience requirement. As indicated in an email to Lee Mansfield, IDI indicated they had numerous installations of horizontal format which would meet the "experience requirement". See Exhibit "Y".

**III. ARGUMENT**

<u>**There Was No Intent to Interfere and GMP's Actions Were Justified**</u>

Bodell has not disputed the legal standard. In order to establish a cause of action against a third party for intentional interference with a contractual right, it must be shown that the third party acted with intent and legal malice, i.e., the intentional doing of a harmful act without legal or social justification or excuse, or, in other words, the willful violation of a known right it must be proven that GMP "either pursued an improper objective of harming [UTS] or used wrongful means that caused injury in fact." <u>Meridian Mortg. Inc. v. First Hawaiian Bank</u>, 109 Hawai'i 35, 48, 122 P.3d

1133, 1146 (Haw. App. 2005) (citing Omega Env't, Inc. v. Gilbarco, Inc., 127 F.3d 1157, 1166 (9th Cir. 1997).

UTS failed to meet the experience requirements in the specifications. Exhibit F Section 1.2 A. Mr. Ellner of UTS admitted that the UTS Product could not meet the experience requirement of the Specifications. Exhibit R and Ellner depo Exhibit S pg.376-378. Nevertheless, UTS made three submittals to comply with Project Specifications. After each submittal, GMP prepared a list of deficient items which UTS did not meet. Mansfield dec. at ¶15; Exhibits T, U, V. Each time, GMP identified as a basis for rejection the lack of experience (Comment 3 on Exhibits T, U, V.). GMP denied the substitution of the UTS system because it could not meet the Project Specifications. Mansfield dec. at ¶16. Therefore, GMP did not act with malice or other improper motive or means in rejecting the unsuitable alternative. To the contrary, GMP was carrying out the affirmative duties and obligations it owed to the City.

An engineer acting in his professional capacity is bound by contract to guard the interests of its principal.

Thus, a party who acts within the scope of his obligations to the owner will not be liable for advising the owner pursuant to the contract.  See, e.g., Kecko Piping Co., Inc. v. Town of Monroe, 374 A.2d 179 (Conn. 1977).

Pursuant to its contract with the City, GMP had a duty to advise the City that UTS's system did not meet the requirements of the Specifications. In addition, the transmittal of this truthful information is considered privileged.  Kutcher v. Zimmerman, 87 Haw. 394, 408-9, 957 P.2d 1076, 1090-91 (1998) request for advice).  Thus, GMP's advice to the City was privileged.

## IV. CONCLUSION

For all the foregoing reasons, GMP respectfully requests that this Court Motion For Summary Judgment Against Bodell.

DATED:   Honolulu, Hawaii, __April 20, 2006__.

                                                              _/s/ Richard C. Sutton_
                                                              RICHARD C. SUTTON, JR.
                                                              Attorney for Defendant,
                                                              Cross-Claimant-Defendant,
                                                              Cross-Claim Plaintiff
                                                              OHIO PACIFIC TECH
                                                              CORPORATION
                                                              fka GMP ASSOCIATES

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION, a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OHIO PACIFIC TECH CORPORATION, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation; CITY AND COUNTY OF HONOLULU; ULTRATECH SYSTEMS, a Foreign Corporation,<br><br>Defendants. | CIVIL NO.  CV03-00706 HG-LEK<br><br>**CERTIFICATE OF SERVICE** |
| CITY AND COUNTY OF HONOLULU,<br><br>    Defendant,<br>    Cross-Claim Plaintiff,<br>    Cross-Claim Defendant<br><br>vs.<br><br>ULTRATECH SYSTEMS, a Foreign Corporation,<br><br>    Defendant,<br>    Cross-Claim Defendant,<br>    Cross-Claim Plaintiff, | (Caption Continued) |

| |
|---|
| OHIO PACIFIC TECH, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation,<br><br>      Defendant,<br>      Cross-Claim Plaintiff<br>      Cross-Claim Defendant<br><br>vs.<br><br>ULTRATECH SYSTEMS, a Foreign Corporation<br><br>      Defendant,<br>      Cross-Claim Defendant,<br>      Cross-Claim Plaintiff, |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was duly served on each of the following in the manner specified below, on April 20, 2006, addressed as follows:

|  | Mailed | Delivered |
|---|---|---|
| DAVID SCHULMEISTER, ESQ.<br>KRISTIN S. SHIGEMURA, ESQ.<br>Cades Schutte<br>1000 Bishop Street, Suite 1200<br>Honolulu, Hawaii 96813<br><br>Attorneys for Plaintiff<br> BODELL CONSTRUCTION |  | X |

2


|  | Mailed | Delivered |
|---|---|---|
| BERT T. KOBAYASHI, JR., ESQ.<br>RONALD T. OGOMORI, ESQ.<br>GEORGE GUSMAN, ESQ.<br>Kobayashi, Sugita & Goda<br>999 Bishop Street, Suite 2600<br>Honolulu, Hawaii 96813<br><br>Attorneys for Defendant<br>Cross-Claim Plaintiff/Defendant and<br>Third-Party Plaintiff/Counterclaim Defendant<br>CITY & COUNTY OF HONOLULU |  | X |
| CARRIE OKINAGA, ESQ.<br>MAILE R. CHUN, ESQ.<br>Department of Corporation Counsel<br>City & County of Honolulu<br>530 South King Street, Room 110<br>Honolulu, Hawaii 96813<br><br>Attorneys for Defendant<br>CITY & COUNTY OF HONOLULU |  | X |
| ADRIAN W. ROSEHILL, ESQ.<br>OWEN H. MATSUNAGA, ESQ<br>ALAN J. MA, ESQ.<br>Gerson & Hieneman<br>American Savings Bank Tower<br>1001 Bishop Street, Suite 780<br>Honolulu, Hawaii 96813<br><br>Attorneys for Third-Party Defendant<br>ENGINEERED SYSTEMS, INC. |  | X |

|  | Mailed | Delivered |
|---|---|---|
| ADAM R. BIALEK, ESQ.<br>Wilson Elsner Moskowitz Edelman<br>  & Dicker, LLP<br>3 Gannett Drive<br>White Plains, New York 10604-3407<br><br>Attorney for Defendant<br>ULTRA TECH SYSTEMS, INC. | X |  |

DATED: Honolulu, Hawaii, _____ April 20, 2006 _____.

_____
RICHARD C. SUTTON, JR.
Attorney for Defendant,
Cross-Claimant-Defendant,
Cross-Claim Plaintiff OHIO
PACIFIC TECH
CORPORATION fka GMP
ASSOCIATES