ORIGINAL

Of Counsel:
SAKAI IWANAGA SUTTON
LAW GROUP, AAL, LLLC

RICHARD C. SUTTON JR. 1010-0
City Financial Tower, Suite 2307
201 Merchant Street
Honolulu, Hawaii 96813
Tel. No. (808) 792-3888
Fax No. (808) 521-5262
E-Mail: rsutton@silawgroup.com

Attorney for Defendant,
Cross-Claimant-Defendant,
Cross-Claim Plaintiff
OHIO PACIFIC TECH CORPORATION
fka GMP ASSOCIATES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 20 2006

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| BODELL CONSTRUCTION, a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OHIO PACIFIC TECH CORPORATION, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation; CITY AND COUNTY OF HONOLULU; ULTRATECH SYSTEMS, a Foreign Corporation,<br><br>Defendants. | CIVIL NO. CV03-00706 HG-LEK<br><br>**OHIO PACIFIC TECH CORPORATION, INC., fka GMP ASSOCIATES, INC.'S REPLY MEMORANDUM TO ULTRATECH SYSTEMS, INC. AND ENGINEERED SYSTEMS, INC.'S AFFIRMATION IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FILED JANUARY 9, 2006; CERTIFICATE OF COMPLIANCE WITH L.R. 7.5; CERTIFICATE OF SERVICE**<br><br>(Caption Continued) |

| | |
|---|---|
| CITY AND COUNTY OF HONOLULU,<br><br>            Defendant,<br>            Cross-Claim Plaintiff,<br>            Cross-Claim Defendant<br><br>vs.<br><br>ULTRATECH SYSTEMS, a Foreign Corporation,<br><br>            Defendant,<br>            Cross-Claim Defendant,<br>                Cross-Claim Plaintiff,<br><br>OHIO PACIFIC TECH, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation,<br><br>            Defendant,<br>            Cross-Claim Plaintiff<br>            Cross-Claim Defendant<br><br>vs.<br><br>ULTRATECH SYSTEMS, a Foreign Corporation<br><br>            Defendant,<br>            Cross-Claim Defendant,<br>                Cross-Claim Plaintiff, | **Hearing:**<br>Date:     May 1, 2006<br>Time:    9:00 a.m.<br>Judge:   Hon. J. Michael Seabright<br><br>**Trial:**<br>Date:     October 17, 2006<br>Time:    9:00 a.m.<br>Judge:   Hon. J. Michael Seabright |

**OHIO PACIFIC TECH CORPORATION, INC., fka GMP ASSOCIATES, INC.'S REPLY MEMORANDUM TO ULTRATECH SYSTEMS, INC. AND ENGINEERED SYSTMES, INC.'S AFFIRMATION IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FILED JANUARY 9, 2006**

**I.   INTRODUCTION**

Defendant Ohio Pacific Tech Corporation Inc., fka GMP Associates, Inc. ("GMP"), submits this Reply Memorandum in support of its Motion for Summary Judgment. GMP is entitled to summary judgment against the defendants, UltraTech Systems, Inc. ("UTS") and Engineered Systems, Inc. ("ESI") as UTS and ESI claims fail as a matter of law since there was no contract between Bodell and UTS/ESI, and there is no evidence that GMP acted with any intent to interfere with any potential business relationship between Bodell. Additionally, UTS/ESI claims for negligence are barred by the lack of duty owed to them by GMP and as an independent basis, the economic loss doctrine.

**II.   ADDITIONAL BACKGROUND**

This litigation arises from the design and construction of the Wahiawa Wastewater Treatment Plant (hereinafter "the Project"). Instead of providing facts to refute

the basis for summary judgment, UTS and ESI have skirted the issues and relied on speculation and confusion.

Instead of establishing that UTS met the project specifications, they claim to raise issues on the source of the specifications; the knowledge of a GMP engineer on medium pressure bulbs, and how calculations were performed. UltraTech does not address the admitted failure to meet the "experience" requirement. (See Specifications Part 1.2 A "Qualification Requirements", an experience requirement that: "...the manufacturer shall... demonstrate... successful performance of the proposed system at a minimum of five (5) other wastewater locations in the United States). Exhibits F and S to GMP's Motion for Summary Judgment

Additionally, UTS does not refute Mr. Ellner's admission that he did not sign the purchase order from Bodell that would establish a contract. Exhibits O and P to GMP's Motion for Summary Judgment.

Finally, seeking motives from a series of e-mails is pure speculation. There are no facts to support their claims.

## III. ARGUMENT

### A. *UTS AND ESI STILL HAVE NOT SATISFIED THE ELEMENTS OF CLAIMS FOR INTERFERENCE WITH CONTRACTUAL RELATIONS AND PROSPECTIVE ECONOMIC ADVANTAGE*

Count I of both UTS and ESI's Complaints against GMP allege "interference with contractual relations and prospective economic advantage." UTS and ESI still have not established the requisite elements of the causes of action.

#### 1. UTS and ESI's Cannot Satisfy the Requirements of a Interference with Contractual Relations Claim As There was no contract between Bodell and UTS

A claim for interference with contractual relations requires, first and foremost, an underlying contract In this case there was no underlying contract because UTS failed to sign the Purchase Order which would have created a contract with Bodell. Exhibit O. This is supported by the testimony of Leroy Humke, an employee of Bodell, who testified that a purchase order forms an agreement.  Exhibit Q depo of Humke pgs 149-150.  Mr. Humke further testified in his deposition that he had no knowledge of Bodell receiving a signed purchase order from UTS.  Exhibit G depo of Humke

pgs 149-150.  Furthermore, Greg Ellner of Ultra Tech testified in his deposition that he did not recall signing the purchase order.  Exhibit P depo of Ellner pgs 275-276.  UTS's failure to sign the purchase order precludes any finding that a contract existed between Bodell and UTS.  Therefore, UTS and ESI can not satisfy the elements of this claim, and this claim fails a matter of law.

  B. **There Was No Intent to Interfere and GMP's Actions Were Justified**

   In order to establish a cause of action against a third party for intentional interference with a contractual right, it must be shown that the third party acted with intent and legal malice, i.e., the intentional doing of a harmful act without legal or social justification or excuse, or, in other words, the willful violation of a known right it must be proven that GMP "either pursued an improper objective of harming [UTS] or used wrongful means that caused injury in fact." Meridian Mortg. Inc. v. First Hawaiian Bank, 109 Hawai'i 35, 48, 122 P.3d 1133, 1146 (Haw. App. 2005) (citing Omega

Env't, Inc. v. Gilbarco, Inc., 127 F.3d 1157, 1166 (9th Cir. 1997).

UTS failed to meet the experience requirements in the specifications. Exhibit F Section 1.2 A. Mr. Ellner of UTS admitted that the UTS Product could not meet the experience requirement of the Specifications. Exhibit R and Ellner depo Exhibit S pg.376-378. Nevertheless, UTS made three submittals to comply with Project Specifications. After each submittal, GMP prepared a list of deficient items which UTS did not meet. Mansfield dec. at ¶15; Exhibits T, U, V. Each time, GMP identified as a basis for rejection the lack of experience (Comment 3 on Exhibits T, U, V.). GMP denied the substitution of the UTS system because it could not meet the Project Specifications. Mansfield dec. at ¶16. Therefore, GMP did not act with malice or other improper motive or means in rejecting the unsuitable alternative. To the contrary, GMP was carrying out the affirmative duties and obligations it owed to the City.

An engineer acting in his professional capacity is bound by contract to guard the interests of its principal.

Thus, a party who acts within the scope of his obligations to the owner will not be liable for advising the owner pursuant to the contract. See, e.g., Kecko Piping Co., Inc. v. Town of Monroe, 374 A.2d 179 (Conn. 1977).

Pursuant to its contract with the City, GMP had a duty to advise the City that UTS's system did not meet the requirements of the Specifications. In addition, the transmittal of this truthful information is considered privileged. Kutcher v. Zimmerman, 87 Haw. 394, 408-9, 957 P.2d 1076, 1090-91 (1998) request for advice). Thus, GMP's advice to the City was

### D.   ULTRATECH AND ESI'S CLAIMS OF NEGLIGENCE ARE BARRED BECAUSE GMP DID NOT OWE THEM A DUTY

UltraTech and ESI both allege at Count III of their respective complaints GMP acted negligently in the course of their work on the Project. These claims of negligence must fail because as a matter of law and undisputed fact, GMP did not owe a duty to either UltraTech or ESI. UTS and ESI have cited no legal authority for a duty/ No contract existed between UltraTech, ESI and GMP which would create a duty owed by GMP to UltraTech and ESI. Further, there is no duty under

the law extending from an engineer such as GMP to a party as attenuated as a <u>potential</u> supplier of equipment and its local representative such as UltraTech and ESI.

### E. ULTRATECH AND ESI'S CLAIMS OF NEGLIGENCE ARE STILL BARRED BY THE ECONOMIC LOSS DOCTRINE

UltraTech and ESI are respectively seeking damages for extra cost and lost profits, which are purely economic damages not resulting from injury to person or property. Thus, their claims for negligence against GMP are additionally barred by the economic loss rule. "The economic loss rule bars recovery in tort for purely economic loss." <u>City Express, Inc. v. Express Partners, et al.</u>

Now Ultra Tech seeks to avoid the economic loss doctrine by characterizing its claims as damage to reputation and injury to trade secrets. But no such claims are asserted in their cross-claims and counter-claims. In its cross claim, UltraTech claims it has been denied the benefit of its bargain with Bodell and its reasonable expectation of economic advantage. Likewise in its counter claim, ESI claims it has been

denied the benefit of its bargain and its reasonable expectation of economic advantage as UltraTech's local supplier. Thus, UltraTech and ESI are seeking recovery solely for economic damages, which by law they are precluded from recovering and accordingly summary judgment should be entered in favor of GMP on both claims.

## IV.  CONCLUSION

For all the foregoing reasons, GMP respectfully requests that this Court Motion For Summary Judgment Against UTS' And ESI's Cross-Complaints

DATED:   Honolulu, Hawaii,   April 20, 2006   .

_____
RICHARD C. SUTTON, JR.
Attorney for Defendant,
Cross-Claimant-Defendant,
Cross-Claim Plaintiff
OHIO PACIFIC TECH
CORPORATION
fka GMP ASSOCIATES

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION, a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OHIO PACIFIC TECH CORPORATION, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation; CITY AND COUNTY OF HONOLULU; ULTRATECH SYSTEMS, a Foreign Corporation,<br><br>Defendants. | CIVIL NO.  CV03-00706 HG-LEK<br><br>**CERTIFICATE OF SERVICE** |
| CITY AND COUNTY OF HONOLULU,<br><br>Defendant,<br>Cross-Claim Plaintiff,<br>Cross-Claim Defendant<br><br>vs.<br><br>ULTRATECH SYSTEMS, a Foreign Corporation,<br><br>Defendant,<br>Cross-Claim Defendant,<br>Cross-Claim Plaintiff, | (Caption Continued) |

| |
|---|
| OHIO PACIFIC TECH, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation, <br><br>      Defendant, <br>      Cross-Claim Plaintiff <br>      Cross-Claim Defendant <br><br>vs. <br><br>ULTRATECH SYSTEMS, a Foreign Corporation <br><br>      Defendant, <br>      Cross-Claim Defendant, <br>      Cross-Claim Plaintiff, |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was duly served on each of the following in the manner specified below, on April 20, 2006, addressed as follows:

|  | Mailed | Delivered |
|---|---|---|
| DAVID SCHULMEISTER, ESQ.<br>KRISTIN S. SHIGEMURA, ESQ.<br>Cades Schutte<br>1000 Bishop Street, Suite 1200<br>Honolulu, Hawaii 96813<br><br>Attorneys for Plaintiff<br> BODELL CONSTRUCTION | | X |

2

|  | Mailed | Delivered |
|---|---|---|
| BERT T. KOBAYASHI, JR., ESQ.<br>RONALD T. OGOMORI, ESQ.<br>GEORGE GUSMAN, ESQ.<br>Kobayashi, Sugita & Goda<br>999 Bishop Street, Suite 2600<br>Honolulu, Hawaii 96813<br><br>Attorneys for Defendant<br>Cross-Claim Plaintiff/Defendant and<br>Third-Party Plaintiff/Counterclaim Defendant<br>CITY & COUNTY OF HONOLULU | | X |
| CARRIE OKINAGA, ESQ.<br>MAILE R. CHUN, ESQ.<br>Department of Corporation Counsel<br>City & County of Honolulu<br>530 South King Street, Room 110<br>Honolulu, Hawaii 96813<br><br>Attorneys for Defendant<br>CITY & COUNTY OF HONOLULU | | X |
| ADRIAN W. ROSEHILL, ESQ.<br>OWEN H. MATSUNAGA, ESQ<br>ALAN J. MA, ESQ.<br>Gerson & Hieneman<br>American Savings Bank Tower<br>1001 Bishop Street, Suite 780<br>Honolulu, Hawaii 96813<br><br>Attorneys for Third-Party Defendant<br>ENGINEERED SYSTEMS, INC. | | X |

3

4

|  | Mailed | Delivered |
|---|---|---|
| ADAM R. BIALEK, ESQ.<br>Wilson Elsner Moskowitz Edelman<br> & Dicker, LLP<br>3 Gannett Drive<br>White Plains, New York 10604-3407<br><br>Attorney for Defendant<br>ULTRA TECH SYSTEMS, INC. | X |  |

DATED: Honolulu, Hawaii,  April 20, 2006 .

_____
RICHARD C. SUTTON, JR.
Attorney for Defendant,
Cross-Claimant-Defendant,
Cross-Claim Plaintiff OHIO
PACIFIC TECH
CORPORATION fka GMP
ASSOCIATES

4