IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION COMPANY, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OHIO PACIFIC TECH, INC., fka GMP ASSOCIATES, INC., an Ohio corporation; CITY AND COUNTY OF HONOLULU; ULTRA TECH SYSTEMS, INC., a foreign corporation,<br><br>Defendant.<br><br>-AND RELATED ACTIONS- | CIVIL NO. CV03-00706 (HG-LEK)<br>(Contract)<br><br>DECLARATION OF ADRIAN W. ROSEHILL |

## DECLARATION OF ADRIAN W. ROSEHILL

ADRIAN W. ROSEHILL declares as follows:

1.  I am counsel for Cross-Defendant/Cross-Claim Plaintiff UtraTech Systems, Inc., and Third-Party Defendant/Cross-Claim Plaintiff Engineered

Systems, Inc., and I make this declaration based upon personal knowledge unless otherwise indicated.

2. Cross-Defendant/Cross-Claim Plaintiff UtraTech Systems, Inc., and Third-Party Defendant/Cross-Claim Plaintiff Engineered Systems, Inc. by and through their counsel respectfully move this court, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, for a continuance of the City and County of Honolulu and GMP's Motion(s) for Summary Judgment following reasons:

   a. The City recently produced over 2700 new documents that were contained in the working files of Cyril Hamada. These documents were produced after the depositions of Mr. Hamada and Inouye of the City, and the depositions of Jay Stone and Lee Mansfield of Ohio Pacific Tech,Inc. fka GMP Associates, Inc. ("GMP"), had been taken or started.

   b. As recently as yesterday the City produced an additional 614 documents from the working files of Mr. Hamada which the UltraTech and Engineered Systems have not had an opportunity to review. Many of these documents provide new information on the rebid of UV Equipment, GMP's involvement in the re-bid and its collusion with Hawaii Engineering Systems and Trojan to get the UltraTech system rejected, the City's internal communications on the UV submittals and its oversight, of lack therof, of GMP in the review process,

2

and the reasoning by the City as to the UltraTech system being granted prebid approval, that UltraTech and Engineered Systems have not had the opportunity to conduct discovery upon.

    c.    In addition, this morning the further deposition of Cyril Hamada was abruptly cancelled by the City for the stated reason that Mr. Hamada was ill. UltraTech and Engineered Systems therefore have not been able to complete Mr. Hamada's deposition and to further question regarding the recently produced documents.

    d.    UltraTech and Engineered Systems have also not been able to take or complete the depositions of the senior City engineers and/or managers including Dennis Kaneshiro, Guy Inoye and Eldon Franklin, or to complete the deposition of Hawaii Engineering's Mike Elhoff, nor complete the depositions of the GMP employees. The deposition of Eldon Franklin of the City was begun yesterday but has not been completed.

    e.    UltraTech and Engineered Systems would like to depose or complete the depositions of the foregoing individuals, and to further complete its review of the documents recently produced by the City.

    f.    UltraTech and Engineered Systems believes that the further deposition testimony will result in evidence relating to, among other things, (a)

3

GMP's collusion with Hawaii Engineering Systems and Trojan to reject the UTS system, and the City's failure to insure that the bidding process was fair to all parties and complied with procurement laws; (b) GMP's interference and utter negligence in preparing the specifications and assuring that all suppliers were treated equally; (c) GMP's failure to follow the sole source procurement regulations; (d) GMP's bogus rationales for rejecting the UltraTech system in favor of the more costly Trojan system; (e) the City's intent to rebid the UV equipment and its sudden change of course which contributed to the rejection of the UltraTech system; and (f) the City engineer's conclusion both pre and post bid, that the UltraTech system met the specifications and their reasoning supporting that decision.

3. If the Court is inclined to grant summary judgment against UltraTech and Engineered Systems in favor of either the City or GMP on the basis of the current evidence before the Court, UltraTech and Engineered Systems request a continuance of the motions pursuant to Rule 56(f).

4. The foregoing request is made in good faith, and is not made solely for the purpose of delay, and is intended to insure that a full and complete record is before this court before the motions for summary judgment are considered and ruled upon.

I declare, verify and certify the foregoing is true and accurate to the best of my knowledge.

DATED: Honolulu, Hawaii, April 28, 2006.

                                                                 */s/ Adrian W. Rosehill*
                                                                ADRIAN W. ROSEHILL