Last Edited: 4/28/2006 7:23:00 PM
Document ID: 399974v1_bsb

Of Counsel:
KOBAYASHI, SUGITA & GODA
BERT T. KOBAYASHI, JR.   659-0
RONALD T. OGOMORI   5850-0
GEORGE GUSMAN   6914-0
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone: (808) 539-8700
Fax: (808) 539-8799
Attorneys for Defendant,
  Cross-Claim Plaintiff/Defendant and
  Third-Party Plaintiff/Counterclaim Defendant
CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION COMPANY, a Utah Corporation, | CIVIL NO. CV03-00706 JMS-LEK (Contract) |
| Plaintiff, vs. | |
| OHIO PACIFIC TECH, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation; CITY AND COUNTY OF HONOLULU; ULTRA TECH SYSTEMS, INC., a foreign Corporation, | DEFENDANT, CROSS-CLAIM PLAINTIFF/DEFENDANT AND THIRD-PARTY PLAINTIFF/COUNTERCLAIM DEFENDANT CITY AND COUNTY OF HONOLULU'S MEMORANDUM IN OPPOSITION TO CROSS-DEFENDANT/CROSS-CLAIM PLAINTIFF ULTRATECH SYSTEMS, INC.; AND THIRD-PARTY DEFENDANT/CROSS-CLAIM PLAINTIFF ENGINEERED SYSTEMS INC.'S FRCP RULE 56(f) MOTION FOR CONTINUANCE OF |
| Defendant. | |

*Caption continued*

Last Edited: 4/28/2006 7:23:00 PM
Document ID: 399974v1_bsb

|  |  |
|---|---|
|  | ) DEFENDANT, CROSS-CLAIM |
|  | ) PLAINTIFF/DEFENDANT |
|  | ) AND THIRD-PARTY |
|  | ) PLAINTIFF/COUNTERCLAIM |
|  | ) DEFENDANT CITY AND COUNTY |
|  | ) OF HONOLULU'S MOTION FOR |
|  | ) SUMMARY JUDGMENT; |
|  | ) DECLARATION OF RONALD T. |
|  | ) OGOMORI, ESQ.; CERTIFICATE OF |
|  | ) SERVICE |
|  | ) |
| CITY AND COUNTY OF HONOLULU, | ) |
|  | ) |
| Defendant, Third-Party Plaintiff, and Counterclaim Defendant, | ) |
|  | ) Hearing Date: May 1, 2006 |
|  | ) Time: 9:00 a.m. |
| vs. | ) Judge: Honorable J. Michael Seabright |
|  | ) |
| ENGINEERED SYSTEMS, INC., | ) |
|  | ) |
| Third-Party Defendant, Counterclaim Plaintiff and Cross-Claim Plaintiff. | ) Trial Date: October 17, 2006 |

*Caption continued*

Last Edited: 4/28/2006 7:23:00 PM
Document ID: 399974v1_bsb

|  |  |
|---|---|
| CITY AND COUNTY OF HONOLULU, | ) ) ) |
| Defendant, Cross-Claim Plaintiff/Cross-Claim Defendant, | ) ) ) ) |
| vs. | ) ) |
| ULTRA TECH SYSTEMS, INC., a foreign Corporation, | ) ) ) |
| Defendant, Cross-Claim Defendant/Cross-Claim Plaintiff and Cross-Claim Plaintiff/Defendant, | ) ) ) ) ) |
| vs. | ) ) |
| OHIO PACIFIC TECH, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation | ) ) ) ) |
| Cross-Claim Defendant/Plaintiff. | ) ) ) |

Last Edited: 4/28/2006 7:23:00 PM
Document ID: 399974v1_bsb

DEFENDANT, CROSS-CLAIM PLAINTIFF/DEFENDANT AND THIRD-PARTY PLAINTIFF/COUNTERCLAIM DEFENDANT CITY AND COUNTY OF HONOLULU'S MEMORANDUM IN OPPOSITION TO CROSS-DEFENDANT/CROSS-CLAIM PLAINTIFF ULTRATECH SYSTEMS, INC.; AND THIRD-PARTY DEFENDANT/CROSS-CLAIM PLAINTIFF ENGINEERED \SYSTEMS INC.'S FRCP RULE 56(f) MOTION FOR CONTINUANCE OF DEFENDANT, CROSS-CLAIM PLAINTIFF/DEFENDANT AND THIRD-PARTY PLAINTIFF/COUNTERCLAIM DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION FOR SUMMARY JUDGMENT

## I.   INTRODUCTION

COMES NOW, Defendant, Cross-Claim Plaintiff/Defendant and Third-Party Plaintiff/Counterclaim Defendant City and County of Honolulu ("City") and submits this Memorandum in Opposition to Cross-Defendant/Cross-Claim Plaintiff Ultratech Systems, Inc. ("UltraTech") and Third-Party Defendant/Cross Claim Plaintiff Engineered Systems Inc.'s ("ES") (collectively "UTS/ESI ") FRCP Rule 56(f) Motion for Continuance ("Motion").

The City asserts that UTS/ESI have failed to meet their burden under FRCP Rule 56(f) because they have neither set forth what specific additional information they are seeking nor explained how any additional information would possibly preclude summary judgment. See Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir.1987) (stating that in order to meet its burden under Rule 56(f), the moving party must make clear what specific information is sought and how it would preclude summary judgment.). Also, the City respectfully asserts

1

Last Edited: 4/28/2006 7:23:00 PM
Document ID: 399974v1_bsb

that as the City's has requested Summary Judgment as a matter of law, any further discovery would be unnecessary and would not aid the Court in ruling on the City's Motion for Summary Judgment.

Further, as will be discussed in detail herein, UTS/ESI has also failed to conduct discovery in this action in a timely manner. "This serves as additional grounds to deny [a FRCP Rule 56(f)] request." Haines v. Honolulu Shipyard, Inc., 125 F.Supp.2d 1020, 1034 (D.Haw. 2000).

II.  **STANDARD OF REVIEW**

"Federal Rule of Civil Procedure 56(f) provides a device for litigants to avoid summary judgment when <u>they have not had sufficient time to develop affirmative evidence</u>." United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir.2002). Specifically, the Rule provides:

> (f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

In Haines, the Court explained that:

> Fed.R.Civ.P. 56(f) allows, but does not require, a district court to grant a continuance when a party opposing summary judgment wishes to conduct further discovery. Ordinarily, summary judgment should not be granted when there are relevant facts remaining to be discovered, **but the party seeking a continuance bears the burden to show what specific facts it hopes to discover that will raise an**

2

Last Edited: 4/28/2006 7:23:00 PM
Document ID: 399974v1_bsb

**issue of material fact**. The mere hope that further evidence may develop prior to trial is an insufficient basis for a continuance under Fed.R.Civ.P. 56(f).

Haines, 125 F.Supp.2d at 1034 quoting Continental Maritime of San Francisco, Inc. v. Pacific Coast Metal Trades District Council, 817 F.2d 1391, 1395 (9th Cir.1987).  As such, a movant "has no absolute right to additional time for discovery," and "must show how postponement of a ruling on the motion will enable [her] to rebut the motion for summary judgment." Lewis v. ACB Bus. Servs., 135 F.3d 389, 409 (6th Cir.1998).

If a movant has failed to conduct discovery in a timely manner, this serves as additional grounds to deny a Rule 56(f) motion.  See Haines, 125 F.Supp.2d at 1034 citing Frederick S. Wyle, P.C. v. Texaco, Inc., 764 F.2d 604, 612 (9th Cir.1985) (finding that a party had no basis to obtain additional time for discovery when it failed to pursue discovery diligently before summary judgment.)

III.   **DISCUSSION**

    A.   **FURTHER DISCOVERY IS IRRELEVANT AS THE CITY IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW**

It is uniformly recognized that a Rule 56(f) Motion should be denied "if the discovery sought appears irrelevant to the issues to be adjudicated or if it is merely cumulative, summary judgment will not be delayed." 10B Fed. Prac. & Proc. Civ.3d § 2741 (2005).  Here, the UTS/ESI ' proffered reason for conducting

3

Last Edited: 4/28/2006 7:23:00 PM
Document ID: 399974v1_bsb

further depositions is to provide evidence relating to: (1) collusion; (2) interference and negligence in preparing the specifications; (3) GMP's failure to follow the sole source procurement regulations; (4) the City's intent to rebid the UV equipment; (5) and the City's engineer's conclusion regarding whether the UltraTech system met the specifications. However, none of these allegedly "good faith" reasons for continuing the hearing on the MSJ would shed any light on the crucial issues presented in the City's MSJ. In addition, the further information sought by UTS/ESI clearly do not, as a matter of law, preclude this Court from granting Summary Judgment in the City's favor. Specifically, the City's MSJ set forth the following basis as to why UTS/ESI's claims should be dismissed as a matter of law:

1. **UTS/ESI ' CLAIM FOR INTERFERENCE WITH CONTRACTUAL RELATIONS AND PROSPECTIVE ECONOMIC ADVANTAGE FAIL AS A MATTER OF LAW**

Specifically, as the City set forth in its MSJ, UTS/ESI's claims for interference with contractual relations and prospective economic advantage **fail as a matter of law.** More specifically, UTS/ESI's interference with contractual relations fails because there was no contract between UTS and Bodell. See Weinberg v. Mauch, 78 Hawaii 40, 50, 890 P.2d 277, 287 (1995) (stating that for an interference with contractual relations claim, a plaintiff must prove, *inter alia*,

4

Last Edited: 4/28/2006 7:23:00 PM
Document ID: 399974v1_bsb

1) a contract between the plaintiff and a third party; 2) the defendant's knowledge of the contract; 3) the defendant's intentional inducement of the third party to breach the contract; 4) the absence of justification on the defendant's part; 5) the subsequent breach of the contract by the third party; and 6) damages to the plaintiff.). Further, the interference with contractual relations claim fails as a matter of law as the City's actions in rejecting the UTS System were privileged. See Wyatt v. Ruck Construction, Inc., 571 P.2d 683, 687, 117 Ariz. 186, 193 App. 1977) (stating that "If a defendant has a present, existing interest to protect such as the ownership or condition of property, **or a prior contract of his own, he is privileged to prevent the performance of a contract of another which threatens it**.") (emphasis added).

Similarly, UTS/ESI's claim for interference with prospective economic advantage claim is also barred because the City's actions were not improper and were privilege. See Robert's Hawaii School Bus v. Laupahoehoe Transportation Co., Inc., 91 Hawaii 224, 982 P.2d 853 (1999) (stating that the defendant must act with a purposeful intent to interfere with the advantage and that such interference must also be "improper.")

As demonstrated above, the City is entitled to summary judgment as a law in regards to UTS/ESI's interference claims.

Last Edited: 4/28/2006 7:23:00 PM
Document ID: 399974v1_bsb

2.  **THE NEGLIGENCE CLAIM ASSERTED BY UTS/ESI FAILS AS MATTER OF LAW**

Both UTS and ESI assert claims of negligence against the City that is based upon the drafting, publishing, distributing and/or interpretation of the Project's specifications. However, as provided in the City's MSJ, UTS and ESI lack standing to assert a claim against the City based upon the Project Contract and such claims are barred by the exclusive remedies provision of the Hawaii Procurement Code, HRS § 103D-704. Accordingly, UTS/ESI's negligence claims likewise fail as a matter of law.

3.  **THE CITY CANNOT BE LIABLE FOR ANY ALLEGEDLY IMPROPER ACTIONS COMMITTED BY GMP**

As noted in the City's MSJ, it is undisputed that GMP drafted the UV System Specifications. It is also undisputed that GMP was the City's construction manager, which required GMP to review and evaluate Bodell's submittals seeking to obtain approval for the UTS System. In GMP's role as both design engineer and construction manager, GMP acted as an independent contractor for the City. UTS/ESI's claims are premised upon the drafting and interpretation of the specifications by GMP. It is undisputed that the City relied upon GMP to both draft and interpret the UV System Specifications.

Under the prevailing law, an employer such as the City is not liable for the torts of an independent contractor or of the latter's servants committed in the course

6

Last Edited: 4/28/2006 7:23:00 PM
Document ID: 399974v1_bsb

of performance of the contracted work. 41 Am. Jur. 2d Independent Contractors § 29 (2004); <u>Malta Const. Co. v. Henningson, Durham & Richardson</u>, 694 F.Supp. 902, 906 fn 5 (N.D.Ga. 1988). Here, GMP was an independent contractor for the City. If there was any problem with the drafting or interpretation of the UV System Specifications, such is a problem attributable to GMP for which the City cannot be held liable as a matter of law. As the district court concluded <u>U.S. v. 225 Cartons, More or Less of an Article or Drug</u>, 871 F.2d 409 (3rd Cir. 1989), a request for continuance will not be granted under Rule 56(f) if the evidence that the movant seeks to elicit is immaterial as a matter of law. Accordingly, UTS/ESI's Rule 56(f) Motion should be denied as the further discovery that they are proposing would be immaterial to the Court's ruling on the City's MSJ. <u>Id.</u>

### B. UTS/ESI HAS FAILED TO MEET THE REQUIREMENTS JUSTIFYING A RULE 56(f) CONTINUANCE

The courts have stated that "[a] party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." <u>Tatum v. City and County of San Francisco</u>, 441 F.3d 1090, 1100 (9th Cir. 2006); <u>see also</u> <u>Garrett v. City and County of San Francisco</u>, 818 F.2d 1515, 1518 (9th Cir.1987) (stating that in order to meet its burden under Rule 56(f), the moving party must make clear what specific information is sought and how it would preclude

summary judgment.). Here, UTS/ESI has failed to meet this burden as their Motion utterly fails to provide any "specific facts" as to how further discovery would preclude summary judgment. Specifically, as noted above, the Motion makes the conclusory and blanket allegations as to what general areas UTS/ESI "believes that the further deposition testimony will result in." See Motion, pg. 4. However, the Motion fails to state how these facts would preclude summary judgment. On this point, the federal courts have recognized that "when the movant has met the initial burden required for the granting of a summary judgment, the opposing party either must establish a genuine issue for trial under Rule 56(e) or explain why he cannot yet do so under Rule 56(f)." See Tatum, 441 F.3d at 1100 citing 10B Fed. Prac. & Proc. § 2740 (3d ed.1998). Here, UTS/ESI has failed to do either.

Similarly, the mere "'hope' or 'hunch' that evidence creating an issue of fact will emerge at trial is insufficient under [Rule 56(f)]. 10B Fed. Prac. & Proc. Civ.3d § 2741 (2005). "Nor will the assertion that stronger evidence could have been brought forward but has been held back deter a court from ordering summary judgment." Id. Finally, "summary judgment will be granted against a party if after reasonable discovery the party continues to be unable to identify specific genuine issues of material fact but desires to keep trying. As one court has stated: 'All things must end--even litigation.'" Id.

8

Here, UTS/ESI has failed to provide any "specific facts" as to how further discovery would preclude summary judgment; rather, the Motion relies on the empty "belief" and mere hunch that new evidence may support their case. However, as noted above, "[t]he mere hope that further evidence may develop prior to trial is an insufficient basis for a continuance under Fed.R.Civ.P. 56(f)." Haines, supra, 125 F.Supp.2d at 1034. (D.Haw. 2000). As such, the Motion should be denied. See Tatum, 441 F.3d at 1100 (holding that denial of Rule 56(f) Motion is proper where the supporting declaration "does not…refer to any specific fact in these depositions or explain why the information contained in them was 'essential to justify [Tatum's] opposition.") (bracket in original).

### C. UTS/ESI'S MOTION SHOULD BE DENIED AS THEY FAILED TO CONDUCT DISCOVERY WITH DUE DILIGENCE

Under Rule 56(f), "a district court may refuse to grant a party's motion for summary judgment on the ground that the opposing party requires time to conduct further discovery. Rule 56(f) requires the party seeking further discovery to demonstrate diligence in prior discovery attempts, and make a showing that the evidence it sought would require denial of the motion for summary judgment." Qualls v. Blue Cross of Cal., Inc., 22 F.3d 839, 844 (9th Cir.1994). As such, "where a [party] has also failed to conduct discovery…in a timely manner…[t]his

Last Edited: 4/28/2006 7:23:00 PM
Document ID: 399974v1_bsb

serves as additional grounds to deny [the party's Rule 56(f)] request." Haines, 125 F.Supp.2d at 1034.

Here, UTS/ESI claims that it "would like to depose or complete the depositions of the foregoing individuals[.]" See Motion, pg. 3. However, UTS/ESI fails to point out that it has already deposed all but one of the deponents that they now claim to need in order to provide the Court with a "full and complete record." See Motion, pg. 4; Declaration of Ronald T. Ogomori. Moreover, many of the depositions it now seeks to conduct were not taken because UTS/ESI failed to act diligently. Specifically:

    a.    Dennis Kaneshiro: Deposition never scheduled by UTS/ESI.

    b.    Guy Inouye: Follow-up Deposition never scheduled by UTS/ESI.

    c.    Mike Elhoff: Follow-up Deposition never scheduled by UTS/ESI.

See Declaration of Ronald T. Ogomori. Further, to the City's knowledge, UTS/ESI never scheduled to take the follow-up depositions of the GMP employees it now seeks to depose. Id. Finally, although the deposition of Cyril Hamada was cancelled today (April 28, 2006), and the depositions of James Honke, Mike Elhoff and Eldon Franklin were not completed, UTS/ESI has no one to blame but themselves as they waited until a week before the hearing on the City's MSJ to conduct these depositions.

10

Last Edited: 4/28/2006 7:23:00 PM
Document ID: 399974v1_bsb

That being said, in any event, because UTS/ESI was not diligent in conducting discovery, the deposition testimony of James Honke, Mike Elhoff, Eldon Franklin, and Cyril Hamada would not have been admissible at the scheduled May 1, 2006 hearing.[1]  Specifically, under the Federal Rules of Evidence, authentication is a condition precedent to the admissibility of evidence for summary judgment purposes.  See FRE Rule 901.  Under federal law, in order to authenticate a deposition transcript, the reporter must provide a written certificate along with the deposition transcript that states the deposition is a true record of the testimony given by the witness.  FRCP Rule 30(f); Orr v. Bank of America, NT & SA, 285 F.3d 764, 774 (9th Cir.2002) (stating that "[a] deposition or an extract therefrom is authenticated in a motion for summary judgment when it identifies the names of the deponent and the action **and includes the reporter's**

---

[1] UTS/ESI and/or Bodell scheduled the following depositions as follows: GMP's engineer: GMP's engineer: Lee Mansfield (Vol. I): 2/28/2005; GMP's engineer: Lee Mansfield (Vol. II): 6/2/2005; GMP's engineer: Jay Stone (Vol. I): 3/1/2005; GMP's engineer: Jay Stone (Vol. II): 3/2/2005; GMP's engineer: Jay Stone (Vol. III): 6/3/2005 City Engineer Guy Inouye: 6/14/2005; City Engineer Cyril Hamada: 6/21/2005.  See Declaration of Ronald T. Ogomori.

11

Last Edited: 4/28/2006 7:23:00 PM
Document ID: 399974v1_bsb

**certification that the deposition is a true record of the testimony of the deponent.").**

As such, none of the above referenced depositions would be admissible at the City's summary judgment hearing as the reporter has not (and could not have) certified the depositions in the short time frame in which UTS/ESI scheduled the subject depositions.

### D.  THE DECLARATION IN SUPPORT OF THE RULE 56(f) MOTION IS LEGALLY INSUFFICIENT AND SHOULD NOT BE CONSIDERED

Rule 07.6 of the Local Rules for the District of Hawaii provides that:

> Factual contentions made in support of or in opposition to any motion shall be supported by affidavits or declarations. Affidavits and declarations shall…conform to the requirements of Fed.R.Civ.P. 56(e) and 28 U.S.C. § 1746 and shall avoid conclusions and argument…**Affidavits and declarations not in compliance with this rule may be disregarded by the court**.

In turn, 28 U.S.C.A. § 1746 provides the following, in relevant part:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, **in writing of such person which is subscribed by him, as true under penalty of perjury**, and dated, in substantially the following form:
>
> * * *

12

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

In <u>Matsuda v. Wada</u>, 101 F.Supp.2d 1315, 1322-1323 (D.Hawai'i 1999), the Court expressly stated that in order to comply with the requirements of 28 U.S.C. § 1746, <u>the declaration must contain the phrase "under penalty of perjury"</u> as well as a phrase to the effect that the "foregoing is true and correct." Here, the declaration in support of the Motion is legally deficient as it is does not contain the phrase "under penalty of perjury." As such, the declaration in support of the Motion is legally invalid and should not be considered by the Court. <u>See</u> <u>Matter of Muscatell</u>, 106 B.R. 307, 308-309 (Bkrtcy.M.D.Fla. 1989) (holding that declaration that failed to comply with 28 U.S.C. § 1746 shall be disregarded).

## IV.  CONCLUSION

For the reasons set forth above, the City respectfully requests that this Honorable Court deny UTS/ESI's FRCP Rule 56(f) Motion for a Continuance.

Dated: Honolulu, Hawaii _____ April 28, 2006 _____.

_____
BERT T. KOBAYASHI, JR.
RONALD T. OGOMORI
GEORGE GUSMAN III
Attorneys for Defendant,
 Cross-Claim Plaintiff/Defendant and
 Third-Party Plaintiff/Counterclaim Defendant
CITY AND COUNTY OF HONOLULU

13