Adam R. Bialek  (Admitted Pro Hac Vice)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York  10604
(914) 323- 7000

Adrian Rosehill (3868)
Attorneys for Engineered Systems, Inc.
STUBENBERG & DURRETT
Davies Pacific Center
841 Bishop Street, Suite 2115
Honolulu, Hawaii  96813
(808) 526-0892

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION COMPANY, a Utah corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>OHIO PACIFIC TECH, INC. f/k/a GMP ASSOCIATES, INC., an Ohio corporation; CITY AND COUNTY OF HONOLULU; ULTRA TECH SYSTEMS, INC., a foreign corporation,<br><br>　　　　　Defendants.<br><br>-AND RELATED ACTIONS- | Civil No. 03-00706  (JMS/LEK)<br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF CROSS-CLAIM DEFENDANT/CROSS-CLAIM PLAINTIFF ULTRATECH SYSTEMS, INC., and THIRD-PARTY DEFENDANT/CROSS-CLAIM PLAINTIFF ENGINEERED SYSTEMS, INC.'S MOTION FOR SUMMARY JUDGMENT** |

This Memorandum is respectfully submitted pursuant to the Court's directive issued at the hearing held on May 1, 2006, and addresses the additional discovery recently disclosed by the City concerning documents obtained from a search of the hard drive of Cyril Hamada.  We respectfully request that a two-page

1165829.1

document included in this production, annexed to the Declaration of Adam Bialek as Exhibit "A", be considered by this Court in further support of UTS and ESI's motions for summary judgment and in opposition to the motions filed by Defendants City and GMP.

This document offers additional support in favor of UTS' contentions that GMP and the City were biased against the UTS system. It is evident from this correspondence, that Cyril Hamada, as the project engineer who oversaw the Wahiawa project, witnessed GMP's subversive, impartial and unfair treatment towards UTS and Bodell.

This document makes several key points. First, Mr. Hamada reiterates the basis for the experience requirement, that is, it "prevents fly-by-night operations." This correspondence is yet another example of Mr. Hamada's explanation of the experience requirement and his pre-qualification approval of UTS. Mr. Hamada concedes that the rejection based on the experience clause is a "shaky legal argument." He is correct. The "experience clause" was not the basis of rejecting a system that would save the City hundreds of thousands of dollars, but rather an attempt at legal justification for the City and GMP's improper rejection of UTS.

Mr. Hamada also concedes that GMP did not and could not rely on any other reasons for rejecting UTS other than the narrow view of the experience requirement.

1165829.1

The document also confirms Bodell's attempt to work with the City and GMP to rectify any problems identified by GMP but as Mr. Hamada stated, the City gave Bodell "the brush-off". Mr. Hamada seems to indicate that this action may not have been fair. This is further support for the claim that UTS was mistreated.

Finally, Mr. Hamada insinuates that since the Trojan system was installed at a significantly greater expense, it may cause an investigation into the City's dealings with the vendor (Trojan) and GMP, assuming the City was to pay the greater cost.

The City recognized that UTS and Bodell were not treated fairly and that the substantial increase in cost to the City could cause a further investigation. By making Bodell absorb the cost, the City did not have to confront this issue. Mr. Hamada clearly questioned the financial dealings between City personnel, GMP, and the vendor. If it were obvious to Mr. Hamada, it should be obvious to a jury. Even if no payments were made, Mr. Hamada's communications with his co-workers at the City clearly demonstrated that the City's actions in working with GMP and Hawaii Engineering Services (Trojan's local representative) were not genuine and were done in bad faith. All of this acted to the detriment of UTS by inducing it to continue to incur expenses when the City had no intent to use the UTS system.

1165829.1

With respect to the City's correspondence concerning the integration clause in the contract between the City of Honolulu ("City") and Bodell Construction Company ("Bodell"), UTS believed it met the experience requirement called for in the specifications. To the extent that the City thinks UTS did not, then that is the City's allegation of ambiguity that the Court should address.

WHEREFORE, UTS respectfully requests that this Court consider Exhibit "A" in further support of the arguments made orally and in writing, in UTS/ESI's motions for summary judgment and responsive memorandums, and for such other further relief as this Court deems necessary.

Dated:   White Plains, New York
         May 8, 2006

                                    Yours, etc.

                                    WILSON, ELSER, MOSKOWITZ, EDELMAN &
                                    DICKER LLP

                                    By: _____
                                    Adam R. Bialek
                                    Attorneys for Cross-Claim
                                    Defendant/Cross-Claim Plaintiff
                                    UltraTech Systems, Inc. and
                                    Special Counsel to Third-Party
                                    Defendant/Cross-Claim Plaintiff
                                    Engineered Systems, Inc.
                                    3 Gannett Drive
                                    White Plains, New York 10604
                                    (914) 323-7000
                                    Fax (914) 323-7001
                                    File No. 08167.00001

1165829.1