ORIGINAL

Of Counsel:
SAKAI IWANAGA SUTTON
LAW GROUP, AAL, LLLC

RICHARD C. SUTTON JR. 1010-0
City Financial Tower, Suite 2307
201 Merchant Street
Honolulu, Hawaii 96813
Tel. No. (808) 792-3888
Fax No. (808) 521-5262
E-Mail: rsutton@silawgroup.com

Attorney for Defendant,
Cross-Claimant-Defendant,
Cross-Claim Plaintiff
OHIO PACIFIC TECH CORPORATION
fka GMP ASSOCIATES

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION, a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OHIO PACIFIC TECH CORPORATION, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation; CITY AND COUNTY OF HONOLULU; ULTRATECH SYSTEMS, a Foreign Corporation,<br><br>Defendants. | CIVIL NO. CV03-00706 JMS-LEK<br><br>**MEMORANDUM OF DEFENDANT OHIO PACIFIC TECH CORPORATION, INC., fka GMP ASSOCIATES, INC. IN RESPONSE TO COURT'S REQUEST FOR ADDITIONAL BRIEFING; CERTIFICATE OF SERVICE**<br><br>**Trial:**<br>Date:     October 17, 2006<br>Time:    9:00 a.m.<br>Judge:   Hon. J. Michael Seabright<br><br>Caption Continued |

CITY AND COUNTY OF
HONOLULU,

      Defendant,
      Cross-Claim Plaintiff,
      Cross-Claim Defendant

vs.

ULTRATECH SYSTEMS, a Foreign
Corporation,

      Defendant,
      Cross-Claim Defendant,
      Cross-Claim Plaintiff.

---

OHIO PACIFIC TECH, INC., fka
GMP ASSOCIATES, INC., an Ohio
Corporation,

      Defendant,
      Cross-Claim Plaintiff
      Cross-Claim Defendant

vs.

ULTRATECH SYSTEMS, a Foreign
Corporation

      Defendant,
      Cross-Claim Defendant,
      Cross-Claim Plaintiff,

**MEMORANDUM OF DEFENDANT OHIO PACIFIC TECH CORPORATION, INC., fka GMP ASSOCIATES, INC. IN RESPONSE TO COURT'S REQUEST FOR ADDITIONAL BRIEFING**

The Defendant Ohio Pacific Tech Corporation Inc., fka GMP Associates, Inc. ("GMP"), as a party in interest to the litigation, specifically with respect to the City's Motion for Summary Judgment against Bodell Construction, as it directly affects the outcome of this litigation for GMP. Accordingly, GMP respectfully submits this memorandum regarding the issue of contract integration in response to Judge Seabright's June 16, 2006 Order requesting additional briefing on the issue. GMP states that the February 25, 2000 contract ("Contract") is a fully integrated contract. In addition, the specification at issue is not ambiguous. Thus, extrinsic evidence used to vary or contradict the terms of the Contract must be precluded.

It is commonly understood that an agreement reduced to writing, "serves to integrate all prior agreements and negotiations concerning a transaction," with the writing representing the complete agreement of the parties.

Cosmopolitan Fin. Corp. v. Runnels, 2 Haw. App. 33, 37, (1981). The parol evidence rule dictates that once parties formalize a complete or integrated agreement their previous negotiations and agreements are "legally ineffective and evidence relating to those previous negotiations or agreements is irrelevant." Pancakes of Hawaii, Inc v. Pomare Properties Co., 85 Haw. 300, 310 (1997) (citing Akamine & Sons, Ltd. v. American Sec. Bank, 50 Haw. 304, 310, (1968). Thus, courts must preclude extrinsic evidence that varies or contradicts the terms of an unambiguous and integrated contract. Id. Likewise, when a contract is definite and unambiguous courts should not draw inferences regarding the parties' intent. State Farm Fire & Cas. Co. v. Pacific Rent-All, Inc., 90 Haw. 315, 324, (1999). The parol evidence rule precludes both oral and written extrinsic evidence. Pancakes of Hawaii, Inc., 85 Haw. at 310.

A prerequisite to the application of the parol evidence rule is that the court finds that "the writing was intended to be the final and, therefore, integrated expression of the parties' agreement." In re Tax App. O.W. LP, 4 Haw.

App. 487, 491 (1983)(citing <u>Restatement (Second) of Contracts</u> §§ 209 comment c, 210 comment b, 213 comment b (1981). "An agreement is integrated where the parties thereto adopt the writing or writings as the final and complete expression of the agreement and an 'integration' is the writing or writings so adopted." <u>Pancakes of Hawaii, Inc.</u>, 85 Haw. at 107, (citing Black's Law Dictionary 809 (6th ed. 1990). When determining whether an agreement is integrated, courts may look at all relevant evidence regardless of whether it will later be admissible. <u>In re Tax App. OW</u>, 4 Haw. App at 491. "[W]here the parties reduce an agreement to a writing [that] in view of its completeness and specificity reasonably appears to be a complete agreement, it is taken to be an integrated agreement unless it is established by other evidence that the writing did not constitute a final expression." <u>Restatement (Second) of Contracts</u> §209(3).

"Once the agreement has been found to be integrated, the issues involving ambiguity, fraud, duress, or mutual mistake may be raised to deal the applicability of the rule." <u>In re Tax App. O.W. LP</u>, 4 Haw. App. 487, 491 (1983).

Parol evidence is admissible under the very limited circumstances of ambiguity, fraud, duress or mutual mistake.

The language of the Contract between the City and County of Honolulu and Bodell was not ambiguous, and thus, extrinsic evidence is not admissible to vary or alter the terms of the Contract.  Under traditional Hawaii contract principles, "the terms of a contract should be interpreted according to their plain, ordinary and accepted use in common speech, unless the contract indicates a different meaning." Pancakes of Hawaii, Inc., 85 Haw. at 305(quoting, Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 108-09 (1992)).  "The court should look no further than the four corners of the document to determine whether an ambiguity exists." State Farm Casualty Co. v. Pacific Rent-all, Inc., 90 Haw. 315, 324 (1999); see also KL Group v. Case, Kay & Lynch, 829 F.2d 909, 916 (9th Cir. 1987) (applying Hawaii law).

In this case, Bodell agreed to construct and perform the work in accordance with the true intent and meaning of the invitation for bids and any and all alterations, amendments, additions and deductions in connection

therewith being <u>specifically referred to and incorporated into the Contract</u>. Article I, Para. 2 of the Contract. Emphasis added. Looking at the four corners of the Contract, it is clear that the language is plain, ordinary and accepted in common speech. Further, the only documents specifically referred to and incorporated into the Contract were the bid contract documents containing the specifications and plans which called for the Trojan 4000 system or "equal." The specifications further provided that "[a]ny cost resulting from changes due to the use of an alternate system shall be borne by the Contractor." Section 11376, 1.2B of the Specifications. Any claim by Bodell that the Contract language is different from its plain meaning is unsupported. "The parties' disagreement as to the meaning of a contract or its terms does not render clear language ambiguous." <u>State Farm Casualty Co.</u>, 90 Haw. at 324.

Although the court may consider extrinsic evidence when the contract is ambiguous, if the extrinsic evidence "advances an interpretation to which the language of the contract is not reasonably susceptible, the evidence is not

admissible." A. Kemp Fisheries v. Castle & Cook, 852 F.2d 493, 496 (9th Cir. 1989). Therefore, courts must determine whether the evidence is relevant to prove a reasonable interpretation of the contract language. Id. In the instant case, even if the Contract were determined to be ambiguous in some respects, the interpretation that Bodell advances would create an unreasonable interpretation of the plain language of the Contract. As previously shown in the parties' motion papers, Bodell is bound by the specifications of the contract that called for the Trojan 4000 system. There is nothing about the December 9, 1999 letter that changes that Contract standard, and to rule that he Contract requirements allowed what the plaintiff advances would create an illogical interpretation of the Contract and must therefore be excluded.

No where is the plaintiff claiming that the Contract was ambiguous or procured by fraud, duress or mutual mistake. Instead, Bodell claims the December 9, 1999 letter should be considered to alter the terms of the Contract signed weeks after the letter was created. In Stewart v. Spalding, 23 Haw. 502 (1916), a construction contractor sued for

compensation for additional work beyond the scope of the contract. The court stated that parol evidence would not be admissible to vary the terms of the construction contract: "in an action on a contract for doing certain work according to certain plans and specifications and containing a provision as to compensation for extra work evidence that at the time the contract was entered into a different understanding was had on that point is not admissible, or if admitted will not affect the construction of the instrument." Id. at 513; see also Merritt v. Peninsular Constr. Co., 91 Md. 453 (1900); Wood v. Fort Wayne, 119 U.S. 312 (1886); Kilby Mfg. Co. v. Hinchman-Renton F.P. Co., 132 F. 957 (1904). Any attempt by Bodell to argue that it is entitled to the additional costs it incurred in using the Trojan 4000 system specified by the Contract because of the December 9, 1999 letter must fail. The December 9,. 19999 letter states that the City would accept the UltraTech Product for "bidding purposes." This letter is not admissible to alter the Contract specifications.

Because the parties entered into a fully integrated Contract, which terms are not ambiguous and were not

created under fraud, duress or mutual mistake, parol evidence cannot alter or vary the terms of the Contract requiring the Trojan 4000 system or "equal."

      DATED:   Honolulu, Hawaii, __June 23, 2006__ .

                                                  _____
                                                  RICHARD C. SUTTON, JR.
                                                  Attorney for Defendant,
                                                  Cross-Claimant-Defendant,
                                                  Cross-Claim Plaintiff OHIO
                                                  PACIFIC TECH CORPORATION
                                                  fka GMP ASSOCIATES

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BODELL CONSTRUCTION, a Utah Corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>OHIO PACIFIC TECH CORPORATION, INC., fka GMP ASSOCIATES, INC., an Ohio Corporation; CITY AND COUNTY OF HONOLULU; ULTRATECH SYSTEMS, a Foreign Corporation,<br><br>            Defendants. | CIVIL NO.  CV03-00706 HG-LEK<br><br>**CERTIFICATE OF SERVICE** |
| CITY AND COUNTY OF HONOLULU,<br><br>       Defendant,<br>       Cross-Claim Plaintiff,<br>       Cross-Claim Defendant<br><br>vs.<br><br>ULTRATECH SYSTEMS, a Foreign Corporation,<br><br>       Defendant,<br>       Cross-Claim Defendant,<br>       Cross-Claim Plaintiff, | (Caption Continued) |

OHIO PACIFIC TECH, INC., fka
GMP ASSOCIATES, INC., an Ohio
Corporation,

        Defendant,
        Cross-Claim Plaintiff
        Cross-Claim Defendant

vs.

ULTRATECH SYSTEMS, a Foreign
Corporation

        Defendant,
        Cross-Claim Defendant,
        Cross-Claim Plaintiff,

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was duly served on each of the following in the manner specified below, on June 23, 2006, addressed as follows:

|  | Mailed | Delivered |
|---|---|---|
| DAVID SCHULMEISTER, ESQ.<br>KRISTIN S. SHIGEMURA, ESQ.<br>Cades Schutte<br>1000 Bishop Street, Suite 1200<br>Honolulu, Hawaii 96813<br><br>Attorneys for Plaintiff<br> BODELL CONSTRUCTION |  | X |

2

|  | Mailed | Delivered |
|---|---|---|
| BERT T. KOBAYASHI, JR., ESQ.<br>RONALD T. OGOMORI, ESQ.<br>GEORGE GUSMAN, ESQ.<br>Kobayashi, Sugita & Goda<br>999 Bishop Street, Suite 2600<br>Honolulu, Hawaii 96813<br><br>Attorneys for Defendant<br>Cross-Claim Plaintiff/Defendant and<br>Third-Party Plaintiff/Counterclaim Defendant<br>CITY & COUNTY OF HONOLULU | | X |
| CARRIE OKINAGA, ESQ.<br>MAILE R. CHUN, ESQ.<br>Department of Corporation Counsel<br>City & County of Honolulu<br>530 South King Street, Room 110<br>Honolulu, Hawaii 96813<br><br>Attorneys for Defendant<br>CITY & COUNTY OF HONOLULU | | |
| ADRIAN W. ROSEHILL, ESQ.<br>OWEN H. MATSUNAGA, ESQ<br>ALAN J. MA, ESQ.<br>Gerson & Hieneman<br>American Savings Bank Tower<br>1001 Bishop Street, Suite 780<br>Honolulu, Hawaii 96813<br><br>Attorneys for Third-Party Defendant<br>ENGINEERED SYSTEMS, INC. | | X |

| | Mailed | Delivered |
|---|---|---|
| ADAM R. BIALEK, ESQ.<br>Wilson Elsner Moskowitz<br>Edelman & Dicker, LLP<br>3 Gannett Drive<br>White Plains, New York 10604-3407 | X | |

Attorney for Defendant
ULTRA TECH SYSTEMS, INC.

DATED: Honolulu, Hawaii, June 23, 2006.

RICHARD C. SUTTON, JR.
Attorney for Defendant,
Cross-Claimant-Defendant,
Cross-Claim Plaintiff OHIO
PACIFIC TECH
CORPORATION fka GMP
ASSOCIATES