# Fukunaga Matayoshi Hershey & Ching

*A Limited Liability Partnership*
Attorneys at Law

Davies Pacific Center
841 Bishop Street • Suite 1200
Honolulu, Hawaii 96813-3908

Wesley H. H. Ching
Sheree Kon-Herrera

Telephone:  (808) 533-4300
Facsimile:  (808) 531-7585

August 9, 2006

Via Hand Delivery

The Honorable Leslie E. Kobayashi
Magistrate Judge
300 Ala Moana Boulevard
Honolulu, Hawaii 96850

RECEIVED
U.S. MAGISTRATE
AUG 10 2006
at ___ o'clock and ___ min. ___ M.
DISTRICT OF HAWAII

Re:   Bodell Construction v. GMP Hawaii, et al., Civil No. 03-00706
      (JMS/LEK), U.S. District Court for the District of Hawaii

Dear Judge Kobayashi:

On behalf of our client MICHAEL ELHOFF of HAWAIIAN ENGINEERING SYSTEMS, INC., we hereby submit the following response to the letter dated August 7, 2006, by Adam R. Bialek on behalf of Defendant / Cross-Claim Plaintiff Ultra Tech Systems, Inc. ("UTS"). In his letter, Mr. Bialek purports to make a "formal request to continue the deposition of non-party witness, Michael Elhoff of Hawaii Engineering Systems, Inc."[1]

On April 26, 2006, Mr. Elhoff was deposed in the above-referenced case for a full day of seven hours from approximately 9:25 a.m. to approximately 6:13 p.m. The questioning covered significant topics related to this case, including but not limited to the history of his company as the local distributor for Trojan Technologies, his personal knowledge about the Wahiawa Wastewater Treatment Plant project, his company's involvement with other projects in Hawaii, and his communications with parties in this case. Based on the breadth and detail of the topics covered, the transcript of Mr. Elhoff's deposition runs more than 280 pages.

---

[1] UTS' letter request dated August 7, 2006 does not meet the requirements for seeking expedited discovery assistance pursuant to L.R. 37.1(c) and should be denied on this basis, as well as for the other reasons contained in this letter.

Magistrate Judge Leslie Kobayashi
August 9, 2006
Page 2

At the deposition, counsel for Mr. Elhoff made it clear that his client was not agreeable to extending the deposition beyond one day of seven hours. In response, counsel for UTS and Bodell Construction stated that the parties to this case had agreed informally amongst themselves to allow depositions to run longer than seven hours for some unspecified duration. However, we are unaware of and have not been presented with copies of any written stipulation or ruling by the Court in this case that allows UTS to impose this open-ended extension upon non-parties.

Pursuant to Rule 30(d)(2) of the Fed. Rules of Civ. Proc., "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours." A "party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show **good cause** to justify such an order." Fed.R.Civ.P. 30(d) advisory committee note (emphasis added).

Under the circumstances, we respectfully submit that good cause does not exist for extending Mr. Elhoff's deposition beyond the presumptive durational limitation of one day of seven hours. Neither Mr. Elhoff nor Hawaii Engineering Systems are parties to this case. Mr. Elhoff has never been employed by any of the parties, and he is not an expert witness. In contrast to UTS' President Greg Ellner, the main representative of a party asserting its own claims, Mr. Elhoff should not be subjected to such undue burden and expense. We understand that Greg Ellner who is personally interested and invested in this case has been sitting through many of the depositions of other parties and witnesses, including Mr. Elhoff's deposition. Mr. Elhoff has no similar interest. Thus, UTS' argument that it should be allowed to continue Mr. Elhoff's deposition simply because it allowed Greg Ellner to be deposed for more than seven hours is irrelevant to whether or not UTS has good cause to extend Mr. Elhoff's deposition beyond what is required under the rules.

Other than general assertions that this case involves complex issues and numerous claims, UTS does not show why it requires more time for Mr. Elhoff's deposition in particular. UTS does not point to specific substantive or relevant information from Mr. Elhoff; it merely seeks more time for an unlimited duration. Thus, based on the face of UTS' "formal request", UTS has failed to show good cause to justify its request to extend Mr. Elhoff's deposition.

Finally, we note that UTS may not be totally forthcoming about the reasons for its request. In January 2006, UTS moved for leave to extend the deadline for filing dispositive motions. In the application filed with the Court, UTS stated that recently discovered documents "will also be relied on in the action Ultra Tech is commencing in State Court against Trojan's local representative in Hawaii. (Ultra Tech is inclined to consolidate these two actions if it pleases the court)." UTS should not be using its discovery efforts in this case, against a non-party like Mr. Elhoff and his company, who do not have the benefit of participating in and being privy to all of the proceedings, as a means of seeking information to use against Mr. Elhoff and his company in another proceeding.

Magistrate Judge Leslie Kobayashi
August 9, 2006
Page 3

       Based on UTS' failure to submit any information or arguments to establish good cause, and the undue prejudice and burden to Mr. Elhoff, we respectfully request that UTS' request to continue the deposition of Michael Elhoff be DENIED.

       Mr. Elhoff has already appeared for his one day deposition of seven hours as provided under the rules. Extending the time for Mr. Elhoff's deposition is not only unsupported by the record but also opens the door to overlong depositions of non-parties, resulting in undue costs and delays in contravention of the entire purpose for the presumptive durational limitation under the Federal Rules.

       Very truly yours,

       Wesley H. H. Ching
       Sheree Kon-Herrera

cc:   *Via Facsimile*

       Adam R. Bialek, Esq.
       David Schulmeister, Esq.
       Adrian Rosehill, Esq.
       Richard Sutton, Jr., Esq.
       Ronald Ogamori, Esq.