# EXHIBIT 29

Form DF-63 (Rev. 5.99)

# CONTRACT

This agreement made and executed this __25TH__ day of __FEBRUARY__, 20_00_, by and between the City and County of Honolulu, a Municipal Corporation of the State of Hawaii, hereinafter called the City, and __BODELL CONSTRUCTION COMPANY__, an independent contractor, hereinafter called the Contractor.

### WITNESSETH

That the Contractor has covenanted and agreed, and by these presents does covenant and agree, for and in consideration of the covenants and agreements of the City and the payments to be made as hereinafter provided:

1. That the Contractor will furnish and pay for all the materials, tools, equipment and labor necessary for constructing and to construct and complete in the most substantial and workmanlike manner all those certain improvements, constructions and work within the City and County of Honolulu, State of Hawaii, as particularly described and set forth in the invitation for bids as hereinafter described and that the Contractor will receive and accept as full compensation for all of such work the prices for the various items of such work as hereinafter set forth.

2. That the Contractor will construct and perform said work in accordance with the true intent and meaning of the invitation for bids marked:

### CONTRACT NO. F-97110
### WAHIAWA WASTEWATER TREATMENT PLANT - EFFLUENT REUSE AND WAHIAWA RESERVOIR OUTFALL ADJUSTMENT; JOB NO. W10-99

on file in the office of the Department of Budget and Fiscal Services of the City and County of Honolulu, said invitation for bids and any and all alterations, amendments, additions and deductions in connection therewith being specifically referred to and incorporated herein by reference and made a part hereof as though fully set forth herein.

3. That the Contractor will commence work as provided in the said invitation for bids.

4. That the Contractor will prosecute said work in an efficient manner so as entirely to complete and perform said work within the time set forth in the said invitation for bids.

CONTRACT

C & C / Bodell
BC3 002651

**Exhibit 17**

Form DF-63 (Rev. 5.99)

    5. That in the event of any breach of this contract on the part of said Contractor or cancellation, annulment, or other termination thereof as provided in the said invitation for bids, the City may apply any moneys due or to become due the Contractor under this contract to the completion of the work or to the payment of a second contractor; and in case a contract let after such cancellation, annulment or termination is let at a figure in excess of the amount remaining available for the contract in the hands of the City, free from all claims by those who performed or furnished materials for this contract prior to the cancellation and termination aforesaid or any deductions authorized by the said invitation for bids in favor of the City, then the Contractor will deposit, within ten (10) days from the receipt of notice of such reletting, to the credit of the City, solely for the prosecution and completion of the work, a sum of money equal to such excess; and in case the City desires to complete the work in any other manner than by contract, then the Contractor will deposit within ten (10) days from the receipt of notice of the final completion of the work, to the credit of the City, the amount of any excess cost occasioned by such completion over the amount available under this contract in its hands, free from all claims as aforesaid, all without prejudice to any other or additional right the City may have against the Contractor or the Contractor's surety or sureties under this contract.

II

    And in consideration of the covenants and agreements herein contained by the Contractor to be observed and performed and of the faithful observance and performance thereof and of these presents, the City hereby covenants and agrees with the Contractor:

    1. That it will and does hereby employ the Contractor to perform the work according to the terms and conditions herein contained and referred to, and, so long as the Contractor faithfully performs and observes the covenants and agreements contained in this contract and in the invitation for bids the City will pay, and cause to be paid to, the Contractor for such work the sum of ELEVEN MILLION TWO HUNDRED NINETY-SEVEN THOUSAND EIGHT HUNDRED TWENTY-FIVE AND 00/100* ———————————— Dollars ($11,297,825.00), being the amount set forth in the Proposal hereto attached and by reference made a part of this contract.

```
*BASIC BID.......................................$  1,391,815.00
 ADDITIVE ALTERNATES NO. A & B................     9,906,010.00

 TOTAL AWARD....................................  $11,297,825.00
```

    2. That payments will be made at the time, in the manner and upon the conditions set forth in the invitation for bids.

III

    AND IT IS MUTUALLY COVENANTED AND AGREED by and between the parties hereto, as follows:

CONTRACT            2

C & C / Bodell
BC3 002652

Form DF-63 (Rev. 5.99)

1. That the terms, conditions, covenants and provisions of this contract, and the invitation for bids herein incorporated by reference, shall be liberally construed to effect the objects and purposes of the parties hereto under any provisions of law, statute or ordinance applicable thereto.

2. That if any term, condition, covenant or provision of this contract or any part of the invitation for bids herein incorporated by reference is held by any court to be invalid under the laws of the State of Hawaii or the United States of America, such part of the contract or the invitation for bids as shall have been held to be invalid shall not affect the validity of this contract as a whole or any part thereof, which can be given effect without the term, condition, covenant or provision decided to be invalid.

**IN WITNESS WHEREOF**, the parties hereto have hereunto set their hands and seals the day and year first above written.

THE CITY AND COUNTY OF HONOLULU

By _Carol Takahashi_ DEPUTY DIRECTO
Director, Department of Budget
And Fiscal Services

BODELL CONSTRUCTION COMPANY
Contractor

By _____
Its PRESIDENT                    (Seal)
MICHAEL J. BODELL

By _____
Its CORPORATE SECRETARY
MARK B. BODELL

APPROVED AS TO FORM AND LEGALITY

_____
Deputy Corporation Counsel
City and County of Honolulu

CONTRACT                    3                    C & C / Bodell
BC3 002653

Form DF-74
(Mar. 1996)

## Certificate

The attached contract for Wahiawa Wastewater Treatment Plant – Effluent Reuse and Wahiawa Reservoir Outfall Adjustment

($11,297,825.00)

is hereby approved as to availability and designation of funds, and certification is hereby made that there is a valid appropriation from which expenditures to be made under said contract may be made and that sufficient unencumbered funds are available in the Treasury of the City and County of Honolulu to the credit of such appropriation to pay the amounts of such expenditures when the same become due and payable.

CONTRACT NO.   F97110                          HONOLULU, HAWAII
FUND   Sewer Revenue Bond Improvement Fund (670)           December 30, 1999
ACCOUNT NO.

| | | |
|---|---|---|
| 670/5095-99-96807C | 10,000,000.00 | (4173) |
| 670/5100-99-98806C | 580,000.00 | (4173) |
| 670/5128-00-96807C | 717,825.00 | (4173) |

_Carol Takahashi_ DEPUTY DIRECTOR
Director of Budget & Fiscal Services

C & C / Bodell
BC3 002654

(Acknowl.frm, 8/97)

## CONTRACTOR ACKNOWLEDGMENT
(Corporation)

STATE OF ~~HAWAII~~ UTAH         )
                                 ) ss.
~~CITY AND COUNTY OF HONOLULU~~  )
COUNTY OF SALT LAKE

On this __25__ day of __FEBRUARY__, 20_00_, before me appeared __MICHAEL J. BODELL__ and __MARK B. BODELL__ to me personally known, who, being by me duly sworn, did say that they are the __PRESIDENT__ and __CORPORATE SECRETARY__, respectively, of __BODELL CONSTRUCTION COMPANY__, and that the seal affixed to the foregoing instrument is the corporate seal of said corporation; and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and the said _____ __PRESIDENT__ and __CORPORATE SECRETARY__ acknowledged said instrument to be the free act and deed of said corporation.

*[Signature: Elizabeth Graham]*

Notary Public, State of ~~Hawaii~~ UTAH

My commission expires: 10/24/00

(Notary Seal)

ELIZABETH GRAHAM
Notary Public
586 Pine Drive
Salt Lake City, Utah 84115
My Commission Expires
October 24, 2000
State of Utah

(Separate acknowledgment for contract, performance bond and payment bond.)

CONTRACTOR ACKNOWLEDGMENT

C & C / Bodell
BC3 002655

CERTIFICATION OF RESOLUTION

ADOPTED BY THE

BOARD OF DIRECTORS OF

BODELL CONSTRUCTION COMPANY

A meeting of the Board of Directors of BODELL CONSTRUCTION COMPANY ("the Corporation"), a corporation organized under the laws of the State of Utah was held at the principal office of the Corporation in Salt Lake City, Utah on the 12th day of December, 1998.

There being a quorum present, the Chairman of the board called the meeting to order. The following resolution was adopted:

> Resolved: That the following officers are appointed to serve in the capacity described: **Michael J. Bodell**, President of the Corporation; **Daniel W. Bodell**, Vice President of the Corporation; **Mark B. Bodell**, Secretary of the Corporation; and **Merrill L. Weight**, Treasurer and Assistant Secretary of the Corporation. These officers are granted the authority to sign bids and execute contracts on behalf of the Corporation and carry out all other functions for and in behalf of the Corporation as required by their respective offices.

I, Mark B. Bodell, Secretary of BODELL CONSTRUCTION COMPANY, certify that the above is a true and correct copy of a resolution duly adopted at a meeting of the Board of Directors of BODELL CONSTRUCTION COMPANY held on the 12th day of December, 1998 in accordance with law and the bylaws of said Corporation, that a quorum of the Board was present, and that the above resolution has not been revoked or modified.

_____
Mark B. Bodell, Corporate Secretary
586 West Fine Drive
Salt Lake City, Utah 84115
Incorporated in the State of Utah.

February 29, 2000
Date

C & C / Bodell
BC3 002656

(Bondper.frm. 11/17/98)                                    Bond No. __JX4796_____

# PERFORMANCE BOND (SURETY)

**KNOW TO ALL BY THESE PRESENTS:**

That BODELL CONSTRUCTION COMPANY, A Utah Corporation, 586 West Fine Drive, __Salt Lake City, Utah 84115-4244__
(Full legal name and street address of Contractor)

as Contractor, hereinafter called Principal, and __FIDELITY AND GUARANTY INSURANCE UNDERWRITERS,__ __INC., A Wisconsin Corporation and UNITED STATES FIDELITY AND GUARANTY COMPANY,__ __A Maryland Corporation__   (Name and street address of bonding company)

as surety, hereinafter called Surety, a corporation(s) authorized to transact business as a surety in the State of Hawaii, are held and firmly bound unto the **CITY AND COUNTY OF HONOLULU**, its successors and assigns, hereinafter called Obligee, in the amount of __ELEVEN MILLION TWO HUNDRED NINETY-SEVEN THOUSAND EIGHT HUNDRED TWENTY-FIVE AND 00/100__------------- Dollars ($11,297,825.00), to which payment Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, the above-bound Principal has entered into a Contract with Obligee dated __FEBRUARY 25, 2000_____, for:

**CONTRACT NO. F-97110**
**WAHIAWA WASTEWATER TREATMENT PLANT - EFFLUENT REUSE AND WAHIAWA RESERVOIR OUTFALL ADJUSTMENT; JOB NO. W10-99**

hereinafter called the Contract, which Contract is incorporated herein by reference and made a part hereof.

**NOW THEREFORE**, the condition of this obligation is such that:

If the Principal shall promptly and faithfully perform, and fully complete the Contract in strict accordance with the terms of the Contract as said Contract may be modified or amended from time to time; then this obligation shall be void; otherwise to remain in full force and effect.

Surety to this Bond hereby stipulates and agrees that no changes, extensions of time, alterations, or additions to the terms of the Contract, including the work to be performed thereunder, and the specifications or drawings accompanying same, shall in any way affect its obligation on this Bond, and it does hereby waive notice of any such changes, extensions of time, alterations, or additions, and agrees that they shall become part of the Contract.

PERFORMANCE BOND (SURETY)                   1                            C & C / Bodell
                                                                         BC3 002657

In the event of Default by the Principal, of the obligations under the Contract, then after written Notice of Default from the Obligee to the Surety and the Principal and subject to the limitation of the penal sum of this bond, Surety shall either remedy the default, or take over the work to be performed under the Contract and complete such work, or pay moneys to the Obligee in satisfaction of the Surety's performance obligation on this bond.

Signed and sealed this 24th day of February, 20 00.

BODELL CONSTRUCTION COMPANY
Principal        (Seal)

By _____
       Its  PRESIDENT
       MICHAEL J. BODELL

By _____
       Its CORPORATE SECRETARY
       MARK B. BODELL

FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC.
Surety        (Seal)

By _John R. Barton_____
       John R. Barton, Attorney-In-Fact

UNITED STATES FIDELITY AND GUARANTY COMPANY

By _John R. Barton_____
       John R. Barton, Attorney-In-Fact

**ALL SIGNATURES MUST BE ACKNOWLEDGED BY A NOTARY PUBLIC.**

PERFORMANCE BOND (SURETY)                    2

C & C / Bodell
BC3 002658

(Acknowl.frm, 8/97)

## CONTRACTOR ACKNOWLEDGMENT
(Corporation)

STATE OF ~~HAWAII~~ UTAH             )
                                     ) SS.
~~CITY AND COUNTY OF HONOLULU~~      )
COUNTY OF SALT LAKE

On this 25th day of FEBRUARY, 20 00, before me appeared MICHAEL J. BODELL and MARK B. BODELL to me personally known, who, being by me duly sworn, did say that they are the PRESIDENT and CORPORATE SECRETARY, respectively, of BODELL CONSTRUCTION COMPANY, and that the seal affixed to the foregoing instrument is the corporate seal of said corporation; and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and the said PRESIDENT and CORPORATE SECRETARY acknowledged said instrument to be the free act and deed of said corporation.

(Notary Seal)

*Elizabeth Graham* (signature)
Notary Public, State of ~~Hawaii~~ UTAH
My commission expires: 10/24/00

(Separate acknowledgment for contract, performance bond and payment bond.)

Notary Public
ELIZABETH GRAHAM
586 Fine Drive
Salt Lake City, Utah 84115
My Commission Expires
October 24, 2000
State of Utah

CONTRACTOR ACKNOWLEDGMENT

C & C / Bodell
BC3 002659

1/11/95

(Acknowl2.frm)

## SURETY ACKNOWLEDGMENT
[FOR USE BY SURETY]

STATE OF __Utah__ )
: SS.
_____ COUNTY OF __Salt Lake__ )

On this __24th__ day of __February__, 20__00__, before me personally came __John R. Barton__ to me known, who, being by me duly sworn, did depose and say that __he__ resides in __Salt Lake City, Utah__, that __he__ is the Attorney-in-Fact of FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC. and UNITED STATES FIDELITY AND GUARANTY COMPANY, the corporation described in and which executed the attached instrument; that John R. Barton is duly appointed under power of attorney, dated __February 24, 2000__, which said power of attorney is attached hereto, is now in force and effect; that __he__ knows corporate seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; and that it was so affixed by order of the Board of Directors of the said corporation; and that __he__ signed __his__ name thereto by like order.

(Notary Seal)

_____ Corinne J. Maddox
Notary Public

Notary Public
CORINNE J. MADDOX
1100 E. 6600 S. Suite 400
Salt Lake City, Utah 84121
My Commission Expires
August 26, 2001
State of Utah

State of __Utah__

My commission expires: __August 26, 2001__

(Separate acknowledgment for performance and payment bonds.)

SURETY ACKNOWLEDGMENT

C & C / Bodell
BC3 002660

(Bondpay.frm. 11/17/98)                          Bond No. ___JX4796___

## LABOR AND MATERIAL PAYMENT BOND (SURETY)

**KNOW TO ALL BY THESE PRESENTS:**

That BODELL CONSTRUCTION COMPANY, A Utah Corporation, 586 West Fine Drive, Salt Lake City, Utah 84115-4244
(full legal name and street address of Contractor)

as Contractor, hereinafter called Principal, and FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC., A Wisconsin Corporation and UNITED STATES FIDELITY AND GUARANTY COMPANY, A Maryland Corporation   (name and street address of bonding company)

as Surety, hereinafter called Surety, a corporation(s) authorized to transact business as a surety in the State of Hawaii, are held and firmly bound unto the **CITY AND COUNTY OF HONOLULU**, its successors and assigns, hereinafter called Obligee, in the amount of ELEVEN MILLION TWO HUNDRED NINETY-SEVEN THOUSAND EIGHT HUNDRED TWENTY-FIVE AND 00/100 ——————— Dollars ($11,297,825.00), to which payment Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

**WHEREAS**, the above-bound Principal has entered into a Contract with Obligee dated __ FEBRUARY 25, 2000_____, for:

### CONTRACT NO. F-97110
### WAHIAWA WASTEWATER TREATMENT PLANT - EFFLUENT REUSE AND WAHIAWA RESERVOIR OUTFALL ADJUSTMENT; JOB NO. W10-99

hereinafter called Contract, which Contract is incorporated herein by reference and made a part hereof.

**NOW THEREFORE**, the condition of this obligation is such that if the Principal shall promptly make payment to any Claimant, as hereinafter defined, for all labor and materials supplied to the Principal for use in the performance of the Contract, then this obligation shall be void; otherwise to remain in full force and effect.

1. Surety to this Bond hereby stipulates and agrees that no changes, extensions of time, alterations, or additions to the terms of the Contract, including the work to be performed thereunder, and the specifications or drawings accompanying same, shall in any way affect its obligation on this bond, and it does hereby waive notice of any such changes, extensions of time, alterations, or additions, and agrees that they shall become part of the Contract.

2. A "Claimant" shall be defined herein as any person who has furnished labor or

materials to the Principal for the work provided in the Contract.

Every Claimant who has not been paid amounts due for labor and materials furnished for work provided in the Contract may institute an action against the Principal and its Surety on this bond at the time and in the manner prescribed in Section 103D-324, Hawaii Revised Statutes, and have the rights and claims adjudicated in the action, and judgment rendered thereon; subject to the Obligee's priority on this bond. If the full amount of the liability of the Surety on this bond is insufficient to pay the full amount of the claims, then after paying the full amount due the Obligee, the remainder shall be distributed pro rata among the Claimants.

Signed and sealed this __24th__ day of __February__, 20_00_.

BODELL CONSTRUCTION COMPANY
Principal       (Seal)

By _____
Its PRESIDENT
MICHAEL J. BODELL

By _____
Its CORPORATE SECRETARY
MARK B. BODELL

FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC.
Surety       (Seal)

By _____
Its John R. Barton, Attorney-In-Fact

UNITED STATES FIDELITY AND GUARANTY COMPANY

By _____
Its John R. Barton, Attorney-In-Fact

ALL SIGNATURES MUST BE ACKNOWLEDGED
BY A NOTARY PUBLIC.

LABOR AND MATERIAL
PAYMENT BOND (SURETY)                 2

C & C / Bodell
BC3 002662

(Acknowl.frm, 8/97)

## CONTRACTOR ACKNOWLEDGMENT
(Corporation)

STATE OF ~~HAWAII~~ UTAH            )
                                    ) ss.
~~CITY AND COUNTY OF HONOLULU~~     )
COUNTY OF SALT LAKE

On this __25th__ day of __FEBRUARY__, 20__00__, before me appeared __MICHAEL J. BODELL__ and __MARK B. BODELL__ to me personally known, who, being by me duly sworn, did say that they are the __PRESIDENT__ and __CORPORATE SECRETARY__, respectively, of __BODELL CONSTRUCTION COMPANY__, and that the seal affixed to the foregoing instrument is the corporate seal of said corporation; and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and the said _____ __PRESIDENT__ and __CORPORATE SECRETARY__ acknowledged said instrument to be the free act and deed of said corporation.

(Notary Seal)

_Elizabeth Graham_
Notary Public, State of ~~Hawaii~~ UTAH
My commission expires: __10/24/00__

```
Notary Public
ELIZABETH GRAHAM
586 Fine Drive
Salt Lake City, Utah 84115
My Commission Expires
October 24, 2000
State of Utah
```

(Separate acknowledgment for contract,
performance bond and payment bond.)

CONTRACTOR ACKNOWLEDGMENT

C & C / Bodell
BC3 002663

1/11/95

(Acknowl2.frm)

## SURETY ACKNOWLEDGMENT
(FOR USE BY SURETY)

STATE OF ____Utah_____ )
                                  : SS.
_____ COUNTY OF _Salt Lake___ )

On this ____24th____ day of _____February_____, 20_00_, before me personally came __John R. Barton_____ to me known, who, being by me duly sworn, did depose and say that __he____ resides in _Salt Lake City, Utah_____, that __he__ is the FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC. and Attorney-in-Fact of UNITED STATES FIDELITY AND GUARANTY COMPANY_____, - the corporation described in and which executed the attached instrument; that _____ is duly appointed under power of attorney, dated _February 24, 2000_, which said power of attorney is attached hereto, is now in force and effect; that __he____ knows corporate seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; and that it was so affixed by order of the Board of Directors of the said corporation; and that __he__ signed _his__ name thereto by like order.

_____
Notary Public Corinne J. Maddox

(Notary Seal)

Notary Public
CORINNE J. MADDOX
1100 E. 6600 S. Suite 400
Salt Lake City, Utah 84121
My Commission Expires
August 26, 2001
State of Utah

State of __Utah_____

My commission expires: _August 26, 2001_

(Separate acknowledgment for performance and payment bonds.)

SURETY ACKNOWLEDGMENT

C & C / Bodell
BC3 002664

## REINSURANCE AGREEMENT

KNOW ALL MEN BY THESE PRESENTS:

That **FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC.**, a surety, hereinafter called **DIRECT WRITING COMPANY**, a corporation organized and existing under the laws of the State of **WISCONSIN** is bound as surety to the **CITY AND COUNTY OF HONOLULU**, hereinafter referred to as Obligee on Bond No. **JX4796** dated **February 24, 2000** in the amount of **ELEVEN MILLION TWO HUNDRED NINETY SEVEN THOUSAND EIGHT HUNDRED TWENTY FIVE AND NO/100** Dollars ($**11,297,825.00**), in connection with a project described as: **Contract No. F-97110. Wahiawa Wastewater Treatment Plant - Effluent Reuse and Wahiawa Reservior Outfall Adjustment; Job No. W10-99**

The bond is given for the protection of the Obligee, and the Direct Writing Company has applied to **UNITED STATES FIDELITY AND GUARANTY COMPANY** a corporation organized under the laws of the State of **MARYLAND** hereinafter referred to as the Reinsuring Company, to be reinsured and countersecured in the amount of **ELEVEN MILLION TWO HUNDRED NINETY SEVEN THOUSAND EIGHT HUNDRED TWENTY FIVE AND NO/100** Dollars ($**11,297,825.00**) or for whatever amount less than this amount of reinsurance that the Direct Writing Company is liable to pay under or by virtue of the bond.

For a sum mutually agreed upon, paid by the Direct Writing Company to the Reinsuring Company, which acknowledges its receipt, the parties to this Agreement covenant and agree to the terms and conditions of this agreement.

TERMS AND CONDITIONS: The purpose and intent of this Agreement is to guarantee and indemnify the Obligee against loss under the bond to the extent of this amount of this reinsurance or for any less sum than the amount of this reinsurance that is owing and unpaid by the Direct Writing Company to Obligee.

NOW, THEREFORE, if the Direct Writing Company fails to pay any default under the bond equal to or in excess of the amount of this reinsurance, the Reinsuring Company covenants and agrees to pay to the Obligee on the bond, the amount of this reinsurance. If the Direct Writing Company fails to pay to the Obligee any default or a sum less than the amount of this reinsurance, the Reinsuring Company covenants and agrees to pay to the Obligee the full amount of the default, or so much thereof that is not paid to the Obligee by the Direct Writing Company.

The Reinsuring Company further covenants and agrees that in case of default on the bond for the amount of this reinsurance, or more, the Obligee may sue the Reinsuring Company for the amount of this reinsurance or for the full amount of the default when the default is less than the amount of this reinsurance.

Signed and sealed this **24th** day of **February**, **2000**

FIDELITY AND GUARANTY
INSURANCE UNDERWRITERS, INC.
Direct Writing Company

By: *[signature]*
Brent E. Snelgrove
Vice President

Attest:
By *[signature]*
James M. Carroll
Assistant Secretary

UNITED STATES FIDELITY AND GUARANTY COMPANY
Reinsuring Company

By: *[signature]*
Brent E. Snelgrove
Vice President

Attest:
By *[signature]*
James M. Carroll
Assistant Secretary

C & C / Bodell

BC3 002665

Reinsurance - 10/24/94

# POWER OF ATTORNEY

**The St Paul**

Seaboard Surety Company
St. Paul Fire and Marine Insurance Company
St. Paul Guardian Insurance Company
St. Paul Mercury Insurance Company

United States Fidelity and Guaranty Company
Fidelity and Guaranty Insurance Company
Fidelity and Guaranty Insurance Underwriters, Inc.

Power of Attorney No. 20227          Certificate No. 106651

**KNOW ALL MEN BY THESE PRESENTS:** That Seaboard Surety Company is a corporation duly organized under the laws of the State of New York, and that St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company and St. Paul Mercury Insurance Company are corporations duly organized under the laws of the State of Minnesota, and that United States Fidelity and Guaranty Company is a corporation duly organized under the laws of the State of Maryland, and that Fidelity and Guaranty Insurance Company is a corporation duly organized under the laws of the State of Iowa, and that Fidelity and Guaranty Insurance Underwriters, Inc. is a corporation duly organized under the laws of the State of Wisconsin (*herein collectively called the "Companies"*), and that the Companies do hereby make, constitute and appoint

Sam W. Clark, John R. Barton and Stirling S. Broadhead

of the City of __Salt Lake City__, State __Utah__, their true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign its name as surety to, and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

**IN WITNESS WHEREOF,** the Companies have caused this instrument to be signed this __31st__ day of __March__, __1999__.

Seaboard Surety Company
St. Paul Fire and Marine Insurance Company
St. Paul Guardian Insurance Company
St. Paul Mercury Insurance Company

United States Fidelity and Guaranty Company
Fidelity and Guaranty Insurance Company
Fidelity and Guaranty Insurance Underwriters, Inc.



MICHAEL B. KEEGAN, Vice President

MICHAEL R. MCKIBBEN, Assistant Secretary

State of Maryland
City of Baltimore

On this __31st__ day of __March__, __1999__, before me, the undersigned officer, personally appeared Michael B. Keegan and Michael R. McKibben, who acknowledged themselves to be the Vice President and Assistant Secretary, respectively, of Seaboard Surety Company, St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, United States Fidelity and Guaranty Company, Fidelity and Guaranty Insurance Company, and Fidelity and Guaranty Insurance Underwriters, Inc. and that they, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing the names of the corporations by themselves as duly authorized officers.

In Witness Whereof, I hereunto set my hand and official seal.
My Commission expires the 13th day of July, 2002.



REBECCA EASLEY-ONOKALA, Notary Public

C & C / Bodell
BC3 002666

86203 Ed. 5-99 Printed in U.S.A.

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Boards of Directors of Seaboard Surety Company, St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, United States Fidelity and Guaranty Company, Fidelity and Guaranty Insurance Company, and Fidelity and Guaranty Insurance Underwriters, Inc. on September 2, 1998, which resolutions are now in full force and effect, reading as follows:

**RESOLVED**, that in connection with the fidelity and surety insurance business of the Company, all bonds, undertakings, contracts and other instruments relating to said business may be signed, executed, and acknowledged by persons or entities appointed as Attorney(s)-in-Fact pursuant to a Power of Attorney issued in accordance with these resolutions. Said Power(s) of Attorney for and on behalf of the Company may and shall be executed in the name and on behalf of the Company, either by the Chairman, or the President, or any Vice President, or an Assistant Vice President, jointly with the Secretary or an Assistant Secretary, under their respective designations. The signature of such officers may be engraved, printed or lithographed. The signature of each of the foregoing officers and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Attorney(s)-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and subject to any limitations set forth therein, any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company, and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding upon the Company with respect to any bond or undertaking to which it is validly attached; and

**RESOLVED FURTHER**, that Attorney(s)-in-Fact shall have the power and authority, and, in any case, subject to the terms and limitations of the Power of Attorney issued them, to execute and deliver on behalf of the Company and to attach the seal of the Company to any and all bonds and undertakings, and other writings obligatory in the nature thereof, and any such instrument executed by such Attorney(s)-in-Fact shall be as binding upon the Company as if signed by an Executive Officer and sealed and attested to by the Secretary of the Company.

I, Michael R. McKibben, Assistant Secretary of Seaboard Surety Company, St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, United States Fidelity and Guaranty Company, Fidelity and Guaranty Insurance Company, and Fidelity and Guaranty Insurance Underwriters, Inc. do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which is in full force and effect and has not been revoked.

IN TESTIMONY WHEREOF, I hereunto set my hand this __24th__ day of __February__, __2000__.

      

Michael R. McKibben, Assistant Secretary

*To verify the authenticity of this Power of Attorney, call 1-800-421-3880 and ask for the Power of Attorney clerk. Please refer to the Power of Attorney number, the above-named individuals and the details of the bond to which the power is attached.*

C & C / Bodell
BC3 002667